37109-1012814

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  2322-CC00306 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| ABB, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

TO:     THE CLERK OF THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
         CITY OF ST. LOUIS, MISSOURI

         -and-

         Tyler B. Wilke #67192
         Laci M. Whitley, #66675
         FLINT COOPER, LLC
         222 East Park Street, Suite 500
         P.O. Box 189
         Edwardsville, Illinois 62025
         Telephone: (618) 288-4777
         Facsimile: (618) 288-2864
         service@flintlaw.com

Please take notice that on April 20, 2023, Defendant Raytheon Company filed in the

United States District Court for the Eastern District of Missouri, its Notice of Removal of Civil

Action, and a copy of said Notice of Removal is attached as **Exhibit 1**.

Please take further notice that, pursuant to 28 U.S.C. § 1446, the filing of that Notice of

Removal in the United States District Court, together with a filing of a copy of the Notice of

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

Removal with this Court, effects the removal of this action and the above-captioned Court may

proceed no further unless and until the case is remanded.

RAYTHEON COMPANY, Defendant


BY: _____/s/ Patrick D. Cloud_____

HEYL, ROYSTER, VOELKER & ALLEN, P.C.

Patrick D. Cloud, #57187


HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025
Telephone  618.656.4646
Facsimile  309.420.0402
edwmail@heylroyster.com
nhenderson@heylroyster.com
pcloud@heylroyster.com

37109-1012814

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

I further certify that on April 20, 2023, copies of the foregoing were sent, via first class mail and via email, to counsel for Plaintiff at the following addresses:

Tyler B. Wilke #67192
Laci M. Whitley, #66675
FLINT COOPER, LLC
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone: (618) 288-4777
Facsimile: (618) 288-2864
service@flintlaw.com

  /s/ Cassie Ott_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

37109-1012814

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 4:23-cv-503 |
| | ) | |
| v. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL BY DEFENDANT
## RAYTHEON COMPANY

Defendant RAYTHEON COMPANY ("Raytheon") hereby removes the above-captioned civil action from the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit of the State of Missouri, to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1442(a)(1), as one or more of the claims stated against it falls within the jurisdictional scope of that statute. While reserving the right to respond more fully if a remand is sought by Plaintiffs, Raytheon offers the following short and plain statement of the basis for its removal as required by 28 U.S.C. § 1446(a).

## OVERVIEW FOR BASIS FOR REMOVAL

1.      As provided by § 1442(a)(1), a civil action that is commenced in a state court against, or directed to, "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

2.      A notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3).

Exhibit 1

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

3.      On February 13, 2023, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit of the State of Missouri against several Defendants, under caption *Stuart Mott and Nancy Mott v. ABB, Inc.*, et al., Cause No. 2322-CC00306.  *See* **Exhibit A**.

4.      On March 20, 2023, Raytheon timely responded to Plaintiffs' Petition by filing a motion to dismiss for lack of personal jurisdiction.[1]

5.      Plaintiffs' Petition did not plead sufficient facts such that removal was ascertainable to Raytheon. In fact, Plaintiffs' Petition lacks any specific allegation of exposure to asbestos by Mr. Mott during his time in the U.S. Navy. Instead, the sum of reference to Mr. Mott's military exposures appears in paragraph 1, which states in part, "Stuart Mott served in the U.S. Navy from 1964 through 1971." *See* Petition.  None of the allegations of Plaintiffs' Petition provide to Raytheon any information regarding which of its product or products are at issue in the case, or when or where said exposures to those products are alleged to have occurred.

6.      Plaintiffs served upon Defendants their Answers and Objections to Defendants' Joint Master Set of Interrogatories on March 24, 2023. In response to Interrogatory Number 15, Plaintiffs state that "[d]uring his time as an air traffic controller, Plaintiff spent a majority of his day working in the control tower where he was monitoring the incoming and outgoing air traffic. Plaintiff was present when work on the radar equipment was being conducted. This work included maintenance and repair of the radar equipment as well as the removal of electrical equipment including, but not limited to, breakers and bakelite board necessary for the equipment to operate. Specifically, Plaintiff worked around radar equipment manufactured by Raytheon." According to their response to Interrogatory Number 8, Plaintiff first worked as an air traffic controller while serving in the U.S. Navy.

7.      No fact witnesses have yet been deposed in this case.

8.      Receipt of Plaintiffs' Answers and Objections to Defendants' Joint Master Set of Interrogatories is the first time Raytheon was able to ascertain the appropriateness of removal of this action.

---

[1] By seeking removal of the pending action, Defendant Raytheon is in no way waiving its personal jurisdiction objection which was timely and appropriately preserved.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

9.      This notice of removal is timely under 28 U.S.C. §1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Raytheon is filing within 30 days of the service of Plaintiffs' Answers and Objections to Defendants' Joint Master Set of Interrogatories, which is when removal first became ascertainable to Raytheon.  *See, Morgan v Huntington Ingalls, Inc.*, 879 F.3d 602 (3d Cir. 2018); *Uzee v Huntington Ingalls Inc.*, 2018 U.S. Dist. LEXIS 164059 (E.D.La., Sept. 25, 2018); *Matte v Mobil Exploration & Producing N. Am., Inc.*, 2018 U.S. Dist. LEXIS 178388 (E.D.La., Oct. 16, 2018); *Peters v Lincoln Electric Co.*, 285 F. 3d 456, 465-66 (6th Cir. 2002).

10.     To the extent that Plaintiffs allege that Raytheon radar equipment was sold to the U.S. Navy, contained asbestos, and that Mr. Mott was exposed to asbestos from said products while serving in the U.S. Navy, said allegations give rise to Raytheon's federal defense - often referred to as the government-contractor defense. In short, the product(s) that Plaintiffs allege Raytheon supplied to the U.S. Navy (and the product literature, labeling, or warnings that accompanied that product) is subject to and required to conform to the U.S. Navy performance specifications and requirements.   Federal officers exercised their discretion regarding (1) whether the composition of the product met the performance standards for the designated mission; (2) whether asbestos was used in the product to meet the performance standard; and (3) whether a warning would accompany the product (and if so, what it would say).

11.     Removal of this case is proper because one or more of the claims stated against Raytheon in this case fall within the jurisdictional scope of § 1442(a)(1) and removal has been effected within thirty days after receipt by Raytheon of a "paper from which it may first be ascertained that the case is one which is or has become removable" in conformance with § 1446(b)(3).

12.     While denying the adequacy, sufficiency, or admissibility of the above allegations to show or establish any actual asbestos exposure from any  product for which Raytheon may be responsible, Plaintiffs' Answers and Objections to Defendants' Joint Master Set of Interrogatories constitutes a writing asserting claims relating to the radar systems he encountered in the U.S. Navy, and to the extent Plaintiffs allege Raytheon is responsible for the supply of said products to the U.S. Navy, Raytheon has a colorable defense that such equipment was manufactured and/or supplied under federal officer control.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

### APPLICATION OF § 1442(a)(1) IN THIS CASE

13.    Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party is a "person" within the meaning of the statute; can demonstrate that a causal nexus exists between the removing defendant's actions, taken pursuant to a federal officer's directions and under color of federal office, and the plaintiff's claims; and the removing defendant can state a "colorable federal defense" to one or more[2] of the claims stated against it.  *See, e.g., Papp v Fore-Kast Sales Co.*, Inc. 842 F.3d 805 (3d Cir. 2016); *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 770 (E.D. Pa. 2010).  Here, Raytheon has satisfied all of these requirements and is entitled to the federal officer removal provision.

14.    At all relevant times, Raytheon was a "person" within the meaning of 28 U.S.C. § 1442(a)(1).  *See, e.g., Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017); *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1122, n.4 (9th Cir.), *cert denied*, 135 U.S. 361 (2014); *Ruppel*. 701 F.3d at 1181; *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

15.    To the extent that Plaintiffs provide evidence of exposure to radar systems or other products Plaintiffs attribute to Raytheon while serving in the U.S. Navy, and allege that Mr. Mott was exposed to said product while serving in the U.S. Navy, in all relevant aspects of the design, manufacture, and supply of said products to the U.S. Navy (including any warnings or other written materials to be furnished therewith), Raytheon was acting under the direction and control of one or more federal officers.

16.    More specifically, to the extent Plaintiffs assert that this product(s) contained asbestos, the product was designed, manufactured, and supplied according to precise, detailed performance

---

[2] "[I]f one claim cognizable under [§ 1442(a)(1)] is present, the entire action is removed, regardless of the relationship between the [§ 1442(a)(1)] claim and the non-removable claims."  *National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 499, 507 & 509 (E.D. Cal. 1980).  *See also Ruppel v. CBS Corp.*, 701 F. 3d 1176, 1182 (7th Cir. 2012).

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

specifications which were promulgated and/or approved by the U.S. Navy to meet U.S. Navy performance requirements, and were applicable to the radar systems for which Plaintiffs allege Raytheon is responsible.

17.     Any decision regarding the use or incorporation of asbestos in these products or the component parts thereof was under the full control and discretion of the United States Government. *Papp v. Fore-Kast Sales Co., Inc.* 842 F.3d 805 (3d Cir. 2016).

18.     No material aspect of the design, manufacture, and/or supply of the alleged Raytheon Naval product(s) at issue in this case (and of any warnings or other written materials to be supplied therewith) escaped the close control of the US Military and its procurement officers, who retained "final say" authority in all such regard. *See, e.g., See, e.g., Ruppel*, 701 F.3d at 1181; *French v. A.W. Chesterton Co.*, No. 16-cv-1777, 2016 WL 6649281, at *3 (N.D. Ohio Nov. 10, 2016); *Esser v. CBS Corp.*, No. 15-cv-395, 2016 WL 452309, at *6 (D. Del. Feb. 5, 2016); *Vedros v. Northrop Grumman Shipbuilding*, No. 11-cv-6728, No. 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012); *Najolia v. Northrop Grumman ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Mitchell v. AC and S, Inc.*, No. 04-cv-2713, 2004 WL 3831228, at *2 (E.D. Va. Dec. 15, 2004); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Carter v. AC and S, Inc.*, No. 02-cv-194, 2002 WL 31682352, at *4-5 (E.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (ED. La. 1994); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).   Raytheon submits that these authorities have properly interpreted and applied 28 U.S.C. § 1442(a)(1) and that a similar ruling would be appropriate in this case in the event Plaintiffs seek to remand this matter to state court.

19.     It is "axiomatic" that if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to product(s) that it manufactured and supplied to the U.S. Navy under the U.S. Navy detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement.     *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, the "causal nexus" standard is satisfied as to asbestos-related injury claims involving alleged Raytheon products manufactured and/or supplied to the U.S. Navy.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

20.    As to the question of a colorable federal-law based defense, Raytheon hereby asserts a government contractor defense under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) because, to the extent that Plaintiffs provide evidence of the use of product(s) by the U.S. Navy that Plaintiffs attribute to Raytheon, and allege that Mr. Mott was exposed to said product(s) while serving in the U.S. Navy, Raytheon supplied said products to the U.S. Navy (and all associated warnings or other writings) in accordance with "reasonably precise specifications" promulgated or heedfully approved and adopted by the U.S. Navy; said Raytheon product(s) (and associated writings) conformed with those specifications; and, at all times relevant to this suit, the U.S. Navy was independently aware of potential health hazards associated with asbestos exposure.  As such, Raytheon can state a colorable government contractor defense in relation to such claims.

21.    In sum, and consistent with the short and plain statement of the law and facts offered herein, this Court has original jurisdiction over the subject matter of this suit under § 1442(a)(1) given that Raytheon was acting under an officer or agency of the United States relative to one or more of the claims that may be asserted against Raytheon in this case, and it can state at least a colorable federal law-based defense to said claim or claims.

22.    As noted above, while Raytheon offers this statement to satisfy its obligation as Removing Defendant under § 1446(a) to provide a short and plain statement of the legal and factual basis for removal, it reserves the right, and requests an opportunity, to respond more fully in writing to any motion for remand in this case, and to supplement the record with affidavits, declarations, and/or military specifications supporting the assertions of fact stated herein.

23.    A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermanssdorfer*, 423 U.S. 336 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co*., 517 U.S. 706 (1996).

24.    Raytheon has no duty to notify in advance, nor obtain the consent of, any other defendant to this action to remove this case under § 1442 (a)(1).  *See, e.g., Humphries v. Elliott Co.*, 760 F.3d 414,

37109-1012814

417 (5th Cir. 2014); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanly*, 302 F.2d 559, 562 (5th Cir. 1962).

25.     In compliance with 28 § 1446(d), Raytheon will promptly provide written notice of this Notice of Removal to all adverse parties, and, promptly after the filing of this Notice of Removal, will file a copy thereof with the Circuit Court, Twenty-Second Judicial Circuit, City if St, Louis, Missouri.

**DEFENDANT DEMANDS TRIAL BY JURY**

                                        RAYTHEON COMPANY, Defendant

                         BY: _____*/s/ Patrick D. Cloud*_____
                              HEYL, ROYSTER, VOELKER & ALLEN, P.C.
                              Patrick D. Cloud, #57187MO

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025
Telephone  618.656.4646
 Facsimile  309.420.0402
edwecf@heylroyster.com

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

37109-1012814

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of April, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that on this 20th day of April, 2023, counsel for Plaintiffs were served with copies of this Notice of Removal by first class mail and by transmitting a copy via e-mail to the following addresses:

Tyler B. Wilke #67192
Laci M. Whitley, #66675
FLINT COOPER, LLC
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone: (618) 288-4777
Facsimile: (618) 288-2864
service@flintlaw.com

_____*/s/ Patrick D. Cloud*_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

STUART MOTT and NANCY MOTT

## DEFENDANTS

Raytheon Company

**(b)** County of Residence of First Listed Plaintiff  Callaway County, MO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Unknown
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Flint Cooper, LLC
222 East Park St., Suite 500
Edwardsville IL 62025

Attorneys *(If Known)*
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville IL 62025

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   *(U.S. Government Not a Party)*

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☒ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1446(a) and 28 U.S.C. § 1442(a)(1)
Brief description of cause:
Asbestos litigation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
April 20, 2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Patrick D. Cloud

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

2322-CC00306

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) |
| | ) Cause No. _____ |
| Plaintiffs, | ) (ASBESTOS DOCKET) |
| | ) (DIVISION _____) |
| | ) PRODUCTS LIABILITY |
| v. | ) PERSONAL INJURY |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| ABB, INC., | ) |
| AMPHENOL CORPORATION, | ) |
| GENERAL ELECTRIC COMPANY, | ) |
| GOULDS PUMPS, LLC, *f/k/a* GOULDS PUMPS, INC., | ) |
| GOULDS ELECTRONICS, INC., | ) |
| GRINNELL, LLC, | ) |
| HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED- | ) |
| SIGNAL, INC., (*sued as successor-in-interest to the* BENDIX | ) |
| CORPORATION), | ) |
| J.P. BUSHNELL PACKING SUPPLY CO., | ) |
| THE J.R. CLARKSON COMPANY, *successor to* THE KUNKLE | ) |
| VALVE COMPANY, *and successor to* J.E. LONERGAN | ) |
| COMPANY, | ) |
| LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., *successor* | ) |
| *in interest to* Lear Siegler, Inc., and Royal Industries, Inc., | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| PNEUMO ABEX, LLC, | ) |
| RAYTHEON COMPANY, | ) |
| SIEMENS INDUSTRY, INC., | ) |
| UNION CARBIDE CORPORATION, | ) |
| ViacomCBS INC., *n/k/a* Paramount Global, *f/k/a* CBS | ) |
| Corporation, a Delaware corporation, *f/k/a* Viacom, Inc., | ) |
| successor by merger to CBS Corporation, a Pennsylvania | ) |
| corporation, *f/k/a* Westinghouse Electric Corporation, and | ) |
| WESTERN ELECTRIC COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

**PETITION**

Page 1 of 12

EXHIBIT A

Plaintiff, STUART MOTT, by his attorneys, Flint Cooper, LLC, for his cause of action against Defendants, states as follows:

## JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1. STUART MOTT, served in the U.S. Navy from 1964 through 1971. During 1971, Plaintiff was employed with HomeBuilders, Inc., as a general contractor in Orange Park, Florida. From 1971 through 1981, Plaintiff was employed with the Federal Aviation Administration as an Air Traffic Controller in Des Moines, Iowa and Grand Island, Nebraska. From 1981 through 1983, Plaintiff was a car salesman for Schuppans Volkswagen Mazda Doge in Grand Island, Nebraska. Plaintiff was then a salesman for Frito Lay from 1983 through 1984 in Grand Island, Nebraska. From 1984 through 1988, Plaintiff owned a used car dealership, Montana's Used Cars, in Grand Island, Nebraska.

2. During the course of Plaintiff's employment at the locations mentioned above, during non-occupational work projects and/or in other ways, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products the Plaintiff was working with and around which were manufactured, sold, distributed or installed by the Defendants and each of them.

3. Plaintiff was first exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products they worked with or around outside the State of Missouri, which were manufactured, sold, distributed by the Defendants and each of them. One or more of the Defendants maintain a registered agent in the City of St. Louis. Venue is therefore proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010.5, in that one or more of the Defendants maintain a registered agent in the City of St. Louis.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

4.   On the following date, Plaintiff first became aware that he had the asbestos-related disease specified below and at a later date learned that said disease was wrongfully caused:

   July 18, 2022 – Lung Cancer

5.   Plaintiff disclaims any claim for relief for any portion of the injuries sustained upon a federal enclave or as a result of the malfeasance of any persons acting as a federal officer. Plaintiff alleges no claim arising under the maritime law of the United States or arising under any other law of the United States of America or its Constitution. One or more Defendants are citizens of the State of Missouri and this action is not properly removable on any theory or jurisdictional basis.

6.   The below mentioned Defendants are jointly and severally liable in that they contributed to Plaintiff's injuries:

Defendant, ABB, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CT Corporation, 120 South Central Avenue, # 400, Clayton, Missouri 63105.

Defendant, AMPHENOL CORPORATION, is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at 67 Burnside Ave., East Hartford, CT 06108.

Defendant, GENERAL ELECTRIC COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, GOULDS PUMPS, LLC, f/k/a GOULDS PUMPS, INC., is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

Defendant, GOULDS ELECTRONICS, is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at, CT Corporation System, 4400 Easton Commons, Ste. 125, Columbus, OH 43219.

Defendant, GRINNELL LLC, is a foreign corporation doing business in the State of Missouri; Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 111 Eighth Avenue, New York, New York 10011.

Defendant, HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED-SIGNAL, INC., (*sued as successor-in-interest to* BENDIX CORPORATION), is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

Defendant, J.P. BUSHNELL PACKING SUPPLY CO., is a Missouri corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Kathleen Sullivan, 3041 Locust Street, St. Louis, Missouri 63103.

Defendant, THE J.R. CLARKSON COMPANY, successor to THE KUNKLE VALVE COMPANY, and successor to J.E. LONERGAN COMPANY, is a foreign corporation doing business in the State of Missouri; Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri; said corporation may be served through its registered agent, The Corporate Trust Co. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

Defendant, LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., successor in interest to Lear Siegler, Inc. and Royal Industries, Inc., said corporation may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Director, Department of Insurance, State of Missouri, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

Defendant, PNEUMO ABEX, LLC, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

Defendant, RAYTHEON COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, SIEMENS INDUSTRY, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, UNION CARBIDE CORPORATION, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, ViacomCBS INC., *n/k/a* Paramount Global, *f/k/a* CBS Corporation, a Delaware corporation, *f/k/a* Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, *f/k/a* Westinghouse Electric Corporation, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

Defendant, WESTERN ELECTRIC COMPANY, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Prentice-Hall Corp., 221 Bolivar Street, Jefferson City, Missouri 65101.

7.    Each defendant is amenable to suit in the State of Missouri by reason having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed tortious acts against Plaintiff in Missouri.

## COUNT I
## STRICT LIABILITY

8.    Plaintiff herein incorporates by reference Paragraphs 1 through 7 of this Petition.

9.    At the time Defendant and each of them manufactured, sold, distributed or installed the asbestos-containing products to which Plaintiff was exposed, said products were in a defective condition and were unreasonably dangerous in that:

(a)    Said products contained friable asbestos fibers and/or asbestiform fibers as a constituent substance;

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

(b)     Said asbestos fibers and/or asbestiform fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff and others similarly situated;

(c)     Said products were not accompanied by any warning or by adequate warning advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

10.     Said products reached the point of Plaintiff's exposure in substantially the same condition as when manufactured, distributed and sold.

11.     At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants and each of them.

12.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

**COUNT II**
**NEGLIGENCE**

13.    Plaintiff herein incorporates by reference Paragraphs 1 through 12 of this Petition.

14.    At all times herein set forth, the products of Defendants and each of them were being employed in the manner and for the purposes for which they were intended.

15.    Plaintiff's exposure to, and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants and each of them.

16.    Defendants and each of them knew or should have known that the asbestos fibers and/or asbestiform fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

17.    At all times herein relevant, Defendants and each of them had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with or around the products of the Defendants containing asbestos.

18.    Defendants and each of them failed to exercise ordinary care and caution for the safety of Plaintiff in one or more of the following respects:

    (a)    Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around them would inhale, ingest or otherwise absorb that asbestos;

    (b)    Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers and/or asbestiform fibers would have a toxic,

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Included asbestos in their products when adequate   substitutes for the asbestos in them were available;

(d)     Failed to provide any or adequate warnings to persons working  with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers contained in them;

(e)     Failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

(f)     Failed to conduct tests on the asbestos- containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with or around the products; and

(g)     Failed to recall asbestos-containing products which it had manufactured, sold, delivered, or installed.

19.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT III
## WILLFUL AND WANTON MISCONDUCT

20.     Plaintiff herein incorporates by reference Paragraphs 1 through 19 of this Petition.

21.     Defendants and each of them are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around them would inhale, ingest or otherwise absorb that asbestos;

(b)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes were available;

(d)     Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

(e)     Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

    (f)    Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos-containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with or around the products; and

    (g)    Failed to recall asbestos-containing products which it had manufactured, sold, delivered and installed.

22.    As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays that, in addition to actual and compensatory damages, Petitioner be awarded punitive and exemplary damages against each Defendant separately in an amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

**COUNT IV**
**CONSPIRACY**

23.    Plaintiff herein incorporates by reference paragraphs 1 through 22 of this Petition.

24.     Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL
INTERNATIONAL, INC., and PNUEMO ABEX, LLC, agreed and
conspired with the Defendants named herein and with other manufacturers, sellers and
distributors of asbestos-containing products to suppress and misrepresent the hazards of
exposure to asbestos.

25.     As a direct and proximate result of said defective and unreasonably dangerous conditions
of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed
great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop
the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner;
Petitioner has in the past, and will in the future, be compelled to expend and become
liable for large sums of monies for hospital, medical and other health care services
necessary for the treatment of his asbestos related diseases and conditions; Petitioner has
experienced great physical pain and mental anguish as a result of the inhalation, ingestion
and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their
asbestos-related diseases and conditions, Petitioner has in the past and will in the future
be hindered and prevented from pursuing their normal course of employment, thereby
losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays that, in addition to actual and compensatory damages, Plaintiff be
awarded punitive and exemplary damages against each Defendant separately in an amount in excess of
TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

## COUNT V

## LOSS OF CONSORTIUM

49.     NANCY MOTT, is the wife of STUART MOTT, hereby incorporates the allegations
contained in Counts I-IV of the Petition.

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

50. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, the Plaintiff, NANCY MOTT, as well as other family members, have been deprived of the companionship, society and services with her husband, STUART MOTT, all to her damage in an amount in excess of $50,000.00.


FLINT COOPER, LLC

By:    */s/ Laci M. Whitley*
      Laci M. Whitley, #66675
      Tyler B. Wilke, #67192
      222 East Park Street, Suite 500
      P.O. Box 189
      Edwardsville, Illinois 62025
      (618) 288-4777: telephone
      (618) 288-2864: facsimile
      service@flintlaw.com

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

**2322-CC00306**

# IN THE CIRCUIT COURT
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

STUART MOTT and NANCY MOTT, his wife,     )
                                             )
       Plaintiffs,                    )    Cause No._____
                                             )
v.                                                )
                                           )
ABB, INC., et al.,                       )
                                             )
       Defendants.                 )

## ENTRY OF APPEARANCE

COMES NOW, Flint Cooper, LLC and Laci M. Whitley, as counsel for the Plaintiffs,

STUART MOTT and NANCY MOTT, his wife, and enters her appearance in the above

numbered cause of action.

                                       FLINT COOPER, LLC


                                       By:*/s/ Laci M. Whitley*
                                           Laci M. Whitley, #66675
                                           222 East Park Street, Suite 500
                                           P.O. Box 189
                                           Edwardsville, Illinois 62025
                                           (618) 288-4777 (telephone)
                                           (618) 288-2864 (facsimile)
                                           service@flintlaw.com

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was sent via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08, this 13th day of February, 2023 to all Defendants' counsel of record in the above-captioned case.

*/s/ Laci M. Whitley*

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

**2322-CC00306**

# IN THE CIRCUIT COURT
## STATE OF MISSOURI
### TWENTY-SECOND JUDICIAL CIRCUIT
#### (City of St. Louis)

STUART MOTT and NANCY MOTT, his wife,    )
    )
    Plaintiffs,    )  Cause No. _____
    )
v.    )
    )
ABB, INC., et al.,    )
    )

## NOTICE OF ATTORNEY'S LIEN

TAKE NOTICE that, pursuant to RSMo §§ 484.130, 484.140, Plaintiff's attorneys, Flint Cooper, LLC, have a statutory lien upon any and all proceeds recovered in the above-numbered cause of action. Flint Cooper, LLC, has a lien upon this cause of action which attaches to any verdict, report, decision, judgment, settlement in Plaintiff's favor, and the proceeds thereof in whosoever hands they may come, which cannot be affected by any settlement between the parties before or after judgment. RSMo §§ 484.130, 484.140; Barthels v. Garrels, 227 S.W. 910 (Mo. App. E.D. 1920); B-Mall Co. v. Williamson, 977 S.W.2d 74 (Mo. App. W.D. 1998).

FLINT COOPER, LLC

By: /s/ Laci M. Whitley
Laci M. Whitley, #66675
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
service@flintlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was sent via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08, this 13th day of February, 2023 to all Defendants' counsel of record in the above-captioned case.

/s/ Laci M. Whitley

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

Electronically Filed - City of St. Louis - April 20, 2023 - 01:58 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Stuart Mott and Nancy
Mott, his wife                           )
                                 ,       )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )     Case No.  4:23-cv-503
Raytheon Company,et al                   )
                                 ,       )
                                         )
              Defendant,                 )
                                         )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐      THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐      THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒      NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: __04/20/2023_____          __/s/ Patrick D. Cloud__
                                       Signature of Filing Party