

Search for Cases by: [Select Search Method... ▼]

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff KPLOTNER326

## 2322-CC00306 - STUART MOTT ET AL V ABB INC ET AL (E-CASE)

| Case Header FV | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: [All Entries ▼]

---

**04/20/2023** ☐ **Order**

Motion for Pro Hac Vice Admission of Taylor A. Williams is hereby ordered granted. So Ordered: Elizabeth B.Hogan, Judge.

☐ **Order**

Motion for Pro Hac Vice Admission of J. Ryan Maloney is hereby ordered granted. So Ordered: Elizabeth B.Hogan, Judge.

☐ **Notice**

Notice of Filing Removal of Civil Action to United States District Court; Exhibit 1; Electronic Filing Certificate of Service.
**Filed By:** KENT L PLOTNER
**On Behalf Of:** RAYTHEON COMPANY

**04/12/2023** ☐ **Proposed Order Filed**

**Filed By:** ANITA MARIA KIDD

☐ **Motion Filed**

GENERAL ELECTRIC COMPANY Motion to Admit Taylor A. Williams Pro Hac Vice; Electronic Filing Certificate of Service.
**Filed By:** ANITA MARIA KIDD
**On Behalf Of:** GENERAL ELECTRIC COMPANY

☐ **Motion to Dismiss**

GENERAL ELECTRIC COMPANYS Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** ANITA MARIA KIDD
**On Behalf Of:** GENERAL ELECTRIC COMPANY

☐ **Motion to Dismiss**

GENERAL ELECTRIC COMPANYS Motion to Dismiss Plaintiffs Petition for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.
**Filed By:** ANITA MARIA KIDD

☐ **Notc of Limtd Appearance Filed**

GENERAL ELECTRIC COMPANYS Special and Limited Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** ANITA MARIA KIDD

☐ **Notice**

Amended Notice of Cancellation of the Amended Deposition of Stuart Mott; Electronic Filing Certificate of Service.
**Filed By:** LACI MARIE WHITLEY
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Notice**

Notice of Cancellation of the Amended Deposition of Stuart Mott; Electronic Filing Certificate of Service.
> **Filed By:** LACI MARIE WHITLEY
> **On Behalf Of:** STUART MOTT, NANCY MOTT

04/11/2023 **Proposed Order Filed**

Proposed Order; Electronic Filing Certificate of Service.
> **Filed By:** BRANDAN PHILIP MUELLER
> **On Behalf Of:** THE J.R. CLARKSON COMPANY LLC

**Motion Filed**

Motion for Pro Hac Vice Admission of J. Ryan Maloney; PHV Affidavit of Maloney; Receipt for Maloney; Electronic Filing Certificate of Service.
> **Filed By:** BRANDAN PHILIP MUELLER

04/03/2023 **Answer Filed**

> **Filed By:** BRANDAN PHILIP MUELLER
> **On Behalf Of:** THE J.R. CLARKSON COMPANY LLC

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
> **Filed By:** BRANDAN PHILIP MUELLER

**Notice to Take Deposition**

Plaintiffs Second Amended Notice to Take The Deposition of Stuart Mott; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE
> **On Behalf Of:** STUART MOTT, NANCY MOTT

**Notice to Take Deposition**

Notice of Cancellation of the Deposition of Stuart Mott; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE
> **On Behalf Of:** STUART MOTT, NANCY MOTT

03/30/2023 **Cert Serv of Interrog Filed**

Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE
> **On Behalf Of:** STUART MOTT, NANCY MOTT

03/28/2023 **Cert Serv of Interrog Filed**

Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE
> **On Behalf Of:** STUART MOTT, NANCY MOTT

**Response Filed**

Plaintiffs Response in Opposition to Defendant ABB Inc.s Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE
> **On Behalf Of:** STUART MOTT, NANCY MOTT

**Response Filed**

Plaintiffs Response in Opposition to Defendant Union Carbide Corporations Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
> **Filed By:** TYLER BROOKS WILKE

**Response Filed**

Plaintiffs Response in Opposition to Defendant Pneumo Abex LLCs Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE

**Response Filed**

Plaintiffs Response in Opposition to Defendant ViacomCBS Inc., nka Paramount Globals Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE

03/27/2023  **Response Filed**

Plaintiffs Response in Opposition to Defendant Lear Siegler Diversified Holdings Corps Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Response Filed**

Plaintiffs Response in Opposition to Defendant Amphenol Corporations Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE

**Response Filed**

Plaintiffs Response in Opposition to Defendant Nokia of America Corporations Motion to Dismiss Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE

03/24/2023  **Notice**

Notice of Compliance; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Notice**

Notice of Compliance; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE
**On Behalf Of:** STUART MOTT, NANCY MOTT

03/23/2023  **Notice to Take Deposition**

Plaintiffs Amended Notice to Take the Deposition of Stuart Mott; Electronic Filing Certificate of Service.
**Filed By:** LACI MARIE WHITLEY
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Notice**

Notice of Cancellation of the Deposition of Stuart Mott; Electronic Filing Certificate of Service.
**Filed By:** LACI MARIE WHITLEY

**Stipulation Filed**

DEFENDANT HONEYWELL INTERNATIONAL INC.'S STIPULATION FOR INDEFINITE EXTENSION; ELECTRONIC FILING CERTICIATE OF SERVICE
**Filed By:** STEVEN BERT BESHORE
**On Behalf Of:** HONEYWELL INTERNATIONAL INC

**Entry of Appearance Filed**

ENTRY OF APPEARANCE on behalf of Defendant, HONEYWELL INTERNATIONAL INC. f/k/a AlliedSignal, Inc. as successor-in-interest to The Bendix Corporation, in the above referenced cause of action.; Electronic Filing Certificate of Service.
**Filed By:** STEVEN BERT BESHORE

**Motion to Dismiss**

**Filed By:** GARY L. SMITH
**On Behalf Of:** ABB INC

**Entry of Appearance Filed**

ABB Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** GARY L. SMITH

03/22/2023    **Certificate of Service**

Grinnell LLC COS of Written Discovery; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB
**On Behalf Of:** GRINNELL LLC

**Memo of Law in Suppt of Filed**

Grinnell LLC Memorandum of Law in Support of Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Motion to Transfer**

Grinnell LLC Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Motion to Dismiss**

Grinnell LLC Motion to Dismiss for Failure to Establish Personal Jurisdiction; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Entry of Appearance Filed**

Entry of Appearance of J Yasmin Tayyab on behalf of Grinnell LLC; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Certificate of Service**

**Filed By:** CHARLES L JOLEY
**On Behalf Of:** METROPOLITAN LIFE INSURANCE COMPANY

**Certificate of Service**

Certificate of Service - Defendant Metropolitan Life Insurance Companys Page and Line Designations of Deposition Testimony; Electronic Filing Certificate of Service.
**Filed By:** CHARLES L JOLEY

**Certificate of Service**

Certificate of Service - Defendant Metropolitan Life Insurance Companys Combined Fact and Expert Witness List, Including Expert Reports; Electronic Filing Certificate of Service.
**Filed By:** CHARLES L JOLEY

**Answer Filed**

Answer and Defenses of Metropolitan Life Insurance Company to Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** CHARLES L JOLEY

**Request for Jury Trial Filed**

Demand for Jury Trial; Electronic Filing Certificate of Service.
**Filed By:** CHARLES L JOLEY

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** CHARLES L JOLEY

**03/20/2023**   **Certificate of Service**

Goulds Pumps COS of Written Discovery; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB
**On Behalf Of:** GOULDS PUMPS LLC

**Memo of Law in Suppt of Filed**

Goulds Pumps Memorandum of Law in Support of Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Motion to Transfer**

Goulds Pumps Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Motion to Dismiss**

**Filed By:** JULIA YASMIN TAYYAB

**Entry of Appearance Filed**

Entry of Appearance of J Yasmin Tayyab on behalf of Goulds Pumps LLC; Electronic Filing Certificate of Service.
**Filed By:** JULIA YASMIN TAYYAB

**Certificate of Service**

Certificate of Service; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Notice to Take Deposition**

PLAINTIFFS' NOTICE TO TAKE THE DEPOSITION OF STUART MOTT; Electronic Filing Certificate of Service.
**Filed By:** TYLER BROOKS WILKE
**On Behalf Of:** STUART MOTT, NANCY MOTT

**Motion Filed**

Defendant Raytheon Companys Motion for Protective Order; Electronic Filing Certificate of Service.
**Filed By:** KENT L PLOTNER
**On Behalf Of:** RAYTHEON COMPANY

**Memo of Law in Suppt of Filed**

Defendant Raytheon Companys Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.
**Filed By:** KENT L PLOTNER

**Motion to Dismiss**

**Filed By:** KENT L PLOTNER

**Entry of Appearance Filed**

Entry of Appearance for Defendant Raytheon Company; Electronic Filing Certificate of Service.
**Filed By:** KENT L PLOTNER

**Certificate of Service**

CERTIFICATE OF SERVICE; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW EDWARD PELIKAN
**On Behalf Of:** PNEUMO ABEX LLC

**Motion to Dismiss**

DEFENDANT PNEUMO ABEX LLC'S MOTION TO DISMISS PLAINTIFFS¿ PETITION, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT; ELECTRONIC FILING

CERTIFICATE OF SERVICE
**Filed By:** MATTHEW EDWARD PELIKAN

**Entry of Appearance Filed**

ENTRY OF APPEARANCE on behalf of defendant Pneumo Abex LLC.; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW EDWARD PELIKAN

03/16/2023   **Certificate of Service**

J.P. Bushnell Packing Supply Co.s Certificate of Service for Fact and Expert Witness Disclosure; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ROBERT FIELDS
**On Behalf Of:** JP BUSHNELL PACKING SUPPLY CO

**Motion to Dismiss**

J.P. Bushnell Packing Supply Co.s Motion to Dismiss Plaintiffs Petition or, Alternatively, for a More Definite Statement; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ROBERT FIELDS

**Answer Filed**

J.P. Bushnell Packing Supply Co.s Answer and Affirmative Defenses to Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ROBERT FIELDS

**Entry of Appearance Filed**

J.P. Bushnell Packing Supply Co.s Appearance; Electronic Filing Certificate of Service.
**Filed By:** MATTHEW ROBERT FIELDS

**Motion to Dismiss**

**Filed By:** DONALD W. WARD
**On Behalf Of:** AMPHENOL CORPORATION

**Entry of Appearance Filed**

AMPHENOL ENTRY OF APPEARANCE; Electronic Filing Certificate of Service.
**Filed By:** DONALD W. WARD

**Motion to Dismiss**

Paramount Globals Motion to Dismiss for Lack of Personal Jurisdiction alternatively to Dismiss for Failure to State a Claim or for a more Definite Statement; Electronic Filing Certificate of Service.
**Filed By:** DANIEL GERARD DONAHUE
**On Behalf Of:** VIACOMCBS INC

**Answer Filed**

Defendant Paramount Globals Answer to Plaintiffs Petition; Electronic Filing Certificate of Service.
**Filed By:** DANIEL GERARD DONAHUE

**Entry of Appearance Filed**

Spec Limited Entry of Appearance of Paramount Global fka VIACOMCBS, Inc., a DE Corp., fka CBS Corp, a DE corp fka Viacom Inc successor by merger to CBS Corp a; Electronic Filing Certificate of Service.
**Filed By:** DANIEL GERARD DONAHUE

03/15/2023   **Motion to Dismiss**

DEFENDANT NOKIAS MOTION TO DISMISS; Electronic Filing Certificate of Service.
**Filed By:** EDWARD MARTIN CASMERE
**On Behalf Of:** WESTERN ELECTRIC COMPANY INC

**Entry of Appearance Filed**

**Filed By:** EDWARD MARTIN CASMERE

☐ **Notice**

NOTICE OF FILING AND CERTIFICATE OF SERVICE - DEFENDANT NOKIAS APPEARANCE, JURY DEMAND, AND MOTION TO DISMISS; Electronic Filing Certificate of Service.
  **Filed By:** EDWARD MARTIN CASMERE

☐ **Motion Filed**

  **Filed By:** BRENDA G. BAUM
  **On Behalf Of:** LEAR SIEGLER DIVERSIFIED HOLDING CORP

☐ **Entry of Appearance Filed**

Lear Siegler Entry of Appearance; Electronic Filing Certificate of Service.
  **Filed By:** BRENDA G. BAUM

03/14/2023 ☐ **Motion to Dismiss**

  **Filed By:** JEFFREY THOMAS BASH
  **On Behalf Of:** UNION CARBIDE CORPORATION

☐ **Entry of Appearance Filed**

Union Carbide Corporation Entry of Appearance; Electronic Filing Certificate of Service.
  **Filed By:** JEFFREY THOMAS BASH

03/10/2023 ☐ **Motion to Dismiss**

DEFENDANT SIEMENS INDUSTRY, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; Electronic Filing Certificate of Service.
  **Filed By:** KASSANDRA GARRISON

☐ **Answer Filed**

SIEMENS INDUSTRY, INC.'S ANSWER TO PLAINTIFF'S PETITION; ELECTRONIC FILING CERTIFICATE OF SERVICE
  **Filed By:** KASSANDRA GARRISON

☐ **Entry of Appearance Filed**

ENTRY OF APPEARANCE on behalf of Defendant, Siemens Industry, Inc., Successor in Interest to Siemens Energy & Automation, Inc., in the above-mentioned matter.; Electronic Filing Certificate of Service.
  **Filed By:** KASSANDRA GARRISON
  **On Behalf Of:** SIEMENS INDUSTRY INC

03/08/2023 ☐ **Memo of Law in Suppt of Filed**

Gould Electronics Inc. - Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction; Electronic Filing Certificate of Service.
  **Filed By:** MEREDITH SUZANNE HUDGENS
  **On Behalf Of:** GOULD ELECTRONICS INC

☐ **Motion to Dismiss**

  **Filed By:** MEREDITH SUZANNE HUDGENS

☐ **Entry of Appearance Filed**

Gould Electronics Inc. - Entry of Appearance; Electronic Filing Certificate of Service.
  **Filed By:** MEREDITH SUZANNE HUDGENS

03/06/2023 ☐ **Filing:**

LETTER FROM DEPARTMENT OF COMMERCE AND INSURANCE

02/28/2023 ☐ **Alias Summons Issued**

Document ID: 23-SMOS-707, for THE J.R. CLARKSON COMPANY LLC.

02/27/2023    ☐   **Alias Summons Requested**

ALIAS.
    **Filed By:** TYLER BROOKS WILKE
    **On Behalf Of:** STUART MOTT, NANCY MOTT

02/24/2023    ☐   **Jury Trial Scheduled**

    **Scheduled For:** 08/07/2023;  9:00 AM ;  ELIZABETH BYRNE HOGAN;  City of St. Louis

02/14/2023    ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-649, for PNEUMO ABEX LLC.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-648, for LEAR SIEGLER DIVERSIFIED HOLDING CORP.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-647, for THE J.R. CLARKSON COMPANY LLC.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-646, for GRINNELL LLC.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-645, for GOULD ELECTRONICS INC.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-644, for GOULDS PUMPS LLC.

      ☐   **Summ Issd- Circ Pers Serv O/S**

Document ID: 23-SMOS-643, for AMPHENOL CORPORATION.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-947, for WESTERN ELECTRIC COMPANY INC.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-946, for VIACOMCBS INC.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-945, for UNION CARBIDE CORPORATION.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-944, for SIEMENS INDUSTRY INC.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-943, for RAYTHEON COMPANY.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-942, for METROPOLITAN LIFE INSURANCE COMPANY.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-941, for JP BUSHNELL PACKING SUPPLY CO.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-940, for HONEYWELL INTERNATIONAL INC.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-939, for GENERAL ELECTRIC COMPANY.

      ☐   **Summons Issued-Circuit**

Document ID: 23-SMCC-938, for ABB INC.

**02/13/2023** ☐ **Request Filed**

Request for Appointment of Process Server - Page 2
**Filed By:** LACI MARIE WHITLEY

☐ **Request Filed**

Request for Appointment of Process Server - Page 1
**Filed By:** LACI MARIE WHITLEY

☐ **Confid Filing Info Sheet Filed**

**Filed By:** LACI MARIE WHITLEY

☐ **Request Filed**

Motion to Appoint a Special Process Server
**Filed By:** LACI MARIE WHITLEY
**On Behalf Of:** STUART MOTT, NANCY MOTT

☐ **Notice**

Notice of Attorneys Lien.
**Filed By:** LACI MARIE WHITLEY

☐ **Entry of Appearance Filed**

Entry of Appearance.
**Filed By:** LACI MARIE WHITLEY

☐ **Pet Filed in Circuit Ct**

Petition.
**Filed By:** LACI MARIE WHITLEY

**02/13/2023** ☐ **Judge Assigned**

**2322-CC00306**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

## IN THE CIRCUIT COURT
## STATE OF MISSOURI
## TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) |
| | ) Cause No. _____ |
| Plaintiffs, | ) (ASBESTOS DOCKET) |
| | ) (DIVISION _____) |
| | ) PRODUCTS LIABILITY |
| v. | ) PERSONAL INJURY |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| ABB, INC., | ) |
| AMPHENOL CORPORATION, | ) |
| GENERAL ELECTRIC COMPANY, | ) |
| GOULDS PUMPS, LLC, *f/k/a* GOULDS PUMPS, INC., | ) |
| GOULDS ELECTRONICS, INC., | ) |
| GRINNELL, LLC, | ) |
| HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED-<br>    SIGNAL, INC., (*sued as successor-in-interest to the* BENDIX<br>    CORPORATION), | ) |
| J.P. BUSHNELL PACKING SUPPLY CO., | ) |
| THE J.R. CLARKSON COMPANY, *successor to* THE KUNKLE<br>    VALVE COMPANY, *and successor to* J.E. LONERGAN<br>    COMPANY, | ) |
| LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., *successor*<br>    *in interest to* Lear Siegler, Inc., and Royal Industries, Inc., | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| PNEUMO ABEX, LLC, | ) |
| RAYTHEON COMPANY, | ) |
| SIEMENS INDUSTRY, INC., | ) |
| UNION CARBIDE CORPORATION, | ) |
| ViacomCBS INC., *n/k/a* Paramount Global, *f/k/a* CBS<br>    Corporation, a Delaware corporation, *f/k/a* Viacom, Inc.,<br>    successor by merger to CBS Corporation, a Pennsylvania<br>    corporation, *f/k/a* Westinghouse Electric Corporation, and | ) |
| WESTERN ELECTRIC COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## **PETITION**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

Plaintiff, STUART MOTT, by his attorneys, Flint Cooper, LLC, for his cause of action against Defendants, states as follows:

<u>JURISDICTION, VENUE, AND GENERAL ALLEGATIONS</u>

1.      STUART MOTT, served in the U.S. Navy from 1964 through 1971.  During 1971, Plaintiff was employed with HomeBuilders, Inc., as a general contractor in Orange Park, Florida.  From 1971 through 1981, Plaintiff was employed with the Federal Aviation Administration as an Air Traffic Controller in Des Moines, Iowa and Grand Island, Nebraska.  From 1981 through 1983, Plaintiff was a car salesman for Schuppans Volkswagen Mazda Doge in Grand Island, Nebraska. Plaintiff was then a salesman for Frito Lay from 1983 through 1984 in Grand Island, Nebraska.  From 1984 through 1988, Plaintiff owned a used car dealership, Montana's Used Cars, in Grand Island, Nebraska.

2.      During the course of Plaintiff's employment at the locations mentioned above, during non-occupational work projects and/or in other ways, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products the Plaintiff was working with and around which were manufactured, sold, distributed or installed by the Defendants and each of them.

3.      Plaintiff was first exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products they worked with or around outside the State of Missouri, which were manufactured, sold, distributed by the Defendants and each of them.  One or more of the Defendants maintain a registered agent in the City of St. Louis.  Venue is therefore proper in the City of St. Louis, Missouri, pursuant to Missouri Revised Statutes 508.010.5, in that one or more of the Defendants maintain a registered agent in the City of St. Louis.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

4.    On the following date, Plaintiff first became aware that he had the asbestos-related disease specified below and at a later date learned that said disease was wrongfully caused:

> July 18, 2022 – Lung Cancer

5.    Plaintiff disclaims any claim for relief for any portion of the injuries sustained upon a federal enclave or as a result of the malfeasance of any persons acting as a federal officer. Plaintiff alleges no claim arising under the maritime law of the United States or arising under any other law of the United States of America or its Constitution.  One or more Defendants are citizens of the State of Missouri and this action is not properly removable on any theory or jurisdictional basis.

6.    The below mentioned Defendants are jointly and severally liable in that they contributed to Plaintiff's injuries:

Defendant, ABB, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CT Corporation, 120 South Central Avenue, # 400, Clayton, Missouri 63105.

Defendant, AMPHENOL CORPORATION, is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at 67 Burnside Ave., East Hartford, CT 06108.

Defendant, GENERAL ELECTRIC COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, GOULDS PUMPS, LLC, f/k/a GOULDS PUMPS, INC., is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

Defendant, GOULDS ELECTRONICS, is a foreign corporation doing business in the State of Missouri. Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute at, CT Corporation System, 4400 Easton Commons, Ste. 125, Columbus, OH 43219.

Defendant, GRINNELL LLC, is a foreign corporation doing business in the State of Missouri; Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri. Said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent C.T. Corporation System, 111 Eighth Avenue, New York, New York 10011.

Defendant, HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED-SIGNAL, INC., (*sued as successor-in-interest to* BENDIX CORPORATION), is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

Defendant, J.P. BUSHNELL PACKING SUPPLY CO., is a Missouri corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Kathleen Sullivan, 3041 Locust Street, St. Louis, Missouri 63103.

Defendant, THE J.R. CLARKSON COMPANY, successor to THE KUNKLE VALVE COMPANY, and successor to J.E. LONERGAN COMPANY, is a foreign corporation doing business in the State of Missouri; Defendant corporation does not maintain a registered agent in Missouri, although it and/or its predecessors in interest have conducted substantial business in Missouri; said corporation may be served through its registered agent, The Corporate Trust Co. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

Defendant, LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., successor in interest to Lear Siegler, Inc. and Royal Industries, Inc., said corporation may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Director, Department of Insurance, State of Missouri, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

Defendant, PNEUMO ABEX, LLC, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

Defendant, RAYTHEON COMPANY, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, SIEMENS INDUSTRY, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, UNION CARBIDE CORPORATION, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

Defendant, ViacomCBS INC., *n/k/a* Paramount Global, *f/k/a* CBS Corporation, a Delaware corporation, *f/k/a* Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, *f/k/a* Westinghouse Electric Corporation, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

Defendant, WESTERN ELECTRIC COMPANY, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, Prentice-Hall Corp., 221 Bolivar Street, Jefferson City, Missouri 65101.

7.     Each defendant is amenable to suit in the State of Missouri by reason having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed tortious acts against Plaintiff in Missouri.

## COUNT I
## STRICT LIABILITY

8.     Plaintiff herein incorporates by reference Paragraphs 1 through 7 of this Petition.

9.     At the time Defendant and each of them manufactured, sold, distributed or installed the asbestos-containing products to which Plaintiff was exposed, said products were in a defective condition and were unreasonably dangerous in that:

(a)     Said products contained friable asbestos fibers and/or asbestiform fibers as a constituent substance;

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

(b)    Said asbestos fibers and/or asbestiform fibers were highly toxic, deleterious, poisonous and harmful to the health of Plaintiff and others similarly situated;

(c)    Said products were not accompanied by any warning or by adequate warning advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

10.    Said products reached the point of Plaintiff's exposure in substantially the same condition as when manufactured, distributed and sold.

11.    At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants and each of them.

12.    As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT II
## NEGLIGENCE

13.     Plaintiff herein incorporates by reference Paragraphs 1 through 12 of this

        Petition.

14.     At all times herein set forth, the products of Defendants and each of them were being

        employed in the manner and for the purposes for which they were intended.

15.     Plaintiff's exposure to, and inhalation, ingestion or absorption of the asbestos

        fibers emanating from the above-mentioned products was completely foreseeable and

        could or should have been anticipated by the Defendants and each of them.

16.     Defendants and each of them knew or should have known that the asbestos fibers and/or

        asbestiform fibers contained in their products had a toxic, poisonous, and highly

        deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing

        them.

17.     At all times herein relevant, Defendants and each of them had a duty to exercise

        reasonable care and caution for the safety of the Plaintiff and others working with or

        around the products of the Defendants containing asbestos.

18.     Defendants and each of them failed to exercise ordinary care and caution for the safety of

        Plaintiff in one or more of the following respects:

        (a)     Included asbestos in their products, even though it was completely foreseeable
                and could or should have been anticipated that persons such as the Plaintiff
                working with or around them would inhale, ingest or otherwise absorb that
                asbestos;

        (b)     Included asbestos in their products when the Defendants knew or should have
                known that said asbestos fibers and/or asbestiform fibers would have a toxic,

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Included asbestos in their products when adequate   substitutes for the asbestos in them were available;

(d)     Failed to provide any or adequate warnings to persons working  with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers contained in them;

(e)     Failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

(f)     Failed to conduct tests on the asbestos- containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with or around the products; and

(g)     Failed to recall asbestos-containing products which it had manufactured, sold, delivered, or installed.

19.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

WHEREFORE, Plaintiff prays judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT III
## WILLFUL AND WANTON MISCONDUCT

20.     Plaintiff herein incorporates by reference Paragraphs 1 through 19 of this Petition.

21.     Defendants and each of them are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff working with or around them would inhale, ingest or otherwise absorb that asbestos;

(b)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)     Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes were available;

(d)     Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

(e)     Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers and/or asbestiform fibers in them;

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

(f)     Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos-containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers such as the Plaintiff might be exposed while working with or around the products; and

(g)     Failed to recall asbestos-containing products which it had manufactured, sold, delivered and installed.

22.     As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays that, in addition to actual and compensatory damages, Petitioner be awarded punitive and exemplary damages against each Defendant separately in an amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

<div align="center">

**COUNT IV**
**CONSPIRACY**

</div>

23.     Plaintiff herein incorporates by reference paragraphs 1 through 22 of this Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

24.    Defendants METROPOLITAN LIFE INSURANCE COMPANY, HONEYWELL INTERNATIONAL, INC., and PNUEMO ABEX, LLC, agreed and

conspired with the Defendants named herein and with other manufacturers, sellers and distributors of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

25.    As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Petitioner was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers and/or asbestiform fibers causing Petitioner to develop the asbestos-related disease aforesaid, which has disabled and disfigured Petitioner; Petitioner has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos related diseases and conditions; Petitioner has experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers and/or asbestiform fibers; as a further result of their asbestos-related diseases and conditions, Petitioner has in the past and will in the future be hindered and prevented from pursuing their normal course of employment, thereby losing large sums of money which otherwise would have accrued to him.

WHEREFORE, Plaintiff prays that, in addition to actual and compensatory damages, Plaintiff be awarded punitive and exemplary damages against each Defendant separately in an amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS.

<u>**COUNT V**</u>

<u>**LOSS OF CONSORTIUM**</u>

49.    NANCY MOTT, is the wife of STUART MOTT, hereby incorporates the allegations contained in Counts I-IV of the Petition.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

50.     That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, the Plaintiff, NANCY MOTT, as well as other family members, have been deprived of the companionship, society and services with her husband, STUART MOTT, all to her damage in an amount in excess of $50,000.00.

FLINT COOPER, LLC

By:     */s/ Laci M. Whitley*
        Laci M. Whitley, #66675
        Tyler B. Wilke, #67192
        222 East Park Street, Suite 500
        P.O. Box 189
        Edwardsville, Illinois 62025
        (618) 288-4777:  telephone
        (618) 288-2864:  facsimile
        service@flintlaw.com

**2322-CC00306**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Flint Cooper, LLC and Laci M. Whitley, as counsel for the Plaintiffs,

STUART MOTT and NANCY MOTT, his wife, and enters her appearance in the above

numbered cause of action.


FLINT COOPER, LLC


By:*/s/ Laci M. Whitley*
    Laci M. Whitley, #66675
    222 East Park Street, Suite 500
    P.O. Box 189
    Edwardsville, Illinois 62025
    (618) 288-4777 (telephone)
    (618) 288-2864 (facsimile)
    service@flintlaw.com

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was sent via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08, this 13th day of February, 2023 to all Defendants' counsel of record in the above-captioned case.


*/s/ Laci M. Whitley*

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife,  ) | |
| ) | |
| Plaintiffs,  ) | Cause No._____ |
| ) | |
| v.  ) | |
| ) | |
| ABB, INC., et al.,  ) | |
| ) | |

**NOTICE OF ATTORNEY'S LIEN**

TAKE NOTICE that, pursuant to RSMo §§ 484.130, 484.140, Plaintiff's attorneys, Flint Cooper, LLC, have a statutory lien upon any and all proceeds recovered in the above-numbered cause of action.  Flint Cooper, LLC, has a lien upon this cause of action which attaches to any verdict, report, decision, judgment, settlement in Plaintiff's favor, and the proceeds thereof in whosoever hands they may come, which cannot be affected by any settlement between the parties before or after judgment.  RSMo §§ 484.130, 484.140; Barthels v. Garrels, 227 S.W. 910 (Mo.App. E.D. 1920); B-Mall Co. v. Williamson, 977 S.W.2d 74 (Mo.App. W.D. 1998).

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

FLINT COOPER, LLC

By:*/s/ Laci M. Whitley*
    Laci M. Whitley, #66675
    222 East Park Street, Suite 500
    P.O. Box 189
    Edwardsville, Illinois 62025
    (618) 288-4777 (telephone)
    (618) 288-2864 (facsimile)
    service@flintlaw.com

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of the foregoing document was sent via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08, this 13th day of February, 2023 to all Defendants' counsel of record in the above-captioned case.

*/s/ Laci M. Whitley*

**2322-CC00306**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) |
| | ) |
| Plaintiffs, | )   Cause No._____ |
| | ) |
| v. | ) |
| | ) |
| ABB, INC., et al., | ) |
| | ) |

**MOTION TO APPOINT SPECIAL PROCESS SERVER**

COME NOW the Plaintiffs, STUART MOTT and NANCY MOTT, his wife, by and through counsel, Flint Cooper, LLC, and pursuant to Mo. Rev. Stat. 506.140, move this Court to appoint PM Investigations, as the special process server in this action and for their motion state as follows:

1. PM Investigations is a special process service company and not a party to the action.

2. PM Investigations' address is 162-01 Powells Cove Blvd, Whitestone, NY 11357.

3. PM Investigations is a company in good standing and under no legal disability which would prevent them from acting as a special process server in the instant action.

WHEREFORE, the Plaintiffs respectfully pray that this Court enter an order appointing PM Investigations as special process server in the instant case.

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

FLINT COOPER, LLC


By:*/s/ Laci M. Whitley*
    Laci M. Whitley, #66675
    222 East Park Street, Suite 500
    P.O. Box 189
    Edwardsville, Illinois 62025
    (618) 288-4777 (telephone)
    (618) 288-2864 (facsimile)
    service@flintlaw.com


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was sent via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08, this 13th day of February, 2023 to all Defendants' counsel of record in the above-captioned case.


*/s/ Laci M. Whitley*

**2322-CC00306**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

In the

# CIRCUIT COURT

## City of St. Louis, Missouri

STUART MOTT and NANCY MOTT,

Plaintiff/Petitioner

vs.

ABB, INC., et al.

Defendant/Respondent

February 13,  2023

Date

_____

Case number

_____

Division

┌                                    ┐

For File Stamp Only

└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  STUART MOTT and NANCY MOTT,                                      , pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Mark/Rauss/Lawanda Rauss | AA Process Servers | 314-580-5411 |
| Name of Process Server | Address | Telephone |
| Chris Drummond/Arthur Boyer | 3819 Tesson Ct. | |
| Name of Process Server | Address | Telephone |
| Tawanda Johnson | St. Louis, MO 63123 | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
ABB, Inc.,
Name
C.T. Corporation System, 120 S. Central Ave. #4(
Address
Clayton, MO 63105
City/State/Zip

SERVE:
J.P. Bushnell Packing Supply Co.
Name
Kathleen Sullivan
Address
3041 Locust St, St. Louis, MO 63103
City/State/Zip

SERVE:
General Electric Company
Name
C.T. Corporation System, 120 South Central Ave.
Address
Clayton, MO 63105
City/State/Zip

SERVE:
Raytheon Company
Name
CT Corporation System, 120 South Central Ave.
Address
Clayton, MO 63105
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
Deputy Clerk


_____
Date

Laci M. Whitley
_____
Attorney/Plaintiff/Petitioner
#66675
_____
Bar No.
222 East Park Street, Suite 500, P.O. Box 189
Address
Edwardsville, IL 62025  618-288-4777
Phone No.

**2322-CC00306**

Electronically Filed - City of St. Louis - February 13, 2023 - 02:58 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

STUART MOTT and NANCY MOTT,
_____
Plaintiff/Petitioner

vs.

ABB, INC., et al.
_____
Defendant/Respondent

February 13,  2023
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  STUART MOTT and NANCY MOTT, _____, pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Mark/Rauss/Lawanda Rauss | AA Process Servers | 314-580-5411 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Chris Drummond/Arthur Boyer | 3819 Tesson Ct. | |
| Name of Process Server | Address | Telephone |
| Tawanda Johnson | St. Louis, MO 63123 | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Siemens Industry, Inc.,
_____
Name
C.T. Corporation System, 120 S. Central Ave.
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
Union Carbide Corporation
_____
Name
C.T. Corporation System, 120 South Central Ave.
_____
Address
Clayton, MO 63105
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
Deputy Clerk

_____
Date

Laci M. Whitley
_____
Attorney/Plaintiff/Petitioner
#66675
_____
Bar No.
222 East Park Street, Suite 500, P.O. Box 189
_____
Address
Edwardsville, IL 62025  618-288-4777
_____
Phone No.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 | |
|---|---|---|
| Plaintiff's/Petitioner:<br>STUART MOTT<br><br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br> ABB INC<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing<br>via WebEx.  WebEx connection information may<br>also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  ABB INC
                                              Alias:

C.T. CORPORATION SYSTEM
120 S. CENTRAL AVE., STE 400
CLAYTON, MO 63105

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**February 14, 2023**
_____              _____
           Date                                                Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  **GENERAL ELECTRIC COMPANY**<br>                                                  **Alias:** | |
|---|---|
| CT CORPORATION SYSTEM, RAGT<br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | **SPECIAL PROCESS SERVER** |



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

  ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**

_____            _____
                        Date                                                          Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).


_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                                Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL 62025 |
| vs.<br>Defendant/Respondent:<br> ABB INC<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HONEYWELL INTERNATIONAL INC
                              Alias: SUCC BENDIX CORPORATION

CSC-LAWYERS INC SERVICE
COMPANY 221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

  ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**
_____
Date
Further Information:

*Thomas Kloppinger*
_____
Clerk

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).


_____               _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____               _____
                                        Date                                          Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>vs. EDWARDSVILLE, IL 62025 | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: JP BUSHNELL PACKING SUPPLY CO
                          Alias:

KATHLEEN SULLIVAN, RAGT
3041 LOCUST STREET
ST LOUIS, MO 63103

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

### February 14, 2023

_____          _____
         Date                                Clerk
Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____              _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

_____              _____
Date                                                      Notary Public

**Sheriff's Fees, if applicable**

Summons                           $_____
Non Est                             $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $_____10.00_____
Mileage                             $_____ (_____ miles @ $._____ per mile)
**Total**                             $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 |
| Plaintiff/Petitioner:<br>STUART MOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **METROPOLITAN LIFE INSURANCE COMPANY**
                        **Alias:**

DIRECTOR, DEPT OF INSURANCE
STATE OF MISSOURI
301 WEST HIGH STREET ROOM 530
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**February 14, 2023**

_____            _____
            Date                                    Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                                          Date                              Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br> ABB INC<br><br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   RAYTHEON COMPANY
                                               Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

> **\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

**February 14, 2023**

_____              _____
            Date                                                      Clerk
Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____

                                      Date                                    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  SIEMENS INDUSTRY INC
   Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

> **SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**

_____        _____
Date                                              Clerk
Further Information:

**Sheriff's or Server's Return**

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

 **IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** | (Date File Stamp) |

The "vs." appears between Plaintiff/Petitioner and Defendant/Respondent.

## Summons in Civil Case

The State of Missouri to:  UNION CARBIDE CORPORATION
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

**SPECIAL PROCESS SERVER**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**

_____          _____
Date                                           Clerk
Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                                Date                              Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

(Case: 4:23-cv-00503 Doc. #: 7 Filed: 04/21/23 Page: 46 of 469 PageID #: 109)



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL 62025 |
| vs. | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>**http://www.stlcitycircuitcourt.com/** |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VIACOMCBS INC
Alias: FKA CBS CORPORATION, A DELAWARE CORPORATION, FKA VIACOM, INC
SUCCESSOR BY MERGER TO CBS CORPORATION
A PENNSYLVANIA CORPORATION
FKA WESTINGHOUSE ELECTRIC CORPORATION

CSC LAWYERS INC SERVICE CO
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**

_____
Date
Further Information:

_Thomas Kloeppinger_
_____
Clerk



**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).


_____          _____
    Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                     Date                              Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 |
| vs. | |
| Defendant/Respondent:<br> ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | Please see the attached information for appearing<br>via WebEx.  WebEx connection information may<br>also be found at<br>http://www.stlcitycircuitcourt.com/ |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **WESTERN ELECTRIC COMPANY INC**
                       **Alias:**

PRENTICE HALL CORP SYSTEM
221 BOLIVAR ST
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**February 14, 2023**

_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                                          Date                                                  Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 |
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>vs.   EDWARDSVILLE, IL  62025 |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   AMPHENOL CORPORATION
Alias:

**67 BURNSIDE AVE**
**EAST HARTFORD, CT  06108**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| | |
|---|---|
| **February 14, 2023** | *Thomas Kloeppinger* |
| Date | Clerk |

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
    ☐ delivering a copy of the summons and petition to the defendant/respondent.
    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    ☐ other: _____

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
                ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ (_____miles @ $ _____ per mile) | |
| Total | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| vs. | | |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:    GOULDS PUMPS LLC
                          Alias:  F/K/A GOULDS PUMPS INC
THE CORPORATION TRUST COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE  19801

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*CITY OF ST LOUIS*

_____**February 14, 2023**_____          _____
                Date                                                  Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐ delivering a copy of the summons and petition to the defendant/respondent.
    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
       with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to
       _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                      Signature of Sheriff or Server
      **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
    I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above
                     summons. (use for out-of-state officer)
*(Seal)*                ☐ authorized to administer oaths. (use for court-appointed server)

_____
                                     Signature and Title

| Service Fees | | | | |
|---|---|---|---|---|
| Summons | $_____ | | | |
| Non Est | $_____ | | | |
| Mileage | $_____ | (_____miles @ $_____ per mile) | | |
| Total | $_____ | | | |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>vs.   EDWARDSVILLE, IL  62025 |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   GOULD ELECTRONICS  INC
              Alias:

CT CORPORATION SYSTEM
4400 EASTON COMMONS STE 125
COLUMBUS, OH  43219

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____ **February 14, 2023** _____      _Thomas Kloeppinger_
            Date                                                       Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                               Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
            I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                         ☐ the judge of the court of which affiant is an officer.
                         ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   (Seal)            ☐ authorized to administer oaths. (use for court-appointed server)

                                                              Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) | |
| **Total** | $_____ | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
| Plaintiff's/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL 62025 |
| vs. | |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Asbestos | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   GRINNELL LLC
Alias:

CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

**COURT SEAL OF**

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 14, 2023**
_____          _____
Date                                                         Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| Service Fees | | | |
|---|---|---|---|
| Summons | $_____ | | |
| Non Est | $_____ | | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) | |
| **Total** | $_____ | | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Asbestos | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   THE J.R. CLARKSON COMPANY LLC
Alias:  SUCC THE KUNKLE VALVE COMPANY, SUCC JE LONERGAN COMPANY

THE CORPORATION TRUST COMPANY
OF NEVADA 701 S CARSON ST
SUITE 200
CARSON CITY, NV  89701

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**February 14, 2023**_____          *Thomas Kloeppinger*
Date                                                                    Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐  delivering a copy of the summons and petition to the defendant/respondent.
    ☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☐  (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    ☐  other: _____.

Served at _____ (address)
in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                            ☐ the judge of the court of which affiant is an officer.
                            ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
*(Seal)*               ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
| --- | --- |
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00306 |
|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | |

vs.

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   LEAR SIEGLER DIVERSIFIED HOLDING CORP
Alias: SUCC LEAR SIEGLER INC AND ROYAL INDUSTRIES INC

THE CORPORATION TRUST CO
CORPORATION TRUST CENTER
1209 ORANGE ST
WILMINGTON, DE  19802

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 14, 2023**

_____
Date

_Thomas Kloeppinger_
Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

<div align="center">See the following page for directions to officer making return on service of summons.</div>

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: **2322-CC00306** |
| Plaintiff/Petitioner:<br>STUART MOTT | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 |
| vs. | |
| Defendant/Respondent:<br>ABB INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Asbestos | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   PNEUMO ABEX LLC
            Alias:

CSC CORPORATION SERVICE
COMPANY 251 LITTLE FALLS DRIVE
WILMINGTON, DE  19808

**COURT SEAL OF**

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| **February 14, 2023** | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | | | | |
|---|---|---|---|---|
| Summons | $_____ | | | |
| Non Est | $_____ | | | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) | | |
| **Total** | $_____ | | | |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



Electronically Filed - City of St. Louis - February 27, 2023 - 03:47 PM

February 27, 2023

St. Louis Circuit Court
Attn: Michelle McMullen
#10 North Tucker
St. Louis, MO 63101

**Re:**   <u>**Stuart Mott, et al., v. ABB, Inc., et al.**</u>
         **Cause No. 2322-CC00306**

Dear Michelle:

Please let this serve as our request for filing an ALIAS Summons on the following defendant in the **Mott v. ABB, Inc.** case:

**Defendant**:    **The J.R. Clarkson Company, successor to The Kunkle Valve Company, and successor to J.E. Lonergan Company**

**Serve:  Corporation Service Company d/b/a CSC Lawyers, Inc**
         **211 E. 7th Street, Suite 620**
         **Austin, TX  78701**

Please issue the Summons and we will serve the Summons once you create the new one.

Should you have any questions, please give me a call at 618-205-2079.  Thank you for your very kind assistance in this matter.

Very truly yours,

*/s/ Tyler B. Wilke*
*Attorney at Law*



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number:  2322-CC00306 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STUART MOTT<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>LACI MARIE WHITLEY<br>222 EAST PARK STREET<br>SUITE 500<br>PO BOX 189<br>EDWARDSVILLE, IL  62025 | |
| Defendant/Respondent:<br>ABB INC<br>Nature of Suit:<br>CC Asbestos | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| | | (Date File Stamp) |

### ALIAS Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

**The State of Missouri to:**   THE J.R. CLARKSON COMPANY LLC
Alias:  SUCC TO THE KUNKLE VALVE COMPANY, SUCC TO JE LONERGAN COMPANY

**CORPORATION SERVICE COMPANY**
**DBA CSC LAWYERS INC**
**211 E 7TH STREET SUITE 620**
**AUSTIN, TX  78701**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____**February 28, 2023**_____          *Thomas Kloeppinger*_____
Date                                                              Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)

   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
      with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to
      _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                               Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above
                             summons. (use for out-of-state officer)
*(Seal)*                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

State of Missouri

# Department of Commerce and Insurance



**TO:**   Corporate Secretary (or United States Manager or Last Appointed General Agent) of

METROPOLITAN LIFE INSURANCE COMPANY
CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

**RE:**   Court: St. Louis City Circuit Court, Case Number: 2322-CC00306

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Commerce and Insurance of the state of Missouri, Dated at Jefferson City, Missouri this Tuesday, February 21, 2023.

_Chlora Lindley-Myers_

_____
Director of Commerce and Insurance

---

AFFIDAVIT

State of Missouri,
                   ss.
County of Cole,

The undersigned Director of the Department of Commerce and Insurance or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on _February 21, 2023_ by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Commerce and Insurance

By: _Lexi Harding_
_____

Subscribed and sworn to before me this _21_ day of _February_, _2023_.

_Kimberly Sanders_
_____
Notary Public

**ENTERED**
MAR 1 0 2023
LK

My commission expires:

KIMBERLY LANDERS
My Commission Expires
May 18, 2024
Callaway County
Commission #12558402

301 West High Street, Room 530, P.O. Box 690 / JeffersonCity, Missouri 65102-0690
Telephone 573-526-4199 / RelayMo TTY Dial 711 or 1-800-735-2966 (Hearing Impaired)
http://www.dci.mo.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   METROPOLITAN LIFE
   INSURANCE COMPANY
   CT CORPORATION SYSTEM
   120 SOUTH CENTRAL AVE.
   CLAYTON, MO 63105

   9590 9402 7700 2122 2887 48

2. Article Number *(Transfer from service label)*

   7020 1810 0002 0226 5114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 2/24/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

FEB 24 2023

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
   Mail Restricted Delivery
   )0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**TWENTY SECOND JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| | ) | Cause No. 2322-CC00306 |
| Plaintiffs, | ) | |
| vs. | ) ) | |
| ABB, INC., et al, | ) ) | DEFENDANT DEMANDS JURY TRIAL |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** the law firm of The Cook Group, PLLC, and hereby enters its special and limited appearance on behalf of Defendant Gould Electronics Inc.

**THE COOK GROUP, PLLC**


By:    */s/ Meredith Hudgens*
       Meredith S. Hudgens, #65704
       125 S. Clark Street, 17th Floor
       Chicago, IL 60603
       Tel: 312.639.3886
       midwestasbestos@cookgrouplegal.com
       mhudgens@cookgrouplegal.com
       **Attorneys for Defendant**
       **Gould Electronics Inc.**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system this 8th day of March 2023.


       */s/ Meredith Hudgens*

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**TWENTY SECOND JUDICIAL CIRCUIT**

|  |  |  |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) | |
| | ) | Cause No. 2322-CC00306 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| ABB, INC., et al, | ) | DEFENDANT DEMANDS |
| | ) | JURY TRIAL |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GOULD ELECTRONICS INC.'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant Gould Electronics Inc. (hereinafter "GEI"), and for its Motion to Dismiss for Lack of Personal Jurisdiction, states as follows:

1.      Plaintiffs filed suit against this Defendant and various other defendants in the Circuit Court of the Twenty-Second Circuit, St. Louis City, Missouri.  The Petition alleges that Plaintiff developed lung cancer after he was exposed to asbestos.  (Petition ¶ 4).

2.      GEI has no connection to the State of Missouri.  GEI is an Arizona corporation with its principal place of business in Arizona.  GEI does not conduct business in the State of Missouri, and has no offices, employees, officers or directors in Missouri.  GEI does not own or rent property in Missouri and does not do business in the State of Missouri, and has no registered agent in Missouri. See Affidavit of John Callahan, attached hereto and incorporated herein as Exhibit A.

3.      This Court lacks both specific and general personal jurisdiction over GEI because Plaintiff's claims against GEI do not arise out of any alleged work or asbestos exposure in Missouri, and because GEI has not engaged in the type of activities that would subject it to the

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

general jurisdiction of this Court.

4.      Pursuant to Missouri's Long Arm Statute, a non-resident defendant may be subject to general personal jurisdiction in Missouri if the cause of action arises from any of the following relevant acts:

      a.      the transacting of any business within the State of Missouri;

      b.      the making of any contract within the State of Missouri;

      c.      the commission of a tortious act within the State of Missouri;

      d.      the ownership, use, or possession of any real estate situated in the State of Missouri;

      e.      contracting to insure any person, property, or risk within the State of Missouri.

Mo.Rev.Stat. § 506.500.

5.      GEI has not conducted business on a systematic or continuous basis in Missouri, nor has it entered into any contracts in the State of Missouri.  GEI has not committed any tortious act within the State of Missouri.  Moreover, GEI does not own property in the State of Missouri, pays no property taxes in the State of Missouri, and purchased no insurance for any person, property or risk within the State of Missouri.  See Exhibit A.

6.      Whenever personal jurisdiction is contested, it is the plaintiffs' burden to establish that the defendant's contacts with the forum state are sufficient.  *Bryant v. Smith Interiors*, 310 S.W.3d 227, 231 (Mo. 2010).  In evaluating a challenge to personal jurisdiction, a court must look to the pleadings to determine whether the allegations, if taken as true, (1) establish that the action arose out of an activity covered by the long-arm statute; and (2) that the defendant had sufficient minimum contacts with the foreign state to satisfy due process requirements.  *Id.*

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

7.      In the instant case, Plaintiff has offered no evidence that GEI engaged in any action covered by the Missouri Long-Arm Statute.

8.      Furthermore, GEI does not have sufficient minimum contacts with the State of Missouri to satisfy the due process requirements of the Fourteenth Amendment.

9.      For the reasons stated above, this Court lacks personal jurisdiction over GEI.

10.     GEI attaches and, by this reference, incorporates herein its Memorandum in Support of its Motion to Dismiss Plaintiff's Petition for Lack of Personal Jurisdiction.

**WHEREFORE,** Defendant GEI respectfully requests that this Court enter an Order dismissing Plaintiff's Petition against it based upon lack of personal jurisdiction, with prejudice and their costs herein expended, and for any such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE COOK GROUP, PLLC**

By:___*/s/ Meredith Hudgens*_____
          Meredith S. Hudgens, #65704
          125 S. Clark Street, 17th Floor
          Chicago, IL 60603
          Tel: 312.639.3886
          midwestasbestos@cookgrouplegal.com
          mhudgens@cookgrouplegal.com
          **Attorneys for Defendant**
          **Gould Electronics Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system this 8th day of March 2023.

_____*/s/ Meredith Hudgens*_

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

**IN THE CIRCUIT COURT FOR THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**TWENTY SECOND JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2322-CC00306 |
| vs. | ) ) | |
| ABB, INC., et al, | ) ) | DEFENDANT DEMANDS JURY TRIAL |
| Defendants. | ) ) | |

**DEFENDANT GOULD ELECTRONICS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant Gould Electronics Inc., (hereinafter "GEI"), by and through counsel, and for its Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction, state as follows:

### I.      Introduction

GEI moves for a dismissal under Missouri Revised Statute § 506.500 based on a lack of personal jurisdiction. As detailed herein, this Court cannot constitutionally exercise personal jurisdiction over GEI, an Arizona Corporation whose principal place of business is in Arizona. Thus, GEI respectfully moves this Court to dismiss this case against GEI for lack of personal jurisdiction.

### II.      Statement of Facts

Among the Defendants named in Plaintiff's Petition (hereinafter "Petition") is GEI. Plaintiffs alleged in his Petition that this Court has jurisdiction over GEI on the grounds that each Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri, and/or by reason

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

of having placed the same into the stream of commerce for use in Missouri, and/or by reason of having committed tortious acts against Plaintiff in Missouri, and/or by maintaining a registered agent in Missouri. (Petition, ¶ 7).  However, Plaintiff's Petition does not set out any facts related to GEI to support the blanket legal assertion that this Court has personal jurisdiction over GEI in Missouri.

GEI is an Arizona corporation with its principal place of business in Arizona.  (*Affidavit of John Callahan*, hereafter "*Callahan Aff.*," ¶ 3) (attached as "Exhibit A").  While GEI's precursor entities formerly manufactured and sold certain electrical products throughout the United States, GEI does not currently sell or distribute any products within the State of Missouri.  (*Id.*, ¶ 13).  GEI does not own or occupy any real property in Missouri, nor does it have any officers, directors, employees, or agents for the service of process located in this state.  (*Id.*, ¶¶ 3, 7 and 10).  In fact, GEI's current business, conducted from its office in Arizona, is limited solely to managing business activities of previously held interests including those related to, or arising from, precursor entities' manufacture and sale of electrical products.  (*Id.*, ¶ 3).

Plaintiffs do not allege injury from any act or omission of GEI in Missouri. Rather, they allege in conclusory and vague fashion that Plaintiff was injured due to asbestos exposure through work outside of the State of Missouri. (*Petition,* ¶ 1 and 3).  Plaintiff has failed to couple those allegations with any other allegations purporting to give rise to personal jurisdiction on this Court's part as to GEI.

III.   **Argument**

1.   **This Court Lacks Specific Personal Jurisdiction over Gould Electronics Inc.:**

The Missouri Supreme Court has opined:

A reviewing court evaluates personal jurisdiction by considering

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

> the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process.

<u>Bryant v. Smith Interior Design Group, Inc</u>., 310 S.W.3d 227, 231 (Mo.banc. 2010)(citations omitted).  "Missouri courts employ a two-step analysis to evaluate personal jurisdiction." <u>Id</u>. (citation omitted).  Per the Court:

> <u>First</u>, the court inquires whether the defendant's conduct satisfies Missouri's long-arm statute, section 506.500. . . <u>If so</u>, the court next evaluates whether the defendant has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over the defendant comports with due process.

<u>Id</u>. (citation omitted).

### A. <u>Gould Electronics Inc.'s Conduct Did Not Satisfy Any Elements of Missouri's Long Arm Statute § 506.500:</u>

The Missouri Long Arm Statute, provides in part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, **who in person or through an agent does any of the acts enumerated in this section**, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state;
> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

RSMo. 506.500.1(1)(6) (emphasis added).  Further, RSMo. 506.500.3 provides, "[o]nly causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." (emphasis added).

Plaintiffs failed to factually plead any specific conduct on the part of GEI that falls under the acts enumerated in the long arm statute in order to satisfy the first element of the personal jurisdiction analysis.

It is clear that Plaintiffs failed to plead any specific facts that purport to show that GEI's conduct satisfies the Missouri long-arm statute in the instant case.  As Plaintiffs' Petition fails to satisfy the first step of the personal jurisdiction analysis (any act falling within the long-arm statute the part of GEI), this Court need not evaluate GEI's "minimum contacts" and Plaintiffs' Petition should be dismissed for lack of personal jurisdiction.

**B.   Gould Electronics Inc. Does Not Have Sufficient Minimum Contacts With Missouri:**

Assuming that this Court finds that GEI conduct satisfies the Missouri Long Arm Statute, which GEI denies, this Court must next evaluate whether GEI "has sufficient minimum contacts with Missouri such that asserting personal jurisdiction over [GEI] comports with due process." Bryant v. Smith Interior Design Group, Inc., 310 S.W.3d 227, 231 (Mo.banc. 2010)(citations omitted).

The Missouri Court of Appeals has opined, "[t]he Fourteenth Amendment's Due Process Clause bars Missouri courts from exercising personal jurisdiction over a defendant where to do so offends 'traditional notions of fair play and substantial justice.'"  Id. at 232.(citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The Missouri Supreme Court further stated, "[a]ccordingly, absent one of the traditional territorial basis of personal jurisdiction – presence, domicile or consent – a court may assert personal jurisdiction over a

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

defendant only if certain minimum contacts between Missouri and the defendant are established." Id. (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  The Court further opined, "[w]hen evaluating minimum contacts, the focus is on whether 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id.(citation omitted).  Finally, the Court noted, **". . . a court acquires 'specific jurisdiction' over an out-of-state defendant when the court 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'"** Id.(citation omitted)(emphasis added).

In the case at bar, there are no allegations, evidence, and/or testimony that GEI has "purposefully availed itself of the privilege of conducting activities within" the State of Missouri. Id. at 232.  In addition, GEI does not have any contacts with the State of Missouri.  As such, any finding by this Court that GEI has sufficient minimum contacts with Missouri thereby holding that this Court has specific personal jurisdiction over GEI would not comport with the Fourteenth Amendment's Due Process Clause.

The United States Supreme Court recently held that California Courts lacked specific personal jurisdiction over a nonresident corporation in causes of action brought by nonresident plaintiffs, opining, "[i]n order for a state court to exercise specific jurisdiction, 'the suit' must 'arise out of or relate to defendant's contacts with the forum.'" Bristol-Myers Squibb Co. v. Superior Court of California, 137 S.Ct. 1773, 1780 (2017)(citation omitted).  The U.S. Supreme Court noted:

> In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. . . For this reason, 'specific

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

> jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'

Id. at 1780 (citations omitted). The United States Supreme Court further opined:

> In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum state . . . When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

Id. at 1781(citation omitted).  The United States Supreme Court pointed out, "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough." Id. at 1781. Ultimately, the Supreme Court held that, "[t]he relevant plaintiffs are not California residents and do not claim to have suffered harm in that State. . . It follows that the California courts cannot claim specific personal jurisdiction." Id. at 1782(citation omitted).

As GEI's conduct in the instant case does not satisfy the Missouri Long-Arm Statute (RSMo. § 506.500) and GEI does not have sufficient contacts with Missouri such that asserting personal jurisdiction over GEI would comport with due process, this Court does not have specific personal jurisdiction over GEI.

## C. **"Stream of Commerce" is Insufficient to Confer Specific Personal Jurisdiction over Gould Electronics Inc.:**

Plaintiffs may assert that GEI placed products in the "stream-of-commerce," which ultimately ended up in the State of Missouri, and allegedly resulted in Decedent's exposure to asbestos thereby subjecting GEI to specific personal jurisdiction.  GEI denies that it exposed Plaintiff to any asbestos containing materials.  The U.S. Supreme Court has rejected specific personal jurisdiction based upon "stream-of-commerce" in J. McIntyre Machinery Ltd. v. Nicastro, 131 S.Ct. 2780 (2011).

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

In J. McIntyre, the U.S. Supreme Court opined, "[a]s a general rule, the exercise of judicial power is not lawful unless the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 2786 (citation omitted).  The Supreme Court further opined, ". . . the general rule is applicable in this products-liability case, and the so-called 'stream-of-commerce' doctrine cannot displace it." Id.

In J. McIntyre, Plaintiff seriously injured his hand in the State of New Jersey while using a metal-shearing machine manufactured by J. McIntyre. Id.  J. McIntyre was incorporated in and operated out of England (U.K.).  In addition, the equipment that injured Plaintiffs' hand was manufactured in England (U.K.). Id.  The New Jersey Supreme Court held that New Jersey courts had personal jurisdiction over J. McIntyre based upon the "stream-of-commerce doctrine of jurisdiction." Id.

In reversing the New Jersey Supreme Court's finding of personal jurisdiction based on stream-of-commerce personal jurisdiction, the Supreme Court noted:

> This Court has stated that a defendant's placing goods into the stream of commerce 'with the expectation that they will be purchased by consumers within the forum State' may indicate purposeful availment.  But that statement does not amend the general rule of personal jurisdiction.  It merely observes that a defendant may in an appropriate case be subject to jurisdiction without entering the forum – itself an unexceptional proposition – as where manufacturers or distributors 'seek to serve' a given State's market.

Id. at 2788.  The Supreme Court further stated:

> **The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of the sovereign**.  In other words, the defendant must 'purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'

Id.(citation omitted)(emphasis added).   Finally, the Court opined:

> **The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, <u>it is not enough that the defendant might have predicted that its goods will reach the forum State</u>.**

Id. at 2788(emphasis added).

As noted above, there is no evidence and/or testimony that GEI purposefully availed itself to the privilege of conducting business in the State of Missouri thereby invoking the benefits and privileges of its laws.  To the extent that Plaintiffs argue that Missouri Courts have specific personal jurisdiction over GEI due to Plaintiffs' allegations that GEI's equipment ultimately ended up in the State of Missouri and that Plaintiff was exposed to asbestos by GEI's alleged products, which GEI denies, Plaintiffs' argument fails as Plaintiffs' "stream-of-commerce personal jurisdiction" theory violates the Due Process Clause.

**B.   <u>This Court Lacks General Personal Jurisdiction Over Gould Electronics Inc.</u>:**

In addition to lacking specific personal jurisdiction over GEI, this Court lacks general personal jurisdiction over GEI as GEI's affiliations with the State of Missouri are not "so 'continuous and systematic' as to render it essentially at home" in Missouri.  <u>Daimler v. Bauman</u>, 134 S.Ct. 746, 761 (2014).

The Missouri Supreme Court has opined, "[t]he Fourteenth Amendment's Due Process Clause bars Missouri courts from exercising jurisdiction over a defendant where to do so offends 'traditional notions of fair play and substantial justice.'" <u>Bryant v. Smith Interior Design Group, Inc</u>., 310 S.W.3d 227, 232 (citing <u>Int'l Shoe Co. v. Washington</u>, 326 U.S.310, 316 (1945)).  The Missouri Supreme Court has further opined:

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

> "[a] court has 'general jurisdiction' over an out-of-state defendant if the defendant's connections with the state are <u>systematic, continuous and substantial</u> enough to furnish personal jurisdiction over the defendant based on any cause of action – even one that is unrelated to the defendant's contacts with the forum.

<u>Id</u>. at 232(citations omitted)(emphasis added).

As noted above, GEI is an **Arizona corporation** with its principal place of business in the **State of Arizona**.  Applying the "paradigm bases for general jurisdiction" found in <u>Daimler</u>, this Court lacks general personal jurisdiction over GEI. <u>Daimler v. Bauman</u>, 134 S.Ct. 746, 760 (2014) (citations omitted).

The United States Supreme Court opined, in <u>Daimler</u>, on the important differences between specific and general jurisdiction and the specific requirements in order for a court to obtain "general" personal jurisdiction.    In <u>Daimler</u>, Plaintiffs filed a Complaint in the United States District Court for the Northern District of California against Daimler-Chrysler Aktiengesellschaft ("Daimler"), a German public stock company, headquartered in Germany, that manufactures vehicles in Germany. <u>Id</u>. at 750-51.  Plaintiffs alleged that, during Argentina's "Dirty War," Daimler's Argentina subsidiary, Mercedes-Benz Argentina (MB Argentina), collaborated with state security forces to kidnap, detain, torture, and kill certain MB Argentina workers, including plaintiffs. <u>Id</u>. at 751.  Jurisdiction over the lawsuit was predicated on the California contacts of Mercedes-Benz USA, LLC (MBUSA), a subsidiary of Daimler incorporated in Delaware with its principal place of business in New Jersey. <u>Id</u>.  MBUSA distributes Daimler manufactured vehicles to independent dealerships throughout the United States, including California. <u>Id</u>.

Plaintiffs, in <u>Daimler</u>, sought to invoke "general" or "all-purpose" jurisdiction. <u>Id</u>. Plaintiffs asserted that, "California . . . is a place where Daimler may be sued on any and all

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

claims against it, wherever in the world the claims may arise." <u>Id</u>. Plaintiffs sought to hold Daimler vicariously liable for MB Argentina's alleged malfeasance. <u>Id</u>. at 752.  MB Argentina was a wholly owned subsidiary of Daimler's predecessor in interest. <u>Id</u>.

In reversing the Ninth Circuit's finding that the District Court had general jurisdiction over Daimler, the Supreme Court opined:

> Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.

<u>Id</u>. at 760.  In so holding, the Supreme Court pointed out:

> <u>Goodyear</u> made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there.  For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; **for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home**.

<u>Id</u>.(citations omitted)(emphasis added).  The Supreme Court further pointed out that, **"[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm bases for general jurisdiction.'"** <u>Id</u>.(citations omitted)(emphasis added).  The Court noted, "[t]hese bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." <u>Id</u>.  In assessing a foreign corporation's contacts for purposes of general ("all purpose") jurisdiction the Court further noted that:

> Accordingly, the inquiry under <u>Goodyear</u> is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether the corporation's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.

<u>Id</u>. at 761(citations omitted).

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

In <u>Daimler</u>, the Supreme Court pointed out that, "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there." <u>Id</u>. at 761.   The Court further noted that, "[i]f Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other state in which MBUSA's sales are sizable." <u>Id</u>.   Finally, the Court opined, "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." <u>Id</u>. at 761-62.    The Court ultimately held:

> It was therefore error for the Ninth Circuit to conclude that Daimler, even with MBUSA's contacts attributed to it, was at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California.

<u>Id</u>. at 762.

The United States Supreme Court recently reaffirmed its holding in <u>Daimler</u> in the matter of <u>BNSF Ry. Co. v. Tyrrell</u>, 137 S.Ct. 1549 (2017).  In <u>BNSF</u>, two nonresident Plaintiffs filed causes of action in the State of Montana under the Federal Employers' Liability Act. <u>Id</u>. at 1553-54.  Neither Plaintiff alleged injuries arising from or related to work performed in the State of Montana. <u>Id</u>. at 1554.

In reversing the Montana Supreme Court's finding that Montana had general personal jurisdiction over BNSF, the United States Supreme Court opined, "BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there.  Nor is BNSF so heavily engaged in activity in Montana 'as to render it essentially at home' in that State." <u>Id</u>. at 1559(citation omitted).  The Supreme Court further pointed out:

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

> . . . BNSF has over 2,000 miles of railroad track and more than 2,000 employees in Montana.  But, as we observed in <u>Daimler</u>, 'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. . . . Rather, the inquiry 'calls for an appraisal of a corporation's activities in their entirety' . . . 'a corporation that operates in many places can scarcely be deemed at home in all of them.'

<u>Id</u>.(citation omitted). Finally, the Court noted, "[b]ut in-state business, we clarified in <u>Daimler</u> and <u>Goodyear</u>, does not suffice to permit the assertion of general jurisdiction over claims like [Plaintiffs] that are unrelated to any activity occurring in Montana." <u>Id</u>.

The Missouri Supreme Court recently found a lack of general personal jurisdiction over a foreign corporation in the matter of <u>State Ex Rel. Norfolk Southern Railway Company v. Dolan</u>, 512 S.W.3d 41 (Mo.banc. 2017).  The plaintiff in <u>Norfolk</u>, an Indiana resident, filed a personal injury claim in the Circuit Court of St. Louis County, Missouri against Norfolk Southern Railway Company ("Norfolk") as the result of cumulative trauma sustained during his employment in the State of Indiana. <u>State ex rel. Norfolk Southern Railway Company v. Dolan</u>, 512 S.W.3d 41, 44-5 (Mo.banc 2017).   Norfolk is a Virginia corporation with its principal place of business in the State of Virginia. <u>Id</u>. at 44.  In <u>Norfolk</u>, the Missouri Supreme Court noted:

> [Plaintiff] never worked for Norfolk in Missouri.  He does not allege any negligence or other conduct or omission by Norfolk in Missouri caused the injury, nor does his petition set out any basis for specific or general personal jurisdiction over Norfolk other than his statement that Norfolk conducts substantial business and owns property in Missouri.

<u>Id</u>. at 45.  Norfolk's train tracks run through Missouri and twenty-two other states. <u>Id</u>.  Norfolk's business conducted in Missouri comprised approximately two percent of its nationwide business activity. <u>Id</u>.  Norfolk operated approximately 400 miles of track and employed approximately 590 people in Missouri. <u>Id</u>. at 47.

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

The Missouri Supreme Court opined, "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." Id. at 46 (citation omitted).   In addition, the Missouri Supreme Court noted, "[a] court normally can exercise jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." Id. (citation omitted).   The Court further pointed out that, "[i]n 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that state.'" Id. (citing Daimler AG v Bauman, 134 S.Ct. 746, 761 (2014)).   The Missouri Supreme Court further stated, ". . . when 'a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" Id. at 48 (citation omitted).

The Missouri Supreme Court pointed out in Norfolk that, "[h]ere the record shows that most of the other 21 states in which Norfolk conducts business have at least as much contact with it as does Missouri, in which only 2 percent of its business and employees are located." Id. In holding that Missouri courts may not assert general jurisdiction over Norfolk, the Court opined, "Norfolk's activities in Missouri are only a very small part of its overall activities, and not of the nature that makes Missouri its de facto principal place of business." Id.

In the instant case, as in Daimler, BNSF, and Norfolk, GEI is clearly a foreign corporation incorporated under the laws of the **State of Arizona**, with its principal place of business located in the **State of Arizona**.  Applying the "paradigm bases" for general personal jurisdiction over a foreign corporation of "place of incorporation" (Arizona) and "principal place

Electronically Filed - City of St. Louis - March 08, 2023 - 09:57 AM

of business" (Arizona), as defined by the Supreme Court in <u>Daimler</u>, it is clear that this Court does not have general personal jurisdiction over GEI. <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 760 (2014) (citations omitted).

As this Court has neither specific personal jurisdiction nor general personal jurisdiction over GEI, Plaintiff's Petition, and any and all claims alleged against GEI, should be dismissed with prejudice.

**IV.      Conclusion**

For these reasons, there is no specific or general jurisdiction over Gould Electronics Inc. ("GEI") in this Court.  Any assertion of personal jurisdiction over GEI would be improper and would violate its due process right under the United States Constitution.

Therefore, Defendant GEI requests that this Court dismiss Plaintiff's claims against it, with prejudice, and for such further relief as the Court deems just and proper.

Respectfully submitted,

**THE COOK GROUP, PLLC**

By: ___/s/ Meredith Hudgens_____
        Meredith S. Hudgens, #65704
        125 S. Clark Street, 17th Floor
        Chicago, IL 60603
        Tel: 312.639.3886
        midwestasbestos@cookgrouplegal.com
        mhudgens@cookgrouplegal.com
        **Attorneys for Defendant**
        **Gould Electronics Inc.**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system this 8th day of March 2023.

___/s/ Meredith Hudgens___

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 2322-CC00306 |
| | ) | |
| ABB, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, attorney, Kassandra Garrison of Gordon Rees Scully Mansukhani

LLP, enters their Appearance on behalf of Defendant, **Siemens Industry, Inc., Successor in
Interest to Siemens Energy & Automation, Inc.**, in the above-mentioned matter.

Respectfully submitted,

**Gordon Rees Scully Mansukhani LLP**

By: */s/ Kassandra Garrison*_____
Kassandra Garrison (No. 68088)
Attorney for Defendant
One North Franklin Street, Suite 800
Chicago, Illinois 60606
(312) 619-4909
kgarrison@grsm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 10, 2023, the foregoing document

was filed electronically with the Clerk of Court using the e-filing system, which will send notification of

such filing to all counsel of record.

*/s/ Kassandra Garrison*
**ATTORNEY for** *Siemens Industry,
Inc.*

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUAThese entries... | | |

STUART MOTT and NANCY MOTT, his wife,           )
                                                )
                    Plaintiffs,                 )
                                                )
            v.                                  )          Case No: 2322-CC00306
                                                )
ABB, Inc., et al.,                              )
                                                )
                    Defendants.                 )
                                                )
                                                )

**SIEMENS INDUSTRY, INC.'S ANSWER TO PLAINTIFF'S PETITION**

NOW COMES the Defendant, Siemens Industry, Inc., Successor in Interest to Siemens Energy & Automation, Inc. (incorrectly named as Siemens Industry, Inc.) (hereinafter "SII/SE&A" or "Defendant"), by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, and respectfully submits its Answer to Plaintiff's Petition. Defendant states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 and denies the same.

2.      Defendant denies any allegations in Paragraph 2 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

3.      Defendant denies venue is proper in the City of St. Louis, Missouri and denies any allegations in Paragraph 3 to the extent they pertain to this Defendant.  Defendant denies any allegations in Paragraph 3 of Plaintiff's Petition to the extent they pertain to this Defendant.

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

4.      Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 and denies the same, demanding strict proof thereof.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's Petition to the extent that those allegations pertain to this Defendant. Defendant specifically denies all legal conclusions regarding the jurisdiction of this case. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

6.      Defendant admits only that it is a foreign corporation, but denies all other allegations contained in paragraph 6 of Plaintiff's Petition, including all sub-paragraphs, to the extent that those allegations pertain to this Defendant. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

7.      Defendant denies the allegations contained in paragraph 7 of Plaintiff's Petition to the extent that those allegations pertain to this Defendant. Defendant specifically denies all legal conclusions regarding the jurisdiction of this case. Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

## COUNT I – STRICT LIABILITY

8.      Defendant incorporates by reference its answers to allegations contained in all previous paragraphs of Plaintiff's Petition to its answer to Paragraph 8.

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

9.      Defendant denies any allegations in Paragraph 9 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

10.      Defendant denies any allegations in Paragraph 10 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

11.      Defendant denies any allegations in Paragraph 11 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

12.      Defendant denies any allegations in Paragraph 12 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's expense.

## COUNT II – NEGLIGENCE

13.      Defendant realleges and incorporates its responses to Paragraphs 1-12 of Plaintiff's Petition previously set forth herein in response to Paragraph 13 of Plaintiff's Petition.

14-19. Defendant denies any allegations in Paragraphs 14 to 19 of Plaintiff's Petition to the extent they pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other Defendants.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's expense.

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

### COUNT III – WILLFUL AND WANTON MISCONDUCT

20.    Defendant realleges and incorporates its responses to Paragraphs 1-19 of Plaintiff's Petition previously set forth herein in response to Paragraph 20 of Plaintiff's Petition.

21-22. Defendant denies all of the allegations contained in Paragraphs 21 to 26, including all sub-paragraphs, to the extent those allegations pertain to this Defendant.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's expense.

### COUNT IV – CONSPIRACY

23.    Defendant realleges and incorporates its responses to Paragraphs 1-22 of Plaintiff's Petition previously set forth herein in response to Paragraph 23 of Plaintiff's Petition.

24-25. Defendant denies the allegations contained in Paragraphs 24-25 of Plaintiff's Petition, including each subparagraph, to the extent that those allegations pertain to this Defendant.  Defendant is without sufficient information or knowledge to form a belief as to the truth of those allegations to the extent they pertain to other defendants.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's expense.

### COUNT X- LOSS OF CONSORTIUM

49 [sic].        For its answer to the allegations of Paragraph 49 of Plaintiff's Petition, Defendant incorporates by reference its answers to all allegations contained in all previous Paragraphs of Plaintiff's Petition.

50 [sic].        Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Petition to the extent that those allegations pertain to this Defendant.  Defendant denies that SII/SE&A is liable for any damages alleged by Plaintiff, including actual, compensatory,

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

punitive and aggravated damages. Further answering, this Defendant denies all allegations not expressly and specifically admitted. Defendant is without sufficient information or knowledge to form a belief as to the truth of any allegations in Paragraph 50 that pertain to other defendants.

WHEREFORE, Defendant prays that Plaintiff's Petition be dismissed at Plaintiff's expense.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, SII/SE&A pleading in the alternative and without prejudice to its other pleading, states the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and repose.

### SECOND AFFIRMATIVE DEFENSE

The alleged injuries were caused by the Plaintiff's own fault in failing to exercise due caution and care for his own safety in assuming the risk now complained of. Plaintiff's recovery, if any, must therefore be reduced in an amount commensurate with the percentage of fault attributable to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

None of the alleged injuries or damages were foreseeable at the time alleged in the Plaintiff's Petition and SII/SE&A was under no duty to warn purchasers, those who performed work or those under its control who were in a better position to warn if warning was required, their failure to do so was a superseding proximate cause of injury.

### FOURTH AFFIRMATIVE DEFENSE

That SII/SE&A had no knowledge or reason to know of any alleged risk associated with finished asbestos containing products at any time during the periods complained of by the

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

That the Plaintiff was never exposed to any product produced, manufactured, sold or distributed by SII/SE&A

## SIXTH AFFIRMATIVE DEFENSE

That the damages allegedly sustained by the Plaintiff were caused and brought about, in whole or in part, by the abuse and misuse of asbestos-containing materials by the Plaintiff or other third-parties not associated with SII/SE&A

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries, if any, were caused, contributed to, brought about, and/or aggravated by persons neither employed by, nor otherwise subject to, the direction or control of SII/SE&A

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries were caused and brought about in whole or in part by the misuse and abuse of the products.

## NINTH AFFIRMATIVE DEFENSE

By entering into the activity in which the Plaintiff was engaged at the time of the occurrence set forth in the Plaintiff's Petition, said Plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the damages thereof; whatever injuries and damages were sustained arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiff in his activities and such risks were assumed and accepted by her in performing and engaging in said activities.

## TENTH AFFIRMATIVE DEFENSE

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

In the event of any judgment or verdict on behalf of the Plaintiff, SII/SE&A, is entitled to a set-off or verdict with respect to the amount of any payments made to the Plaintiff for medical and other expenses prior thereto, and/or reduction of damages in the full amount and/or for the full amount of any settlement.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injury or damage suffered or incurred by the Plaintiff were the result of actions by persons over whom SII/SE&A had no control, responsibility or liability.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages were caused by the Plaintiff's unauthorized alteration of the products, and any such damages were the proximate result of unforeseen and/or unforeseeable negligent, grossly negligent, wanton, reckless, omissions or conduct of intervening third parties or superseding third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages resulted from the use of products manufactured and sold in compliance with specifications established by persons or entities other than SII/SE&A, including United States agencies, which possessed knowledge equal to or greater than that of SII/SE&A, regarding the properties and characteristics of asbestos and asbestos containing products.

## FOURTEENTH AFFIRMATIVE DEFENSE

Exposure to asbestos fibers attributable to SII/SE&A is so minimal as to be insufficient to establish to a reasonable degree of probability that the products are capable of causing injury or damage and are speculative and not unreasonably dangerous as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

All defenses which have been or will be asserted by other Defendants in this action are

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

adopted and incorporated by reference as if more fully set forth at length herein as defenses to this   Petition. In addition, SII/SE&A will rely upon any and all other further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

**SIXTEENTH AFFIRMATIVE DEFENSE**

SII/SE&A denies each and every allegation contained in any cross-claim heretofore or hereafter made by any of the named Defendants herein against this Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Petition fails to state a claim upon which relief can be granted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

That the injuries and/or illnesses to the Plaintiff, if any, arose, in whole or in part, out of the risks, hazards and dangers incident to the occupation of the Plaintiff, all of which were open, obvious and well known to him, and Plaintiff's claims are barred by virtue of the Plaintiff's assumptions of the risks thereof.

**NINETEENTH AFFIRMATIVE DEFENSE**

That to the extent that SII/SE&A conformed to the scientific knowledge and research data available throughout the industry and scientific community, SII/SE&A shall have fulfilled its obligation, if any, herein, and the Plaintiff's claims shall be barred, in whole or in part.

**TWENTIETH AFFIRMATIVE DEFENSE**

That to the extent that the use, application, employment, surrounding conditions, safety precautions and other circumstances attendant upon the material allegedly used by the Plaintiff were determined, controlled, selected or limited by others for whose acts, omissions, or breach SII/SE&A is not liable, the Plaintiff's Petition is barred, in whole or in part.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

At all times material hereto, the state of the medical and industrial art was such that there was no generally adopted or recognized knowledge of any unavoidable, unsafe, inherently dangerous, or hazardous character or nature of products containing asbestos when used in the manner and

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

purpose described by the Plaintiff, and therefore, there was no duty for SII/SE&A to know of any such character or nature or to warn the Plaintiff or others similarly situated.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Plaintiff's Petition.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff contributed to his illness by the use, either in whole or in part, of other substances, products, medication and drugs. To the extent that the Plaintiff used any tobacco products, any liability should be reduced by the extent of any use and/or injuries related thereto or caused thereby.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Petition fails to demonstrate a sufficient connection to the City of St. Louis and should therefore be dismissed and re-filed in a more convenient forum pursuant to the doctrine of *forum non conveniens*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over SII/SE&A because jurisdiction is not authorized by the Missouri long-arm statute, nor does SII/SE&A have sufficient minimum contacts with Missouri to comport with the Due Process Clause of the United States Constitution. Mo. Rev. Stat. Section 506.500. *Bristol-Myers Squibb Co. v. Superior Court*, No. 16-466, slip op. at 5 (U.S. June 19, 2017). *BNSF Railway Co. v. Tyrrell*, 137 S.Ct. 1549 (May 30, 2017).

WHEREFORE, Defendant, SII/SE&A, prays that the Plaintiff takes nothing on his Petition, and that judgment be entered in favor of this Defendant, or in the alternative, that any

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

judgment entered against this Defendant be reduced or set off as requested and for all further

relief proper in the premises.

Siemens Industry, Inc., Successor in Interest to
Siemens Energy & Automation, Inc.


By: /s/ Kassandra N. Garrison


Kassandra N. Garrison, #68088
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
(312) 565-1400
Attorney for Defendant, SII/SE&A
kgarrison@grsm.com

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on this 10th day of March, 2023, the foregoing was filed electronically with the Clerk of the Court using the e-filing system, which will send notification of such filing to all counsel of record.

                        <u>/s/ Kassandra N. Garrison</u>

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 2322-CC00306 |
| | ) | |
| ABB, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT SIEMENS INDUSTRY, INC.'S
<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

COMES NOW Defendant Siemens Industry, Inc., Successor in Interest to Siemens Energy & Automation, Inc. (incorrectly named as Siemens Industry, Inc.) (hereinafter "SII/SE&A" or "Defendant"), by and through its undersigned counsel, and submits this memorandum in support of its Motion to Dismiss pursuant to Missouri Supreme Court Rule 55.27, for the sole purpose of contesting this Court's jurisdiction over it. In support of its Motion, SII/SE&A states as follows:

**I. <u>PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION</u>**

On February 13, 2023, Plaintiffs Stuart Mott and Nancy Mott filed a Petition (hereinafter, "Petition") in this Court against numerous Defendants, including SII/SE&A. *See* Petition.

Plaintiffs allege that Stuart Mott was exposed to asbestos while serving in the U.S. Navy from 1964 through 1971, in 1971 while employed as a general contractor with HomeBuilders, Inc. in Orange Park, Florida, from 1971 through 1981 while employed as a Air Traffic Controller for the Federal Aviation in Des Moines, Iowa and Grand Island, Nebraska, from 1981 through 1983 as a car salesman for Schuppans Volkswagen Mazda Dodge in Grand Island, Nebraska, from 1983 through 1984 as a

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

salesman for Frito Lay in Grand Island, Nebraska, and from 1984 through 1988 as the owner of a used car dealership in Grand Island, Nebraska. *Id*., Juris., Venue, & Gen. Alleg., ¶ 1. Plaintiffs' petition does not allege that Stuart Mott was exposed to a SII/SE&A product within the State of Missouri. *See* Petition. Plaintiffs allege that as a result of this alleged exposure, Stuart Mott developed lung cancer. *Id.* Juris., Venue, & Gen. Alleg., ¶ 4.

Based on the information contained in Plaintiffs' Petition, there are no allegations that Stuart Mott worked with or around any products or materials manufactured, sold, distributed, and/or otherwise used by SII/SE&A in the state of Missouri. *Id*. The Petition does not allege that Stuart Mott was exposed to any particular products – or even any category of products – manufactured, sold, or distributed by SII/SE&A. In fact, no allegation specifically refers to or relates to SII/SE&A. *Id*.

The facts as pled in Plaintiffs' Petition do not allow this Court to exert personal jurisdiction over SII/SE&A. Under principles announced by the United States Supreme Court and recently adopted by the Missouri Supreme Court, a court does not have personal jurisdiction over a corporate defendant unless (1) there is specific jurisdiction, meaning the suit arises out of or relates to the defendant's contacts with the forum, or (2) there is general jurisdiction, meaning the corporation is "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Mo. banc. Feb. 28, 2017) (holding there is no personal jurisdiction where the plaintiff failed to plead facts alleging his injury occurred as a result of the non-resident defendant's activities in Missouri); *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 10-21 (June 19, 2017) (holding that a defendant's general connections with the forum are not enough for a finding of specific jurisdiction, as there must be "a connection between the forum

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

and the specific claims at issue" which requires "identifying an[…] adequate link between the state and the nonresident['s] claim[…].")

First, Plaintiffs allege no facts whatsoever that connect the claims in this suit to SII/SE&A's alleged business activities in Missouri, to the extent that such exist. *See* Petition. Plaintiffs do not allege that Stuart Mott ever worked with a product attributable to SII/SE&A in Missouri or that SII/SE&A took any actions in Missouri that caused his alleged injuries. *See id.* Thus, as a matter of law, SII/SE&A is not subject to specific jurisdiction in Missouri.

Second, Plaintiffs allege no facts whatsoever to establish that SII/SE&A is "essentially at home" in Missouri. *Daimler*, 134 S. Ct. at 762. SII/SE&A is not domiciled in Missouri. SII/SE&A is a Delaware corporation headquartered outside of the State of Missouri. Therefore, SII/SE&A is neither subject to general jurisdiction in Missouri.

Accordingly, there is no basis for this Court to assert personal jurisdiction over SII/SE&A in this case, and therefore this matter should be dismissed as to SII/SE&A for lack of personal jurisdiction.

**LEGAL STANDARD**

Plaintiffs bear the burden of establishing that the Court has jurisdiction over SII/SE&A. *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1135 (8th Cir. 2015); *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. Ct. App. 2008).  A plaintiff must allege sufficient facts in the complaint to show a valid basis for personal jurisdiction. *Getz v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. Ct. App. 2013). A defendant may negate alleged facts by proffering evidence. *Id.*

Personal jurisdiction "is a due process requirement that limits the power of state courts over litigants." *Dolan*, 2017 Mo. LEXIS 66 at *5. Personal jurisdiction can be either specific or

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

general. *Daimler*, 134 S. Ct. at 744; *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851. A Missouri court may only exercise personal jurisdiction over a nonresident defendant if the exercise of jurisdiction (1) is authorized by the Missouri long-arm statute; and (2) does not violate the Due Process Clause of the United States Constitution. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000); *In re Roman Catholic Diocese of Albany*, 745 F.3d 30, 37-38 (2d Cir. 2014); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Andra v. Left Gate Prop. Holding, Inc.*, 453 S.W.3d 216, 225 (Mo. 2015) (stating, "Missouri courts employ a two-prong test to evaluate personal jurisdiction over nonresident defendants. First, the defendant's conduct must fall within Missouri's long-arm statute, section 506.500. Second, the defendant must have sufficient minimum contacts with Missouri to satisfy due process.") (internal quotation omitted). "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). This constraint provides non-resident defendants with "some minimum assurance as to where [their] conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000).

## ARGUMENT

As discussed herein, Plaintiffs cannot satisfy the requirements of either specific or general personal jurisdiction over SII/SE&A, nor do Plaintiffs establish the minimum contacts required for due process. This Court should therefore dismiss Plaintiffs' Petition as to SII/SE&A pursuant to Missouri Supreme Court Rule 55.27.

I.       **The Court Lacks Specific Personal Jurisdiction Over SII/SE&A.**

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

Plaintiffs' Petition fails to demonstrate that specific jurisdiction over SII/SE&A exists. "[S]pecific jurisdiction 'encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum.'" *Dolan*, 2017 Mo. LEXIS 66, at *12 (quoting *Daimler*, 134 S. Ct. at 748-49). For instance, in *Dolan*, the Missouri Supreme Court clarified that **"[o]nly if the instant suit arises out of [the defendant's] contacts with Missouri does Missouri have specific jurisdiction."** *Id*. (emphasis added). The Court further explained that "[b]ecause Norfolk has purposefully availed itself of the opportunity to do business in Missouri, it would be subject to specific jurisdiction in Missouri. But that jurisdiction would exist only over claims that are related to those contacts." *Id.* at **12-13. Unrelated suits can be brought in the forum only when the forum has general jurisdiction. *Id.* at * 13. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 141 S. Ct. 1017, 1024 (2021)*.* ("The defendant, we have said, must take some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State.") (Internal quotation marks and citations omitted).

The United States Supreme Court relied upon this reasoning when it held that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court of California*, No. 16-466, 2017 U.S. LEXIS 3873, *1, 11-12. The Court reasoned that:

> Our settled principles regarding specific jurisdiction control this case. In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. *Goodyear*, 564 U. S., at 919 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. *See id*., at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

*Id*. at 13. The Court explained that "a defendant's general connections with the forum are not enough" for a finding of specific jurisdiction. *Id*. at *14. The court further explained that "what is needed … is a connection between the forum and the specific claims at issue" which requires "identifying an[…] adequate link between the state and the nonresident['s] claim[…]." *Id*. at *14-15. Accordingly, the Court found that exercise of specific jurisdiction over a non-resident defendant violated the Due Process Clause of the Fourteenth Amendment, where the plaintiffs were not California residents and did not claim to have suffered harm in that state. *Id*. at 10-16.

Here, Plaintiffs have not tied their claims to any activities by SII/SE&A in Missouri.[1] *See* Petition. Plaintiffs do not allege that Stuart Mott worked with or around a SII/SE&A product in Missouri. *Id*. In fact, Plaintiffs make no mention of *any* activities by SII/SE&A in Missouri, nor do Plaintiffs allege any contacts between SII/SE&A and Missouri, other than a vague statement that SII/SE&A is "amenable to suit in the State of Missouri." *Id*., Juris., Venue, & Gen. Alleg., ¶ 7. Accordingly, Plaintiffs have not alleged sufficient facts to meet due process requirements and establish that SII/SE&A is subject to specific personal jurisdiction in Missouri. *See Smith v. Union Carbide Corp.*, No. 1422-CC00457, 2015 WL 191118, at *1, 2 (Mo. Cir. Ct. Jan. 12, 2015) ("The Petition […] does not allege that [defendant] committed any act in Missouri in connection with Plaintiff's [asbestos exposure] claims. Therefore, the Court lacks specific personal jurisdiction over [defendant.]"); *Keeley v. Pfizer, Inc.*, No. 4:15-CV-00583, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015) (dismissing products liability action against out-of-state defendant because "[p]laintiffs do not allege any facts regarding the quality of the contacts with Missouri, the quantity of those contacts, or the relation of the cause of action to those contacts" and allegations that

---

[1] Plaintiff cannot circumvent this deficiency even if he could establish personal jurisdiction over one of the other Defendants. "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

"Defendant marketed, promoted, and sold [products] in Missouri does not establish specific jurisdiction").

II.     **The Court Lacks General Personal Jurisdiction Over SII/SE&A.**

   A.     **The Supreme Court Has Narrowed the Standard for General Personal Jurisdiction.**

Lacking a specific-jurisdictional basis, Plaintiffs must prove that the Court has general jurisdiction over SII/SE&A. In 2014, the Supreme Court dramatically limited the scope of general jurisdiction. *See Daimler*, 134 S. Ct. at 760-62 & nn.18-20; *see also Dolan*, 2017 Mo. LEXIS 66 at *13.

In *Daimler*, the Supreme Court set forth the minimum requirements for any finding of general jurisdiction on the basis of a corporation's in-state contacts. In that case, starting from the assumed premise that the contacts of one of Daimler's subsidiary companies could be imputed to Daimler, (*id.* at 760), the Court rejected an assertion of general jurisdiction in California notwithstanding the fact that Daimler (through its subsidiary) was the largest supplier of luxury vehicles to the State, had multiple offices and facilities in the State, including a regional headquarters, and had sales in the State totaling $4.6 billion, comprising 2.4% of Daimler's worldwide sales. *Id.* at 752, 766-67. The Court held that these contacts "plainly do not approach [the] level" at which the company could be considered at home in California for purposes of general jurisdiction. *Id.* at 761 n.19.

Thus, the Supreme Court held that a plaintiff can sue a defendant on any and all claims, regardless of the connection between those claims and the forum, so long as the defendant's contacts within the forum are "so 'continuous and systematic' as to render [it] essentially at home in the forum State … *i.e*., comparable to a domestic enterprise in that State." *Daimler*, 134 S. Ct. at 758 n.11 (quotations and citation omitted). For a corporation, therefore, the place of

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

incorporation and principal place of business are "paradig[matic] … bases for general jurisdiction." *Id.* at 760 (internal quotation marks and citations omitted). The Court's test is appropriately demanding, given that an exercise of general jurisdiction subjects a defendant to suit in that state for any claim arising anytime, anywhere in the country. *Daimler* does not "foreclose the possibility that in an exceptional case … a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. However, a corporation is not subject to general jurisdiction "in every State in which a corporation engages in a substantial, continuous, and systematic course of business" because such a formulation of jurisdictional requirements "is unacceptably grasping." *Id.* at 761 (internal quotations marks omitted). Rather, a plaintiff asserting general jurisdiction must show that the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (internal quotation marks and citation omitted).  The Supreme Court further explained that "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  *Id.* at 762 n.20.

*Daimler* marks a doctrinal shift and a break from the "doing business" test that previously prevailed in the case law for the last fifty years.  It imposes a new test that creates a much higher standard for the assertion of general jurisdiction and one that will be met in only rare and exceptional circumstances not present here.  Courts applying Missouri law in the wake of *Daimler* have refused to find general jurisdiction where a defendant is not "at home" in Missouri.  *See, e.g.*, *Smith,* 2015 WL 191118, at *3 (holding that Delaware corporation not subject to general jurisdiction for asbestos lawsuit filed in Missouri even where defendant had a wholly-owned Missouri-based subsidiary that conducts continuous and significant business for the corporation);

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

*Commerce Bank v. The Bank of New York Mellon*, No. 1316-CV 28444, 2014 WL 3690660, at *1 (Mo. Cir. June 25, 2014) (holding that, even including the activity of its affiliates, defendants only conducted minimal business activity in Missouri, which was insufficient for considering the corporation "at home" in Missouri); *Keeley*, 2015 WL 3999488, at *2 ("Simply marketing and selling a product in a state does not make a defendant's affiliations with the state so 'continuous and systematic as to render them essentially at home in the forum state.'"); *Am. Recreation Prod., LLC v. Tennier Indus., Inc.*, 11 F. Supp. 3d 959, 963 (E.D. Mo. 2014) (finding that defendant corporation's purchases of products from a Missouri company were insufficient to render the defendant corporation "at home" in Missouri).

In fact, the Missouri Supreme Court applied the *Daimler* standard in a recent decision, *State ex rel. Norfolk S. Ry. v. Dolan*, stating that "[a] court normally can exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *State ex rel. Norfolk S. Ry. v. Dolan*, No. SC95514, 2017 Mo. LEXIS 66 at *6 (Feb. 28, 2017) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2011); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The Court reiterated that in "exceptional cases" a corporation could be subject to general jurisdiction in another state, but that "to be such 'an exceptional case,' the forum state must be a 'surrogate for place of incorporation or home office.'" *Id.* at *6-7 (quoting *Daimler*, 134 S. Ct. at 765 n.8, 761). Thus, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Id.* (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627-30 (2d Cir. 2016)) (emphasis added).

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

Accordingly, in *Dolan*, the Court held that Norfolk, a Virginia corporation with its principal place of business in Virginia, was not subject to general jurisdiction in Missouri. *See id.* at *6-12. The Court rejected the Plaintiff's argument that general jurisdiction was proper because Norfolk had "continuous and systematic" contacts with Missouri where it "owns or operates some 400 miles of track, generates approximately $232 million in revenue, and employs some 590 people in Missouri." *Id.* at *9. The Court held that "[p]rior to *Daimler*, this would have been a valid argument. But, it is no longer the law." *Id.* at *7 (citation omitted). Instead, the Court recognized that in *Daimler*, the U.S. Supreme Court rejected "continuous and systematic" contacts as a basis for general jurisdiction because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at *11. And because Norfolk was not incorporated in Missouri and because Missouri was not "its de facto principal place of business," the Court held that it was not subject to general jurisdiction. *Id.* at *12.

**B. Plaintiffs' Petition Fails to Allege Sufficient Facts to Establish General Personal Jurisdiction Over SII/SE&A.**

Here, there is no basis for general jurisdiction over SII/SE&A, as its place of formation and its principal place of business are not in Missouri. SII/SE&A is incorporated in the State of Delaware, and it has never had its headquarters or principal place of business in Missouri. Plaintiffs must establish that jurisdiction over a defendant complies with the requirements of due process, which they have not in this case.

Further, regardless of whether SII/SE&A maintains a registered agent in the State of Missouri, the fact that a corporation is registered to do business or uses a registered in-state process

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

agent in Missouri, as required under Missouri law,[2] without more, does not form a basis for personal jurisdiction under *Daimler* and *Dolan* and is contrary the Due Process Clause of the Fourteenth Amendment. *Dolan*, 2017 Mo. LEXIS 66 at **18-21; *see also Smith*, 2015 WL 191118, at *3 (finding no general jurisdiction over foreign corporation that registered to do business in Missouri and appointed an in-state registered agent); *Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing with "more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts [than the appointment of an agent] are required to hale a litigant into the court's forum"); *Keeley*, 2015 WL 3999488, at *4 ("If following [foreign business registration] statutes creates jurisdiction, national companies would be subject to suit all over the country. This result is contrary to the holding in *Daimler* that merely doing business in a state is not enough to establish general jurisdiction."); *Neeley v. Wyeth LLC*, No. 4:11-cv-00325, 2015 WL 1456984 at *3 (E.D. Mo. Mar. 30, 2015) ("Foreign corporations authorized to transact business in Missouri are also required to maintain a registered agent in the state…. Therefore, to extend the Plaintiffs' reasoning to its natural conclusion, every foreign corporation transacting business in the state of Missouri would be subject to general jurisdiction here. *Daimler* clearly rejects this proposition."); *Goodyear*, 131 S. Ct. at 2853 ("The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant."); *see also Daimler*, 134 S. Ct. at 760-62. In fact, in the *Dolan* matter, the Missouri Supreme Court expressly rejected that the idea that a foreign corporation consents to jurisdiction

---

[2] Mo. Rev. Stat. § 351.572 ("A foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state."); *id.* § 351.586 ("Each foreign corporation authorized to transact business in this state shall continuously maintain in this state . . . a registered agent . . . ").

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

in Missouri merely by maintaining a registered agent for service of process in compliance with Missouri's foreign corporation registration statute. *Dolan*, 2017 Mo. LEXIS 66 at **18-21.

Plaintiffs allege no facts that, if true, would be sufficient to provide this Court general jurisdiction over SII/SE&A. *See Daimler*, 134 S. Ct. at 761; *Dolan*, 2017 Mo. LEXIS 66 at **6-12, 18-21. In fact, Plaintiffs' Petition makes no mention whatsoever of SII/SE&A's contacts in Missouri. Plaintiffs' claims do not arise out of any alleged contacts between SII/SE&A and Missouri, and SII/SE&A is neither incorporated in nor has its principal place of business in Missouri. SII/SE&A certainly cannot be said to be "at home" in Missouri.

## CONCLUSION

WHEREFORE, Defendant SII/SE&A respectfully requests that this Court dismiss this case for lack of personal jurisdiction. In the alternative, SII/SE&A requests that this Court grant it an extension for filing a motion to transfer venue and award SII/SE&A its costs and any further relief this Court deems appropriate and just.

March 10, 2023                                          Respectfully submitted,

Kassandra N. Garrison  - Missouri Bar No. #68088       By:  /s/ Kassandra N. Garrison
Gordon Rees Scully Mansukhani LLP                           Attorneys for
One North Franklin Street, Suite 800                        Siemens Industry, Inc., Successor
Chicago, Illinois 60606                                     in Interest to Siemens Energy &
(312) 619-4934                                              Automation, Inc.
kgarrison@grsm.com

Electronically Filed - City of St. Louis - March 10, 2023 - 10:34 AM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served upon all counsel of record via Missouri Case Net on the 10th day of March, 2023.

/s/ Kassandra N. Garrison

32671-105611                                                                           No. 2322-CC00306

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| STUART MOTT and | ) | |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 2322-CC00306 |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| ABB, INC., et al., | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants. | ) | |

<u>**ENTRY OF APPEARANCE**</u>

NOW COMES the law firm, LEWIS BRISBOIS BISGAARD & SMITH LLP, and hereby enters its

appearance on behalf of the defendant, UNION CARBIDE CORPORATION, in the above-captioned

matter.

UNION CARBIDE CORPORATION, Defendant

BY: _____*/s/ Jeffrey T. Bash*_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
Jeffrey T. Bash – #56389
Matthew J. Morris – #58183
Charles S. Anderson – #59299
Matthew W. Schuh - #60385

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Telephone:  618.307.7290
Facsimile:  618.692.6099

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel and all parties who have entered an appearance.

_____/s/ Jeffrey T. Bash_____
LEWIS, BRISBOIS, BISGAARD & SMITH LLP

232671: 105611                                                      Law No.: 2322-CC00306

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## TWENTY-SECOND JUDICIAL CIRCUIT
## STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: 2322-CC00306 |
| | ) | |
| vs. | ) | Division 1 |
| | ) | |
| ABB, INC., et al., | ) | **DEFENDANT DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendants. | ) | |

### DEFENDANT UNION CARBIDE CORPORATION'S MOTION TO DISMISS,
### OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT AND EXTEND TIME TO FILE A
### MOTION TO TRANSFER VENUE

NOW COMES the Defendant, UNION CARBIDE CORPORATION, by and through its attorneys,

LEWIS BRISBOIS BISGAARD & SMITH LLP, and moves this Court pursuant to Missouri Rules of Civil

Procedure 51.045, 55.27(a)(6), 55.27(d), 67.03,  to dismiss Plaintiffs' Petition because the court lacks

jurisdiction over Defendant, and Plaintiffs' Petition fails to state a claim against Defendant upon

which relief can be granted.  Alternatively, Defendant moves this Court to order Plaintiffs to make

the Petition more definite and certain on various aspects including but not limited to jurisdiction,

venue and which product and activities of Defendant allegedly caused the Plaintiff, Stuart Mott, to

be exposed to asbestos.  Defendant also requests additional time to file a motion to transfer venue

assuming the Court had jurisdiction over Defendant.  In support of its motion, Defendant states as

follows:

### Plaintiffs' Claims Should be Dismissed for Lack of Personal Jurisdiction

1.      Plaintiffs have the burden to plead sufficient facts to establish a basis for the

assertion of personal jurisdiction over each defendant, but have failed to plead facts that would

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

232671: 105611                                                    Law No.: 2322-CC00306

provide a basis for the Court to exercise either general or specific personal jurisdiction over Union

Carbide. *Missouri ex rel. Specialized Transport v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. 2008) (a

plaintiff must "plead and prove" both a statutory basis for long-arm jurisdiction and that exercise of

personal jurisdiction over defendant would comport with due process); *Sloan-Roberts v. Morse*

*Chevrolet, Inc.*, 44 S.W.3d 402, 406 (Mo. App. 2001) ("The plaintiff has the burden of proving the

existence of personal jurisdiction over the defendant."); *Bristol-Myers Squibb Co. v. Superior Court*,

582 U.S.--- , 137 S. Ct. 1773 (2017) (the requirements of due process "'must be met as to each

defendant over whom a state court exercises jurisdiction'"); *Walden v. Fiore*, 134 S. Ct. 1115, 1123

(2014) (same). Union Carbide is neither incorporated in nor maintains its principal place of business

in Missouri (*see* attached Affidavit of Sarah Opperman from *Willie Everett and Flora Everett  v. Union*

*Carbide Corporation, et al.*, 4:17-CV-230 (District Court of Missouri, Eastern District), attached hereto

and incorporated herein by reference as **Exhibit A**), and thus is not subject to general personal

jurisdiction in Missouri.  *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (U.S. 2014) (with respect to a

corporation, the "paradig[m] ... bases for general jurisdiction" are its "place of incorporation and

principal place of business"); *accord BNSF Railway Co.* v. *Tyrrell*, 137 S. Ct. 1549, 2017 WL 2322834,

at *9 (May 30, 2017); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 44-48 (Mo. 2017).

Moreover, there is no basis for the exercise of specific personal jurisdiction over Union Carbide

under Missouri's long-arm statute or as a matter of due process because Plaintiffs' claims against

Union Carbide do not arise out of alleged conduct by Union Carbide in Missouri. *See* Mo. Rev. Stat.

§ 506.500; *Bennett v. Rapid Am. Corp.*, 816 S.W.2d 677, 678 (Mo. banc 1991) (to establish that

specific personal jurisdiction is authorized under the "tortious conduct" provision of the long-arm

statute, "[p]laintiffs must show that defendant committed a tort in Missouri, [and] that the action

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

caused the plaintiff's injury") (citing § 506.500); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("For a State to <u>exercise</u> [specific] jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."); *see also Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S.--- , 137 S. Ct. 1773 (2017) ("In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.") (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 931 n.6  (2011)).

**<u>Plaintiffs' Petition Fails to State a Cause of Action or is Barred by Statute of Limitations</u>**

2.      Plaintiffs filed the instant Petition seeking damages against multiple defendants, including Union Carbide Corporation, for alleged asbestos-related injuries to the Plaintiff, Stuart Mott, caused by exposure to asbestos or asbestos-related products while he was employed at various work sites. (See Plaintiff's Petition attached hereto and incorporated herein by reference as **Exhibit B**.)

3.      However, Plaintiffs' Petition fails to state a cause action against this Defendant.

4.      "Missouri is a fact-pleading state." *Gibson v. Brewer,* 952 S.W.2d 239, 245 (Mo. 1997). Accordingly, Missouri Supreme Court Rule 55.05 requires that a petition contain "a short and plain statement of the facts showing that the pleader is entitled to relief." Mo. R.C.P. 55.05 (2005). This requirement is not without purpose. Rather, fact-pleading is necessary to present, limit, define and isolate "the contested issues for the trial court and the parties in order to expedite a trial on the merits." *Gibson,* 952 S.W.2d at 245.

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

5.      In order to state a cause of action against Defendant, Plaintiffs must plead that a specific product attributable to Defendant was a substantial factor in causing the alleged harm. *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.,* 854 S.W.2d 371,379 (Mo. 1993).

6.      Plaintiffs' entire Petition makes conclusory allegations against Defendant which are not supported by any factual allegations.

7.      Paragraph 1 of Plaintiffs' Petition simply alleges that the Plaintiff, Stuart Mott, served in the U.S. Navy from 1964 through 1971.  Plaintiff was employed with HomeBuilders, Inc. in Orange Park, Florida during 1971; with the Federal Aviation Administration in Des Moines, Iowa and Grand Island, Nebraska from 1971 through 1981; for Schuppans Volkswagen Mazda Dodge in Grand Island, Nebraska from 1981 through 1983; for Frito Lay in Grand Island, Nebraska from 1983 through 1984; owned Montana's Used Cars in Grand Island, Nebraska from 1984 through 1988.

8.      The Petition as written fails to state a cause of action against Defendant because it fails to identify where and when the alleged exposure to Defendant's products or activities occurred. Furthermore, the Petition as written fails to plead how Defendant's products or activities were a substantial factor in causing Plaintiff's alleged exposure to asbestos.

9.      Defendant cannot possibly prepare a responsive pleading without knowing, at minimum, the product(s) at issue, as well as the occupation, employer, time periods and job locations Plaintiff is alleged to have worked with, and/or been exposed to, Defendant's products or activities.

10.     Moreover, Plaintiffs' claims are potentially barred by applicable statute of limitations. Given the limited information found in Plaintiffs' pleading, it is unclear if Missouri's statute of

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

limitations apply to Plaintiffs' claims or a foreign state's statute of limitations applies via Missouri's Borrowing Statute.  Mo. Rev. Stat. § 516.100.

### Plaintiffs' Petition Fails to Allege the Necessary Elements to Seek Special Damages

11.    The Petition also improperly seeks special damages because it does not comply with the pleading specificity requirements imposed by Rule 55.19. *See* Mo. R. C. P. 55.19 (2005).

### Plaintiffs' Petition Fails to State a Cause of Action for Civil Conspiracy

12.    Count IV of Plaintiffs' Petition alleges conspiracy against all Defendants.

13.    Plaintiffs' Conspiracy count fails to state a cause of action upon which relief can be granted. Missouri Supreme Court Rule 55.05 requires that a Petition contain a short and plain statement of facts showing that the pleader(s) is entitled to relief.

14.    Count IV of Plaintiffs' Petition is deficient in that it fails to allege sufficient facts to support a cause of action for civil conspiracy. Plaintiffs have alleged no facts against Defendant which would support such a cause of action.

15.    In order to prevail on a civil conspiracy claim, a plaintiff must establish that: (1) two or more persons; (2) with an unlawful objective; (3) after meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the Plaintiff was thereby damaged. *Gibson,* 952 S.W.2d at 245. The conspirators must have "'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Chmieleski v. City Products Corp.,* 660 SW 2d 275, 290 (Mo. App. 1983) (citation omitted)

16.    Plaintiffs' Petition does not plead any specific facts to establish that Defendant took any action in furtherance of a conspiracy or had a "meeting of the minds" with any of the other defendants. Therefore, Plaintiffs' conspiracy claims in Count IV should be dismissed.

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

17.     Alternatively, Count IV of Plaintiffs' Petition fails to state their claim for conspiracy with sufficient definiteness or particularity to enable Defendant to properly prepare a responsive pleading. Accordingly, Plaintiffs should be required to amend Count IV of their Petition to provide a more definite statement of their conspiracy claims pursuant to Rule 55.27(d).

**<u>Further, Plaintiffs' Petition Fails to Provide Critical Facts Necessary to Assess Venue and Therefore Defendants Time to Transfer Venue Should be Extended Until These Facts are Provided</u>**

18.     Assuming jurisdiction over Defendant is proper in Missouri, Plaintiffs' Petition is devoid of the necessary facts to assess whether venue in St. Louis City is proper.

19.     When venue is challenged, plaintiffs have the burden of showing that venue is proper. *State ex rel. Harness v. Grady*, 201 S.W.2d 48, 50 (Mo. App. E.D. 2006). "Where venue is an issue, the plaintiff carries the burden of proof to show an honest belief that there is a justiciable claim against a resident party." *Igoe v. Dept. of Labor and Indus. Relations*, 152 S.W.3d 284, 288 (Mo. Banc 2005) citing *Raskas Foods, Inc. v. Southwest Whey, Inc.,* 978 S.W.2d 46, 49 (Mo. App. E.D. 1998). Speculation and conjecture are not proof that carries a burden.  In fact, Rule 51.045 specifically excludes the Court from considering in a venue determination "allegations relating to fictitious defendants."

20.     Venue of all cases filed in Missouri after August 28, 2005 is governed by Mo. Rev. Stat. § 508.010.  In a personal injury or wrongful death action, the plaintiff shall be considered first injured where the plaintiff or decedent was first injured by the wrongful acts or negligent conduct alleged in the action.  Mo. Rev. Stat. §§ 508.010.4 and 508.010.11.  A Plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested. Mo. Rev. Stat. §§ 508.010.11.

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

232671: 105611

Law No.: 2322-CC00306

21.    Here Plaintiffs have failed to allege critical facts including but not limited to where first exposure to asbestos occurred that relates to defendant named in this lawsuit.  In fact, Plaintiffs' only statements that pertain to venue are conclusions and not facts.  Because these facts are missing and will require additional discovery, Defendant additionally requests an extension of time to file a motion to transfer in accordance Rule 51.045.

WHEREFORE, for the reasons stated above, Defendant, UNION CARBIDE CORPORATION, respectfully moves this Honorable Court to dismiss the instant case against it, or in the alternative, to require Plaintiffs to make more definite and certain the allegations against this Defendant, extend time to file a motion to transfer venue , and for such other and further relief as the court deems just and proper.

UNION CARBIDE CORPORATION, Defendant

BY: _____*/s/ Jeffrey T. Bash*_____
LEWIS BRISBOIS BISGAARD & SMITH LLP
Jeffrey T. Bash – #56389
Matthew J. Morris – #58183
Charles S. Anderson – #59299
Matthew W. Schuh - #60385

LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia, Suite 300
Edwardsville, IL 62025
Telephone:  618.307.7290
Facsimile:  618.692.6099

232671: 105611

Law No.: 2322-CC00306

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 14, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon plaintiff's counsel and all parties who have entered an appearance.


                                              _____*/s/ Jeffrey T. Bash*_____

                                          LEWIS, BRISBOIS, BISGAARD & SMITH LLP

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

Exhibit A

**DISTRICT COURT OF MISSOURI**
**EASTERN DISTRICT**

WILLIE EVERETT and FLORA EVERETT,   )
                                      )
      Plaintiff,                 )
                                      )
v.                                   )     Case No.: 4:17-CV-230
                                      )
UNION CARBIDE CORPORATION, et al.,   )
                                      )
      Defendants.             )

<u>AFFIDAVIT OF SARAH OPPERMAN</u>

I, Sarah Opperman, declare:

1.  I am the corporate representative for Union Carbide Corporation in connection with litigation arising out of its former asbestos business.  I am over the age of eighteen.  The facts in this Affidavit are based on documents, records and information of Union Carbide that I have reviewed and are true and correct to the best of my knowledge.

2.  Union Carbide Corporation is a corporation organized and existing under the laws of the State of New York.  Union Carbide Corporation's principal place of business is Texas.

By:  *Sarah Opperman*
                Sarah Opperman

STATE OF MICHIGAN )
                      ) SS

COUNTY OF MIDLAND )

SUBSCRIBED AND SWORN to before me this __23__ day of _February_ 2017

> ANNA FRANCE-DICE
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF MIDLAND
> My Commission Expires 08/20/2022
> Acting in the County of midland

_____
Notary Public

My Commission Expires: 8/20/2022

Electronically Filed - City of St. Louis - March 14, 2023 - 02:11 PM

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2322-CC00306 |
| | ) | Division No. 1 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ABB, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ENTRY OF APPEARANCE

Come now BRENDA G. BAUM and CARL J. GERACI of HeplerBroom LLC and enter their appearance on behalf of Lear Siegler Diversified Holdings Corp., a dissolved Delaware corporation (incorrectly named as LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., *successor in interest to* Lear Siegler, Inc., and Royal Industries, Inc.).

HEPLERBROOM LLC

By: */s/ Brenda G. Baum*
BRENDA G. BAUM           #38428
CARL J. GERACI             #46561
ALEX BELOTSERKOVSKY    #50757
hbasb@heplerbroom.com
Attorneys for Defendant
701 Market Street, Suite 1400
St. Louis, Missouri 63101
Phone:     (314) 241-6160
Fax:        (314) 241-6116
AB2

## CERTIFICATE OF SERVICE

The undersigned states that on the 15th day of March, 2023, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system upon all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

*/s/ Brenda G. Baum*

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2322-CC00306 |
| | ) | Division No. 1 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| ABB, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DEFENDANT, LEAR SIEGLER DIVERSIFIED HOLDINGS CORP., A DISSOLVED DELAWARE CORPORATION (INCORRECTLY NAMED AS LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., SUCCESSOR. IN INTEREST TO LEAR SIEGLER, INC., AND ROYAL INDUSTRIES, INC.)'S MOTION FOR MORE DEFINITE STATEMENT, MOTION FOR JUDGMENT ON THE PLEADINGS, MOTION TO STRIKE, MOTION TO DISMISS, MOTION TO TRANSFER VENUE, AND MOTION PURSUANT TO MISSOURI SUPREME COURT RULE 55.27(f), "CONSOLIDATION OF DEFENSES IN MOTION" DIRECTED TO PLAINTIFF'S PETITION

COMES NOW Defendant, Lear Siegler Diversified Holdings Corp., a dissolved Delaware corporation (incorrectly named as LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., *successor in interest to* Lear Siegler, Inc., and Royal Industries, Inc.), by and through its attorneys, HeplerBroom LLC, and for its Motion Pursuant to Supreme Court Rule 55.27(d), "Motion for More Definite Statement," Motion Pursuant to Supreme Court Rule 55.27(a) "Motion for Judgment on the Pleadings," Motion Pursuant to Supreme Court Rule 55.27(e), "Motion to Strike," Motion Pursuant to Supreme Court Rule 55.05 "Pleading Setting Forth Claims for Relief Shall Contain What," Motion Pursuant to Supreme Court Rule 51.045 "Transfer of Venue When Venue Improper" and Motion Pursuant to Missouri Supreme Court Rule 55.27(f), "Consolidation of Defenses in Motion" Directed to Plaintiff's Petition, states as follows:

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

1.  This Motion is brought pursuant to Supreme Court Rule 55.03(c) entitled "Signing of Pleadings, Motions and Other Papers; Representations to Court; Sanctions," which states in pertinent part as follows:

> (c)     Representation to the Court. By presenting or maintaining a claim, defense, request, demand, objection, contention, or argument in a pleading, motion, or other paper filed with or submitted to the court, an attorney or party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that:
>
> (1) the claim, defense, request, demand, objection, contention, or argument is not presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  An attorney providing drafting assistance may rely on the otherwise self-represented person's representation of facts unless the attorney knows that such representations are false; and
>
> (4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

2.     This Motion is brought pursuant to Supreme Court Rule 55.05 entitled "Pleading Setting Forth Claims for Relief Shall Contain What," which states in pertinent part:

> "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled..."

3.     This Motion is brought pursuant to Supreme Court Rule 55.27(a) entitled "Motion for Judgment on the Pleadings," which states in pertinent part as follows:

> "(a) How Presented.  Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required,

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

except that the following defenses may at the option of the pleader be made by motion:

(1)     Lack of jurisdiction over the subject matter,
(2)     Lack of jurisdiction over the person,
(6)     Failure to state a claim upon which relief can be granted,
(9)     That there is another action pending between the same parties for the same cause in this state,
(10)    That several claims have been improperly united, …

A motion making any of these defenses shall be made:

(A) Within the time allowed for responding to the opposing party's   pleading, or
(B) If no responsive pleading is permitted, within thirty days after the service of the last pleading.

Motions and pleadings may be filed simultaneously without waiver of the matters contained in either…."

4.     This Motion is brought pursuant to Supreme Court Rule 55.27(d) entitled "Motion for More Definite Statement," which states in pertinent part as follows:

"A party may move for a more definite statement of any matter contained in a pleading that is not averred with sufficient definiteness or particularity to enable the party properly to prepare responsive pleadings or to prepare generally for trial when a responsive pleading is not required. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order, or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

5.     This motion is brought pursuant to Supreme Court Rule 55.27(e) entitled "Motion to Strike", which states as follows:

"Motion to Strike.  Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty days after the service of the pleading upon any party or upon the court's own initiative at any time, the court may order stricken from any pleadings any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

6.     This Motion is brought pursuant to Supreme Court Rule 51.045 entitled

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

"Transfer of Venue When Venue Improper", which states in pertinent part as follows:

> "(a)    Any motion to transfer venue shall be filed within 60 days of service on the party seeking transfer.  For good cause shown, the court may extend the time to file a motion to transfer venue or allow the party to amend it."

7.    This Motion is brought pursuant to Supreme Court Rule 55.27(f) entitled "Consolidation of Defenses in Motion", which states as follows:

> "Consolidation of Defenses in Motion.  A party who makes a motion under this Rule 55.27 may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under this Rule 55.27 but omits therefrom any defense or objection then available that this Rule 55.27 permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Rule 55.27(g)(2) on any of the grounds there stated."

8.    It is well-settled that Missouri is a fact pleading jurisdiction.  ITT Commercial Finance Co. v. Mid-America Marine Supply, 854 S.W.2d 371,379 (Mo. Banc 1993).

9.    To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial.  Bracey v. Monsanto Co., Inc., 823 S.W.2d 946, 951 (Mo. Banc 1992).

10.    Plaintiffs have failed to set forth facts as required by Rule 55.05.  Although the petition does not have to plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement and cannot rely on mere conclusions.  Westphal v. Lake Lotawana Association, Inc., 95 S.W.3d 144, 152 (Mo.App.2003).

11.    Plaintiffs' Petition is such that Defendant cannot prepare a responsive pleading as required by Rule 55.27(d), as the Petition is not pled with sufficient definiteness to allow Defendant to determine the following:

a)    The dates involved in the claim;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

      b)      The products of all defendants;

      c)      Defendant's products;

      d)      The alleged hazard of asbestos.

12.     In earlier asbestos litigation, defendants were designers, manufacturers and sellers of the same type of product, i.e. asbestos insulation.

13.     At present, however, defendants in asbestos cases have a varied background including, but not limited to, the following:

      a)      Manufacturer of asbestos products;

      b)      Entities producing products to which asbestos was applied;

      c)      Premises defendants;

      d)      Construction material defect;

      e)      Friction material user;

      f)      Retailer of products.

14.     As a consequence, Plaintiffs must plead facts with particularity towards each Defendant in order to satisfy pleading requirements of Rule 55.05 and Missouri common-law.

15.     Plaintiffs' Petition should be dismissed pursuant to RSMo §516.190 because Plaintiffs' cause of action has been or may be fully barred by the laws of the state, territory or country which it originated.

16.     Plaintiffs plead exposure "from 1964 through 1971", "during 1971", "from 1971 through 1981", "from 1981 through 1983", "from 1983 through 1984",  and "from 1984 through 1988", overly broad periods of time that cannot be reviewed absent more precise indication of time period, location and use of a specific product.

5

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

17.     In addition, Plaintiffs' Petition alleges redundant, immaterial and impertinent matters violating Supreme Court Rule 55.27(e).

18.     Plaintiffs' Petition should be transferred under the doctrine of forum non conveniens.

19.     Defendant moves to dismiss because Plaintiffs have not demonstrated that this Court has personal jurisdiction over it either by way of general or specific jurisdiction.  See Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014) and State ex Rel. Norfolk S. Ry. Co. v. The Honorable Colleen Dolan, 512 S.W. 3d 41, 46 (Mo. banc 2017).  As to general jurisdiction, Plaintiffs have not shown that Defendant is incorporated or otherwise formed in this state, or that Defendant has its principal place of business here.  Daimler. at 761-62; Norfolk at 47-48.  Moreover, Plaintiffs have not pled facts sufficient to invoke specific jurisdiction by showing that Plaintiffs claims arose in this state.  Therefore, Plaintiffs have not established that this Court may exercise either general or specific personal jurisdiction over Defendant consistent with the Due Process Clause of the U.S. Constitution.

20.     The allegations of asbestos exposure in the Petition are vague and unclear, and pertinent facts relating to choice of law in this matter are not yet known.  Defendant therefore reserves the right to amend this motion to incorporate other state or federal law, and may further move to apply other state or federal law as facts are developed.

## JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

21.     Paragraph 1 states that Plaintiff worked and/or was employed in Florida, Iowa, and Nebraska between 1971 and 1988 and served in the U.S. Navy from 1964 through 1971.

22.     The foregoing portions of paragraph 1 should be stricken as the same are vague,

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

indefinite, state conclusions and are otherwise insufficient as a matter of law:

      a)      The time period alleged is overly vague.

      b)      Paragraph 1 fails to adequately specify the location (building, address, City) of Plaintiff's employment and/or alleged locale of exposure.

23.      Paragraph 2 of Plaintiffs' Petition states as follows:

"During the course of Plaintiff's employment, at the locations mentioned above and during non-occupational work projects and/or in other ways, the Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers emanating from certain products the Plaintiff was working with and around which were manufactured, sold, distributed or installed by the Defendants and each of them."

24.      The following portions of paragraph 2 should be stricken as the same are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law:

      a)      The words "ingested" or "otherwise absorbed" are vague and not capable of being the subject of a response;

      b)      Defendant does not know what fibers "emanating from certain products" means;

      c)      Use of the word "defendants" in a context where the complained of activity is not clear, (i.e. manufactured, sold, installed, etc.).

25.      Paragraph 3 should be stricken or made more definite and certain or Plaintiffs' Petition should be dismissed or transferred pursuant to Supreme Court Rule 51.045 as Plaintiffs' allegations are not sufficient to establish venue as defined by Revised Statutes of Missouri (RSMo) § 508.010.  Furthermore, Plaintiffs fail to allege specific geographic location of first exposure in the U.S. Navy, a necessary element under the statute.

26.      Paragraph 5 shall be stricken as vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

      a)      Plaintiffs' disclaimer lacks sufficient specificity as no facts regarding any "exposure" are pled;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

      b)    There is no basis for the conclusion that "this action is not properly removable on any theory or jurisdictional basis."

27.    The introductory phrase to paragraph 6 should be stricken as merely "contributing" to the acquiring of an asbestos-related disease is not a basis for liability.

28.    Paragraph 7 should be stricken as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

      a)    It fails to connect a specific Defendant to any of the vague acts referenced;

      b)    No facts supporting personal jurisdiction are pled.

## COUNT I – STRICT LIABILITY

29.    Count I of Plaintiffs' Petition purports to state a cause of action for "strict liability."

30.    Paragraph 8 should be stricken and/or made more definite and certain as the same incorporates defective pleadings (paragraphs 1-7) that are vague, indefinite, state conclusions and are otherwise insufficient as a matter of law for the reasons set forth in paragraphs 21-28 above.

31.    Paragraph 9(a) should be stricken or made more definite and certain as the same is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

      a)    Including friable asbestos as part of a product is not a defect;

      b)    Defendant has no means to determine what Plaintiffs mean by "constituent substance;"

      c)    The existence of "friable asbestos fibers" does not create any danger, hazard, or a product that is defective;

      d)    Most, if not all, modern products have components not suitable for ingesting or inhaling;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

e)      Due to Plaintiffs' failure to plead any facts which identify a product, exposure, relationship between Plaintiff and Defendant, frequency and/or other fact, no basis exists to make any inference that the allegations of paragraph 9(a) amounted to a defect.

32.    Paragraph 9(b) should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions, and is otherwise insufficient as a matter of law for the following reasons:

a)      Paragraph 9(b) alleges asbestos fibers were toxic;

b)      Most substances out of which modern products are made are "toxic;"

c)      The fact that a substance is toxic does not make any product in which it is used defective or unreasonably dangerous;

d)      Defendant does not know what Plaintiffs reference by the words "similarly situated";

e)      Plaintiffs have failed to plead any situation from which it could be inferred that Plaintiff and others were similarly situated;

f)      Due to Plaintiffs' failure to plead any facts which identify a product, exposure, relationship between Plaintiff and Defendant, frequency and/or other fact, no basis exists to make any inference that the allegations of paragraph 9(b) amounted to a defect.

33.    Paragraph 9(c) should be stricken or made more definite and certain as the same is vague, indefinite, alleges a conclusion, and is otherwise insufficient as a matter of law for the following reasons:

a)      It fails to plead what is referred to by use of the words "adequate warning;"

b)      The term "adequate" is a word without factual content against which Defendant can measure its conduct;

c)      It fails to plead any facts that would have been contained in an effective warning;

d)      Plaintiffs have failed to plead that the product would have been safe if it had been accompanied by a warning;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

e)      Without pleading a context of use, the allegations of warning are meaningless;

f)      It fails to plead what is meant by "exposure";

g)      The words "danger of exposure to asbestos" do not identify the hazard or danger referenced;

h)      Plaintiffs fail to plead a status for Plaintiff that would allow the analysis of a warning allegation;

i)      No basis exists for determining the entity that should have issued a warning and that entity's relationship to the Plaintiff;

j)      The words "of precautions to be employed in the use of asbestos-containing products" do not set a fact standard against which to measure Defendant's conduct;

k)      It fails to state how "precautions" would be instructed to users;

l)      Due to Plaintiffs' failure to plead any facts to identify a product, exposure, relationship between Plaintiff and Defendant, frequency and/or other fact, no basis exists to make any inference that the allegations of paragraph 9(c) amounted to a defect.

34.      Paragraph 10 should be stricken as the same is vague, indefinite, alleges a conclusion, and is otherwise insufficient as a matter of law for the following reasons:

a)      The paragraph is meaningless absent an allegation of the product and exposure.

b)      The phrase "point of Plaintiff's exposure" is vague, as no point of exposure has been pled.

35.      Paragraph 11 should be stricken as the same is vague, indefinite, alleges a conclusion, and is otherwise insufficient as a matter of law for the following reason:

a)      The use of the term "environment" has no place in a strict liability/product claim;

b)      The paragraph is meaningless absent an allegation of the product and exposure.

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

36.     Paragraph 12 should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

a)     Defendant has no idea what is meant by "ingested" or "otherwise absorbed;"

b)     The statement that Plaintiff was "disabled and disfigured" should be stricken as the same is not proper;

c)     The words "other health care services" should be stricken;

d)     The words "asbestos-related diseases and conditions" should be stricken;

e)     All references to "mental anguish" as a result of the inhalation, ingestion and absorption of said asbestos fibers should be stricken;

f)     All references to "ingestion and absorption" should be stricken as the same are conclusions and provide no facts;

g)     All references to "losing large sums of money which otherwise would have accrued to him" should be stricken.

37.     Count I should be stricken as whole for the following reasons:

a)     It fails to identify a product;

b)     It fails to identify dates of exposure;

c)     It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

d)     It fails to allege that exposure to Defendant's products was a substantial factor in acquiring lung cancer.

38.     Plaintiffs' prayer to Count I should be stricken to the extent it asks for a judgment of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific petition and/or is meaningless under the lack of basic facts absent from this Petition.

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

## COUNT II – NEGLIGENCE

39.      Defendant repeats and re-alleges paragraphs 21-38 above as if set out verbatim herein, in response to paragraph 13 of Plaintiffs' Petition.

40.      Count II of Plaintiffs' Petition purports to be an action based on negligence.

41.      In an action for negligence, it is the state of mind of the actor that is at issue, rather than the product.

42.      Paragraph 14 is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law as it is meaningless absent an allegation of the product and exposure.

43.      Paragraph 15 makes reference to "above mentioned products" but no products were mentioned above.

44.      Paragraph 16 should be stricken as it is meaningless to a negligence allegation in a petition that does not identify a product, exposure or time period.

45.      Paragraph 17 is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

   a)      It makes an allegation lumping those working with and around the unidentified product in one count;

   b)      It does not identify a work or exposure situation;

   c)      It does not identify a year;

   d)      It makes an allegation of "at all times herein relevant" without identifying a relevant time.

46.      Paragraph 18(a) should be stricken or otherwise made more definite and certain as the same is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

a)    Paragraph 18(a) merely pleads Defendant "included" asbestos in a product;

b)    The fact that someone might inhale, ingest or otherwise absorb asbestos does not mean it is negligent to place the same in a product;

c)    Without a factual basis including product identification, exposure and relationship, the allegations of paragraph 18(a) cannot amount to negligence;

d)    Defendant has no basis to determine directly or by inference what is meant by "otherwise absorb;"

e)    Defendant has no basis to determine directly or by inference what is meant by "ingest;"

f)    Defendant has no idea what is meant by "working around."

47.    Paragraph 18(b) is vague, indefinite, states a conclusion and is otherwise insufficient as a matter of law for the following reasons:

a)    Paragraph 18(b) merely pleads Defendant "included" asbestos in a product;

b)    The fact that someone might inhale, ingest or otherwise absorb asbestos does not mean it is negligent to place the same in a product;

c)    The mere inclusion in a product of a material that can have a toxic, poisonous and highly deleterious effect on health is not a basis for liability as thousands of substances fit into that description;

d)    Due to the lack of pleading a product exposure or relationship factually, the allegations of paragraph 18(b) are meaningless;

e)    Without pleading product identification, exposure, relationship of parties and other relevant facts, negligence is not expressly pled and cannot be inferred in paragraph 18(b);

f)    It uses the words "otherwise absorbing" which are meaningless and to which a response can't be made.

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

48.     Paragraph 18(c) should be stricken or made more definite and certain as the same is vague, indefinite, alleges conclusions and/or is otherwise insufficient as a matter of law for the following reasons:

    a)  Including asbestos in a product is not in itself negligent and Plaintiffs have failed to plead any facts to make the same negligent;

    b)  Plaintiffs fail to identify the "substitute;"

    c)  Plaintiffs' allegations mean nothing more than a failure to make the product "better" which is not an issue as a matter of law in a negligence action;

    d)  Plaintiffs use the term "adequate," a term against which the Defendant cannot measure its conduct;

    e)  The allegation does not have a time component as the Petition as a whole leaves the time component vague and indefinite;

    f)  In a negligence action one looks at the conduct that took place and not at the conduct that could have been.

49.     Paragraph 18(d) and 18(e) should be stricken as the same are indefinite, vague, allege conclusions and are otherwise insufficient as a matter of law for the following reasons:

    a)  Although purporting to plead a cause of action for failure to warn, Paragraphs 18(d) and 18(e), try to expand the doctrine of failure to warn to include persons working "around products;"

    b)  Plaintiffs have failed to plead any facts that would indicate how Defendant would provide a warning to persons working "around products;"

    c)  Paragraphs 18(d) and 18(e), are duplications both based on failure to warn;

    d)  Paragraph 18(d) and 18(e), are duplications in that they <u>could</u> be component parts of a warning in the event Plaintiffs plead a product, exposure and other relevant facts;

    e)  Defendant has no basis to determine a meaning for the term "otherwise absorb" (either directly or by inference) and respond to the same in paragraphs 18(d) and 18(e);

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

f)      Plaintiffs have failed to plead a work environment to which a "warning" or "instruction" could be applied;

g)      Defendant has no basis to determine a meaning for the term "ingesting" (either directly or by inference) and respond to the same in paragraphs 18(d) and 18(e);

h)      The use of the word "adequate" is without factual content against which Defendant's conduct can be compared;

i)      Any negligence in an alleged failure to warn or failure to give instruction would be time sensitive and Plaintiffs have not pled a time period.

50.    Paragraph 18(f) should be stricken as the same is vague, indefinite, alleges conclusions and is otherwise insufficient as a matter of law for the following reasons:

a)      Based on the limited factual content in the Petition, Defendant assumes Plaintiffs are alleging that some testing should have been carried out to discover hazards leading to "asbestos-related diseases";

b)      Defendant asks the Court to take judicial notice of the long latency period for asbestos-related diseases;

c)      Plaintiffs should be required to plead any test the Plaintiffs contend would have given Defendant notice of any health hazards given the latency period of asbestos-related disease;

d)      Paragraph 18(f) should be stricken as the same fails to provide for or state any testing procedure that should have been followed;

e)      Paragraph 18(f) fails to plead a "test" because no test exists or existed that a manufacturing corporation could have undertaken.

51.    Paragraph 18(g) should be stricken as the same is vague, indefinite, alleges a conclusion and is otherwise insufficient as a matter of law for the following reasons:

a)      Failing to recall asbestos-containing products does not state a cause of action for product liability;

b)      Under Missouri law, no cause of action exists either for failure to recall a product or for negligent recall of a product. See, Horstmyer v. Black & Decker, Inc., 151 F.3d 765, 773 (8 Cir. 1998) (applying Missouri law); Smith v. Firestone Tire & Rubber Co., 755 F.2d 129, 135 (8 Cir. 1985)

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

(applying Missouri law); <u>Efting v. Tokai Corp.</u>, 75 F.Supp.2d 1006, 1010-11 (W.D. Mo. 1999) (applying Missouri law);

c)   Plaintiffs have failed to plead any of the following operative facts of any recall:

i)   The date a recall should have been conducted;

ii)   The products to which the recall should have been directed;

iii)   The form the recall should have taken;

iv)   The determination upon which the recall should have been based; and

v)   The party that should have been responsible for the specific recall.

52.   Paragraph 19 should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

a)   Defendant has no idea what is meant by "ingested" or "otherwise absorbed;"

b)   The statement that Plaintiff was "disabled and disfigured" should be stricken as the same is not proper;

c)   The words "other health care services" should be stricken;

d)   The words "asbestos-related diseases and conditions" in the Petition should be stricken;

e)   All references to "mental anguish" as a result of the inhalation, ingestion and absorption of said asbestos fibers should be stricken;

f)   All references to "ingestion and absorption" should be stricken as the same are conclusions and provide no facts;

g)   All references to "losing large sums of money which otherwise would have accrued to him" should be stricken.

53.   Count II should be stricken as whole for the following reasons:

a)   It fails to identify a product;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

b)     It fails to identify dates of exposure;

c)     It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

d)     It fails to allege that exposure to Defendant's products were a substantial factor in acquiring lung cancer.

54.     Plaintiffs' prayer to Count II should be stricken to the extent it asks for a judgement of joint and several liability as the same is not sufficient as a matter of law, is not a proper subject of pleading under the law or the specific petition and/or is meaningless under the lack of basic facts absent from this Petition.

## COUNT III – WILLFUL AND WANTON MISCONDUCT

55.     Defendant repeats and re-alleges paragraphs 21-54 above, as if set out verbatim herein, in response to paragraph 20 of Plaintiffs' Petition.

56.     Plaintiffs have filed Count III of the Petition alleging "willful and wanton" misconduct.

57.     Plaintiffs have failed to allege any actions or conduct that amount to willful or wanton misconduct.

58.     Paragraph 21, subparagraphs (a) to (g), is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

a)     Subparagraphs 21(a) through 21(g) of Count III state the same facts as subparagraphs 18(a) through 18(g) of Count II with the addition of words "intentionally" and/or "reckless disregard."

b)     Plaintiffs attempt to state a cause of action based on willful and wanton misconduct; however, Plaintiffs' allegations of willful and wanton misconduct do not identify any of the following:

i)     A product;

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

       ii)     Facts surrounding the use of the product or the application of the product;

       iii)    The date of the alleged willful and wanton misconduct;

       iv)    The means by which the alleged willful and wanton misconduct was accomplished;

       v)     The facts amounting to intentional misconduct and/or reckless disregard for the safety of the Plaintiff.

   c)    Plaintiffs allege that the mere inclusion of a toxic substance in a product is a basis for punitive damages, but the same alone cannot serve as a basis for punitive damages as almost everything (i.e. products) contains a substance that is toxic;

   d)    Plaintiffs have failed to plead what "test" could have possibly been performed and its relation to any exposure of Plaintiff that would have prevented Plaintiff from acquiring lung cancer;

   e)    No duty exists under a product liability/neglect theory for failure to recall;

   f)    As the "state of the art" (i.e. body of  knowledge) regarding asbestos has consistently grown and changed through the years, the exact time period regarding any conduct characterized as "willful and wanton" should be pled;

   g)    No basis exists for a claim that a failure to adopt a substitute for asbestos is a basis for "willful and wanton misconduct "as the focus of willful and wanton misconduct is what occurred and not what could have occurred;

   h)    Defendant has no idea to what Plaintiffs reference by the use of the words "ingest or otherwise absorb;"

   i)    An action for failure to recall does not exist under the laws of the State of Missouri.

59.    Paragraph 22 should be stricken as a whole or various portions of the same should be stricken as the same are not compatible with an action in the State of Missouri in the following respects:

   a)    Defendant has no idea what is meant by "ingested" or "otherwise absorbed;"

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

b)   The statement that Plaintiff was "disabled and disfigured" should be stricken as the same are not proper;

c)   The words "other health care services" should be stricken;

d)   The words "asbestos-related diseases and conditions" should be stricken;

e)   All references to "mental anguish" as a result of the inhalation, ingestion and absorption of said asbestos fibers should be stricken;

f)   All references to "ingestion and absorption" should be stricken as the same are conclusions and provide no facts;

g)   All references to "losing large sums of money which otherwise would have accrued to him" should be stricken.

60.   Count III fails to plead any of the following necessary elements to support a willful and wanton count and should thus be stricken as a whole:

a)   It fails to identify a product;

b)   It fails to identify dates of exposure;

c)   It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

d)   It fails to allege that exposure to Defendant's products was a substantial factor in acquiring lung cancer.

61.   Allowing Count III to stand would deny basic constitutional rights (Federal and State) in the areas of due process and equal protection as there is no basis for Defendant to know directly or by inference its alleged conduct for which punishment is sought.

62.   A pleading seeking punitive/exemplary damages should not be allowed absent Plaintiffs' ability to plead with facts the conduct upon which Plaintiffs base a request for punitive damages.

63.   Defendant attaches hereto as Exhibit A the Order of Judge David dated the 26th day of October, 2004.

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

### COUNT IV – CONSPIRACY

64.    Defendant repeats and re-alleges paragraphs 21-63 above as if set out verbatim herein, in response to paragraph 23 of Plaintiffs' Petition.

65.    Paragraph 24 of Plaintiffs' Petition should be stricken as it is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

   a)    Plaintiffs fail to allege any facts for the conclusion that Defendant "agreed and conspired";

   b)    The terms "suppress and misrepresent" should be stricken as Plaintiffs have pled no facts to support same;

   c)    Plaintiffs do not state what is meant by "hazards of exposure to asbestos";

   d)    This paragraph is meaningless in a Petition that does not contain sufficient facts regarding exposure and products.

66.    Paragraph 25 should be stricken as it is vague, indefinite, states conclusions and is otherwise insufficient as a matter of law for the following reasons:

   a)    Plaintiffs have pled no facts for the conclusion of a "direct and proximate result";

   b)    All references to "ingestion and absorption" should be stricken as the same are conclusions and provide no facts;

   c)    All references to Plaintiffs becoming "disabled and disfigured" should be stricken;

   d)    All references to "other healthcare services" should be stricken;

   e)    All references to "mental anguish" should be stricken;

   f)    All references to "large sums of money which otherwise would have accrued to him" should be stricken;

67.    Count IV fails to plead any of the following necessary elements to support a conspiracy count and should thus be stricken as a whole:

   a)    It fails to identify a product;

20

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

    b)      It fails to identify dates of exposure;

    c)      It fails to identify when, where and how Plaintiff was allegedly exposed to Defendant's products;

    d)      It fails to allege that exposure to Defendant's products was a substantial factor in acquiring lung cancer.

## COUNT V – LOSS OF CONSORTIUM

68.     Defendant repeats and re-alleges paragraphs 21-67 above, as if set out verbatim herein, in response to paragraph 49 [sic] of Plaintiffs' Petition.

68.     Paragraph 50 and Count V as a whole should be stricken for the following reasons:

    a)      Defendant does not know what is referred to by "forgoing acts or omissions of the Defendants", as no facts have been pled in Counts I through V regarding the acts or omissions of any Defendant;

    b)      No facts have been pled to support the conclusion of deprivation of companionship, society, and services.

WHEREFORE, Defendant, Lear Siegler Diversified Holdings Corp., a dissolved Delaware corporation (incorrectly named as LEAR-SIEGLER DIVERSIFIED HOLDINGS

Electronically Filed - City of St. Louis - March 15, 2023 - 08:40 AM

CORP., *successor in interest to* Lear Siegler, Inc., and Royal Industries, Inc.), prays for an Order of this Court dismissing Plaintiffs' Petition or, in the alternative, ordering Plaintiffs to make same more definite and certain.

<div style="text-align: center">

HEPLERBROOM LLC

</div>

By: */s/ Brenda G. Baum*
BRENDA G. BAUM          #38428
CARL J. GERACI          #46561
ALEX BELOTSERKOVSKY     #50757
hbasb@heplerbroom.com
Attorneys for Defendant
701 Market Street, Suite 1400
St. Louis, Missouri 63101
Phone:    (314) 241-6160
Fax:      (314) 241-6116
AB2

<div style="text-align: center">

**CERTIFICATE OF SERVICE**

</div>

The undersigned states that on the 15th day of March, 2023, the foregoing was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system upon all Counsel of Record, pursuant to the June 21, 2013 Administrative Order.

*/s/ Brenda G. Baum*

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL DISTRICT
(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | Cause No. 2322-CC00306 |
| | ) | (Asbestos Docket) |
| Plaintiffs, | ) | (Division No. 1) |
| | ) | Products Liability |
| -vs.- | ) | Personal Injury |
| | ) | Jury Trial Demanded |
| ABB, Inc., *et al.*, | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

    PLEASE TAKE NOTICE that on March 15, 2023, Defendant Nokia of America Corporation (formerly known as "Alcatel-Lucent USA Inc." and "Lucent Technologies, Inc."), as successor-in-interest to Western Electric Company, only for the purposes of the claims asserted in this action, improperly sued as "Western Electric Company, Inc." sent for filing its Motion to Dismiss Plaintiffs' Petition pursuant to Rules 55.05, 55.27 (a)(6), and 55.27(a)(2) of the Missouri Rules of Civil Procedure with the above-captioned court. A copy of said documents is enclosed herewith.

    The undersigned attorney certifies that a copy of the foregoing documents was served upon Plaintiffs' counsel and all other counsel of record via the Missouri Electronic Filing System on March 15, 2023.

                Respectfully submitted,

                /s/ Edward Casmere
                Edward Casmere (Missouri Bar No. 64326)
                ecasmere@rshc-law.com

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL DISTRICT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | Cause No. 2322-CC00306 |
| | ) | (Asbestos Docket) |
| Plaintiffs, | ) | (Division No. 1) |
| | ) | Products Liability |
| -vs.- | ) | Personal Injury |
| | ) | Jury Trial Demanded |
| ABB, Inc., *et al.,* | ) | |
| Defendants. | ) | |

**APPEARANCE & JURY DEMAND**

    **RILEY SAFER HOLMES & CANCILA LLP**, by the undersigned, enters an appearance in the above-captioned case on behalf of Defendant Nokia of America Corporation (formerly known as "Alcatel-Lucent USA Inc." and "Lucent Technologies, Inc."), as successor-in-interest to Western Electric Company, only for the purposes of the claims asserted in this action, improperly sued as "Western Electric Company, Inc." Defendant Nokia of America Corporation demands trial by a jury of twelve persons.

<div align="right">

/s/ Edward Casmere
Edward Casmere (Missouri Bar No. 64326)
ecasmere@rshc-law.com

</div>

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL DISTRICT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | Cause No. 2322-CC00306 |
| | ) | (Asbestos Docket) |
| Plaintiffs, | ) | (Division No. 1) |
| | ) | Products Liability |
| -vs.- | ) | Personal Injury |
| | ) | Jury Trial Demanded |
| ABB, Inc., *et al.,* | ) | |
| Defendants. | ) | |

**DEFENDANT NOKIA OF AMERICA CORPORATION'S**
**RULES 55.05, 55.27 (a)(6), AND 55.27(a)(2)**
**MOTION TO DISMISS PLAINTIFFS' PETITION**

Defendant Nokia of America Corporation (formerly known as "Alcatel-Lucent USA Inc." and "Lucent Technologies, Inc."), as successor-in-interest to Western Electric Company, only for the purposes of the claims asserted in this action, improperly sued as "Western Electric Company, Inc." (hereinafter "Nokia of America Corporation"), by and through its attorneys, Riley Safer Holmes and Cancila LLP, and pursuant to Rules 55.05, 55.27(a)(6), and 55.27 (a)(2) of the Missouri Rules of Civil Procedure, moves this Court to Dismiss Plaintiffs' Petition for Lack of Personal Jurisdiction and Failure to State a Claim. Nokia of American Corporation states the following in support:

**INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs Stuart Mott and Nancy Mott filed this action against various Defendants, including Nokia of America Corporation, alleging that Plaintiff Stuart Mott ("Mr. Mott") developed lung cancer as a result of his alleged exposure to asbestos from Defendants' products and premises. (*See generally* Petition). Plaintiffs allege that Mr. Mott was exposed to asbestos through his service in the U.S. Navy from 1964 to 1971 and from his civilian work as a general

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

contractor in 1971, as an air traffic controller from 1971 to 1981, as a car salesman from 1981 to 1983, as a goods salesman from 1983 to 1984, and owner of a used car dealership from 1984 to 1988. (*Id*., Jurisdiction, Venue, and General Allegations, ¶ 1).

Plaintiffs' claims against Nokia of America Corporation should be dismissed because: (1) this Court lacks personal jurisdiction over Nokia of America Corporation; and (2) Plaintiffs fail to state a claim for which relief may be granted. The Petition makes no claims regarding Nokia of America Corporation's place of incorporation or principal place of business. Nokia of America Corporation is a Delaware corporation with its principal place of business in New Jersey. (*See* Delaware Secretary of State Entity Details and New Jersey Secretary of State Business Entity Search Results, attached hereto and incorporated as **Exhibit A**). The Petition does not allege that Nokia of America Corporation has contacts that would allow the court to find Nokia of America Corporation at home in Missouri. Finally, there are no allegations that Nokia of America Corporation's conduct in Missouri had any impact, either directly or through inference, on the claims in the Petition. (*See generally* Compl.). Based on the foregoing, there are no grounds for this Court to exercise personal jurisdiction over Nokia of America Corporation in this action.

Plaintiffs fail to state a claim for which relief may be granted. Counts I, II, III, and V of the Petition based on theories of strict liability, negligence, willful and wanton misconduct, and loss of consortium are insufficiently pled against Nokia of America Corporation. Plaintiffs plead virtually no facts, relying only on conclusory statements in an attempt to assert claims against Nokia of America Corporation which is insufficient to satisfy Missouri's pleading requirements. Because Plaintiffs fail to state a claim upon which relief can be granted, the Petition must be dismissed.

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

**ARGUMENT**

I.    **THIS COURT LACKS PERSONAL JURISDICTION OVER NOKIA OF AMERICA CORPORATION IN THE CASE AT BAR**

Plaintiffs bear the burden of establishing that Missouri Courts have personal jurisdiction over this Defendant. *Wineteer v. Vietnam Helicopter Pilots Ass'n.*, 121 S.W.3d 277, 281 (Mo. Ct. App. 2003). Plaintiffs must allege facts to establish personal jurisdiction; legal conclusions are insufficient. MO. R. CIV. P. 55.05; *Gibson v. Brewer*, 952 S.W.2d 239, 245(Mo. 1997) (en banc); *City of Fenton v. Exec. Int'l Inc.*, 740 S.W.2d 338, 339 (Mo. Ct. App. 1987). Here, Plaintiffs have failed to meet their burden by completely failing to plead facts to establish jurisdiction. Plaintiffs do not, and cannot, claim Missouri is the place of incorporation, principal place of business, or has "continuous and systemic" contacts with the parties or cause of action as ground for Missouri Courts to have jurisdiction over their alleged cause of action. Therefore, this Court cannot exercise personal jurisdiction over Nokia of America Corporation in the case at bar.

a.    **There Is No Basis for the Exercise of General Jurisdiction.**

In *Daimler AG v. Bauman,* the United States Supreme Court established that a corporate defendant is subject to general jurisdiction only where the corporation's place of incorporation or principal place of business is located, except in the most "exceptional cases." 134 S. Ct. 746, 761 n.19 (2014). In such exceptional cases, a showing that the defendant has "done business" in, or even has substantial activity in the forum state, is not sufficient to establish general jurisdiction. *Id.* at 751. In fact, *Daimler* expressly rejected "the exercise of general jurisdiction in every State in which the corporation 'engages in substantial, continuous and systematic course of business.'"*Id.* at 761. Rather, the proper inquiry for whether a state court may exercise general jurisdiction over out-of-state corporations is whether "the corporation's affiliations with the State are so 'continuous and systematic' as to render the corporation essentially at home in the

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

forum State." *Id.* at 749 (quoting *Goodyear Dunlop Tires S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)). *See also State ex rel. Norfolk Southern Ry. V. Dolan,* 512 S.W.3d 41, 48 (2017) (Missouri Supreme Court adopting the position that "finding a corporation at home wherever it does business would destroy the distinction between general and specific jurisdiction, for 'a corporation that operates in many places can scarcely be deemed at home in all of them.'") (quoting *Daimler*,134 S. Ct. at 762 n.20 (2014)).

Nokia of America Corporation is incorporated in Delaware and its principal place of business is New Jersey. *See* **Ex. A**. Plaintiffs' Petition contains no allegations that Nokia of America Corporation has contacts with Missouri sufficient to allow the court to find it at home in Missouri. Thus, Plaintiffs have failed to establish general personal jurisdiction.

### b.   <u>There is No Basis for the Exercise of Specific Jurisdiction.</u>

Because Plaintiffs fail to plead general jurisdiction over Nokia of America Corporation, Plaintiffs must allege specific jurisdiction. Specific jurisdiction is "a more limited form of submission to a State's authority for disputes that 'arise out of or are connected with the activities within the state.'" *Int'l Shoe Co. v. Sate of Wash.*, 326 U.S. 310, 319 (1945). To subject a non-resident defendant to the long-arm jurisdiction of Missouri, the plaintiff must plead and prove two elements: (1) that the suit *arose from* any of the activities enumerated in Mo. Stat. §506.500. (Missouri long-arm statute); <u>*and*</u> (2) that the defendant has sufficient minimum contacts with Missouri to satisfy due process requirements. *Consol. Elec. & Mechs., Inc. v. Schuerman*, 185 S.W.3d 773, 776 (Mo. Ct. App. 2006) (emphasis added). The long-arm statute "extend[s] jurisdiction of the courts of this state over nonresident defendants to *the extent permissible* under the due process clause of the fourteenth amendment of the constitution of the United States." *Hollinger v. Sifers*, 122 S.W.3d112, 115 (Mo. Ct. App. 2003) (citing *State ex rel. K-Mart Corp.*

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

*v. Holliger*, 986 S.W.2d 165, 167-68 (Mo. 1999)).

The Supreme Court limits the exercise of specific personal jurisdiction to claims where an "affiliation between the forum and the underlying activities in the state" exists. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., et al*., No. 16-466, slip op. *5-7 (U.S. June 19, 2017) (quoting *Goodyear*, 564 U.S. at 919). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state. *Id.*; *see also Goodyear,* at 931, n.6. ("[E]ven regularly occurring sales of a product in a state does not justify the exercise of jurisdiction over a claim unrelated to those sales").

Plaintiffs fail to allege any activities connecting Nokia of America Corporation to the State of Missouri under the long-arm statute or otherwise. Plaintiffs further fail to allege that Plaintiffs' injuries arose from any conduct by Nokia of America Corporation in the State of Missouri. Therefore, this Court cannot exercise specific personal jurisdiction over Nokia of America Corporation based on this pleading. Plaintiffs' failure to establish their *prima facie* case for personal jurisdiction over Nokia of America Corporation warrants dismissal of Plaintiffs' Petition.

II.  **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND FAIL TO APPRISE NOKIA OF AMERICA CORPORATION OF THE NATURE AND BASIS OF THE ALLEGATIONS AGAINST IT**

Missouri is a fact pleading state. *Davis-by v. Missouri Dept. of Correction,* 944 S.W.2d 294, 296-97 (Mo. Ct. App. 1997). Fact pleading is designed to limit and define for the parties and the trial court the uncontroverted issues to be tried and to facilitate a trial on the merits. *Id.* Under Missouri Rule of Civil Procedure 55.05, a Petition must contain a short and plain statement of the facts showing that the plaintiff is entitled to relief. In order to recover against a defendant, plaintiff must plead and prove that a specific product attributable to defendants was a

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

substantial factor in causing the alleged harm. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Co.*, 854 S.W.2d 371, 379 (Mo. 1993); *Hagen v. Celotex*, 816 S.W.2d 667, 670 (Mo. 1991).

Plaintiffs' entire Petition makes conclusory allegations against Nokia of America Corporation, unsupported by factual allegations. Plaintiffs merely allege that Mr. Mott developed lung cancer as a result of his alleged exposure to asbestos. (*See generally* Petition). Plaintiffs allege that Mr. Mott was exposed to asbestos through his service with U.S. Navy from 1964 to 1971 and through his civilian work as a general contractor, salesman, and used car dealership owner at various sites from 1971 to 1988. The Petition fails to identify any alleged asbestos-containing products attributable to Nokia of America Corporation to which Mr. Mott was allegedly exposed, or a specific and identifiable property attributable to Nokia of America Corporation that allegedly caused his exposure. The Petition further fails to state when the alleged exposure occurred and how Nokia of America Corporation products and/or premises were a substantial factor in Mr. Mott's alleged injury. Therefore, Plaintiffs fail to state a claim against Nokia of America Corporation.

In Count I, Plaintiffs allege strict liability against defendants, including Nokia of America Corporation. To recover under a theory of strict liability in tort, a plaintiff must establish (1) the defendant sold the product in the course of its business; (2) the product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of the defective condition that existed when the product was sold. *Keener v. Dayton Elec. Mfg. Co.*, 445 S.W.2d 362, 364 (Mo. 1969). Because Plaintiffs have not alleged any facts regarding any alleged asbestos-containing products attributable to Nokia of America Corporation which

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

exposed Mr. Mott to asbestos or how any alleged asbestos-containing products proximately caused his injuries, Plaintiffs fail to state a claim under strict liability, and Count I must be dismissed.

In Count II Plaintiffs allege negligence against Defendants, including Nokia of America Corporation.  Pleading negligence requires Plaintiffs to establish through facts the elements of duty, breach, causation, and damages. *Nickel. v. Stephens Coll.,* 480 S.W.3d 390 (Mo. Ct. App. 2015). Plaintiffs do not identify any alleged asbestos-containing products attributable to Nokia of America Corporation, any specific premises of Nokia of America Corporation or attributable to Nokia of America Corporation, that is at issue, or how Nokia of America Corporation's actions caused Mr. Mott's alleged exposure. Without such facts, Plaintiffs cannot establish the required elements of duty, breach, or causation, as required under Missouri pleading standards.

In Count III, Plaintiffs allege willful and wanton misconduct against defendants, including Nokia of America Corporation. To recover under a theory of willful and wanton misconduct, plaintiffs must establish that the defendant intentionally acted to harm the plaintiff or that the defendant showed complete indifference to or conscious disregard for the plaintiff's safety. *Warner v. Sw. Bell Tel. Co.*, 428 S.W.2d 596, 603 (Mo. 1968). Plaintiffs fail to set forth any facts demonstrating that Nokia of America Corporation intentionally acted to harm Mr. Mott, or that Nokia of America Corporation showed complete indifference to or conscious disregard for his safety. Thus, Count III of the Petition fails to state a claim for willful and wanton misconduct and must be dismissed.

Count V, which claims loss of consortium, should also be dismissed. To recover for loss of consortium, there must be liability under the products liability claims. Because Counts I, II, and III fail to establish liability, the claim for loss of consortium also fails.

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

Accordingly, Counts I, II, III, and V of Plaintiffs' Petition should be dismissed.

<div align="center"><b><u>CONCLUSION</u></b></div>

WHEREFORE, for the reasons stated above, Defendant Nokia of America Corporation respectfully requests that this Court grant its Motion to Dismiss Pursuant to Missouri Rules of Civil Procedure 55.05, 55.27(a)(2) and 55.27(a)(6), dismiss the Petition with prejudice, and for such further relief that this Court deems just and proper.

Respectfully submitted,

/s/ Edward Casmere
Edward Casmere (Missouri Bar No. 64326)

**RILEY SAFER HOLMES & CANCILA LLP**
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
(312) 471-8701 (fax)

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

# EXHIBIT A

Electronically Filed - City of St. Louis - March 15, 2023 - 04:30 PM

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

<u>Allowable Characters</u>

| HOME | Entity Details |
|------|----------------|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

<u>File Number:</u>     **2565838**     <u>Incorporation Date /</u>   **11/29/1995**
                        <u>Formation Date:</u>   (mm/dd/yyyy)

<u>Entity Name:</u>     **NOKIA OF AMERICA CORPORATION**

<u>Entity Kind:</u>     **Corporation**     <u>Entity Type:</u>   **General**

<u>Residency:</u>     **Domestic**     State:   **DELAWARE**

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **CORPORATION SERVICE COMPANY** |
| Address: | **251 LITTLE FALLS DRIVE** |
| City: | **WILMINGTON**     County: **New Castle** |
| State: | **DE**     Postal Code: **19808** |
| Phone: | **302-636-5401** |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ◯ Status ◯ Status,Tax & History Information

[ Submit ]

[ View Search Results ]         [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

Search Types

Help (/DOR/BusinessNameSearch/Home/Help)

# Business Name Search

Required Fields [ * ]

## Search Criteria

**Business Name** *

nokia of america

Use "%" as a wildcard

Search →                              x Cancel (/DOR/BusinessNameSearch/)

**Show**

10 ▼

**entries**

| Business Name | Entity Id | Type |
|---|---|---|
| NOKIA OF AMERICA CORPORATION | 0100650027 | FR (Foreign For-Profit Corporation) |

Showing 1 to 1 of 1 entries                    « Previous   Next »

---

**Division of Revenue & Enterprise Services**

PO (Post Office) Box 450

Trenton, NJ (New Jersey) 08646-0303

**Support**

Division of Revenue & Enterprise Services Web Site (http://www.state.nj.us/treasury/revenue/)

Search Help (/DOR/BusinessNameSearch/Home/Help)

**Polices & Procedures**

Privacy Policy (https://www.njportal.com/ErrorPages/Privacy.aspx)

Accessibility Policy (https://www.njportal.com/ErrorPages/Accessibility.aspx)

Security Policy (https://www.njportal.com/ErrorPages/Security.aspx)

Legal Statements & Disclaimers (https://www.njportal.com/ErrorPages/Disclaimer.aspx)

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and | ) | |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2322-CC00306 |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SPECIAL AND LIMITED ENTRY OF APPEARANCE**

**COMES NOW** Daniel G. Donahue, Kevin J. Newton and the law firm of Foley & Mansfield, P.L.L.P., and hereby enter their Special and Limited appearance on behalf of Defendant, VIACOMCBS INC., N/K/A PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse").

Respectfully submitted,

By: ___/s/ Daniel G. Donahue___
Daniel G. Donahue - #34087
ddonahue@foleymansfield.com
Kevin J. Newton - #66449
knewton@foleymansfield.com
101 South Hanley Road, Suite 600
St. Louis, MO 63105
missouriasbestos@foleymansfield.com
Phone: 314-925-5700
Fax: 314-925-5701
**Attorneys for Defendant,**
**Paramount Global f/k/a ViacomCBS Inc., a Delaware corporation, f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

## CERTIFICATE OF SERVICE

  I certify that a copy of the foregoing was filed electronically with the Clerk of the Court via the Court's e-filing system this 16th day of March, 2023.

             _/s/ Daniel G. Donahue_

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and | ) | Case No. 2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 |
| | ) | ASBESTOS DOCKET |
| v. | ) | |
| | ) | PERSONAL INJURY |
| ABB, INC., et al., | ) | PRODUCTS LIABILITY |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**ANSWER TO PLAINTIFFS' PETITION**

Defendant ViacomCBS Inc., n/k/a Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse"), as its Answer to the Petition (hereinafter "Petition") of Plaintiffs ("Plaintiff" herein referred to singularly or plurally, living or deceased, possessively and/or in any such capacity as may apply) herein, states and alleges as follows:

1.      Pursuant to Mo. Rev. Stat. § 509.080, Westinghouse denies generally each and every allegation of matter, fact and thing against it contained in the Petition, unless otherwise admitted or qualified.

2.      Defendant admits that it is a corporation organized and existing under the laws of the State of Delaware, and that it has its principal place of business in the State of New York.

3.      Defendant admits that as Westinghouse, it conducted business in the State of Missouri.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

4.    Westinghouse specifically denies that it mined, milled, processed, manufactured, supplied, distributed, marketed or sold any products containing asbestos that are causally related to Plaintiff's alleged injuries and denies it otherwise caused or contributed to Plaintiff's alleged injuries.

5.    Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations against other defendants.

6.    Westinghouse lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations as to his marital status, residency, or his work history.

**DEFENSES**

1.    Westinghouse specifically denies the material allegations in the Petition to the extent they set forth allegations against Westinghouse, and put Plaintiff to his strict proof thereof. Westinghouse states that it is without sufficient information or knowledge to admit or deny the allegations contained in the Petition as such may apply to the other named defendants and refers all questions of law to the Court.

2.    Plaintiff's Petition fails to state a claim upon which relief can be granted.

3.    Plaintiff's claims are barred by the applicable statute of limitations and statute of repose, including, but not limited to, Mo. Rev. Stat. § 516.120, Mo. Rev. Stat.§ 516.097 and Mo. Rev. Stat. § 537.100. Pursuant to Missouri Rule of Civil Procedure  55.03(c)(3), Westinghouse reserves the right to seek application of these defenses  and is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

4.    While denying all allegations of negligence or other culpable conduct, Westinghouse alleges that Plaintiff was guilty of negligence or fault which was a proximate cause of any injury or damages alleged in the Petition barring Plaintiff's claims or, in the alternative, that

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

Plaintiff's comparative fault was to such an extent or degree so as to reduce Plaintiff's damages commensurately or proportionately with the degree of fault applicable to Plaintiff.

5.      Plaintiff or other person(s) misused and/or improperly used the product or products of Westinghouse, if any, for a purpose and in a manner which was unintended and unanticipated by Westinghouse.

6.      While denying all allegations of negligence or other culpable conduct on the part of Westinghouse, Westinghouse asserts that any damages allegedly sustained by the Plaintiff were caused by the negligence, breach of duty, and acts or omissions of parties or other persons other than Westinghouse over whom Westinghouse had no control and for which Westinghouse has no legal responsibility, which constitutes an intervening and/or superseding cause of Plaintiff's alleged injuries and/or damages.

7.      As to any products manufactured and distributed by Westinghouse to which Plaintiff alleges the decedent's exposure, which allegations have been and are hereby denied, such products were substantially altered from their original condition after the product left Westinghouse's control.

8.       Venue is not proper in the City of St. Louis, State of Missouri pursuant to R.S. Mo. §508.010; therefore, Westinghouse requests that this action be transferred to an appropriate venue.

9.       In the alternative, venue is improper and/or inconvenient and this case should be transferred or dismissed based on the doctrine of forum non conveniens.

10.      Westinghouse has fully complied with all applicable government laws, regulations and standards regarding manufacturing, sale or distribution of the products to which the Plaintiff allege his own exposure; Westinghouse has fully complied with all applicable government laws,

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

regulations and standards regarding packaging and labeling of said products, including but not limited to, labeling and publishing of cautionary instructions pertaining to the use of said products.

11.     Westinghouse has fully complied with all applicable industry standards and regulations regarding manufacturing, sale or distribution of the products to which Plaintiff alleges his own exposure; Westinghouse has fully complied with all applicable industry standards and regulations regarding packaging and labeling of said products, including, but not limited to, labeling and publishing of cautionary instructions pertaining to the use of said products.

12.     At all times alleged in Plaintiff's Petition, Plaintiff was aware of the hazardous nature and consequences that could have resulted from exposure to and the use of the products to which Plaintiff alleges his own exposure, but the Plaintiff voluntarily assumed the risk of working with, around or about said products.

13.     Additional persons or entities other than Westinghouse supplied products to which the Plaintiff alleges his own exposure used during Plaintiff's employment; such persons or entities are necessary to this action, such persons or entities have not been joined in this action, and complete and equitable resolution of this action cannot be made without the presence of such absent persons or entities.

14.     If Plaintiff was exposed to any product of Westinghouse, which Westinghouse denies, said exposure was so minimal, or *de minimus,* that it could not constitute a proximate cause of the alleged damage or injuries.

15.     While denying all allegations of negligence or other culpable conduct on the part of Westinghouse, it asserts that any damages allegedly sustained by the Plaintiff were caused by Plaintiff's own failure to mitigate damages.

16.     Plaintiff's claims are barred by the knowledgeable employer defense.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

17.     Westinghouse pleads that it is immune from civil liability of any form or nature in this matter under Missouri, or any other state's, worker's compensation statute if Plaintiff was an employee of defendant during the period of alleged exposure.  The said workers' compensation statute provides Worker's Compensation benefits for the disability of an employee if such resulted from injury or occupational disease incurred or sustained in the course of employment as an exclusive remedy.

18.     Plaintiff's claims are barred by the doctrine of laches.

19.     Westinghouse has fully complied with all applicable industry customs regarding the manufacture, sale and distribution of the products to which the Plaintiff alleges his own exposure and, further, have conformed to the state of the art regarding the manufacture, sale or distribution of products to which Plaintiff alleges his own exposure.

20.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendments V and XIV in that it seeks to take Westinghouse's property without due process of law.

21.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendments V and XIV in that it seeks to punish Westinghouse based on unconstitutionally based standards.

22.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendment XIV in that it would discriminate against Westinghouse on the basis of wealth in that different amounts can be awarded against different Defendants for the same act where the Defendants differ only in material wealth.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

23.     Plaintiff's claims for punitive damages are barred by U.S. Constitution Amendment VI in that it is penal in nature and seeks to punish Westinghouse based upon unconstitutionally based standards.

24.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 1(a), in that it is penal in nature and seeks to punish Westinghouse based upon unconstitutionally based standards.

25.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 19, in that it would expose Westinghouse to multiple punishments and fines for the same act.

26.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 2, in that it would discriminate against Westinghouse on the basis of wealth in that different amounts can be awarded against different Defendants for the same act where the Defendants differ only in material wealth.

27.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 21, and by U.S. Constitution Amendment VIII, in that it seeks to impose an excessive fine upon Westinghouse.

28.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 10, in that it seeks to take Westinghouse's property without due process of law.

29.     Plaintiff's claims for punitive damages are barred by Missouri Constitution Article I, Section 10, in that it seeks to punish Westinghouse based upon unconstitutionally based standards.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

30.     Westinghouse reserves the right to allege additional facts and circumstances in support of its defense as these facts may become known or otherwise available and to assert additional defenses as they become known or otherwise available.

31.     Westinghouse incorporates the defenses of other Defendants as they may be applicable to Westinghouse.

32.     Westinghouse contends that if Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised the claims herein, then accordingly said claims are barred.

33.     Pursuant to Mo. Rev. Stat. §  537.060, if the claims stated in Plaintiff's Petition have been settled, compromised or otherwise discharged, then Westinghouse is due a set off.

34.     If the Plaintiff alleges he was exposed to asbestos from a government specified product manufactured, sold, supplied or distributed by Westinghouse, then Plaintiff's claims are barred by the governmental contractor defense.  At all times relevant hereto, Westinghouse relied upon and complied with the standards and/or specifications of the United States Government or other governmental entities regarding the composition of any products specified by or sold, supplied or distributed to the United States Government.

35.     This Court lacks personal jurisdiction over this Defendant.  Pursuant to Missouri Rule of Civil Procedure  55.03(c)(3), Westinghouse reserves the right to seek application of this defense  and is likely to have evidentiary support after a reasonable opportunity for further investigation                                     or                                     discovery.

36.     This Court lacks jurisdiction over the subject matter of Plaintiff's Petition. Pursuant to Missouri Rule of Civil Procedure  55.03(c)(3), Westinghouse reserves the right to seek

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

application of this defense  and is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

37.     The Plaintiff and his employers, and any other person or entity other than Westinghouse, owning such products were sophisticated purchasers and users of the products identified in Plaintiff's Petition, who required no warnings in order to be fully apprised of the potential dangers of the use of such products.

38.     Pursuant to Mo. Rev. Stat. § 537.067.2, Westinghouse shall only be severally liable for the percentage of punitive damages, if any, for which fault is attributed to Westinghouse by the trier of fact.

39.     Westinghouse cannot be held liable to Plaintiff on the basis of joint and several liability for the fault or illegal conduct that may be attributable to another defendant or nonparty hereto.

40.     Because of the generality of the allegations in the Petition, Westinghouse reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Westinghouse prays that Plaintiff's action be dismissed against it and that Westinghouse be awarded its costs in this action.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

Respectfully submitted,


By:    */s/ Daniel G. Donahue*
      Daniel G. Donahue - #34087
      ddonahue@foleymansfield.com
      Kevin J. Newton - #66449
      knewton@foleymansfield.com
      101 South Hanley Road, Suite 600
      St. Louis, MO 63105
      missouriasbestos@foleymansfield.com
      Phone: 314-925-5700
      Fax: 314-925-5701
      **Attorneys for Defendant,**
      **Paramount Global f/k/a ViacomCBS Inc., a Delaware corporation, f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was filed electronically with the Clerk of the Court via the Court's e-filing system this 16th day of March, 2023.


         */s/ Daniel G. Donahue*

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and | ) | |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2322-CC00306 |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## VIACOMCBS INC., N/K/A PARAMOUNT GLOBAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; ALTERNATIVELY TO DISMISS FOR FAILURE TO STATE A CLAIM, OR FOR A MORE DEFINITE STATEMENT

NOW COMES Defendant, ViacomCBS Inc., n/k/a Paramount Global ("Westinghouse")[1], by and through its attorneys, Foley & Mansfield, P.L.L.P., and respectfully moves that this Court dismiss this action as to Westinghouse for lack of personal jurisdiction.  In the alternative, Westinghouse moves this Court to dismiss Plaintiff's Petition for failure to state a claim or to order Plaintiff to make the Petition more definite and certain and to identify which product, if any, Westinghouse allegedly manufactured from which asbestos fibers were allegedly emitted causing asbestos exposure.  In support of its motion to dismiss, Westinghouse states as follows:

1.      Plaintiff's Petition fails to establish this Court's personal jurisdiction, either general or specific, over Westinghouse, under the holding of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). The Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 131 S. Ct. 2846

---

[1] Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation f/k/a Viacom, Inc. is a successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

(2011) discussed the distinctions between specific and general jurisdiction. The Court stated, "A state court's assertion of jurisdiction exposes defendants to the State's coercive power, ad is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Id.* at 2850 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As the Court noted in *Daimler*, "the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction' . . .[ but] such contacts 'do  not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" 134 S. Ct. at 757. The Court specified, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760. Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

The Supreme Court directed in *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014), that to meet "minimum contacts" standards for specific jurisdiction, Plaintiff must establish that there relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the Plaintiff, or Plaintiff's decedent, "cannot be the only link between the defendant and the forum." *Id.*

Here, Defendant Westinghouse is neither "at home" in Missouri, nor has Plaintiff established any connection whatsoever between Missouri, the underlying claims, and Westinghouse. Westinghouse is incorporated in Delaware and its principal place of business is in New York.  Therefore, this Court lacks both specific and general personal jurisdiction over Defendant Westinghouse, and this Court should, dismiss Plaintiff's Petition against Westinghouse for lack of personal jurisdiction, either special or general.

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

2.      In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiff's Petition as insufficient under Missouri law. Plaintiff filed the instant Petition seeking damages against multiple defendants, including Westinghouse, for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.      The Petition, as written, fails to state a cause of action against Westinghouse because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Westinghouse which caused the alleged exposure.

4.      Missouri law provides for fact pleading not notice pleading. *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997).  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiff is entitled to relief. In order to recover against Westinghouse, the Plaintiff must plead and prove that a specific product attributable to Westinghouse was a substantial factor in causing the alleged harm. See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.      If recovery is allowed pursuant to Plaintiff's Petition, Westinghouse's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

6.      As written, the Petition simply makes conclusory allegations against Defendant Westinghouse which are not supported by any factual allegations. The Plaintiff has failed to set forth the specific job sites where Plaintiff was allegedly exposed to Westinghouse products, the

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

specific products to which Plaintiff, where in the chain of production Westinghouse is located, and the dates of exposure to these products.    Plaintiff must plead ultimate facts, per Rule 55.05, demonstrating such an entitlement and cannot rely on mere conclusions.   *Westphal v. Lake Lotawana Association, Inc*., 95 S.W.3d 144, 152 (Mo.App.2003).

7.      Further, Plaintiff's Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, Defendant, Westinghouse respectfully requests that this Court grant its Motion to Dismiss for Lack of Personal Jurisdiction, or, in the alternative, to dismiss the Petition because of failure to raise a claim against Westinghouse under Missouri law, or, to require Plaintiff to make more definite and certain allegations against Westinghouse, and for such further relief that this Court deems just and proper.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P.**

By:   */s/ Daniel G. Donahue*
        Daniel G. Donahue - #34087
        ddonahue@foleymansfield.com
        Kevin J. Newton - #66449
        knewton@foleymansfield.com
        101 South Hanley Road, Suite 600
        St. Louis, MO 63105
        missouriasbestos@foleymansfield.com
        Phone: 314-925-5700
        Fax: 314-925-5701
        **Attorneys for Defendant,**
        **Paramount Global f/k/a ViacomCBS Inc., a**
        **Delaware   corporation,   f/k/a   CBS**
        **Corporation, a Delaware corporation, f/k/a**
        **Viacom Inc., successor by merger to CBS**
        **Corporation, a Pennsylvania corporation,**
        **f/k/a Westinghouse Electric Corporation**

Electronically Filed - City of St. Louis - March 16, 2023 - 07:24 AM

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically with the Clerk of the Court via the Court's e-filing system this 16th day of March, 2023.

*/s/ Daniel G. Donahue*

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | No: 2322-CC00306 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Division No. 1 |
| vs. | ) | (Asbestos) |
| | ) | |
| AMPHENOL CORPORATION, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT AMPHENOL CORPORATION'S ENTRY OF APPEARANCE**

COME NOW Don W. Ward and Sandberg, Phoenix & von Gontard and enter their

appearance on behalf of Defendant Amphenol Corporation.

Respectfully submitted,

SANDBERG, PHOENIX & von GONTARD,
P.C.

*/s/ Don W. Ward*
Don W. Ward, #40193
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
(314) 231-3332; (314) 231-7604 (fax)
dward@sandbergphoenix.com
Attorneys for Defendant
Amphenol Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2023, the above and foregoing pleading was filed
electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic
Document Management System which will send a notice of electronic filing to all counsel of
record.

*/s/        Don W. Ward*
Attorneys for Defendant

21666068.v1

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | No: 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | Division 1 (Asbestos) |
| vs. | ) | |
| | ) | PERSONAL INJURY |
| AMPHENOL CORPORATION, et al., | ) | PRODUCTS LIABILITY |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## DEFENDANT AMPHENOL CORPORATION'S MOTION TO DISMISS INCLUDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT

Defendant Amphenol Corporation (hereafter "Defendant" or "Amphenol"), by its attorneys Sandberg Phoenix & von Gontard P.C. pursuant to Rule 55.27(a), moves this Court for an Order dismissing Plaintiffs' Petition Based on Lack of Personal Jurisdiction, and in support thereof, states as follows:

### FACTUAL BACKGROUND

1.      Plaintiffs filed this case against Defendant in the City of St. Louis on February 13, 2023.  Plaintiffs allege that Stuart Mott developed an asbestos-related illness based on his exposure to asbestos and was diagnosed with lung cancer on or about July 18, 2022.

2.      Plaintiffs allege that Plaintiff's service in the U.S. Navy from 1964 to 1971, and his employment as a contractor, air traffic controller, and car salesman in Florida, Iowa, and Nebraska exposed him to asbestos which caused him to develop lung cancer. *See* Petition, ¶ 1-2.

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

3.      Amphenol is incorporated in the State of Delaware with its principal place of business in Connecticut. Plaintiff has not alleged the sufficient facts required to establish general or specific personal jurisdiction over Amphenol in Missouri.

## ARGUMENT

4.      There are two types of personal jurisdiction, general and specific. Neither applies to Defendant in Missouri.

5.      General jurisdiction exists where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts within the forum, but the nonresident defendant's contacts with the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014), citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also*, *BNSF Railway Co. v. Kelli Tyrrell, et al.*, 137 S. Ct. 1549, 1558 (2017). The corporation's place of incorporation and principal place of business are the paradigm forums for general jurisdiction. *Daimler,* 134 S. Ct. at 761. *Daimler* applies to all state-court assertions of general jurisdiction over nonresident defendants; the Fourteenth Amendment due process constraints discussed in *Daimler* do not vary with the type of claim or business involved in the lawsuit.  *BNSF Railway Co.,* 137 S. Ct. at 1558. As a corporation incorporated in Delaware with its principal place of business in Connecticut, Amphenol is not subject to general jurisdiction in Missouri.

6.      A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler*, 134 S. Ct. at 754.  Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and the principles of due process are satisfied, i.e. where the defendant has "sufficient minimum

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

contacts" with Missouri out of which the claim arises. *Noble v. Shawnee Gun Shop, Inc*., 316 S.W.3d 364 (Mo. App. W.D. 2010). Plaintiffs have not alleged any specific activity by Amphenol in Missouri.

7.      After a defendant raises an objection to personal jurisdiction, the plaintiff bears the burden of showing the court's exercise of jurisdiction is proper. *State ex rel. PPG Indus., Inc. v. McShane,* 560 S.W.3d 888, 891 (Mo. banc 2018). The plaintiff cannot rely on mere conclusions and must allege facts to carry his burden. *City of Fenton v. Executive International Inn, Inc*. 740 S.W.2d 338, 339 (Mo. App. E.D. 1987). While plaintiffs do not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state." *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, a plaintiff "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *City of Fenton*, 740 S.W.2d at 339. *See also,* Judge Dierker's Order in *Smith v. Union Carbide Corp. et. al*., No. 1422-CC00457, dated January 12, 2015. Here, Plaintiffs have alleged no facts to show that either specific or general personal jurisdiction exists over Amphenol; therefore, Plaintiffs' action should be dismissed.

**I.      This Court Lacks General Jurisdiction Over Amphenol.**

8.      The Missouri Supreme Court acknowledged that the test for general jurisdiction set out in *Daimler* is also the law of Missouri, and the prior test of "continuous and systematic" business is no longer valid. *Norfolk Southern Railway Co. v. Dolan,* 512 S.W.3d 41 (Mo. banc. 2017). Under *Daimler* and *Goodyear*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct at 760. In the case of a corporation, it is the corporation's place of incorporation and principal place of business that

21666083.v1

2322-CC00306

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

are paradigm forums for general jurisdiction. *Id.,* citing *Goodyear,* 131 S. Ct. at 2853-2854. These two locations "have the virtue of being unique … each ordinarily indicates only one place" and are "easily ascertainable." *Id.*

9.      A state may have general jurisdiction over a defendant if that "corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.*  However, the "exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping." *Id.* "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*, at 762 n. 20; *see also, BNSF Railway Co.*, 137 S.Ct at 1558. Otherwise, this "at home" test would be synonymous with the "doing business" tests that have framed a specific jurisdiction analysis.  *Id.*  "Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id.*

10.      *Daimler* concerned a lawsuit by foreign plaintiffs brought against a foreign defendant, DaimlerChrysler Aktiengensellschaft, in California over events that occurred outside of the United States.  134 S.Ct. at 750-751. The plaintiffs argued that there was general personal jurisdiction over Daimler in California because it had an indirect subsidiary, Mercedes-Benz USA LLC ("MBUSA"), that did business in California with multiple California based facilities. *Id.*, at 752.  The Court noted that neither Daimler nor MBUSA was incorporated or had a principal place of business in California. *Id.*, at 761. Importantly, the Court held that even if it was assumed that a subsidiary's jurisdiction could be imposed upon the parent company, MBUSA's California contacts were not sufficient to make Daimler "at home" in California. *Id.*, at 761.

2322-CC00306

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

11.     In *BNSF Railway Co. v. Tyrell*, the Supreme Court reinforced the general personal

jurisdiction requirements it described in *Daimler*.  In *BNSF*, the plaintiffs sued defendant in

Montana for injuries they allegedly sustained from working for BNSF.  *BNSF Railway Co.*, 137

S.Ct. at 1554.  BNSF had railroad tracks and employees in Montana, but the plaintiffs did not

allege any injuries from work done in Montana, and they never worked for the defendant in

Montana. *Id*.  BNSF was not incorporated in Montana and did not have its principal place of

business in Montana. *Id*.  The Court held Montana did not have general jurisdiction over BNSF,

because its in-state activity (i.e. conducting business in the state) alone was not so continuous

and systematic to deem the corporation "at home" in Montana.  *Id*., at 1558.

12.     Three months earlier, under facts similar to those in *BNSF Railway,* the Missouri

Supreme Court also found no general jurisdiction in *Norfolk Southern Railway Co.,*, 512 S.W.3d

41. An out-of-state employee sued Norfolk for injuries that occurred outside of Missouri. *Id*., at

45. Norfolk had track in Missouri and was registered to do business in Missouri, but it was

incorporated and had its principal place of business outside of Missouri.  *Id*., at 44. The Court

held its Missouri contacts were insufficient to establish general jurisdiction under the principles

set out in *Daimler*. *Id*., at 48. Missouri federal courts have similarly applied *Daimler* in finding

no general jurisdiction. *See, e.g., Mitchell v. Eli Lilly and Co.*, 159 F. Supp.3d 967 (E.D. Mo.

2016); *Beard v. Smithkline Beecham Corp.*, 2016 WL 1746113 (E.D. Mo. 2016).

13.     Judge Dierker in this Circuit has also dismissed a defendant under a *Daimler*

analysis in *Smith v. Union Carbide Corp.*, No. 1422-CC00457, opinion dated January 12, 2015.[1]

Plaintiff brought suit against DuPont alleging exposure to asbestos attributable to DuPont that

occurred in Oklahoma. *Id.,* at 1. DuPont was incorporated in and had its principal place of

---

[1] *See also*, Judge Dierker's opinion in *Moore v. Genuine Parts Company*, No. 1722-CC00708, opinion dated
October 31, 2017

21666083.v1

2322-CC00306

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

business in Delaware. *Id.,* at 3, 6. The Court found that specific jurisdiction was improper as the claims did not arise out of any of DuPont's contacts with Missouri. *Id.,* at 3.  While DuPont had a subsidiary headquartered in Missouri, the Court cited to *Daimler* and noted that "two different corporations are two different persons . . . even if one corporation is the sole shareholder of the other." *Id.,* at 6.  The Court held that general jurisdiction was improper because DuPont was not incorporated in Missouri and did not have its principal place of business in Missouri. *Id.,* at 6.

14. In the case at hand, general personal jurisdiction does not exist over Amphenol. Amphenol is not incorporated in Missouri, and it does not have its principal place of business in Missouri. Nor does Amphenol have sufficient "continuous and systematic" contacts with Missouri to render it "at home" under the reasoning of *Daimler* and *Norfolk Southern*.

**II.     This Court Lacks Specific Jurisdiction Over Amphenol.**

15. Specific jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851; *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S.Ct. 1773, 1780 (2017). The commission of certain acts "in a State may be sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections." *Id.*, at 2853 (*citing Int'l Shoe*, 326 U.S. 310, 318 (1945)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also*, *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. banc. 2015).

16. For a nonresident defendant to be subject to specific personal jurisdiction in Missouri, the claims against the defendant must arise out of the activities enumerated in the

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

Missouri long-arm statute and the defendant must have sufficient minimum contacts with Missouri to satisfy the principles of due process. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997); *State ex rel. LG Chem., LTD. v. Watkins Laughlin*, 2020 WL 2845764 *2, n. 2 (Mo. banc. 2020).  The relevant portion of Missouri's long-arm statute states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state;
> (4) The ownership, use, or possession of any real estate situated in this state.

RSMo. § 506.500.

17.     Where a claim does not arise out of one of the activities enumerated in the long-arm statute, there is no specific personal jurisdiction over the defendant. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 at 415–16 (1984). A defendant must have "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1780.  For a state court to properly have specific jurisdiction and satisfy due process, the defendant must have at least one contact with the state and the cause of action being pursued must arise out of that contact. *LG Chem*, 2020 WL 2845764 *2 citing *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 494 (Mo. banc 2019).

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

18.     *Bristol–Myers Squibb* illustrates the vigorous enforcement of the requirement that the plaintiff's specific claim arises from or be connected to the defendant's forum contacts. This case involved hundreds of product-liability claims where the nonresident manufacturer (BMS) had marketed a prescription medication (Plavix) nationwide. *Bristol–Myers Squibb*, 137 S.Ct. 1777–78. BMS did not dispute jurisdiction for the claims of 86 California residents who "were prescribed, obtained, and ingested Plavix in California" as an alleged result of BMS's marketing of Plavix in California.  *Id.* But there was no specific jurisdiction over claims by 592 plaintiffs that arose from Plavix that BMS marketed elsewhere, that was prescribed, purchased, ingested, and allegedly caused injury outside California. *Id.,* at p. 1781. Indeed, the U.S. Supreme Court rejected the plaintiffs' and the California Supreme Court's reliance on BMS's ample contacts in California, which included five research and laboratory facilities with some 160 employees, another 250 or so sales representatives, and California Plavix sales exceeding $900 million over six years.  *Id.* at pp. 1778, 1781.  The U.S. Supreme Court repudiated that theory for asserting specific jurisdiction as "a loose and spurious form of general jurisdiction." *Id.*

19.     In *Norfolk Southern Railway Co. v. Dolan*, the Missouri Supreme Court found no specific jurisdiction existed where defendant conducted railroad activities in Missouri, but the plaintiff was injured in Indiana by his work related to defendant's railroad in Indiana.  512 S.W.3d 41. While plaintiff argued that the injury arose out of the same "type" of railroad activities that defendant engaged in in Missouri, the Court stated that to "say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head. There would never be a need to discuss general jurisdiction." *Id*., at 49. *See generally, Estate of Jacqueline Fox v. Johnson & Johnson*, 539

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

S.W.3d 48 (Mo. App. W.D. 2017); *see also*, *Robert R. Suttles v. CBS*, No. 1622-CC00332, Judge Moriarty's opinion dated August 9, 2017.

20.     Recently, in *LG Chem*, a plaintiff was allegedly injured by a battery in Missouri; however, there was no specific jurisdiction over the Korean manufacture of the batteries when an independent third party was the party that distributed them into Missouri.  *LG Chem,* 2020 WL 2845764. "It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis." *Id*., citing *PPG Indus.,* 560 S.W.3d at 893 n.5.  As the plaintiff did not show any contacts with Missouri of LG Chem from which the injury arose from, the plaintiff did not carry his burden of establishing personal jurisdiction. *Id*., at *3.

21.     Here, Plaintiffs have pled no facts to establish specific personal jurisdiction over Amphenol. Plaintiffs merely state that each "defendant is a amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and/or by reason of having committed tortuous acts against Plaintiffs in Missouri."  *See* Petition, ¶ 6.

22.     Plaintiffs have failed to show that his claims against Defendant arose out of any contacts with Missouri or any tortious act committed by Defendant in Missouri, and thus Plaintiffs cannot establish specific personal jurisdiction over Defendant in this Court. Therefore, Plaintiffs' claims against Defendant should be dismissed.

**III.     Defendant Has Not Consented to Jurisdiction in Missouri**.

23.     Finally, Defendant has not consented to jurisdiction in Missouri.  Defendant has timely and properly objected to the lack of personal jurisdiction in this case.  Defendant has no

21666083.v1

2322-CC00306

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

registered agent in Missouri and even if it did, the Missouri Supreme Court has held that merely

having a registered agent in Missouri "does not provide an independent basis for broadening

Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities

when the usual bases for general jurisdiction are not present." *Norfolk Southern,* 512 S.W.3d. at

52.   Therefore, Defendant has in no way consented to jurisdiction in Missouri.

### IN THE ALTERNATIVE, AMPHENOL MOVES THAT THE COURT DISMISS PLAINTIFFS' PETITION FOR THE FOLLOWING:

24.     Alternatively, Amphenol, pursuant to Rule 55.27 of the Missouri Rules of Civil

Procedure, moves this Court for an Order dismissing Plaintiffs' Petition for the following

reasons:

25.     That the Petition fails to state a cause of action and fails to state claims upon which

relief can be granted.  Where a plaintiff fails to state facts showing that plaintiff is entitled to relief,

the petition should be dismissed.  *Jones v. St. Charles Cnty.*, 181 S.W.3d 197, 202 (Mo. App. E.D.

2005); *Int'l Div., Inc. v. DeWitt & Associates, Inc.,* 425 S.W.3d 225, 229 (Mo. App. S.D. 2014)

(citing "a properly pleaded cause of action requires allegations of fact to support each essential

element of the cause pleaded"); *see Whipple v. Allen*, 324 S.W.3d 447, 451 (Mo. App. E.D.

2010); *see Vaughn v. Genasci*, 323 S.W.3d 454, 456 (Mo. App. E.D. 2010).

26.     That the Petition makes only conclusory allegations and fails to identify with

sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to

Amphenol's alleged products and/or premises.  Where a petition contains only conclusions and

does not contain facts or allegations from which to infer those facts, a motion to dismiss is properly

granted.  *Amesquita v. Gilster-Mary Lee Corp.,* 408 S.W.3d 293, 298 (Mo. App. E.D. 2013);

*Stein v. Novus Equities Co.,* 284 S.W.3d 597, 602 (Mo. App. E.D. 2009); *Bramon v. U-Haul, Inc*.,

945 S.W. 2d 676, 679 (Mo. App. E.D. 1997).

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

27.     To the extent the petition alleges that Plaintiff was an employee of Amphenol, Plaintiffs' cause of action is barred against Amphenol by the exclusivity provisions of the Workers' Compensation Act as set forth in RSMo. § 287.120 and/or any other state's applicable law.

28.     That the Petition fails to allege that any exposure is a substantial factor in the proximate causation of Plaintiff's injuries.  *Hagen v. Celotex Corp*., 816 S.W.2d 667, 670 (Mo. banc. 1991); *Nesslerode v. Executive Beachcraft, Inc.,* 707 S.W.2d 371, 375-376, 381-382 (Mo. banc. 1986); *see also*, *Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 247 (Mo. banc. 1984).

29.     That the statute of limitations as set forth in § 516.120 RSMo. and/or any other applicable state's law has expired.

30.     Plaintiffs' petition is barred by the statute of repose inasmuch as § 516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than ten (10) years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

31.     That the case should be transferred for improper venue pursuant to §508.010 RSMo.

32.     In the alternative, this case should be dismissed pursuant to the doctrine of *forum non conveniens*, as a more convenient forum exists in which to litigate this matter, and the interests of justice demand that this case be transferred for the convenience of all parties. *State ex. Rel. Chicago, Rock Island and Pacific Railroad Company v. Reiderer*, 454 S.W.2d 36 (Mo. banc. 1970); *Skewes v. Masterchem Industries, Inc.,* 164 S.W.3d 92 (Mo. App. E.D. 2005); *Chandler v. Multidata Systems International Corp.*, 163 S.W.3d 537 (Mo. App. E.D. 2005).

2322-CC00306

33.     The sole proximate cause of Plaintiff's claimed injury was exposure to asbestos-containing products, equipment and/or materials manufactured, sold, distributed and/or installed by other entities.

34.     If, at the time of trial, it is shown that Plaintiff used products manufactured, supplied, distributed, or sold by Amphenol and said products, or a portion thereof,  were supplied or sold to the United States Government or an officer, representative or agent thereof, or if those products were supplied or sold by the United Stated Government, Amphenol raises any immunity from suit or from liability as conferred by the United States Government, and specifically moves to dismiss this claim based on the government contractor defense.

35.     To the extent that Plaintiffs have previously recovered any of their damages by way of settlement or judgment, Amphenol is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. § 537.060 and all other applicable state's statutes and Supreme Court Rules.

36.     To the extent that Plaintiffs' Petition alleges conspiracy allegations against this Defendant, those allegations are insufficient as a matter of law.  Plaintiffs fail to state a cause of action, as there are no facts which allege anything more than parallel conduct without active participation by this Defendant.

37.     To the extent that this Petition claims successor liability against this Defendant, the Plaintiffs fail to allege sufficient facts to state a cause of action for successor liability.

WHEREFORE, Defendant Amphenol Corporation, moves this Honorable Court for an Order dismissing all counts against it and for any other relief the Court deems as just based on the foregoing.

2322-CC00306

21666083.v1

Electronically Filed - City of St. Louis - March 16, 2023 - 03:35 PM

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.


/s/ *Don W. Ward*___
Don W. Ward, #40193
600 Washington Ave, 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 (Fax)
dward@sandbergphoenix.com

**Attorneys for Defendant**
**Amphenol Corporation**


## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2023, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.


/s/      *Don W. Ward*_____
Attorneys for Defendant

21666083.v1

2322-CC00306

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

013394.0016

# IN THE CIRCUIT COURT
# STATE OF MISSOURI
# TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

STUART MOTT and NANCY MOTT,     )
his wife,     )
     )  Cause No. 2322-CC00306
     Plaintiffs,     )
     )  DIVISION 1
vs.     )
     )  JURY TRIAL DEMANDED
ABB, INC., et al.,     )
     )
     Defendants.     )

## *APPEARANCE

The undersigned, as attorney, enters the appearance of defendant

J.P. Bushnell Packing Supply Co.

*Defendant demands trial by jury.

/s/ Jaudon R. Godsey
Jaudon R. Godsey #48693
Matthew R. Fields #50561
Cary A. Press #67530
Douglas M. Sinars #64661

Name:     Sinars Slowikowski Tomaska LLC
Attorney for:     Defendant, *J.P. Bushnell Packing Supply Co.*
Address:     55 West Monroe Street, Suite 4000
City:     Chicago, Illinois 60603
Telephone:     (312) 767-9790
Email:     jgodsey@sinarslaw.com

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the court to be in default for failure to plead.

/s/ Jaudon R. Godsey
Jaudon R. Godsey #48693
Matthew R. Fields #50561
Cary A. Press #67530
Douglas M. Sinars #64661

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

013394.0016

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUAR T MOTT and NANCY MOTT, his wife, ) | |
| ) | Cause No. 2322-CC00306 |
| Plaintiffs, ) | |
| ) | Division 1 |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| ABB, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' PETITION**

Defendant J.P. BUSHNELL PACKING SUPPLY CO., (hereinafter referred to as "J.P.
Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, for its answer to
Plaintiffs' Petition, states as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.      J.P. Bushnell is without sufficient knowledge with which to form a belief as to the
truth of the allegations contained in Paragraph 1 of the "Jurisdiction, Venue, and General
Allegations" of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.

2.      J.P. Bushnell denies each and every allegation contained in Paragraph 2 of the
"Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition as it pertains to this
Defendant only.  Further answering, J.P. Bushnell denies that any item it allegedly "sold,
distributed or installed" has any relevance to this suit.

3.      J.P. Bushnell objects to the legal conclusions contained in Paragraph 3 of the
"Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the
same.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

Paragraph 3 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition as it pertains to this Defendant only.  Further answering, J.P. Bushnell denies that any item it allegedly "sold, distributed" has any relevance to this suit.

4.      J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations contained in Paragraph 4 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the same as it pertains to this Defendant only and demands strict proof thereof.

5.      J.P. Bushnell objects to the legal conclusions contained in Paragraph 5 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the same.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.

6.      J.P. Bushnell denies that it contributed to Plaintiffs' alleged injuries in any way. J.P. Bushnell objects to the legal conclusions contained in Paragraph 6 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the same.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 6 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition as it pertains to this Defendant only.

7.      J.P. Bushnell objects to the legal conclusions contained in Paragraph 7 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition and therefore denies the same.  J.P. Bushnell denies that any item it allegedly "sold, distributed and/or installed" has any relevance to this suit.  Further answering, J.P. Bushnell denies each and every remaining allegation

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

contained in Paragraph 7 of the "Jurisdiction, Venue, and General Allegations" of Plaintiffs' Petition as it pertains to this Defendant only.

## COUNT I
## STRICT LIABILITY

8.      J.P. Bushnell adopts and restates its answers to Paragraphs 1 through 7 of Plaintiffs' Petition as its answer to Paragraph 8 of Count I of Plaintiffs' Petition.

9.      J.P. Bushnell denies each and every allegation contained in Paragraph 9 of Count I of Plaintiffs' Petition, including each and every allegation made in sub-paragraphs (a) through (c), as it pertains to this Defendant only.

10.     J.P. Bushnell denies each and every allegation contained in Paragraph 10 of Count I of Plaintiffs' Petition as it pertains to this Defendant only.

11.     J.P. Bushnell denies each and every allegation contained in Paragraph 11 of Count I of Plaintiffs' Petition as it pertains to this Defendant only.

12.     J.P. Bushnell denies that it was a direct and proximate cause of the alleged injuries and damages.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding injuries and damages contained in Paragraph 12 of Count I of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 12 of Count I of Plaintiffs' Petition as it pertains to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Plaintiffs are entitled to a judgment against this Defendant in the sum of any amount whatsoever and this Defendant prays that Plaintiffs' cause of action be dismissed and that judgment be entered in favor of J.P. Bushnell and against Plaintiffs.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

## COUNT II
## NEGLIGENCE

13.     J.P. Bushnell adopts and restates its answers to Paragraphs 1 through 12 of Plaintiffs' Petition as its answer to Paragraph 13 of Count II of Plaintiffs' Petition.

14.     J.P. Bushnell denies each and every allegation contained in Paragraph 14 of Count II of Plaintiffs' Petition as it pertains to this Defendant only.

15.     J.P. Bushnell denies each and every allegation contained in Paragraph 15 of Count II of Plaintiffs' Petition as it pertains to this Defendant only.

16.     J.P. Bushnell denies each and every allegation contained in Paragraph 16 of Count II of Plaintiffs' Petition as it pertains to this Defendant only.

17.     J.P. Bushnell objects to the legal conclusions contained in Paragraph 17 of Count II of Plaintiffs' Petition and therefore denies the same.  J.P. Bushnell states that it acted in accordance with all legal duties imposed upon it by law.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 17 of Count II of Plaintiffs' Petition as it pertains to this Defendant only.

18.     J.P. Bushnell denies each and every allegation contained in Paragraph 18 of Count II of Plaintiffs' Petition, including each and every allegation made in sub-paragraphs (a) through (g), as it pertains to this Defendant only.

19.     J.P. Bushnell denies that it was a direct and proximate cause of the alleged injuries and damages.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding injuries and damages contained in Paragraph 19 of Count II of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 19 of Count II of Plaintiffs' Petition as it pertains to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Plaintiffs are entitled to a judgment against this Defendant in the sum of any amount whatsoever and this Defendant prays that Plaintiffs' cause of action be dismissed and that judgment be entered in favor of J.P. Bushnell and against Plaintiffs.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

<u>COUNT III</u>
<u>WILLFUL AND WANTON MISCONDUCT</u>

20.     J.P. Bushnell adopts and restates its answers to Paragraphs 1 through 19 of Plaintiffs' Petition as its answer to Paragraph 20 of Count III of Plaintiffs' Petition.

21.     J.P. Bushnell denies each and every allegation contained in Paragraph 21 of Count III of Plaintiffs' Petition, including each and every allegation made in sub-paragraphs (a) through (g), as it pertains to this Defendant only.

22.     J.P. Bushnell denies that it was a direct and proximate cause of the alleged injuries and damages.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding injuries and damages contained in Paragraph 22 of Count III of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 22 of Count III of Plaintiffs' Petition as it pertains to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Plaintiffs are entitled to a judgment against this Defendant in the sum of any amount whatsoever and this Defendant prays that Plaintiffs' cause of action be dismissed and that judgment be entered in favor of J.P. Bushnell and against Plaintiffs.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

**COUNT IV**
**CONSPIRACY**

23.     J.P. Bushnell adopts and restates its answers to Paragraphs 1 through 22 of Plaintiffs' Petition as its answer to Paragraph 23 of Count IV of Plaintiffs' Petition.

24.     J.P. Bushnell denies each and every allegation contained in Paragraph 24 of Count IV of Plaintiffs' Petition as it pertains to J.P. Bushnell only.

25.     J.P. Bushnell denies that it was a direct and proximate cause of the alleged injuries and damages.  Further answering, J.P. Bushnell is without sufficient knowledge with which to form a belief as to the truth of the allegations regarding injuries and damages contained in Paragraph 25 of Count IV of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 25 of Count IV of Plaintiffs' Petition as it pertains to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Plaintiffs are entitled to a judgment against this Defendant in the sum of any amount whatsoever and this Defendant prays that Plaintiffs' cause of action be dismissed and that judgment be entered in favor of J.P. Bushnell and against Plaintiffs.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

**COUNT V**
**LOSS OF CONSORTIUM**

49. [sic] J.P. Bushnell adopts and restates its answers to Paragraphs 1 through 25 and Counts I through IV of Plaintiffs' Petition as its answer to Paragraph 49 [sic] of Count V of Plaintiffs' Petition.

50. [sic] J.P. Bushnell denies that it was a direct and proximate cause of the alleged injuries and damages.  Further answering, J.P. Bushnell is without sufficient knowledge with which to

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

form a belief as to the truth of the allegations regarding injuries and damages contained in Paragraph 50 [sic] of Count V of Plaintiffs' Petition and therefore denies the same and demands strict proof thereof.  Further answering, J.P. Bushnell denies each and every remaining allegation contained in Paragraph 50 [sic] of Count V of Plaintiffs' Petition as it pertains to this Defendant only.

WHEREFORE, Defendant J.P. BUSHNELL PACKING SUPPLY CO. denies that Plaintiffs are entitled to a judgment against this Defendant in the sum of any amount whatsoever and this Defendant prays that Plaintiffs' cause of action be dismissed and that judgment be entered in favor of J.P. Bushnell and against Plaintiffs.

THIS DEFENDANT DEMANDS TRIAL BY JURY.

## AFFIRMATIVE DEFENSES

Defendant J.P. BUSHNELL PACKING SUPPLY CO., (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, while continuing to deny liability to Plaintiffs and without prejudice to its Answer set forth above, for its affirmative defenses to Plaintiffs' Petition, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Petition fails to state a claim against this Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture any asbestos-containing products that are at issue in this case.

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

### THIRD AFFIRMATIVE DEFENSE

J.P. Bushnell did not manufacture products; it only supplied products manufactured by others. Thus, the only potential liability against J.P. Bushnell is based on J.P. Bushnell's status as a seller in the stream of commerce. As such, recovery against J.P. Bushnell should be barred pursuant to Missouri Revised Statute §537.762.

### FOURTH AFFIRMATIVE DEFENSE

J.P. Bushnell denies that it was a proximate cause of the alleged injuries. Plaintiff Stuart Mott ("Plaintiff") (and those from whom secondary exposure is alleged) worked with or around many other sources of asbestos exposure. *See Generally Plaintiffs' Petition*. These other cumulative exposures are the sole proximate cause of the alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was exposed to asbestos-containing products manufactured, sold, or distributed by J.P. Bushnell, which is denied, then such exposure was inconsequential or *de minimis*, thus barring any recovery by Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were caused by his failure (and the failure of those from whom secondary exposure is alleged) to exercise due care and caution for his own safety by one or more of the following acts or omissions:

(a) Altered, modified or used products allegedly manufactured, sold, or distributed by J.P. Bushnell in a manner which could not be reasonably anticipated;

(b) Used products allegedly produced by J.P. Bushnell for a purpose not intended by J.P. Bushnell;

(c) Failed to exercise safe work practices, including those which would minimize the creation of dust particles from the use of asbestos-containing products;

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

(d)     Ignored warnings and instructions regarding the handling and installation of said products;

(e)     Exposed himself/herself to, or failed to discontinue his/her exposure to, known causes of lung impairment other than asbestos; including smoking cigarettes.

(f)     Failed to use protective masks or respirators while working in the vicinity of industrial insulation materials; and

(g)     Failed to adhere to the safety regulations and work practices required by the Occupational Safety and Health Administration (OSHA).

Under a theory of negligence and/or strict liability, Plaintiffs' recovery, if any, must be reduced in an amount commensurate with the percentage of fault attributable to the failure of Plaintiff (and those from whom secondary exposure is alleged) to exercise due care and caution for his own safety and the Court should therefore deny recovery or assess the percentages of fault under the doctrines of comparative fault, comparative causation, and comparative indemnity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer to have Defendant be held jointly and severally liable is contrary to the provisions of Missouri Revised Statute §537.067.  Joint and several liability is unconstitutional as applied to the facts of this case whether enacted by the legislature or founded upon the decisions of the Missouri courts.  Joint and several liability is unconstitutional because recovery of damages by Plaintiffs against this Defendant in excess of Defendant's share would violate substantive due process, as afforded in the federal courts under the Fifth Amendment to the United States Constitution, and as applied to state courts via the Fourteenth Amendment, in that this Defendant would be subject to a penalty above and beyond its causal fault.

Recovery of such damages by Plaintiffs is unconstitutional under the provisions of the Constitution of the State of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

and 21, and of the United States Constitution, including the Fifth, Eighth and Fourteenth Amendments. Further, such damages are precluded because they would subject this Defendant to excessive fines and punishment and is a violation of due process. Such damages are also precluded under Missouri Revised Statute §400-001.106.

## EIGHTH AFFIRMATIVE DEFENSE

Recovery of punitive damages by Plaintiffs is unconstitutional under the provisions of the Constitution of Missouri of 1945, including Article I, Bill of Rights, Sections 10, 19, and 21, and of the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments. Further, such damages are precluded because the standards for recovery of the same are too vague to give notice of the conduct prohibited, and they subject Defendant to multiple jeopardy, excessive fines, and unusual punishment and would be a violation of due process. Such damages are also precluded under Missouri Revised Statute §400.1-106.

Further, recovery of punitive damages by Plaintiffs in this case violates procedural due process, as afforded in the federal courts under the Fifth Amendment, as applied to state courts via the Fourteenth Amendment, and under the Constitution of the State of Missouri, in the absence of the following procedural safeguards:

(a) Bifurcation of compensatory and punitive damage issues, in order to avoid unnecessary confusion, prejudice or delay;

(b) Application of a higher standard of proof, either "beyond a reasonable doubt," or "clear and convincing," to the punitive damages issue, since the consequences of a punitive award are similar to those associated with criminal sanctions;

(c) Some procedure or standard, whether fixed, proportional or within judicial discretion, limiting the amount of the punitive award;

(d) The right to a speedy trial, the requirement of unanimous verdict, the prohibition against double jeopardy, and freedom from self-

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

incrimination during the discovery process and at trial, all of which are afforded to defendants facing criminal sanctions.

Plaintiffs' claims for punitive damages are barred for the above reasons. Further, an award of punitive damages would be contrary to the public policy of this State.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against this Defendant should be dismissed pursuant to Rule 52.04 for failure to join one or more indispensable parties, including but not limited to bankrupt entities or other entities who may be liable for the alleged injury, in that the absence of these parties leaves this Defendant subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## TENTH AFFIRMATIVE DEFENSE

If Missouri substantive law applies, then pursuant to Revised Missouri Statute §537.060, any agreement by release, covenant not to sue, or covenant not to enforce a judgment given in good faith by Plaintiffs to any person or entity allegedly liable for the same injuries claimed in this action shall reduce Plaintiffs' claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.  Defendant is currently unaware of any such agreements between Plaintiffs and a party or nonparty.  As such, the precise identity of all the entities with whom Plaintiffs may have entered into settlement agreements, the terms of the settlement agreements, and the amount of those settlements, are not known to Defendant at this time.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and repose including, but not limited to, Revised Missouri Statutes §516.120, §516.097, §537.100.

## TWELFTH AFFIRMATIVE DEFENSE

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

Plaintiffs' claims are barred in whole or in part by principles of equity including laches, waiver, equitable estoppel, and/or legal estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff (and those from whom secondary exposure is alleged) knew or should have known of the presence of asbestos at the places where he worked and/or on the products which he worked on and around, and of the potential risk of injury from exposure to such substances and therefore assumed the risk of any injuries or damages allegedly sustained.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's employers (and employers of those from whom secondary exposure is alleged) were sophisticated users and/or learned intermediaries who had knowledge of the dangers and risks associated with using or working around asbestos-containing products and who had a duty to warn of the hazards of exposure to said products.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If any of Plaintiffs' allegations regarding the allegedly defective condition of asbestos, asbestos-containing products, packaging, or warnings are proven, Plaintiffs are barred from recovery against this Defendant because there was no known practical or feasible substitute for asbestos or asbestos-containing products at the time of the alleged exposure and the benefit of the product outweighed any harm allegedly caused by the same.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The state of the medical and scientific knowledge and the published literature and other materials reflecting the state of the medical art at all relevant times was such that this Defendant neither knew nor could have known that the products it distributed presented a foreseeable risk of harm, if any, to Plaintiff in the normal and expected use of these products at the time of the alleged

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

exposure.  The methods, standards, and techniques of selling any asbestos-containing products distributed by this Defendant, if any, were performed in conformity with generally recognized state of the art existing at the time such products were distributed by this Defendant and placed into the stream of commerce.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages were caused in whole or in part by persons, corporations, or entities other than those parties before this Court, and such negligence either bars or comparatively reduces any possible recovery by Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the exclusive remedy provision of the Missouri Workers' Compensation Statutes, or other applicable Workers' Compensation statutes.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages were caused in whole or in part by the failure of Plaintiff's employers (and the employers of those from whom secondary exposure is alleged) to take adequate precautions and properly follow applicable safety regulations and guidelines, including but not limited to the Occupational Safety and Health Act (OSHA).  Such failures include but are not limited to the failure of said employers to properly inspect, repair and maintain their facilities and the failure of said employers to properly instruct and warn their employees regarding proper methods of handling asbestos products.

## TWENTIETH AFFIRMATIVE DEFENSE

J.P. Bushnell owed no duty to Plaintiff.  J.P. Bushnell did not manufacture any asbestos-containing products that are at issue in this case.  J.P. Bushnell was not a manufacturer, but a distributor of products.  At the time that the J.P. Bushnell products at issue in this case were

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

distributed, J.P. Bushnell had no knowledge that, and no reason to know that the products it distributed were capable of causing injury to Plaintiff or that asbestos was capable of causing injury to Plaintiff.  Plaintiff, as a worker in the industry, had knowledge at least equal to that of this Defendant regarding the potential hazards of asbestos at the time that the products were distributed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

J.P. Bushnell did not breach any duty to warn.  J.P. Bushnell was a distributor of products manufactured by other companies.  When J.P. Bushnell received any warnings from the manufacturer, J.P. Bushnell passed those warnings along to the purchaser.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

J.P. Bushnell denies that it was a cause of the alleged injuries.  The cause of the alleged injuries and damages was Plaintiff's use of and/or exposure to tobacco products and the superseding negligence of non-party cigarette manufacturers.  The disease-causing hazards of tobacco exposure have been universally accepted by medical practitioners and health warnings were issued by the Surgeon General since 1965.  Plaintiff's smoking of cigarettes continued for many years after such warnings were issued.  Additionally, despite knowledge of the cancer-causing hazards of their products, non-party cigarette manufacturers intentionally suppressed information concerning the potential health effects of the products they supplied to customers. Plaintiff's claim against this Defendant is therefore barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

J.P. Bushnell reserves the right to assert any additional defenses which it may learn through discovery and further adopts and asserts all defenses raised or asserted or to be raised or asserted by other defendants to this action to the extent that said defenses do not conflict with this Defendant's defenses.

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

THIS DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted,

**SINARS SLOWIKOWSKI TOMASKA LLC**

By:    */s/ Jaudon R. Godsey*
       Matthew R. Fields #50561
       Cary A. Press #67530
       Douglas M. Sinars #64661
       Jaudon R. Godsey #48693
       800 Market St., Suite 2950
       St. Louis, MO 63101
       Telephone: (314) 391-2260
       Facsimile: (312) 767-9780
       E-mail: mfields@sinarslaw.com
       E-mail: cpress@sinarslaw.com
       E-mail: dsinars@sinarslaw.com
       E-mail: jgodsey@sinarslaw.com
       Attorneys for Defendant,
       J.P. BUSHNELL PACKING
       SUPPLY CO.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 16th day of March 2023.

*/s/ Victoria Bougeno*

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

013394.0016

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

STUART MOTT and NANCY MOTT,       )
his wife,                                                     )
                                                                   )   Cause No. 2322-CC00306
                       Plaintiffs,                        )
                                                                   )   DIVISION 1
vs.                                                             )
                                                                   )   JURY TRIAL DEMANDED
ABB, INC., et al.,                                     )
                                                                   )
                       Defendants.                    )

**DEFENDANT J.P. BUSHNELL PACKING SUPPLY CO.'S**
**MOTION TO DISMISS PLAINTIFFS' PETITION**
**OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Defendant J.P. BUSHNELL PACKING SUPPLY CO. (hereinafter referred to as "J.P. Bushnell" or "Defendant"), by its attorneys, Sinars Slowikowski Tomaska LLC, moves this Court to dismiss Plaintiffs' Petition because it is substantially insufficient in law and fails to state a claim against J.P. Bushnell upon which relief can be granted.  Alternatively, Defendant J.P. Bushnell moves this Court to order Plaintiffs to make the Petition more definite and certain and to identify which product, if any, J.P. Bushnell allegedly manufactured, assembled, sold, distributed, marketed, designed, promoted and/or installed from which asbestos fibers were allegedly emitted causing asbestos exposure.  In support of the instant motion, J.P. Bushnell states as follows:

1.       Plaintiffs filed their Petition seeking damages against multiple defendants, including J.P. Bushnell, for alleged asbestos-related injuries suffered by Plaintiff Stuart Mott ("Plaintiff") allegedly caused by exposure to asbestos fibers emanating from products mined, manufactured, sold, distributed, marketed, specified, designed, promoted, licensed, installed,

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

removed, and/or otherwise used by numerous defendants.

2.      Missouri law provides for fact pleading, not notice pleading. Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the plaintiff is entitled to relief. In order to recover against J.P. Bushnell, Plaintiffs must plead and prove that a specific product attributable to J.P. Bushnell was a substantial factor in causing the alleged harm. See *ITT Commercial Financial Corp. v. Mid-America Marine Supply Co.*, 854 S.W. 2d 371, 379 (Mo. banc 1993); *Hagan v. Celotex*, 816 S.W. 2d 667, 670 (Mo. banc 1991).

3.      Plaintiffs' Petition fails to state a cause of action against J.P. Bushnell because it fails to identify any asbestos-containing product manufactured, sold, distributed, or installed by J.P. Bushnell which caused the alleged exposure.

4.      As written, Plaintiffs' Petition simply makes conclusory allegations against Defendant J.P. Bushnell which are not supported by any factual allegations. Plaintiffs fail to set forth the specific job sites where Plaintiff was allegedly exposed to J.P. Bushnell products, the specific products to which he was exposed, where in the chain of production J.P. Bushnell is located, and the dates of exposure to these products.

5.      If recovery is allowed pursuant to Plaintiffs' Petition, J.P. Bushnell's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

6.      Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein Defendant J.P. BUSHNELL PACKING SUPPLY CO. requests the Court to dismiss the instant case against it or, in the alternative, to require Plaintiffs to make more definite and certain the allegations against it and for such other

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

and further relief as is warranted.

Respectfully submitted,

**SINARS SLOWIKOWSKI TOMASKA LLC**

By:   */s/ Jaudon R. Godsey*
Matthew R. Fields #50561
Cary A. Press #67530
Douglas M. Sinars #64661
Jaudon R. Godsey #48693
800 Market St., Suite 2950
St. Louis, MO 63101
Telephone: (314) 391-2260
Facsimile: (312) 767-9780
E-mail: mfields@sinarslaw.com
E-mail: cpress@sinarslaw.com
E-mail: dsinars@sinarslaw.com
E-mail: jgodsey@sinarslaw.com
Attorneys for Defendant,
J.P. BUSHNELL PACKING
SUPPLY CO.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties of record in this cause enrolled in the Missouri eFiling System on this 16th day of March 2023.

*/s/ Victoria Bougeno*

Electronically Filed - City of St. Louis - March 16, 2023 - 06:42 PM

013394.0016

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) |
| Plaintiffs, | ) Cause No. 2322-CC00306 ) ) DIVISION 1 |
| vs. | ) ) JURY TRIAL DEMANDED |
| ABB, INC., et al., | ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

To: ALL COUNSEL OF RECORD

      I hereby certify that on March 16, 2023, a true and correct copy of Defendant **J.P. BUSHNELL PACKING SUPPLY CO.'S FACT AND EXPERT WITNESS DISCLOSURE**, was served upon plaintiffs' counsel by e-mailing the same to Flint Cooper, LLC at service@flintlaw.com. A copy of said documents are available to all counsel of record upon request.

                  Respectfully submitted,

                  SINARS SLOWIKOWSKI TOMASKA LLC

                  By:    */s/ Jaudon R. Godsey*
                          Matthew R. Fields #50561
                          Cary A. Press #67530
                          Douglas M. Sinars #64661
                          Jaudon R. Godsey #48693
                          800 Market St., Suite 2950
                          St. Louis, MO 63101
                          Telephone: (314) 391-2260
                          Facsimile: (312) 767-9780
                          E-mail: jgodsey@sinarslaw.com
                          Attorneys for Defendant,
                          J.P. BUSHNELL PACKING
                          SUPPLY CO.

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| His wife, | ) | |
| | ) | |
| | ) | No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | **ASBESTOS DOCKET** |
| v. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| ABB INC., *et al*., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Thomas L. Orris, Matthew E. Pelikan, and Ross S. Titzer of Pelikan & Orris LLC and enter their appearance in the above-captioned matter on behalf of defendant Pneumo Abex LLC.  Thomas L. Orris is designated as lead counsel.

**DEFENDANT PNEUMO ABEX LLC DEMANDS TRIAL BY JURY.**

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

Respectfully submitted,

PELIKAN & ORRIS LLC

By:     /s/  Matthew Pelikan
        Thomas L. Orris          #37416
        Matthew E. Pelikan      #57820
        Ross S. Titzer           #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        Main: 314-735-2560
        Fax : 314-300-9487
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

        *Attorneys for Defendant Pneumo Abex LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

Laci M. Whitley
FLINT COOPER, LLC
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL  62025

*Attorneys for Plaintiffs*

/s/ Matthew Pelikan

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| His wife, | ) | |
| | ) | |
| | ) | No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | **ASBESTOS DOCKET** |
| v. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| ABB INC., *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**DEFENDANT PNEUMO ABEX LLC'S**
**MOTION TO DISMISS PLAINTIFFS' PETITION, OR, IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendant Pneumo Abex LLC (hereinafter "Pneumo Abex") and,
pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves to dismiss
Plaintiffs' Petition or, in the alternative, for a more definite statement of Plaintiffs'
claims.  In support of its Motion, Pneumo Abex states as follows:

1.      Plaintiffs have filed this action against various Defendants, including
Pneumo Abex, seeking damages for Plaintiff Stuart Mott's alleged asbestos-related
injuries.  Specifically against Pneumo Abex, Plaintiffs' claims are based upon theories of
strict liability, negligence, willful and wanton misconduct, and possibly conspiracy to
commit fraud.  Plaintiff Nancy Mott also seeks damages for loss of consortium.

2.      Plaintiffs' Petition should be dismissed on numerous grounds as described in
more detail below.  By way of this motion, Abex does not waive any arguments, defenses or
rights including but not limited to arguments based upon lack of personal jurisdiction, failure
to plead a cause of action, improper venue, federal preemption, statutes of limitation, and/or

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

statutes of repose.

3.      Plaintiffs' Petition fails to establish any basis for specific or general personal jurisdiction over Abex in Missouri. Specifically, Plaintiffs do not allege that Abex is organized under the laws of the State of Missouri or that its principal place of business is in the State of Missouri; Plaintiffs do not allege that Abex has any connections with the State of Missouri, such that Abex could be considered "at home" in the State of Missouri; Plaintiffs do not allege that injuries arise from any actions taken or omitted by Abex in the State of Missouri; and Abex has not consented to jurisdiction in Missouri. See State ex rel. Norfolk Southern Railway Co. v. Dolan, No. SC95514, slip op. (Mo. Feb. 28, 2017).

4.      It is well settled that Missouri is a fact-pleading state. State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo. banc 1997); Luethans v. Washington Univ., 894 S.W.2d 169, 171 (Mo. banc 1995); ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1995). The purpose of fact pleading is the quick, efficient and fair resolution of disputes – fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. Luethans, 894 S.W.2d at 171.

5.      In this case, Plaintiffs have violated both the substance and spirit of that law in that the Petition is wholly devoid of basic factual information. Plaintiffs bring their actions against numerous Defendants. All of the Defendants have been combined together in Plaintiffs' allegations. Plaintiffs do not identify the type of alleged asbestos product(s) to which Plaintiff Stuart Mott or his family allegedly was exposed. Plaintiffs do not identify any Defendant as having manufactured or sold any specific asbestos-containing product to which Plaintiff Stuart Mott or his family allegedly was exposed. Plaintiffs do not identify with any particularity the time period in which Plaintiff Stuart

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

Mott or his family allegedly was exposed.  Plaintiffs do not allege the type of activity or job duty Plaintiff Stuart Mott or his family was performing that allegedly exposed him to an asbestos-containing product.  Instead, Plaintiffs merely set forth bare conclusions.

6.      As Plaintiffs' allegations currently stand, it is impossible for any of the Defendants to know which, if any, of their products allegedly caused Plaintiff Stuart Mott's injuries, when he allegedly was injured, or how he allegedly was injured.  Such information is crucial to Defendants' ability to isolate what legal and factual issues are involved in the case, what discovery is necessary, and what evidence is relevant.  As set forth above, Plaintiffs have a duty under Missouri law to plead these facts.  As they have failed to do so, Plaintiffs' Petition should be dismissed.

7.      In addition to their failure to plead their claims with the necessary particularity, Plaintiffs have failed to plead facts establishing the specific elements of each of their claims against Pneumo Abex.

8.      In Count I, Plaintiffs allege strict liability against numerous Defendants, including Pneumo Abex, as manufacturers. In order to plead a cause of action for strict liability based on a defective design, Plaintiffs must plead facts that establish: (1) the product was sold in the course of Defendants' business; (2) at that time, the product was in a defective condition causing it to be unreasonably dangerous when put to a reasonably anticipated use; (3) the product was put to use in a reasonably anticipated manner; and (4) Plaintiff Stuart Mott was damaged as a direct result of a defective condition which existed at the time the product was sold.  Fahy v. Dresser Indus., Inc., 740 S.W.2d 635, 637-38 (Mo.banc 1987).  Because Plaintiffs have not alleged any facts regarding the type of alleged asbestos-containing products to which Plaintiff Stuart Mott was exposed and

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

how those products were being used, Plaintiffs have failed to plead the elements of a strict liability claim for defective design.

9.     Likewise, Plaintiffs do not state a cause of action against Defendants for strict liability based upon an alleged failure to warn.  In order to plead such a claim, Plaintiffs must set forth facts that establish:  (1) Defendants sold the product in question in the course of their business; (2) the product was unreasonably dangerous at the time of sale when used as reasonably anticipated, without knowledge of its characteristics; (3) Defendants did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) Plaintiff Stuart Mott was damaged as a direct result of the product being sold without an adequate warning.  Tune v. Synergy Gas Corp., 883 S.W.2d 10, 13 (Mo.banc 1994).  In addition to the failures in Plaintiffs' pleading mentioned above, Plaintiffs have also failed to allege with sufficient specificity any defects in any Defendants' warnings.  Thus, Plaintiffs have not set forth a cause of action for strict liability based on a failure to warn.  Count I should be dismissed.

10.     In Count II, Plaintiffs allege negligence against Defendants, including Pneumo Abex, as manufacturers. In order to plead a cause of action for negligence, Plaintiffs must establish that Defendants owed a duty to Plaintiff Stuart Mott to protect him from injury, that Defendants failed to perform that duty, and that the failure caused Plaintiff Stuart Mott's injuries.  Meekins v. St. John's Reg. Health Ctr., 149 S.W.3d 525, 532 (Mo.App.S.D. 2004).  In this case, however, Plaintiffs do not allege facts that demonstrate that any Defendant owed any legal duty of care to Plaintiff Stuart Mott and/or that any Defendant breached any such duty.  Without such facts, Plaintiffs have failed to state a claim against Defendants for negligence.  Count II should be dismissed.

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

11.     Furthermore, Plaintiffs suggest an improper legal standard under which Pneumo Abex's alleged negligence should be reviewed.  Plaintiffs claim that, as manufacturers, Defendants have a duty to exercise reasonable care and caution for the safety of Plaintiff Stuart Mott and others working around any asbestos-containing products, regardless of the manufacturer.  This is incorrect.  In a negligence action against a manufacturer, a duty is imposed on that manufacturer only with respect to foreseeable dangerous consequences of its specific products.  Judy v. Arkansas Log Homes, Inc., 923 S.W.2d 409, 422 (Mo.App.W.D. 1996).  Plaintiffs do not allege any facts that demonstrate foreseeable dangerous consequences of a Pneumo Abex product.  In fact, as pointed out above, Plaintiffs do not allege that Plaintiff Stuart Mott worked with or around any Pneumo Abex products whatsoever.  Count II should be dismissed.

12.     In Count III, Plaintiffs allege willful and wanton misconduct against Defendants, including Pneumo Abex, as manufacturers.  Plaintiffs do not state a claim for willful and wanton misconduct against Pneumo Abex, however, because they fail to set forth any facts that demonstrate that Pneumo Abex intentionally acted to harm Plaintiff Stuart Mott, or that Pneumo Abex showed complete indifference to or conscious disregard for Plaintiff Stuart Mott's safety.  See Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596 (Mo. 1968).  As these facts are necessary for Plaintiffs' willful and wanton misconduct claim but have not been pled, Count III should be dismissed.

13.     In Count IV of Plaintiffs' Petition, Plaintiffs state a claim for conspiracy against Defendant Metropolitan Life Insurance Company.  Count IV makes vague conspiracy allegations towards "defendants."  In the event said Counts are construed as

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

directed toward Pneumo Abex, they fail to state a cause of action of conspiracy to commit fraud against Pneumo Abex in that it:

      a.   fails to allege any false, material representations made by Pneumo Abex, which it knew were false and intended Plaintiff Stuart Mott to act upon, and which, in fact, were relied upon by Plaintiff Stuart Mott, causing him injury;

      b.   fails to allege any unlawful objective by Pneumo Abex;

      c.   fails to allege any meeting of the minds between Pneumo Abex and any other Defendant; and

      d.   fails to allege any action or inaction by Pneumo Abex in furtherance of any alleged conspiracy.

See Gettings v. Farr, 41 S.W.3d 539 (Mo.App.E.D. 2001).  Counts IV should be dismissed.

      14.     Additionally in Counts III and IV seek punitive damages against Defendants. Punitive damages are appropriate, however, only where a defendant's conduct is outrageous because of an evil motive or reckless indifference to the rights of others.  Jacobs v. Bonser, 46 S.W.3d 41, 45 (Mo.App.E.D. 2001).  Plaintiffs' allegations that they are entitled to punitive damages are, once again, only conclusions and lack factual support.  Plaintiffs fail to allege any specific action or inaction by any Defendant that would warrant a claim for punitive damages.  As the facts alleged in Plaintiffs' Petition do not rise to the level of conduct required for punitive damages, Plaintiffs' prayer for punitive damages should be stricken.

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

15.     In Count V, Plaintiff Nancy Mott seeks damages from Defendants for Loss of Consortium.  Said Count fails to state a cause of action against Pneumo Abex in that it is predicated on Counts I, II, III and IV which, as set forth above, fail to state a cause of action against Pneumo Abex.  A loss of consortium action derives from an injured person's action for injury and is dependent upon the establishment of defendant's liability for damages to the injured person.  Lear v. Norfolk and Western Railway Co., 815 S.W.2d 12, 14-15 (Mo.App. 1991) and Pease v. Ace Hardware Home Center of Round Lake, 147 Ill.App.3d 546 (1986). Count V should be dismissed.

16.     Plaintiffs' Petition fails to set forth any specific facts that would establish that the City of St. Louis is the proper venue or forum for this case; therefore, it should be dismissed.  Section 508.010.4, RSMo (Cum. Supp. 2010).

17.     Plaintiffs' claims are barred by the applicable statutes of limitations.

18.     Some or all of Plaintiffs' claims are barred by the applicable statutes of repose.

19.     Plaintiffs' claims are preempted under the Federal Locomotive Boiler Inspection Act, 49 U. S. C. §20701 et seq.; the Safety Appliances Act, 49 U.S.C. §20301, et seq.; the Federal Railroad Safety Act of 1970, 49 U. S. C. §20102 et seq., and all applicable federal regulations related to the various acts.  See Kurns v. Railroad Friction Products Corporation, 132 S. Ct. 1261 (2012).

20.     Pneumo Abex incorporates and adopts herein the Motions and arguments made in response to Plaintiffs' Petition by other co-Defendants in this cause of action, to the extent those arguments do not contain allegations against Pneumo Abex and do not contradict anything stated herein.

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

21.     In the alternative, Plaintiffs should be required to amend their Petition as it is so vague and ambiguous that Pneumo Abex is unable to prepare a responsive pleading, affirmative defense, and/or cross-claim.

WHEREFORE, Defendant Pneumo Abex LLC prays that this Court enter its Order dismissing Plaintiffs' Petition against it and for such other and further relief as is proper under the circumstances.  Alternatively, Defendant Pneumo Abex LLC respectfully requests this Court enter an Order requiring Plaintiffs to amend their Petition to include such specificity as to allow Defendant Pneumo Abex LLC to file a responsive pleading.

**DEFENDANT PNEUMO ABEX LLC DEMANDS TRIAL BY JURY**

Respectfully submitted,

PELIKAN & ORRIS LLC

By:     /s/ Matthew Pelikan
        Thomas L. Orris          #37416
        Matthew E. Pelikan     #57820
        Ross S. Titzer          #59581
        10 South Broadway, Suite 1100
        St. Louis, MO 63102
        Main: 314-735-2560
        Fax : 314-300-9487
        tom.orris@pelikanorris.com
        matthew.pelikan@pelikanorris.com
        ross.titzer@pelikanorris.com
        citymail@pelikanorris.com

        *Attorneys for Defendant Pneumo Abex LLC*

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

Laci M. Whitley
FLINT COOPER, LLC
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL  62025

*Attorneys for Plaintiffs*

/s/ Matthew Pelikan

Electronically Filed - City of St. Louis - March 20, 2023 - 02:50 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| His wife, | ) | |
| | ) | |
| | ) | No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | **ASBESTOS DOCKET** |
| v. | ) | **PERSONAL INJURY** |
| | ) | **PRODUCTS LIABILITY** |
| ABB INC., *et al.*, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 20th day of March 2023, Defendant PNEUMO ABEX LLC sent, via e-mail its Second Amended Master Fact and Expert Witness Disclosure to, FLINT COOPER, LLC Attorneys for Plaintiff, service@flintlaw.com.  A copy of these pleadings is available to all defense counsel upon request.

**DEFENDANT PNEUMO ABEX LLC DEMANDS A TRIAL BY JURY**

Respectfully submitted,

PELIKAN & ORRIS LLC

By:  /s/ Matthew Pelikan_____
Thomas L. Orris        #37416
Matthew E. Pelikan      #57820
Ross S. Titzer        #59581
10 South Broadway
Suite 1100
St. Louis, MO 63102
Main: 314-735-2560
Fax : 314-300-9487
tom.orris@pelikanorris.com
matthew.pelikan@pelikanorris.com
ross.titzer@pelikanorris.com
citymail@pelikanorris.com

*Attorneys for Defendant Pneumo Abex LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 20th day of March 2023, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

Laci M. Whitley
FLINT COOPER, LLC
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL  62025
*Attorneys for Plaintiff*

/s/ Matthew Pelikan

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  2322-CC00306 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| ABB, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

NOW COMES the law firm, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and hereby enters its

appearance on behalf of the Defendant, RAYTHEON COMPANY, in the above-captioned matter

for the purpose of challenging jurisdiction.

RAYTHEON COMPANY, Defendant

BY:   */s/ Nathan M. Henderson*
Nathan M. Henderson, #59523
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

37109-1012814

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 20, 2023**.

                                                    */s/ Janet A. Calvert*
                                       HEYL, ROYSTER, VOELKER & ALLEN, P.C.

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  2322-CC00306 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| ABB, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAYTHEON COMPANY'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COMES the Defendant, RAYTHEON COMPANY, ("Raytheon" or "Defendant"), by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and pursuant to Missouri Rules of Civil Procedure 55.27(a)(2) and 55.28 moves to dismiss this matter for lack of personal jurisdiction.  In support of its motion, Raytheon states:

1.      Plaintiff filed suit against Raytheon in the City of St. Louis, Missouri, on February 13, 2023, claiming Stuart Mott was injured as a result of exposure to asbestos-containing products attributable to Raytheon, among others.  *See* Petition.

2.      This Court does not have personal jurisdiction over Raytheon.

3.      Raytheon is a corporation pursuant to the laws of Delaware with its principal place of business in Connecticut.  *See* Affidavit of Woods Abbott, Director of eDiscovery and Cyber Investigations of Raytheon Company, attached hereto as **Exhibit 1.** [1]

---

[1]  "Consideration of affidavits supporting a motion to dismiss for lack of personal jurisdiction . . . is proper and does not serve to convert the motion to dismiss into a motion for summary judgment."  *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. 1997), fn. 3 (citations omitted).

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

4.      Unable to establish a basis for general jurisdiction, Plaintiffs must show Raytheon is subject to specific personal jurisdiction of this Court, i.e., that (1) Raytheon has "purposefully directed" its activities at Missouri (*Keeton v. Hustler Magazine, Inc.* (1984) 465 U.S. 770, 774; and (2) that Plaintiff's claims "arise out of or are related to" these forum-directed activities. (*Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 414).

5.      Plaintiffs have not provided sufficient facts demonstrating that their claim "arises out of or is related to" "purposefully directed" activity by Raytheon in Missouri such that specific jurisdiction is established.  *See* Petition.

6.      Furthermore, because the assertion of a state court's jurisdiction "exposes defendants to the State's coercive power, it is subject to review for compatibility with the Fourteenth Amendment's Due Process Clause, which limits the power of a state court to render a valid personal judgment against a nonresident defendant."  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779 (2017) (citing *Goodyear Dunlop Tires Operations, S. A.* v. *Brown*, 564 U. S. 915, 918 (2011) and citing *World-Wide Volkswagen*, 444 U.S. 286, 291(1980)) (quotes omitted).

7.      Given the current facts of this case, Plaintiffs have not made a *prima facie* case that personal jurisdiction exists and subjecting Raytheon to the personal jurisdiction of this Court would therefore violate Raytheon's due process rights.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

8.      Raytheon incorporates herein its Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction.

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

WHEREFORE the Defendant, RAYTHEON COMPANY, respectfully prays that this Court dismiss Plaintiff's Petition with prejudice and for such further relief as the Court deems proper.

RAYTHEON COMPANY, Defendant

BY:   /s/ Nathan M. Henderson
        Nathan M. Henderson, #59523
        Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 20, 2023**.

_____/s/ Janet A. Calvert_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

37109-1012814

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.:  2322-CC00306 |
| | ) | |
| v. | ) | Division 1 |
| | ) | |
| ABB, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RAYTHEON COMPANY'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Mo. Rev. Stat. § 509.290, Defendant, RAYTHEON COMPANY, ("Raytheon" or

"Defendant"), submits this Memorandum in Support of Its Motion to Dismiss for Lack of Personal

Jurisdiction and states as follows:

**I.        INTRODUCTION**

The exercise of either general or specific personal jurisdiction over Raytheon by this Court

would violate not only U.S. Supreme Court precedent, but also Raytheon's Constitutional due

process rights.  Raytheon is a Delaware corporation with its principal place of business located in

Connecticut.  Plaintiffs have not provided any facts that Raytheon would be considered "at home"

in Missouri. Moreover, Plaintiffs have not demonstrated that this cause of action arose from any

activity that was purposefully directed by Raytheon at Missouri.

Plaintiffs have failed to establish: (1) that Raytheon should be considered "at home" in

Missouri or (2) that Stuart Mott was exposed to any asbestos or asbestos containing products

attributable to Raytheon in the State of Missouri.  These undisputed facts are fatal to Plaintiffs'

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

Petition and as such, Raytheon must be dismissed from this cause of action based on this Court's lack of general and/or specific personal jurisdiction.

## II.      ARGUMENT AND CITATIONS OF AUTHORITY

Under Missouri law, when a defendant challenges personal jurisdiction, the plaintiff has the burden to make at least a *prima facie* showing that sufficient facts exist to support a trial court's exercise jurisdiction over the person of the defendant.  *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227, 231 (Mo. 2010); *see also, Getz v. TM Salinas, Inc.*, 412 S.W.3d 441, 447 (Mo. App. 2013); *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012), *rehearing and rehearing en banc denied* (Oct. 3, 2012).

Jurisdiction may be exercised in one of two ways: general or specific jurisdiction.[1]  U.S. Supreme Court precedent has drawn a sharp distinction between two different types of personal jurisdiction: "specific jurisdiction" and "general jurisdiction."  *See generally*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2849-2850.  If a foreign defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State," the defendant is said to be subject to general jurisdiction there for any and all claims regardless of where those claims occurred.  *Daimler AG v. Bauman*, 134 S, Ct. 746 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).  Specific jurisdiction over the defendant or case-linked jurisdiction is exercised when a state asserts personal

---

[1] Raytheon acknowledges that personal jurisdiction is an individual right that could be waived.  *State ex rel. Heartland Title Servs., Inc. v. Harrell, 500 S.W.3d 239, 241 (Mo. banc 2016).*  However, by the timely filing of this Motion to Dismiss, Raytheon asserts that it has neither waived its right nor consented to the jurisdiction of this court on this or any other grounds.  *See, Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965); *State ex rel. Norfolk S. Ry. v. Dolan*, 512 S.W.3d 41, 52-53 (Mo.2017) (holding that "the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present.")

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

jurisdiction over a nonresident defendant in a suit "arising out of or related to" the defendant's contacts with the forum.  *Id.*

Furthermore, the "Fourteenth Amendment due process constraint . . . applies to all state-court assertions of general jurisdiction over nonresident defendants; the constraint does not vary with the type of claim asserted or business enterprise sued."  *BNSF Ry. v. Tyrrell*, 137 S.Ct. 1549, 1558-1559 (2017).  By ensuring the orderly administration of the laws, application of the Due Process Clause of the Fourteenth Amendment "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where  that conduct will and will not render them liable to suit."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citing *International Shoe Co*. v. *Washington*, 326 U.S. 310, 319).  Therefore, for a Missouri court to exercise jurisdiction over an involuntary, out-of-state defendant, the due process requirements of the United States Constitutions must be satisfied.

**A.      This Court Lacks General Jurisdiction over Raytheon Because Raytheon Is Not "At Home" in the State of Missouri.**

For an individual defendant, the notion of being "at home" is usually non-problematic, turning on the defendant's domicile.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54.  For a corporate defendant, "it is an equivalent place, one in which the corporation is fairly regarded as at home."  *Id.*, at 2853-54.

The United States Supreme Court has recently addressed and clarified the type of contacts needed to render a corporate defendant "at home" in a forum state.  *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  In *Daimler*, Argentinian plaintiffs brought suit in California against Daimler AG, a German parent corporation, for injuries allegedly caused by Mercedes–Benz Argentina, a Daimler subsidiary, in Argentina.  *Id.*  The *Daimler* plaintiffs claimed that a California court had

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

general jurisdiction "over the lawsuit . . . predicated on the California contacts of Mercedes–Benz USA, LLC, [another] subsidiary of Daimler incorporated in Delaware with its principal place of business in New Jersey." *Daimler*, 134 S. Ct. at 751. Mercedes–Benz USA distribute[d] Daimler-manufactured vehicles throughout the U.S. including California, and had various facilities and offices in California. *Id.* The personal jurisdiction issue was whether Daimler AG, the German parent corporation, could be subjected to suit in California by foreign plaintiffs for claims arising out of alleged events that occurred in Argentina. *Daimler*, 134 S. Ct. at 751. The Supreme Court held that general personal jurisdiction over Daimler did not exist. *Id.*

In its discussion of general personal jurisdiction, the *Daimler* Court noted that "only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014) (citations omitted); *accord, Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017). "With respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'" *Daimler*, 134 S. Ct. at 760 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011)). The Court explicitly rejected the *Daimler* plaintiffs' suggestion that general jurisdiction could be exercised in every State in which a corporation "engages in a substantial, continuous, and systematic course of business." *Id.,* at 749 (finding that approving general jurisdiction in such situations would be "unacceptably grasping"). The *Daimler* Court concluded that "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' [but rather] it is "whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] **essentially at home in the forum State**.'" *Id.*, at 761 (quoting *Goodyear*, 131 S.Ct., at 2851) (emphasis added). Finding that the circuit court erred in concluding Daimler was "at home" in California despite its assumed

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

subsidiary doing business in California, the Court determined that "[i]f Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable." *Id.*, at 761.  The *Daimler* Court found that "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In the instant case, there is no evidence that supports the exercise of general jurisdiction over Raytheon.  Raytheon has affirmatively established through the affidavit of Woods Abbott, Director of eDiscovery and Cyber Investigations of Raytheon Company, that Raytheon is a Delaware entity with its principal place of business in Connecticut.  *See* Affidavit of Woods Abbott, Director of eDiscovery and Cyber Investigations of Raytheon Company.   Given the above facts, any argument suggesting that Raytheon is "at home" in Missouri fails.

**B.      Raytheon Is Not Subject to Specific Jurisdiction in Missouri in This Cause of Action.**

With no general jurisdiction over Raytheon in Missouri, Plaintiffs must demonstrate the existence of specific or "case-linked" jurisdiction over Raytheon.  *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1783 (2017) (holding that "[t]he requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction."  (citations omitted)).  Furthermore, each case requires an independent ruling based on the facts of the individual case.  *State ex rel. Wichita Falls Gen. Hosp. v. Adolf*, 728 S.W.2d 604, 607 (Mo. App.1987).

Unlike general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."  *Bristol-Myers*

37109-1012814

*Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017).  Specific jurisdiction "requires the suit to arise out of or relate to the defendant's contacts with the forum."  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1776 (2017).  To assert specific jurisdiction over an out-of-state defendant who has not consented to suit in the jurisdiction, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State."  *Id.*

In *Bristol-Myers*, 575 non-California plaintiffs from 33 States joined 86 California residents as individual co-plaintiffs in eight separate complaints filed in California alleging that they had suffered severe side effects from Plavix, a prescription drug designed for the prevention of blood clots.  *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1778 (2017).  The plaintiffs sued both Bristol-Myers Squibb ("Bristol-Myers" or "BMS"), the drug's manufacturer and McKesson Corporation, the drug's distributor.  *Id.*  Bristol-Myers was incorporated in Delaware and headquartered in New York, with substantial operations in New York and New Jersey; McKesson was incorporated in Delaware and headquartered in California.  *Id.*  Bristol-Myers moved for dismissal of the nonresident claims based on the California court's lack of personal jurisdiction over it. *Id.*  The California Supreme Court ruled that under a sliding scale "relatedness" approach, because Bristol-Myers had a significant presence in California and substantial sales of Plavix in California and because the nonresident plaintiff claims were similar to the California resident claims, i.e. "based on the same allegedly defective product and the assertedly misleading marketing and promotion of that product," the case facts permitted specific jurisdiction to be exercised.  *Id.*, at 1779.  The U.S. Supreme Court rejected the lower court's holding finding that it "resembles a loose and spurious form of general jurisdiction."  *Id.*, at 1781.  In particular the *Bristol-*

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

*Myers* Court found that there was no adequate link between California and the nonresidents' claims:

> [T]he nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.

*Id.* (emphasis in original).  The *Bristol-Myers* Court went on to explain that "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (citing *Goodyear*, 564 U. S. 915, 919).  "Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Id.* (citations omitted); *see also*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2001) (finding that a North Carolina court could not exercise specific jurisdiction over a tire manufacturer when neither the fatal accident nor the manufacturing or sale of the allegedly defective product occurred in North Carolina); *accord*, *Watlow Elec. Mfg. Co., v. Sam Dick Industries, Inc.,* 734 S.W.2d 295, 296-97 (Mo. App. E.D. 1987).  Lastly, the Court rejected any argument that co-defendant McKesson being headquartered in California was a sufficient basis for personal jurisdiction over Bristol-Myers.  "In this case, it is not alleged that BMS engaged in relevant acts together with McKesson in California. Nor is it alleged that BMS is derivatively liable for McKesson's conduct in California." *Id.*, at 1783.  Therefore, "[t]he bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the State." *Id.* (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2017) ("a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction")).

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

Here, Plaintiffs have not provided sufficient facts to establish that the injury allegedly suffered by Stuart Mott arose from, or is related to, purposefully directed activity by Raytheon to Missouri.  Without such facts, Plaintiffs cannot establish a basis for this Court's exercise of specific personal jurisdiction over Raytheon.  Thus, Plaintiffs' cause of action against Raytheon is not viable based on specific personal jurisdiction.

### C.       Subjecting Raytheon to Specific Jurisdiction in This Case Would Violate Raytheon's Due Process Rights.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."  *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014); *see also*, *Dillaplain v. Lite Indus., Inc.,* 788 S.W.2d 530 (Mo. App. W.D. 1990) (holding that personal jurisdiction must satisfy the due process requirements of United States' Constitution.)[2] "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 134 S.Ct. at 1121 (2014) (citations omitted).

In *Walden*, a Nevada resident and a California resident sued a Georgia police officer in a Nevada state court for allegedly conducting an illegal search while they were boarding a flight leaving Georgia bound for Nevada.  *Walden v. Fiore*, 134 S.Ct. 1115 (2014).  The *Walden* plaintiffs alleged that because funds were seized and held as a result of the search and that the defendant had submitted an allegedly false affidavit with respect to the search, plaintiffs suffered damages. The U.S. appellate court reversed the lower court's dismissal finding that specific jurisdiction

---

[2] Because Missouri's long-arm statute is coextensive with federal constitutional due process requirements, no Missouri-specific due process inquiry is necessary.  *State ex rel. Metal Serv. Ctr., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo.1984) (Missouri's long-arm statute, RSMo. 506.500, "provide[s] for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment.")

37109-1012814

existed because: [1] the defendant "expressly aimed' his submission of the allegedly false affidavit at Nevada by submitting the affidavit with knowledge that it would affect persons with a "significant connection" to Nevada, [2] one of the plaintiffs endured a delay in the return of funds in Nevada, and [3] that the exercise of personal jurisdiction was otherwise reasonable. *Id.*, at 1120-1121.  The U.S. Supreme Court granted *certiorari* and reversed the U.S. appellate court's holding. The *Walden* Court held that "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.*, at 1121.  Therefore, to comport with due process, the defendant-forum "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.*, at 1122 (emphasis in original); *accord*, *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017)  ("a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction."); *Andra v. Left Gate Property Holding, Inc.*, 453 S.W.3d 216, 226 (Mo. 2015).  In *Walden*, the Court found that the defendant's "relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to [Nevada] does not suffice to authorize jurisdiction." *Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014).

Here, there is no evidence substantiating a relationship among Raytheon, Missouri, and Plaintiffs' cause of action such that federal due process is satisfied.  Plaintiffs have not provided facts that Raytheon's relevant conduct in this suit, if any, was a purposefully directed connection to Missouri, much less a substantial connection.  As such, a Missouri court's assertion of specific personal jurisdiction over Raytheon would be unconstitutional.

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

## **CONCLUSION**

In summary, there is no basis upon which this Court may exercise personal jurisdiction over Raytheon in the State of Missouri in this matter under the current facts.  The affidavit of Woods Abbott, Director of eDiscovery and Cyber Investigations of Raytheon Company, affirmatively establishes facts that the paradigm bases for general jurisdiction by this Court over Raytheon are non-existent and that Raytheon could not be considered "at home" in Missouri. Similarly, Plaintiffs have not provided any facts establishing that Raytheon initiated suit-related conduct such that specific personal jurisdiction by this Court over Raytheon would be proper. Moreover, under the current facts of this case, any assertion of general or specific jurisdiction by this Court would violate Raytheon's due process rights.

WHEREFORE, Defendant RAYTHEON COMPANY prays that this Honorable Court grant Raytheon's Motion to Dismiss Based upon Lack of Personal Jurisdiction and for such other relief this Court deems just and proper.

RAYTHEON COMPANY, Defendant

BY:   _/s/ Nathan M. Henderson_
Nathan M. Henderson, #59523
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 20, 2023**.

_/s/ Janet A. Calvert_
HEYL, ROYSTER, VOELKER & ALLEN, P.C.

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**STATE OF MISSOURI**

STUART MOTT and NANCY MOTT, his wife,    )
    )
    Plaintiffs,    )    Cause No.:  2322-CC00306
    )
v.    )    Division 1
    )
ABB, INC, et al.,    )
    )
    Defendants.    )

**DEFENDANT RAYTHEON COMPANY'S**
**MOTION FOR PROTECTIVE ORDER**

NOW COMES the Defendant, RAYTHEON COMPANY, ("Raytheon" or "Defendant"), by and through its attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and pursuant to Missouri Rules of Civil Procedure 56.01(c) moves for a protective order in this matter.  In support of its motion, Raytheon states:

1.     Plaintiffs filed suit against Raytheon in the City of St. Louis, Missouri, on February 13, 2023, claiming Stuart Mott was injured as a result of exposure to asbestos-containing products attributable to Raytheon, among others.  *See* Petition.

2.     Raytheon responded by filing its Entry of Appearance and Motion to Dismiss for Lack of Personal Jurisdiction asserting that this Court does not have personal jurisdiction over Raytheon. *See*, Raytheon Company's Motion to Dismiss for Lack of Personal Jurisdiction.

3.     Plaintiffs cannot establish general personal jurisdiction because Raytheon cannot be considered "at home" in Missouri when Raytheon is a Delaware Corporation with its principal place of business in Connecticut.

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

37109-1012814

4.      Likewise, Plaintiffs have not provided any facts establishing that Plaintiffs' claim "arises out of or is related to" "purposefully directed" activity by Raytheon in Missouri such that specific jurisdiction is established.  *See* Petition.

5.      Given the current facts of this case, subjecting Raytheon to the personal jurisdiction of this Court would violate Raytheon's due process rights.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

6.      Raytheon moves before this Court to issue a protective order stating Raytheon has not waived its challenge to personal jurisdiction in this matter should fact discovery and/or depositions proceed in this case before the issue of personal jurisdiction can be resolved.

7.      Raytheon incorporates herein its Motion to Dismiss and Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction.

WHEREFORE the Defendant, RAYTHEON COMPANY., respectfully prays that this Court issue a protective order on behalf of Raytheon Company so that Raytheon will not have waived its challenge to personal jurisdiction in this matter.

RAYTHEON COMPANY, Defendant

BY:   */s/ Nathan M. Henderson*
Nathan M. Henderson, #59523
Philip M. Eisele, #27811

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Mark Twain Plaza III
105 West Vandalia Street, Suite 100
Edwardsville, Illinois 62025
Telephone 618.656.4646
Facsimile 309.420.0402
Electronic service accepted at edwmail@heylroyster.com

37109-1012814

Electronically Filed - City of St. Louis - March 20, 2023 - 03:09 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through Missouri eFiling System on **March 20, 2023**.


                    /s/ Janet A. Calvert
             HEYL, ROYSTER, VOELKER & ALLEN, P.C.

Electronically Filed - City of St. Louis - March 20, 2023 - 03:28 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE TO TAKE THE**
**DEPOSITION OF STUART MOTT**

    **PLEASE TAKE NOTICE** that on the date stated herein, the deposition of the following witness will be taken at the time and place indicated below.

**TO:**          All Counsel of Record
                 (via electronic mail and Missouri Courts E-Filing System)

**DATE & TIME:** Tuesday April 4, 2023 at 10:00 a.m. CT
                 To continue day to day until complete

**PLACE:**     <u>ALL</u> Attorneys:       Multi-Platform Video Conferencing
                                  Or by Telephonic Means <u>ONLY</u>

                 Deponent (ONLY)       Plaintiff's Residence
                                    1846 County Road 460
                                    Fulton, MO 65251

**WITNESS:**    Stuart Mott, Plaintiff

**REPORTER:**   Paszkiewicz Litigation Services
                 26 Ginger Creek Parkway
                 Glen Carbon, IL 62034
                 Tel No. (855) 595-3577

    **PLEASE TAKE FURTHER NOTICE** that the videotaped deposition of the deponent will be taken as indicated above; that said deposition will be taken on oral examination before a Notary Public and certified Shorthand Reporter and videographer, or any other officer authorized by law

Electronically Filed - City of St. Louis - March 20, 2023 - 03:28 PM

to take depositions in like cases. The deposition will continue day-to-day until complete.

**SAFETY AND PROTECTION NOTICE: Coronavirus Disease 2019 (COVID-19):**

As the threat of the Coronavirus Disease 2019 (COVID-19) continues globally, it is necessary to take precautions to protect Plaintiffs suffering from lung cancer who are already immunocompromised, of advanced age, and/or in poor health, as well as others. Therefore, in an effort to protect Mr. Mott from contracting COVID-19, his deposition will be conducted by Video Conferencing or by Telephonic Means ONLY.

**NOTICE REGARDING ATTENDANCE VIA VIDEOCONFERENCING**

Attorneys MUST utilize Paszkiewicz's Video Conferencing or call into the deposition. Attorneys may participate in videoconferencing only through the use of a webcam via the Video Conferencing, which allows the deponent to see the examiner during questioning. Defendants may register for the deposition with Paszkiewicz Litigation Services at Scheduling@spreporting.com.

FLINT COOPER, LLC

By: */s/ Tyler B. Wilke*
Tyler B. Wilke, #67192
222 E. Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
Service@flintlaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system as well as through electronic mail this 20th day of April, 2023.

*/s/ Angel Goodman*

cc:     Paszkiewicz Litigation Services

Electronically Filed - City of St. Louis - March 20, 2023 - 03:53 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' JOINT MASTER SET OF INTERROGATORIES** were served electronically via email/eService to all attorneys of record for all Defendants this 21st day of March 20, 2023, in the above-captioned case.

**FLINT COOPER, LLC**

By:  ***/s/ Tyler B. Wilke*** _____
     **Tyler B. Wilke, #67192**
     222 East Park Street, Suite 500
     P.O. Box 189
     Edwardsville, Illinois 62025
     (618) 288-4777
     Fax: (618) 288-2864
     service@flintcooper.com

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**<u>APPEARANCE</u>**

J. Yasmin Tayyab of the law firm of Morgan, Lewis & Bockius LLP hereby enters her

appearance on behalf of Defendant Goulds Pumps Incorporated, now known as Goulds Pumps

LLC.

Dated:  March 20, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)     312.324.1001

ATTORNEYS FOR DEFENDANT
GOULDS PUMPS LLC

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**GOULDS PUMPS LLC'S MOTION TO DISMISS ON VARIOUS GROUNDS,**
**INCLUDING FOR FAILURE TO ESTABLISH PERSONAL JURISDICTION**

Defendant, Goulds Pumps Incorporated, now known as Goulds Pumps LLC ("Goulds"), hereby moves the Court for an Order dismissing Plaintiffs' Petition pursuant to Missouri Rule of Civil Procedure 55.27(a)(2) because this Court does not have personal jurisdiction over Goulds and other various grounds. In support thereof, Goulds states as follows:

Plaintiffs, Stuart Mott and Nancy Mott ("Plaintiffs"), filed this action against Goulds and various other Defendants in the Circuit Court of the Twenty-Second Circuit, St. Louis City, Missouri. Plaintiffs allege Plaintiff Stuart Mott ("Plaintiff") was diagnosed with Lung Cancer due to alleged asbestos exposure. Plaintiffs' Petition ("Petition") at ¶ 4. Specifically, Plaintiffs allege Plaintiff was exposed to asbestos while serving in the U.S. Navy and while working as a general contractor, air traffic controller, car salesman, and salesman during his employment in Florida, Iowa, and Nebraska. Plaintiffs' Petition at ¶ 1.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## ARGUMENT

When a defendant raises an objection to personal jurisdiction, the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). Here, the Court lacks both specific and general personal jurisdiction over Goulds, and any exercise of jurisdiction over it does not comport with the Due Process Clause. When a defendant raises the issue of lack of personal jurisdiction, the burden shifts to the plaintiff to both plead and prove jurisdiction by showing: (1) that the action arose out of an activity covered by the long-arm statute, and (2) that the defendant had sufficient minimum contacts with the foreign state to satisfy due process requirements in order to withstand the motion. *Conway v. Royalite Plastics, Ltd.*, 12 S.W.3d 314, 318 (Mo. 2000), overruled on other grounds by *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227 (Mo. 2010); *Lindley v. Midwest Pulmonary Consultants, P.C.*, 55 S.W.3d 906 (Mo. Ct. App. W.D. 2001). Plaintiffs must allege ultimate facts to carry their burden and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.*, 740 S.W.2d 338 (Mo. Ct. App. 1987). Plaintiffs have not met their burden here, and their claims against Goulds should, therefore, be dismissed.

## I.    THIS COURT LACKS SPECIFIC JURISDICTION OVER GOULDS BECAUSE THERE IS NO EVIDENCE THAT THE ALLEGED TORTIOUS ACT OCCURRED IN MISSOURI.

Pursuant to Missouri's Long Arm Statute, a non-resident defendant may be subject to personal jurisdiction in Missouri if the cause of action *arises from* any of the following relevant acts:

    a.    the transacting of any business within the State of Missouri;

    b.    the making of any contract within the State of Missouri;

    c.    the commission of a tortious act within the State of Missouri;

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

  d.  the ownership, use, or possession of any real estate situated in the State of Missouri;

  e.  contracting to insure any person, property, or risk within the State of Missouri.

Mo. Rev. Stat. § 506.500. As the Missouri Supreme Court has recognized, specific jurisdiction only exists over claims related to the defendant's contacts with the forum state. *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, 512 S.W.3d 41, 49 (Mo. 2017). "Unrelated suits can be brought in the forum only when the forum has general jurisdiction." *Id.*

  Plaintiffs have not alleged any facts demonstrating that this claim against Goulds arose out of conduct or events that occurred in Missouri. Specifically, there is no evidence that this cause of action arose out of the transaction of business within the State of Missouri; the making of any contract within Missouri; the commission of a tortious act within Missouri; the ownership, use, or possession of real estate in Missouri; or the contracting to insure any person, property or risk within Missouri. *See generally,* Plaintiffs' Petition.

  Additionally, the Missouri Supreme Court recently soundly rejected exercising specific jurisdiction over a defendant that engages in the same "type" of activity in Missouri that it engaged in out of state that led to the Plaintiffs' action. In *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, which involved a Federal Employer's Liability Act (FELA) claim, the plaintiff was an Indiana resident, worked in Indiana, and was alleged injured in Indiana, but the plaintiff filed suit in Missouri. *Norfolk Southern Railway Co.* at 44. The plaintiff argued that because the defendant, Norfolk Southern Railway Company, engaged in railroad business in Missouri and the out-of-state injury involved railroad business conducted by the defendant, the injury "'ar[ose] from or [was] related to' the same 'type' of activities" as its Missouri activities. *Id.* at 49. Recognizing that extending specific jurisdiction to encompass this type of out-of-state claim would essentially "turn specific jurisdiction on its head" and subject a defendant to

jurisdiction virtually anywhere, the Court reasoned that under such approach, "[t]here would never be a need to discuss general jurisdiction, for every state would have specific jurisdiction over every national business corporation." *Id.* at 49. The Court found no legal support for such theory and accordingly held that there was no specific jurisdiction over the defendant. *Id.* at 51; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (Supreme Court rejected the argument that sales of a product similar to the one at issue to the forum state did not create jurisdiction where the injury occurred outside the forum state because the product in the forum state was not "the source of the injury."). As such, any similar argument made by Plaintiffs should be rejected based on this precedent.

Thus, because there is no evidence that Goulds engaged in any of the enumerated acts in the Missouri long-arm statute that gave rise to this action, this Court lacks specific jurisdiction over Goulds.

## II.  THIS COURT LACKS GENERAL PERSONAL JURISDICTION OVER GOULDS BECAUSE GOULDS IS NOT INCORPORATED IN MISSOURI AND DOES NOT MAINTAIN ITS PRINCIPAL PLACE OF BUSINESS THERE.

Additionally, there is no evidence that Goulds has sufficient general business contacts with Missouri under the United States Supreme Court decision in *Daimler* to warrant the exercise of general personal jurisdiction over Goulds. Missouri has extended Section 506.500 over non-resident defendants to the limits allowed under the Due Process Clause of the United States Constitution. *Anheuser-Busch, Inc. v. Int'l Battle of the Bands, Inc.*, 731 F. Supp. 924, 926 (E.D. Mo. 1990) (applying Missouri law). Thus, the general personal jurisdiction analysis under the Long-Arm Statute becomes the same as the due process analysis.

Due process dictates that in order to subject a non-resident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the state so that the

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227, 232 (Mo. banc 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A Missouri court has general jurisdiction over an out-of-state defendant if the defendant purposely availed itself of the privileges of conducting business within Missouri thereby invoking the protections of Missouri's laws, and the defendant's connections with the state are "systematic, continuous and substantial enough to furnish personal jurisdiction over the defendant based on any cause of action." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9 (1984)).

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]" *Id.*, at 758 (quoting *Int'l Shoe*, 326 U.S. at 318). Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). The *Daimler* Court held that the "paradigm bases" for establishing general jurisdiction over a corporation are the corporation's state of incorporation and principal place of business. *Id.* 134 S. Ct. at 760. Although the Court did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business, such jurisdiction based on other contacts is appropriately exercised only in the "exceptional case" where the corporation's contacts with the forum "are so substantial and of such a nature to render the corporation at home in that State." *Id.* at 761. The Court expressly indicated that it is insufficient to find general jurisdiction just because "sales are sizable" in a given state. *Id.* at 761-762. Accordingly, the Court held that Daimler AG was not "at home" in California such that it could be sued there for injuries attributed to conduct in Argentina. *Id.* at 751.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

This Circuit has agreed with the *Daimler* decision. In *David F. Smith v. Union Carbide Corp., et al.*, 2015 WL 191118 (January 12, 2015), Judge Dierker dismissed the defendant, E.I. Du Pont De Nemours, for lack of personal jurisdiction. DuPont is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id* at *1. The claims at issue arose out of work in Oklahoma, and therefore, the court's analysis centered on general jurisdiction. *Id.* Judge Dierker recognized that in order for a court to assert general personal jurisdiction over a defendant, the contacts with the forum state must be "so continuous and systematic as to render it essentially at home in the forum state." *Id* at *2. Relying on *Daimler*, the court stated that "[i]n <u>Daimler</u>, the Supreme Court explained that <u>Goodyear</u> made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. . . . <u>Daimler</u> states that a corporation's place of incorporation and principal place of business are paradigm bases for general jurisdiction. The Supreme Court further clarified that the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business would be unacceptably grasping." *Id.* The court determined that "the due process analysis set forth in <u>Daimler</u> must be applied to determine general personal jurisdiction." *Id.* The court ultimately held that because DuPont was not incorporated in Missouri and did not have its principal place of business there, it was not amenable to personal jurisdiction in the state. *Id.* It found no evidence from the plaintiff that indicated it was an "exceptional case" under *Daimler* to extend personal jurisdiction "beyond these paradigmatic forums." *Id* at *3.

Most recently, the Missouri Supreme Court clarified the guidance of *Daimler* for Missouri courts. Consistent with *Daimler*, the Missouri Supreme Court reiterated that generally, a court can only exercise general jurisdiction over an out of state corporate defendant that is incorporated in and has its principal place of business in the forum state, and general jurisdiction only extends beyond these paradigm locations in "exceptional cases" where the corporation's activities are "so

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

substantial and of such a nature as to render the corporation at home in that State." *Norfolk Southern Railway Co.*, 512 S.W.3d at 46  (citing *Daimler*, 134 S. Ct. at 761 n. 19). The Court firmly rejected the Plaintiffs' arguments that Norfolk had sufficient contacts with Missouri for general jurisdiction. *Id.* Specifically, Norfolk owns and operates approximately 400 miles of railroad track in Missouri, generates approximately $232 million in revenue from Missouri, and employs approximately 590 people in Missouri. *Id.* at 47. Additionally, it has a registered agent appointed for service of process in Missouri. *Id.* This activity in Missouri, however, is only a "tiny portion of Norfolk's entire nationwide business." *Id.* Norfolk only generates about 2 percent of its total revenues from Missouri. *Id.* Norfolk generates more revenue in 11 states; only about 2 percent of the track it owns and 2 percent of the track it operates is in Missouri; and Norfolk has "more employees in each of 13 other states than it does in Missouri." *Id.* While the Court recognized that "[p]rior to *Daimler*, this would have been a valid argument, [] it is no longer the law." *Id.* at 46.

The Court did not find Norfolk's Missouri activities was an "exceptional case" under *Daimler* and emphasized that courts must compare the defendant's activities in the forum state with its activities elsewhere to make this determination. *Id.* at 48 (citing *Daimler*, 134 S. Ct. at 762 n.20 ("To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'")). Thus, no matter how "systematic and continuous" a defendant's contacts with the forum state are, they are "extraordinarily unlikely to add up to an 'exceptional case.'" *Id.* at 48 (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 927-30 (2d Cir. 2016)). Because Norfolk's activities in at least 22 other states were at least as much contact as it had with Missouri, this was not an exceptional case. *Id.* at 48. The Court recognized that the pure dollar amount of business was large but did "not make it a basis for finding that Missouri and

7

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

these other 21 states are all 'home' states for Norfolk." *Id.* The Court analogized the "exceptional case" category under *Daimler* with the test used to determine diversity jurisdiction, which is the "nerve center" test. *Id.* The Court opined that in order to be "at home," the forum state must be the "nerve center" for the defendant in terms of controlling activities in other states, setting that state apart from the others in which the defendant conducts substantial business. *See id.* Instead, "Norfolk's activities in Missouri are only a very small part of its overall activities, and not of the nature that makes Missouri its de facto principal place of business." *Id.* The Court thus found that Norfolk's "Missouri contacts [were] insufficient to establish general jurisdiction over Norfolk in Missouri under the principles set out in *Daimler*." *Id.* at 44.

Moreover, the Court in *Norfolk Southern Railway Co.* rejected the Plaintiffs' argument that that because Norfolk has been sued in Missouri in the past, this somehow constitutes recognition of personal jurisdiction there and that it would not be inconvenient for Norfolk to be sued in Missouri, since it had many miles of track and therefore might be sued by Missouri residents. *Id*. The Court reiterated that there was nothing that occurred in the case tying it to Missouri, and thus, to find personal jurisdiction based on this argument would "blur the distinction between general and specific jurisdiction, as well as between jurisdiction and venue." *Id.*

Finally, the Court rejected the Plaintiffs' argument that Norfolk was subject to personal jurisdiction because it was registered to do business in Missouri and had a registered agent appointed there for service of process. *Id.* at 52. The Court reasoned that virtually every state requires corporations doing business in the state to register there, and therefore, personal jurisdiction based on that alone would render *Daimler* essentially pointless. *Id.* at 51-53. The Court found that the plain language of Missouri's registration statute does not mention consent to

jurisdiction for claims unrelated to the forum state and also does not provide an independent basis for jurisdiction. *Id.*

Here, Plaintiffs assert no allegations or evidence that Goulds has sufficient contacts with the State of Missouri such that Goulds is subject to personal jurisdiction in this Court for acts unrelated to Plaintiffs' cause of action. Goulds has never been organized or existed under the laws of the State of Missouri, nor has its principal place of business ever been in the State of Missouri, which are the paradigm considerations for general jurisdiction after *Daimler*, and reiterated by the Missouri Supreme Court's recent decision in *Norfolk Southern Railway Company*. Because Plaintiffs fail to make out a *prima facie* case of personal jurisdiction, Plaintiffs' Petition should be dismissed as to Goulds. *See, e.g. Denton v. Air & Liquid Sys. Corps.*, No. 12-cv-1243, 2015 WL 682158 (S.D. Ill. Feb. 17, 2015) (dismissing asbestos plaintiffs' petition for lack of personal jurisdiction, noting that "the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 02-md-875, 2014 WL 5394310, at *3-11 (E.D. Pa. Oct. 23, 2014) (same, noting "While the Supreme Court in *Daimler* did not limit general jurisdiction strictly to the defendant's corporate home or personal place of business, it made clear that jurisdiction would otherwise lie only in 'an exceptional case.'"); *Ricks v. Armstrong Int'l, Inc.*, No. 4:14-CV-37-BO, 2014 WL 2873189 (E.D.N.C. June 24, 2014) (same); *Brown v. CBS Corp.*, 19 F.Supp.3d 390, 396-400 (D. Conn. 2014) (finding that due process considerations demanded a finding that the court lacked general jurisdiction over the defendant).

III.     **ALTERNATIVELY, GOULDS REQUESTS THE COURT DISMISS PLAINTIFFS' PETITION FOR THE FOLLOWING REASONS:**

1.     The Petition fails to state a cause of action, fails to state claims upon which relief

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

can be granted, and fails to set forth sufficient facts to apprise Goulds of the claims being made against it. If a plaintiff fails to state each fact necessary to state a cause of action alleged, the Petition should be dismissed. *United Industries Corp. v. Mummert*, 878 S.W.2d 494, 496 (Mo. App. E. D., 1994).

2.       The Petition makes only conclusory allegations and fails to identify with sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to Defendant's products. Where a petition contains only conclusions and does not contain facts or allegations from which to infer those facts, a motion to dismiss is properly granted. *Bramon v. U-Haul, Inc*., 945 S.W.2d 676, 679 (Mo. Ct. App. 1997).

3.       To the extent the Petition seeks damages based on willful or intentional conduct by merely repeating allegations raised in prior counts, such allegations are insufficient to give rise to an action based on willful and wanton conduct. Plaintiff must allege either deliberate or intentional harm or utter indifference to or conscious disregard for Plaintiff's welfare.

4.       The Petition fails to allege that any exposure is a substantial factor in the proximate causation of Plaintiff's injuries. *Hagen v. Celotex Corp.,* 816 S.W.2d 667, 670 (Mo.banc 1991); *Nesselrode v. Executive Beachcraft, Inc.,* 707 S.W.2d 371, 375-376, 381-382 (Mo. banc 1986); *see also Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 247 (Mo. banc 1984).

5.       The statute of repose related to products liability cases has expired.

6.       To the extent the Petition alleges conspiracy allegations against Goulds, they are insufficient as a matter of law. Plaintiff fails to state a cause of action, as there are no facts that allege anything more than parallel conduct without active participation by Goulds.

7.       To the extent that this Petition claims successor liability against this Defendant, the Plaintiffs fail to allege sufficient facts to state a cause of action for successor liability.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

8.      The sole proximate cause of the claimed injury was exposure to asbestos-containing products, equipment or materials manufactured, sold, distributed or installed by other entities.

9.      To the extent Plaintiff's Complaint alleges that Plaintiff was an employee of this defendant, Plaintiff's cause of action is barred against this defendant by the exclusivity provisions of the Workers' Compensation Act as set forth in §287.120 RSMo and/or any other state's applicable law.

10.     If at the time of trial, it is shown that Plaintiff used products manufactured, supplied, distributed, or sold by Defendant and said products, or a portion thereof, were supplied or sold to the United States Government or an officer, representative  or agent thereof, or if those products were supplied or sold by the United States Government, Defendant raises any immunity from suit or from liability as conferred by the United States Government, and specifically moves to dismiss this claim based on the government contractor defense.

11.     The statute of limitations as set forth in §516.120 RSMo and/or any other applicable state's law has expired.

12.     To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to §537.060 RSMo and all other applicable state's statutes and Supreme Court Rules.

WHEREFORE, Defendant GOULDS PUMPS LLC respectfully requests that this Court dismiss Plaintiffs' Petition or, in the alternative dismiss the Petition and order Plaintiffs to file an amended Petition providing more particularized allegations, and grant such other and further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

Dated:  March 20, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)     312.324.1001

ATTORNEYS FOR DEFENDANT
GOULDS PUMPS LLC

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED |
| | PERSONAL INJURY |
| | PRODUCTS LIABILITY |
| Defendants. | |

**DEFENDANT GOULDS PUMPS LLC'S MOTION TO**
**TRANSFER VENUE, OR IN THE ALTERNATIVE, MOTION TO MAKE**
**MORE DEFINITE AND CERTAIN**

Defendant, Goulds Pumps Incorporated, now known as Goulds Pumps LLC ("Goulds"), through its undersigned counsel of record, Morgan, Lewis & Bockius LLP, for its Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite and Certain, pursuant to the Rule 51.045 of the Missouri Rules of Civil Procedure, and RSMo. 508.010, state as follows:

1.      Plaintiffs have filed a 5-count Petition, naming Defendant Goulds, and other defendants.

2.      In the Petition, Plaintiffs allege that Plaintiff Stuart Mott was injured after exposure to asbestos and asbestos-containing products.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

3.      Missouri's Venue Statute, RSMo. 508.010, is the controlling statute with regard to proper venue in tort cases. Proper venue is determined by several factors including where the alleged injury first took place and the plaintiff's place of residence.

4.      Plaintiffs' Petition is so vaguely worded, that they have failed to plead specific facts that establish venue in the City of St. Louis as being proper.

5.      In order to plead proper venue, Plaintiffs must plead facts. It is well-settled that Missouri is a fact pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997). In *Wells* the Court stated, "The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." *Id.*

6.      Plaintiffs' "boiler plate" allegations are insufficient to meet the requirements of pleading facts sufficient to support the claim that the Circuit Court of the City of St. Louis is the proper venue.

7.      Defendant Goulds, concurrently with this motion, has filed a Memorandum of Law in Support.

WHEREFORE Defendant Goulds Pumps LLC respectfully requests that this Honorable Court issue an Order transferring venue in this case to the proper venue, or in the alternative, Order Plaintiffs to amend the Petition to make more definite and certain the facts supporting Plaintiffs' choice of venue, and for whatever such relief is warranted and just under the circumstances.

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

Dated:  March 20, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GOULDS PUMPS LLC

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED |
| | PERSONAL INJURY |
| | PRODUCTS LIABILITY |
| Defendants. | |

**DEFENDANT GOULDS PUMPS LLC'S MEMORANDUM**
**OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE**
**ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN**

Defendant, Goulds Pumps Incorporated, now known as Goulds Pumps LLC ("Goulds"), through its undersigned counsel of record, Morgan, Lewis & Bockius LLP, for its Memorandum of Law in Support of its Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite and Certain, pursuant to the Rule 51.045 of the Missouri Rules of Civil Procedure, and RSMo. 508.010, states as follows:

## I.    BACKGROUND

On or about February 13, 2023, Plaintiffs filed a 5-count Petition against various defendants, including Goulds. Plaintiffs named 17 separate defendants in their Petition. The "factual allegations" contained in Plaintiffs' Petition are so void of specificity that it is impossible to determine what the proper venue is, and whether Plaintiffs pled sufficient facts to warrant venue in the Circuit Court of the City of St. Louis. The following analysis of Plaintiffs' Petition makes it clear that it fails to meet the fact pleading standards mandated by both the Missouri Rules of

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

Civil Procedure and the Missouri Supreme Court. This Court should grant Defendant Goulds'

Motion to Transfer Venue or in the Alternative Motion to Make More Definite and Certain.

## II.    PLAINTIFFS' ALLEGATIONS FAIL TO MEET THE REQUIREMENTS OF PLEADING

### A.    Missouri's Tort Venue Statute

Venue in Missouri tort cases is controlled by RSMo. 508.010. With regard to tort venue,

this section states:

> 4. Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

> 5. Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:

> (1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured;

> (2) If the defendant is an individual, then venue shall be in any county of the individual defendant's principal place of residence in the state of Missouri or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county containing the plaintiff's principal place of residence on the date the plaintiff was first injured.

Courts have strictly interpreted the venue statute. In *State ex rel. Selimanvoic v. Dierker*,

the court held; "When read together, sections 508.010.4 and 508.010.14 require a determination

of where the plaintiff was "first injured," which, in turn, requires a determination of where the

"trauma or exposure occurred." 246 S.W.3d 931, 932-33 (Mo. banc 2008). Given the strict

interpretation of the Missouri Tort Venue Statute, Plaintiffs have failed to plead sufficient facts

to demonstrate that the Circuit Court of the City of St. Louis is the proper venue. As such, this

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

Court should transfer this action to the appropriate venue, or it should Order Plaintiffs to amend the Petition and make more definite and certain its basis for venue.

### B.  Plaintiffs Must Plead Facts to Support Choice of Venue

It is well-settled law that Missouri is a fact pleading state. Rule 55.05 of the Missouri Rules of Civil Procedure states "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) *a short and plain statement of the facts* showing that the pleader is entitled to relief." (emphasis added). The Missouri Supreme Court has further explained the strict requirement for fact pleading in. In *State ex rel. Harvey v. Wells*, the Court explained, "The Missouri rules of civil procedure require fact pleading. Rule 55.08 provides: 'A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance.' The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." 955 S.W.2d 546, 547 (Mo. banc 1997). Missouri's reliance on fact pleading, as opposed to the more liberal federal notice pleading standards dates back many years. *See ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993). Failure to state a claim, or abide by the fact pleading standards can result in a court striking a plaintiff's petition for failure to state a claim for which relief can be granted. *Bohac v. Walsh*, 223 S.W.3d 858 (Mo.App. E.D. 2007). Plaintiffs' vague and confusing allegations fail to meet the fact-pleading standards required in Missouri.

Here, Plaintiffs fail to plead sufficient facts to support the choice of venue, the Circuit Court of the City of St. Louis. Plaintiffs have failed to show that either the injury first occurred in

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

the City of St. Louis, or that Plaintiff is not a resident of the State of Missouri and that the Defendant is found to reside in the City of St. Louis. Instead, Plaintiffs only make vague allegations in support of the Petition, and as such, fail to meet the fact pleading standards required under Missouri law. Therefore, the Court should grant this Defendant's Motion to Transfer Venue or Make Definite and Certain.

### III.   **CONCLUSION**

Plaintiffs' Petition fails to provide even the most basic factual information required under Missouri's fact pleading standards, and as such, fails to properly establish the Circuit Court of the City of St. Louis as the proper venue. Because of Plaintiffs' failure to meet these pleading standards, the Court should transfer this matter to the proper venue or, in the alternative, Order Plaintiffs to amend their Petition to make more definite and certain.

Dated:  March 20, 2023                    Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GOULDS PUMPS LLC

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.


_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED PERSONAL INJURY PRODUCTS LIABILITY |
| Defendants. | |

**GOULDS PUMPS LLC'S CERTIFICATE OF WRITTEN DISCOVERY**

Defendant Goulds Pumps Incorporated, now known as Goulds Pumps LLC, hereby files

this Certificate of Written Discovery and shows the Court as follows:

On March 20, 2023, Defendant Goulds Pumps LLC served its Designation And
Tender Of Fact And Expert Witnesses.

Dated:  March 20, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GOULDS PUMPS LLC

Electronically Filed - City of St. Louis - March 20, 2023 - 04:22 PM

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

 Laci M. Whitley
 Tyler B. Wilke
 FLINT COOPER, LLC
 222 E. Park Street, Ste. 500
 Edwardsville, IL 62025
 service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

The undersigned, as attorneys, enter their appearance for and on behalf of defendant

Metropolitan Life Insurance Company.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:        (618) 235-2020
Facsimile:   (618) 236-4610
E-Mail:       cjoley@ilmoattorneys.com
                   goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

<div align="right">
/s/ Charles L. Joley         <br>
Charles L. Joley, #34956
</div>

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEMAND FOR TRIAL BY JURY**

Comes now the defendant, Metropolitan Life Insurance Company, by its attorneys, Joley &

Oliver, P.C., and in the above-entitled case demands a trial by jury.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:        (618) 235-2020
Facsimile:   (618) 236-4610
E-Mail:       cjoley@ilmoattorneys.com
                    goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

/s/ Charles L. Joley
Charles L. Joley, #34956

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT FOR THE CITY ST. LOUIS
STATE OF MISSOURI
TWENTY SECOND JUDICIAL CIRCUIT

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY
TO PLAINTIFFS' PETITION AND TO CROSS-CLAIMS OF
ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS
WITH JURY DEMAND ENDORSED THEREON**

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of

the Defendants in the above-styled and numbered cause, by and through counsel, and answers

the Plaintiffs' Petition ("Petition") and each and every Cross-Claim filed hereafter by any other

Defendant or Third-Party Defendant as follows:

AS TO JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.      Metropolitan Life denies the allegations contained in paragraph 1 of the

Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 1 of the Petition to the extent said allegations relate to others.

2.      Metropolitan Life denies the allegations contained in paragraph 2 of the

Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 2 of the Petition to the extent said allegations relate to others.

1

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

3.      Metropolitan Life denies the allegations contained in paragraph 3 of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Petition to the extent said allegations relate to others.

4.      Metropolitan Life denies the allegations contained in paragraph 4 of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Petition to the extent said allegations relate to others.

5.      Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Petition.

6.      Metropolitan Life admits it is an insurance company of the state of New York.  Metropolitan Life otherwise denies the allegations contained in paragraph 6 of the Petition, including all subparts, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Petition to the extent said allegations relate to others.

7.      Paragraph 7 of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 7 of the Petition are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Petition to the extent said allegations relate to others.

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

<u>AS TO COUNT I</u>
<u>STRICT LIABILITY</u>

8.      Metropolitan Life reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 7 of the Petition, inclusive, as though fully set forth herein in response to paragraph 8 of Count I of the Petition.

9.      Metropolitan Life denies the allegations contained in paragraph 9 of Count I of the Petition, including all sub-parts, insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Count I of the Petition to the extent said allegations relate to others.

10.      Metropolitan Life denies the allegations contained in paragraph 10 of Count I of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Count I of the Petition to the extent said allegations relate to others.

11.      Metropolitan Life denies the allegations contained in paragraph 11 of Count I of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Count I of the Petition to the extent said allegations relate to others.

12.      Paragraph 12 of Count I of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 12 of Count I of the Petition are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowl-

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

edge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Count I of the Petition to the extent said allegations relate to others.

13.     The unnumbered paragraph following paragraph 12 of Count I of the Petition contains a prayer for relief, for which no response is required.  To the extent that it is deemed an allegation of fact, Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 12 of Count I of the Petition insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiffs or anyone else for the amount sued or any other amount.

<u>AS TO COUNT II</u>
<u>NEGLIGENCE</u>

14.     Metropolitan Life reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 12 of the Petition, inclusive, as though fully set forth herein in response to paragraph 13 of Count II of the Petition.

15.     Metropolitan Life denies the allegations contained in paragraph 14 of Count II of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Count II of the Petition to the extent said allegations relate to others.

16.     Metropolitan Life denies the allegations contained in paragraph 15 of Count II of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Count II of the Petition to the extent said allegations relate to others.

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

17.     Metropolitan Life denies the allegations contained in paragraph 16 of Count II of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Count II of the Petition to the extent said allegations relate to others.

18.     Paragraph 17 of Count II of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 17 of Count II of the Petition are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Count II of the Petition to the extent said allegations relate to others.

19.     Paragraph 18 of Count II of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 18 of Count II of the Petition, including all sub-parts, are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Count II of the Petition to the extent said allegations relate to others.

20.     Paragraph 19 of Count II of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 19 of Count II of the Petition are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

paragraph 19 of Count II of the Petition to the extent said allegations relate to others.

21.     The unnumbered paragraph following paragraph 19 of Count II of the Petition contains a prayer for relief, for which no response is required.  To the extent that it is deemed an allegation of fact, Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 19 of Count II of the Petition insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiffs or anyone else for the amount sued or any other amount.

<div align="center">AS TO COUNT III<br>WILLFUL AND WANTON MISCONDUCT</div>

22.     Metropolitan Life reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 19 the Petition, inclusive, as though fully set forth herein in response to paragraph 20 of Count III of the Petition.

23.     Paragraph 21 of Count III of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 21 of Count III of the Petition, including all subparts, are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Count III of the Petition to the extent said allegations relate to others.

24.     Paragraph 22 of Count III of the Petition contains conclusions of law for which no response is required.  To the extent the allegations contained in paragraph 22 of Count III of the Petition are deemed allegations of fact, Metropolitan Life denies said allegations insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

paragraph 22 of Count III of the Petition to the extent said allegations relate to others.

25.     The unnumbered paragraph following paragraph 22 of Count III of the Petition contains a prayer for relief, for which no response is required.  To the extent that it is deemed an allegation of fact, Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 22 of Count III of the Petition insofar as the allegations are directed against Metropolitan Life, and denies that it is liable to the Plaintiffs or anyone else for the amount sued or any other amount.

<div align="center">AS TO COUNT IV<br>CONSPIRACY</div>

26.     Metropolitan Life reasserts and incorporates by reference its responses to the allegations contained in paragraphs 1 through 22 of the Petition, inclusive, as though fully set forth herein in response to paragraph 23 of Count IV of the Petition.

27.     The allegations contained in paragraph 24 of Count IV of the Petition contain conclusions of law, for which no response is required.  Metropolitan Life denies the allegations contained in paragraph 24 of Count IV of the Petition insofar as the allegations pertain to Metropolitan Life.

28.     The allegations contained in paragraph 25 of Count IV of the Petition contain conclusions of law, for which no response is required.  To the extent they are deemed allegations of fact Metropolitan Life denies the allegations contained in paragraph 25 of Count IV of the Petition insofar as they pertain to Metropolitan Life.

29.     The unnumbered paragraph following paragraph 25 of Count IV of the Petition contains a prayer for relief, for which no response is required.  To the extent that it is deemed an allegation of fact, Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 25 of Count IV of the Petition, and denies that it is

<div align="center">7</div>

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

liable to the Plaintiffs or anyone else for the amount sued or any other amount.

<div align="center">AS TO COUNT V</div>

30.     Metropolitan Life reasserts and incorporates by reference its responses to the allegations contained Counts I-IV of the Petition, inclusive, as though fully set forth herein in response to paragraph 49 of Count V of the Petition.

31.     Metropolitan Life denies the allegations contained in paragraph 50 of Count V of the Petition insofar as the allegations are directed against Metropolitan Life.  Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of Count V of the Petition to the extent said allegations relate to others.

32.     The unnumbered paragraphs following paragraph 50 of Count V of the Petition contains a prayer for relief and demand for jury trial, for which no response is required. To the extent that it is deemed an allegation of fact, Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 50 of Count V of the Petition, and denies that it is liable to the Plaintiffs or anyone else for the amount sued or any other amount.

33.     Metropolitan Life denies all allegations not specifically admitted.

<div align="center">DEFENSES DIRECTED TO ALL COUNTS</div>

<div align="center">FIRST DEFENSE</div>

34.     The allegations of the Petition and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

<div align="center">SECOND DEFENSE</div>

35.     The claims in the Petition and each Count thereof are barred by the appropriate statute of limitations.

<div align="center">8</div>

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

## THIRD DEFENSE

36.    Plaintiffs and/or decedent's negligence equals or exceeds any negligence of any Defendant, and Plaintiffs' claims therefore are barred by the doctrine of comparative negligence.

## FOURTH DEFENSE

37.    Plaintiffs and/or decedent's negligence must be compared to the negligence, if any, of Defendants, and Plaintiffs' recovery, if any, must be reduced, under the doctrine of comparative negligence, by Plaintiffs and/or decedent's corresponding degree of negligence.

## FIFTH DEFENSE

38.    Plaintiffs' claims are barred by the operation of the doctrine of laches.

## SIXTH  DEFENSE

39.    Plaintiffs' claims are barred by the operation of the doctrine of estoppel

## SEVENTH DEFENSE

40.    Plaintiffs' claims are barred by the operation of the doctrine of waiver.

## EIGHTH DEFENSE

41.    Plaintiffs and/or decedent assumed the risk of any injuries allegedly sustained as a result of exposure to asbestos-containing products used by or near Plaintiffs and/or decedent.

## NINTH DEFENSE

42.    Whatever damages were incurred by Plaintiffs and/or decedent was the result of intervening and/or superseding acts or omissions of parties over whom this Defendant had no control.

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

## TENTH DEFENSE

43.     At all times relevant hereto, the knowledge of Plaintiffs and/or decedent's employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiffs' employment, and, therefore, if there was any duty to warn Plaintiffs and/or decedent or provide protection to them, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs and/or decedent.

## ELEVENTH DEFENSE

44.     In the event that it be shown that Plaintiffs and/or decedent used any product or material, as alleged in the Petition, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

## TWELFTH DEFENSE

45.     Plaintiffs and/or decedent and his/her employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

## THIRTEENTH DEFENSE

46.     The claims in the Petition and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

## FOURTEENTH DEFENSE

47.     The claims in the Petition and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10,

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

and all other applicable provisions, of the Constitution of the State of Missouri.

## FIFTEENTH DEFENSE

48.     The claims in the Petition and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and  all applicable provisions, of the Constitution of the State of Missouri.

## SIXTEENTH DEFENSE

49.     The claims in the Petition and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Missouri.

## SEVENTEENTH DEFENSE

50.     The claims in the Petition and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to protection from "excessive fines" as provided in Article I, Section 21 of the Constitution of the State of Missouri.

## EIGHTEENTH DEFENSE

51.     The actions of Metropolitan Life were within its rights under the First Amendment to the United States Constitution and Article I, Section 8 of the Constitution of the State of Missouri and are fully protected thereby.

## NINETEENTH DEFENSE

52.     Plaintiffs and/or decedent should have taken action to minimize or eliminate damages, and therefore Plaintiffs are precluded from recovering damages, or their damages

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

are reduced, by operation of the doctrine of avoidable consequences.

<div align="center">TWENTIETH DEFENSE</div>

53.     Metropolitan Life did not authorize, approve, or ratify the acts or omissions attributed to it in the Petition.

<div align="center">TWENTY-FIRST DEFENSE</div>

54.     Metropolitan Life states that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos-containing products allegedly used by or near the Plaintiffs and/or decedent, to the extent such exposure was to asbestos-containing products manufactured and distributed by others pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government.  Metropolitan Life avers further that at all times relevant to the allegations contained in the Petition, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with exposure to asbestos.

<div align="center">TWENTY-SECOND DEFENSE</div>

55.     Metropolitan Life is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any of Plaintiffs' and/or decedent's alleged damages.

<div align="center">TWENTY-THIRD DEFENSE</div>

56.     The Petition should be dismissed pursuant to Rule 67 of the Missouri Rules of Civil Procedure.

<div align="center">TWENTY-FOURTH DEFENSE</div>

57.     Metropolitan Life would show unto the Court that multiple awards of

<div align="center">12</div>

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

punitive damages against it would violate Article I, Section 21 of the Constitution of the State of Missouri; the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution and the common law of the State of Missouri.

<div align="center">TWENTY-FIFTH DEFENSE</div>

58.     Plaintiffs' and/or decedent's alleged injuries and damages, if any, were proximately caused by or contributed to by exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on their job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

<div align="center">TWENTY-SIXTH DEFENSE</div>

59.     The Petition fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties.  Therefore, this action must be dismissed, or, alternatively, the action should be stayed pending other appropriate relief by the Court.

<div align="center">TWENTY-SEVENTH DEFENSE</div>

60.     If all or most of the witnesses to the alleged asbestos exposure of Plaintiffs and/or decedent reside outside Missouri, travel to and from this forum by witnesses and counsel for necessary discovery and trial would place an undue burden upon Defendants.  Furthermore, this Court may be required under principles of conflicts of laws to apply foreign law, with which this Court and Missouri counsel are unfamiliar.  Therefore, the Petition should be dismissed under the doctrine of forum non conveniens.

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

### TWENTY-EIGHTH DEFENSE

61.     The Plaintiffs' and/or decedent's claims are barred by the operation of the doctrine of accord and satisfaction.

### TWENTY-NINTH DEFENSE

62.     The Plaintiff's and/or decedent's  claims are barred by the operation of the doctrine of release and settlement.

### THIRTIETH DEFENSE

63.     The Plaintiff's and/or decedent's claims are barred by the operation of the doctrine of payment.

### ANSWER TO CROSS-CLAIMS

64.     Metropolitan Life denies every allegation of each and every Cross-Claim insofar as said allegations apply to Metropolitan Life.

65.     Metropolitan Life denies any liability with respect to each and every count of each and every Cross-Claim insofar as said counts apply to Metropolitan Life.

66.     Metropolitan Life denies that it is liable to indemnify any other Defendant or Third-Party Defendant in this action.

67.     Metropolitan Life denies that any Defendant or Third-Party Defendant is entitled to contribution from Metropolitan Life in this action.

68.     In response to each and every Cross-Claim, Metropolitan Life adopts by reference all denials set forth above, as though fully set forth herein.

69.     In response to each and every Cross-Claim, Metropolitan Life adopts by reference all Defenses set forth above, as though fully set forth herein, as Defenses to each and every Cross-Claim.

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

WHEREFORE, Metropolitan Life demands that:

(a)  the Petition be dismissed with prejudice as to Metropolitan Life;

(b)  Plaintiffs' and/or decedent's demand for relief be denied in every respect;

(c)  Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees;

(d)  The Court grant such other and further relief as may be just, proper, and equitable; and

(e)  Metropolitan Life requests a trial by jury.

DATED: March 22, 2023.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:      (618) 235-2020
Facsimile:  (618) 235-9632
E-Mail:     cjoley@ilmoattorneys.com
            goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

OF COUNSEL:
Stephen A. Fennell
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

/s/ Charles L. Joley
Charles L. Joley, #34956

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendant Metropolitan Life Insurance Company's Combined Fact and Expert Witness List, Including Expert Reports was served upon Ms. Laci M. Whitley, FLINT LAW FIRM, LLC, Attorney(s) for Plaintiffs by electronic mail at service@flintlaw.com on this 22nd day of March, 2023. Defense attorneys of record wishing to receive a copy of this document may do so by contacting the undersigned.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:        (618) 235-2020
Facsimile:   (618) 236-4610
E-Mail:       cjoley@ilmoattorneys.com
                   goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

/s/ Charles L. Joley
Charles L. Joley, #34956

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendant Metropolitan Life Insurance Company's Page and Line Designations of Deposition Testimony was served upon Ms. Laci M. Whitley, FLINT LAW FIRM, LLC, Attorney(s) for Plaintiffs by electronic mail at service@flintlaw.com on this 22nd day of March, 2023. Defense attorneys of record wishing to receive a copy of this document may do so by contacting the undersigned.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:        (618) 235-2020
Facsimile:   (618) 236-4610
E-Mail:        cjoley@ilmoattorneys.com
                    goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

<u>/s/ Charles L. Joley</u>
Charles L. Joley, #34956

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| STUART MOTT and | ) | Cause No.  2322-CC00306 |
| NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Division No. 1 (Asbestos) |
| | ) | |
| | ) | THIS DEFENDANT DEMANDS |
| vs. | ) | A TRIAL BY JURY. |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendant Metropolitan Life Insurance Company's Exhibit List was served upon Ms. Laci M. Whitley, FLINT LAW FIRM, LLC, Attorney(s) for Plaintiffs by electronic mail at service@flintlaw.com on this 22nd day of March, 2023. Defense attorneys of record wishing to receive a copy of this document may do so by contacting the undersigned.

/s/ Charles L. Joley
Charles L. Joley, #34956
Georgiann Oliver, #35945
JOLEY & OLIVER, P.C.
8 East Washington Street
Belleville, IL 62220
Phone:      (618) 235-2020
Facsimile:  (618) 236-4610
E-Mail:      cjoley@ilmoattorneys.com
                goliver@ilmoattorneys.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LIFE INSURANCE
COMPANY

Electronically Filed - City of St. Louis - March 22, 2023 - 08:23 AM

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2023, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which shall send notification of such filing to all counsel of record.

/s/ Charles L. Joley
Charles L. Joley, #34956

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED |
| | PERSONAL INJURY |
| | PRODUCTS LIABILITY |
| Defendants. | |

**<u>APPEARANCE</u>**

J. Yasmin Tayyab of the law firm of Morgan, Lewis & Bockius LLP hereby enters her

appearance on behalf of Defendant Grinnell LLC.

Dated:  March 22, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)     312.324.1001

ATTORNEYS FOR DEFENDANT
GRINNELL LLC

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**GRINNELL LLC'S MOTION TO DISMISS ON VARIOUS GROUNDS,
INCLUDING FOR FAILURE TO ESTABLISH PERSONAL JURISDICTION**

Defendant, Grinnell LLC ("Grinnell"), hereby moves the Court for an Order dismissing Plaintiffs' Petition pursuant to Missouri Rule of Civil Procedure 55.27(a)(2) because this Court does not have personal jurisdiction over Grinnell and other various grounds. In support thereof, Grinnell states as follows:

Plaintiffs, Stuart Mott and Nancy Mott ("Plaintiffs"), filed this action against Grinnell and various other Defendants in the Circuit Court of the Twenty-Second Circuit, St. Louis City, Missouri. Plaintiffs allege Plaintiff Stuart Mott ("Plaintiff") was diagnosed with Lung Cancer due to alleged asbestos exposure. Plaintiffs' Petition ("Petition") at ¶ 4. Specifically, Plaintiffs allege Plaintiff was exposed to asbestos while serving in the U.S. Navy and while working as a general contractor, air traffic controller, car salesman, and salesman during his employment in Florida, Iowa, and Nebraska. Plaintiffs' Petition at ¶ 1.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## ARGUMENT

When a defendant raises an objection to personal jurisdiction, the plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper. *State ex rel. Specialized Transp., Inc. v. Dowd*, 265 S.W.3d 858, 862 (Mo. App. E.D. 2008). Here, the Court lacks both specific and general personal jurisdiction over Grinnell, and any exercise of jurisdiction over it does not comport with the Due Process Clause. When a defendant raises the issue of lack of personal jurisdiction, the burden shifts to the plaintiff to both plead and prove jurisdiction by showing: (1) that the action arose out of an activity covered by the long-arm statute, and (2) that the defendant had sufficient minimum contacts with the foreign state to satisfy due process requirements in order to withstand the motion. *Conway v. Royalite Plastics, Ltd.,* 12 S.W.3d 314, 318 (Mo. 2000), overruled on other grounds by *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227 (Mo. 2010); *Lindley v. Midwest Pulmonary Consultants, P.C.,* 55 S.W.3d 906 (Mo. Ct. App. W.D. 2001). Plaintiffs must allege ultimate facts to carry their burden and cannot rely on mere conclusions. *See City of Fenton v. Exec. Int'l Inn, Inc.,* 740 S.W.2d 338 (Mo. Ct. App. 1987). Plaintiffs have not met their burden here, and their claims against Grinnell should, therefore, be dismissed.

## I.  THIS COURT LACKS SPECIFIC JURISDICTION OVER GRINNELL BECAUSE THERE IS NO EVIDENCE THAT THE ALLEGED TORTIOUS ACT OCCURRED IN MISSOURI.

Pursuant to Missouri's Long Arm Statute, a non-resident defendant may be subject to personal jurisdiction in Missouri if the cause of action *arises from* any of the following relevant acts:

    a.    the transacting of any business within the State of Missouri;

    b.    the making of any contract within the State of Missouri;

    c.    the commission of a tortious act within the State of Missouri;

2

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

    d.      the ownership, use, or possession of any real estate situated in the State of Missouri;

    e.      contracting to insure any person, property, or risk within the State of Missouri.

Mo. Rev. Stat. § 506.500. As the Missouri Supreme Court has recognized, specific jurisdiction only exists over claims related to the defendant's contacts with the forum state. *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, 512 S.W.3d 41, 49 (Mo. 2017). "Unrelated suits can be brought in the forum only when the forum has general jurisdiction." *Id.*

Plaintiffs have not alleged any facts demonstrating that this claim against Grinnell arose out of conduct or events that occurred in Missouri. Specifically, there is no evidence that this cause of action arose out of the transaction of business within the State of Missouri; the making of any contract within Missouri; the commission of a tortious act within Missouri; the ownership, use, or possession of real estate in Missouri; or the contracting to insure any person, property or risk within Missouri. *See generally,* Plaintiffs' Petition.

Additionally, the Missouri Supreme Court recently soundly rejected exercising specific jurisdiction over a defendant that engages in the same "type" of activity in Missouri that it engaged in out of state that led to the Plaintiffs' action. In *State ex rel. Norfolk Southern Railway Co. v. The Honorable Colleen Dolan*, which involved a Federal Employer's Liability Act (FELA) claim, the plaintiff was an Indiana resident, worked in Indiana, and was alleged injured in Indiana, but the plaintiff filed suit in Missouri. *Norfolk Southern Railway Co.* at 44. The plaintiff argued that because the defendant, Norfolk Southern Railway Company, engaged in railroad business in Missouri and the out-of-state injury involved railroad business conducted by the defendant, the injury "'ar[ose] from or [was] related to' the same 'type' of activities" as its Missouri activities. *Id.* at 49. Recognizing that extending specific jurisdiction to encompass this type of out-of-state claim would essentially "turn specific jurisdiction on its head" and subject a defendant to

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

jurisdiction virtually anywhere, the Court reasoned that under such approach, "[t]here would never be a need to discuss general jurisdiction, for every state would have specific jurisdiction over every national business corporation." *Id.* at 49. The Court found no legal support for such theory and accordingly held that there was no specific jurisdiction over the defendant. *Id.* at 51; *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (Supreme Court rejected the argument that sales of a product similar to the one at issue to the forum state did not create jurisdiction where the injury occurred outside the forum state because the product in the forum state was not "the source of the injury."). As such, any similar argument made by Plaintiffs should be rejected based on this precedent.

Thus, because there is no evidence that Grinnell engaged in any of the enumerated acts in the Missouri long-arm statute that gave rise to this action, this Court lacks specific jurisdiction over Grinnell.

## II.    THIS COURT LACKS GENERAL PERSONAL JURISDICTION OVER GRINNELL BECAUSE GRINNELL IS NOT INCORPORATED IN MISSOURI AND DOES NOT MAINTAIN ITS PRINCIPAL PLACE OF BUSINESS THERE.

Additionally, there is no evidence that Grinnell has sufficient general business contacts with Missouri under the United States Supreme Court decision in *Daimler* to warrant the exercise of general personal jurisdiction over Grinnell. Missouri has extended Section 506.500 over non-resident defendants to the limits allowed under the Due Process Clause of the United States Constitution. *Anheuser-Busch, Inc. v. Int'l Battle of the Bands, Inc.*, 731 F. Supp. 924, 926 (E.D. Mo. 1990) (applying Missouri law). Thus, the general personal jurisdiction analysis under the Long-Arm Statute becomes the same as the due process analysis.

Due process dictates that in order to subject a non-resident defendant to personal jurisdiction, the defendant must have certain minimum contacts with the state so that the

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227, 232 (Mo. banc 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A Missouri court has general jurisdiction over an out-of-state defendant if the defendant purposely availed itself of the privileges of conducting business within Missouri thereby invoking the protections of Missouri's laws, and the defendant's connections with the state are "systematic, continuous and substantial enough to furnish personal jurisdiction over the defendant based on any cause of action." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 9 (1984)).

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court clarified the limited reach of general jurisdiction. In *Daimler*, the Court held that "continuous activity of some sorts within a state is not enough to support [general jurisdiction.]" *Id.*, at 758 (quoting *Int'l Shoe*, 326 U.S. at 318). Rather, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760 (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). The *Daimler* Court held that the "paradigm bases" for establishing general jurisdiction over a corporation are the corporation's state of incorporation and principal place of business. *Id.* 134 S. Ct. at 760. Although the Court did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business, such jurisdiction based on other contacts is appropriately exercised only in the "exceptional case" where the corporation's contacts with the forum "are so substantial and of such a nature to render the corporation at home in that State." *Id.* at 761. The Court expressly indicated that it is insufficient to find general jurisdiction just because "sales are sizable" in a given state. *Id.* at 761-762. Accordingly, the Court held that Daimler AG was not "at home" in California such that it could be sued there for injuries attributed to conduct in Argentina. *Id.* at 751.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

This Circuit has agreed with the *Daimler* decision. In *David F. Smith v. Union Carbide Corp., et al*., 2015 WL 191118 (January 12, 2015), Judge Dierker dismissed the defendant, E.I. Du Pont De Nemours, for lack of personal jurisdiction. DuPont is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id* at *1. The claims at issue arose out of work in Oklahoma, and therefore, the court's analysis centered on general jurisdiction. *Id.* Judge Dierker recognized that in order for a court to assert general personal jurisdiction over a defendant, the contacts with the forum state must be "so continuous and systematic as to render it essentially at home in the forum state." *Id* at *2. Relying on *Daimler*, the court stated that "[i]n <u>Daimler</u>, the Supreme Court explained that <u>Goodyear</u> made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. . . . <u>Daimler</u> states that a corporation's place of incorporation and principal place of business are paradigm bases for general jurisdiction. The Supreme Court further clarified that the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business would be unacceptably grasping." *Id.* The court determined that "the due process analysis set forth in <u>Daimler</u> must be applied to determine general personal jurisdiction." *Id.* The court ultimately held that because DuPont was not incorporated in Missouri and did not have its principal place of business there, it was not amenable to personal jurisdiction in the state. *Id.* It found no evidence from the plaintiff that indicated it was an "exceptional case" under *Daimler* to extend personal jurisdiction "beyond these paradigmatic forums." *Id* at *3.

Most recently, the Missouri Supreme Court clarified the guidance of *Daimler* for Missouri courts. Consistent with *Daimler*, the Missouri Supreme Court reiterated that generally, a court can only exercise general jurisdiction over an out of state corporate defendant that is incorporated in and has its principal place of business in the forum state, and general jurisdiction only extends beyond these paradigm locations in "exceptional cases" where the corporation's activities are "so

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

substantial and of such a nature as to render the corporation at home in that State." *Norfolk Southern Railway Co.*, 512 S.W.3d at 46  (citing *Daimler*, 134 S. Ct. at 761 n. 19). The Court firmly rejected the Plaintiffs' arguments that Norfolk had sufficient contacts with Missouri for general jurisdiction. *Id.* Specifically, Norfolk owns and operates approximately 400 miles of railroad track in Missouri, generates approximately $232 million in revenue from Missouri, and employs approximately 590 people in Missouri. *Id.* at 47. Additionally, it has a registered agent appointed for service of process in Missouri. *Id.* This activity in Missouri, however, is only a "tiny portion of Norfolk's entire nationwide business." *Id.* Norfolk only generates about 2 percent of its total revenues from Missouri. *Id.* Norfolk generates more revenue in 11 states; only about 2 percent of the track it owns and 2 percent of the track it operates is in Missouri; and Norfolk has "more employees in each of 13 other states than it does in Missouri." *Id.* While the Court recognized that "[p]rior to *Daimler*, this would have been a valid argument, [] it is no longer the law." *Id.* at 46.

The Court did not find Norfolk's Missouri activities was an "exceptional case" under *Daimler* and emphasized that courts must compare the defendant's activities in the forum state with its activities elsewhere to make this determination. *Id.* at 48 (citing *Daimler*, 134 S. Ct. at 762 n.20 ("To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'")). Thus, no matter how "systematic and continuous" a defendant's contacts with the forum state are, they are "extraordinarily unlikely to add up to an 'exceptional case.'" *Id.* at 48 (citing *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 927-30 (2d Cir. 2016)). Because Norfolk's activities in at least 22 other states were at least as much contact as it had with Missouri, this was not an exceptional case. *Id.* at 48. The Court recognized that the pure dollar amount of business was large but did "not make it a basis for finding that Missouri and

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

these other 21 states are all 'home' states for Norfolk." *Id.* The Court analogized the "exceptional case" category under *Daimler* with the test used to determine diversity jurisdiction, which is the "nerve center" test. *Id.* The Court opined that in order to be "at home," the forum state must be the "nerve center" for the defendant in terms of controlling activities in other states, setting that state apart from the others in which the defendant conducts substantial business. *See id.* Instead, "Norfolk's activities in Missouri are only a very small part of its overall activities, and not of the nature that makes Missouri its de facto principal place of business." *Id.* The Court thus found that Norfolk's "Missouri contacts [were] insufficient to establish general jurisdiction over Norfolk in Missouri under the principles set out in *Daimler*." *Id.* at 44.

Moreover, the Court in *Norfolk Southern Railway Co.* rejected the Plaintiffs' argument that that because Norfolk has been sued in Missouri in the past, this somehow constitutes recognition of personal jurisdiction there and that it would not be inconvenient for Norfolk to be sued in Missouri, since it had many miles of track and therefore might be sued by Missouri residents. *Id*. The Court reiterated that there was nothing that occurred in the case tying it to Missouri, and thus, to find personal jurisdiction based on this argument would "blur the distinction between general and specific jurisdiction, as well as between jurisdiction and venue." *Id.*

Finally, the Court rejected the Plaintiffs' argument that Norfolk was subject to personal jurisdiction because it was registered to do business in Missouri and had a registered agent appointed there for service of process. *Id.* at 52. The Court reasoned that virtually every state requires corporations doing business in the state to register there, and therefore, personal jurisdiction based on that alone would render *Daimler* essentially pointless. *Id.* at 51-53. The Court found that the plain language of Missouri's registration statute does not mention consent to

jurisdiction for claims unrelated to the forum state and also does not provide an independent basis for jurisdiction. *Id.*

Here, Plaintiffs assert no allegations or evidence that Grinnell has sufficient contacts with the State of Missouri such that Grinnell is subject to personal jurisdiction in this Court for acts unrelated to Plaintiffs' cause of action. Grinnell has never been organized or existed under the laws of the State of Missouri, nor has its principal place of business ever been in the State of Missouri, which are the paradigm considerations for general jurisdiction after *Daimler*, and reiterated by the Missouri Supreme Court's recent decision in *Norfolk Southern Railway Company*. Because Plaintiffs fail to make out a *prima facie* case of personal jurisdiction, Plaintiffs' Petition should be dismissed as to Grinnell. *See, e.g. Denton v. Air & Liquid Sys. Corps.*, No. 12-cv-1243, 2015 WL 682158 (S.D. Ill. Feb. 17, 2015) (dismissing asbestos plaintiffs' petition for lack of personal jurisdiction, noting that "the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 02-md-875, 2014 WL 5394310, at *3-11 (E.D. Pa. Oct. 23, 2014) (same, noting "While the Supreme Court in *Daimler* did not limit general jurisdiction strictly to the defendant's corporate home or personal place of business, it made clear that jurisdiction would otherwise lie only in 'an exceptional case.'"); *Ricks v. Armstrong Int'l, Inc.*, No. 4:14-CV-37-BO, 2014 WL 2873189 (E.D.N.C. June 24, 2014) (same); *Brown v. CBS Corp.*, 19 F.Supp.3d 390, 396-400 (D. Conn. 2014) (finding that due process considerations demanded a finding that the court lacked general jurisdiction over the defendant).

## III.   ALTERNATIVELY, GRINNELL REQUESTS THE COURT DISMISS PLAINTIFFS' PETITION FOR THE FOLLOWING REASONS:

1.     The Petition fails to state a cause of action, fails to state claims upon which relief

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

can be granted, and fails to set forth sufficient facts to apprise Grinnell of the claims being made against it. If a plaintiff fails to state each fact necessary to state a cause of action alleged, the Petition should be dismissed. *United Industries Corp. v. Mummert*, 878 S.W.2d 494, 496 (Mo. App. E. D., 1994).

2.      The Petition makes only conclusory allegations and fails to identify with sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to Defendant's products. Where a petition contains only conclusions and does not contain facts or allegations from which to infer those facts, a motion to dismiss is properly granted. *Bramon v. U-Haul, Inc*., 945 S.W.2d 676, 679 (Mo. Ct. App. 1997).

3.      To the extent the Petition seeks damages based on willful or intentional conduct by merely repeating allegations raised in prior counts, such allegations are insufficient to give rise to an action based on willful and wanton conduct. Plaintiff must allege either deliberate or intentional harm or utter indifference to or conscious disregard for Plaintiff's welfare.

4.      The Petition fails to allege that any exposure is a substantial factor in the proximate causation of Plaintiff's injuries. *Hagen v. Celotex Corp.,* 816 S.W.2d 667, 670 (Mo.banc 1991); *Nesselrode v. Executive Beachcraft, Inc.,* 707 S.W.2d 371, 375-376, 381-382 (Mo. banc 1986); *see also Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 247 (Mo. banc 1984).

5.      The statute of repose related to products liability cases has expired.

6.      To the extent the Petition alleges conspiracy allegations against Grinnell, they are insufficient as a matter of law. Plaintiff fails to state a cause of action, as there are no facts that allege anything more than parallel conduct without active participation by Grinnell.

7.      To the extent that this Petition claims successor liability against this Defendant, the Plaintiffs fail to allege sufficient facts to state a cause of action for successor liability.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

8.      The sole proximate cause of the claimed injury was exposure to asbestos-containing products, equipment or materials manufactured, sold, distributed or installed by other entities.

9.      To the extent Plaintiff's Complaint alleges that Plaintiff was an employee of this defendant, Plaintiff's cause of action is barred against this defendant by the exclusivity provisions of the Workers' Compensation Act as set forth in §287.120 RSMo and/or any other state's applicable law.

10.      If at the time of trial, it is shown that Plaintiff used products manufactured, supplied, distributed, or sold by Defendant and said products, or a portion thereof, were supplied or sold to the United States Government or an officer, representative  or agent thereof, or if those products were supplied or sold by the United States Government, Defendant raises any immunity from suit or from liability as conferred by the United States Government, and specifically moves to dismiss this claim based on the government contractor defense.

11.      The statute of limitations as set forth in §516.120 RSMo and/or any other applicable state's law has expired.

12.      To the extent that Plaintiffs have previously recovered any of Plaintiffs' damages by way of settlement or judgment, this defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiffs by another defendant or third-party defendant or any other party or person herein pursuant to §537.060 RSMo and all other applicable state's statutes and Supreme Court Rules.

WHEREFORE, Defendant GRINNELL LLC respectfully requests that this Court dismiss Plaintiffs' Petition or, in the alternative dismiss the Petition and order Plaintiffs to file an amended Petition providing more particularized allegations, and grant such other and further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

Dated:  March 22, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GRINNELL LLC

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al*., | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**DEFENDANT GRINNELL LLC'S MOTION TO
TRANSFER VENUE, OR IN THE ALTERNATIVE, MOTION TO MAKE
MORE DEFINITE AND CERTAIN**

Defendant, Grinnell LLC ("Grinnell"), through its undersigned counsel of record, Morgan, Lewis & Bockius LLP, for its Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite and Certain, pursuant to the Rule 51.045 of the Missouri Rules of Civil Procedure, and RSMo. 508.010, state as follows:

1.      Plaintiffs have filed a 5-count Petition, naming Defendant Grinnell, and other defendants.

2.      In the Petition, Plaintiffs allege that Plaintiff Stuart Mott was injured after exposure to asbestos and asbestos-containing products.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

3.      Missouri's Venue Statute, RSMo. 508.010, is the controlling statute with regard to proper venue in tort cases. Proper venue is determined by several factors including where the alleged injury first took place and the plaintiff's place of residence.

4.      Plaintiffs' Petition is so vaguely worded, that they have failed to plead specific facts that establish venue in the City of St. Louis as being proper.

5.      In order to plead proper venue, Plaintiffs must plead facts. It is well-settled that Missouri is a fact pleading state. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. banc 1997). In *Wells* the Court stated, "The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." *Id.*

6.      Plaintiffs' "boiler plate" allegations are insufficient to meet the requirements of pleading facts sufficient to support the claim that the Circuit Court of the City of St. Louis is the proper venue.

7.      Defendant Grinnell, concurrently with this motion, has filed a Memorandum of Law in Support.

WHEREFORE Defendant Grinnell LLC respectfully requests that this Honorable Court issue an Order transferring venue in this case to the proper venue, or in the alternative, Order Plaintiffs to amend the Petition to make more definite and certain the facts supporting Plaintiffs' choice of venue, and for whatever such relief is warranted and just under the circumstances.

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

Dated:  March 22, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GRINNELL LLC

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**DEFENDANT GRINNELL LLC'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER VENUE, OR IN THE
ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN**

Defendant, Grinnell LLC ("Grinnell"), through its undersigned counsel of record, Morgan, Lewis & Bockius LLP, for its Memorandum of Law in Support of its Motion to Transfer Venue, or in the Alternative, Motion to Make More Definite and Certain, pursuant to the Rule 51.045 of the Missouri Rules of Civil Procedure, and RSMo. 508.010, states as follows:

I.     **BACKGROUND**

On or about February 13, 2023, Plaintiffs filed a 5-count Petition against various defendants, including Grinnell. Plaintiffs named 17 separate defendants in their Petition. The "factual allegations" contained in Plaintiffs' Petition are so void of specificity that it is impossible to determine what the proper venue is, and whether Plaintiffs pled sufficient facts to warrant venue in the Circuit Court of the City of St. Louis. The following analysis of Plaintiffs' Petition makes it clear that it fails to meet the fact pleading standards mandated by both the Missouri Rules of

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

Civil Procedure and the Missouri Supreme Court. This Court should grant Defendant Grinnell's

Motion to Transfer Venue or in the Alternative Motion to Make More Definite and Certain.

**II.    PLAINTIFFS' ALLEGATIONS FAIL TO MEET THE REQUIREMENTS OF PLEADING**

### A.    Missouri's Tort Venue Statute

Venue in Missouri tort cases is controlled by RSMo. 508.010. With regard to tort venue,

this section states:

> 4. Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

> 5. Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:

> (1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured;

> (2) If the defendant is an individual, then venue shall be in any county of the individual defendant's principal place of residence in the state of Missouri or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county containing the plaintiff's principal place of residence on the date the plaintiff was first injured.

Courts have strictly interpreted the venue statute. In *State ex rel. Selimanvoic v. Dierker*,

the court held; "When read together, sections 508.010.4 and 508.010.14 require a determination

of where the plaintiff was "first injured," which, in turn, requires a determination of where the

"trauma or exposure occurred." 246 S.W.3d 931, 932-33 (Mo. banc 2008). Given the strict

interpretation of the Missouri Tort Venue Statute, Plaintiffs have failed to plead sufficient facts

to demonstrate that the Circuit Court of the City of St. Louis is the proper venue. As such, this

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

Court should transfer this action to the appropriate venue, or it should Order Plaintiffs to amend the Petition and make more definite and certain its basis for venue.

**B.**     **Plaintiffs Must Plead Facts to Support Choice of Venue**

It is well-settled law that Missouri is a fact pleading state. Rule 55.05 of the Missouri Rules of Civil Procedure states "A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) *a short and plain statement of the facts* showing that the pleader is entitled to relief." (emphasis added). The Missouri Supreme Court has further explained the strict requirement for fact pleading in. In *State ex rel. Harvey v. Wells*, the Court explained, "The Missouri rules of civil procedure require fact pleading. Rule 55.08 provides: 'A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance.' The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial." 955 S.W.2d 546, 547 (Mo. banc 1997). Missouri's reliance on fact pleading, as opposed to the more liberal federal notice pleading standards dates back many years. *See ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 379 (Mo. banc 1993). Failure to state a claim, or abide by the fact pleading standards can result in a court striking a plaintiff's petition for failure to state a claim for which relief can be granted. *Bohac v. Walsh*, 223 S.W.3d 858 (Mo.App. E.D. 2007). Plaintiffs' vague and confusing allegations fail to meet the fact-pleading standards required in Missouri.

Here, Plaintiffs fail to plead sufficient facts to support the choice of venue, the Circuit Court of the City of St. Louis. Plaintiffs have failed to show that either the injury first occurred in

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

the City of St. Louis, or that Plaintiff is not a resident of the State of Missouri and that the Defendant is found to reside in the City of St. Louis. Instead, Plaintiffs only make vague allegations in support of the Petition, and as such, fail to meet the fact pleading standards required under Missouri law. Therefore, the Court should grant this Defendant's Motion to Transfer Venue or Make Definite and Certain.

### III.    <u>CONCLUSION</u>

Plaintiffs' Petition fails to provide even the most basic factual information required under Missouri's fact pleading standards, and as such, fails to properly establish the Circuit Court of the City of St. Louis as the proper venue. Because of Plaintiffs' failure to meet these pleading standards, the Court should transfer this matter to the proper venue or, in the alternative, Order Plaintiffs to amend their Petition to make more definite and certain.


Dated:  March 22, 2023                         Respectfully submitted,

                                               Brady Edwards, #60567
                                               J. Yasmin Tayyab, #66820
                                               brady.edwards@morganlewis.com
                                               yasmin.tayyab@morganlewis.com
                                               MORGAN, LEWIS & BOCKIUS LLP
                                               110 North Wacker Drive
                                               Chicago, Illinois 60606
                                               (Phone) 312.324.1000
                                               (Fax)    312.324.1001

                                               ATTORNEYS FOR DEFENDANT
                                               GRINNELL LLC

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

Laci M. Whitley
Tyler B. Wilke
FLINT COOPER, LLC
222 E. Park Street, Ste. 500
Edwardsville, IL 62025
service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife, | Division No. 1 (Asbestos) |
| Plaintiffs, | |
| v. | Cause No. 2322-CC00306 |
| ABB, INC., *et al.*, | JURY TRIAL DEMANDED<br>PERSONAL INJURY<br>PRODUCTS LIABILITY |
| Defendants. | |

**GRINNELL LLC'S CERTIFICATE OF WRITTEN DISCOVERY**

Defendant Grinnell LLC hereby files this Certificate of Written Discovery and shows the

Court as follows:

On March 22, 2023, Defendant Grinnell LLC served its Designation And Tender
Of Fact And Expert Witnesses.

Dated:  March 22, 2023

Respectfully submitted,

Brady Edwards, #60567
J. Yasmin Tayyab, #66820
brady.edwards@morganlewis.com
yasmin.tayyab@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
(Phone) 312.324.1000
(Fax)    312.324.1001

ATTORNEYS FOR DEFENDANT
GRINNELL LLC

Electronically Filed - City of St. Louis - March 22, 2023 - 11:56 AM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the City of St. Louis Clerk of the Court by using the Missouri Electronic Document Management System, which will send a notice of electronic filing to the following:

 Laci M. Whitley
 Tyler B. Wilke
 FLINT COOPER, LLC
 222 E. Park Street, Ste. 500
 Edwardsville, IL 62025
 service@flintlaw.com

ATTORNEYS FOR PLAINTIFFS

And on the same day by the CM/ECF system to all known counsel of record.  This constitutes service of the document(s) for purposes of the Missouri Court Rules of Civil Procedures.

_____
J. Yasmin Tayyab

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | Cause No. 2322-CC00306 |
| Petitioners, | ) | |
| | ) | Division 1 |
| vs. | ) | (Asbestos) |
| | ) | |
| A.O. SMITH CORPORATION, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT ABB, INC.'S ENTRY OF APPEARANCE

COME NOW Attorney M. Ann Hatch and Sandberg Phoenix & von Gontard P.C., and hereby enter their appearance on behalf of the Defendant, ABB, Inc. in the above-captioned matter for the purpose of challenging jurisdiction.

SANDBERG PHOENIX & von GONTARD P.C.

By   /s/ Gary L. Smith
       M. Ann Hatch, #42494
       Gary L. Smith, #39068
       600 Washington Avenue, 15th Floor
       St. Louis, MO 63101
       (314) 231-3332
       ahatch@sandbergphoenix.com
       gsmith@sandbergphoenix.com
       **Attorneys for Defendant ABB, Inc.**

21758533.v1

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 23, 2023, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

*/s/ Gary L. Smith*
Attorneys for Defendant

21758533.v1

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | Cause No. 2322-CC00306 |
| Petitioners, | ) | |
| | ) | Division 1 |
| vs. | ) | (Asbestos) |
| | ) | |
| A.O. SMITH CORPORATION, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANT ABB, INC.'S MOTION TO DISMISS INCLUDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND SUGGESTIONS IN SUPPORT

Defendant, ABB, Inc. (hereinafter "Defendant") by its attorneys, Sandberg Phoenix & von Gontard P.C., pursuant to Rule 55.27(a) moves this Court for an Order dismissing Plaintiff's Petition Based on Lack of Personal Jurisdiction, in support thereof, states as follows:

## FACTUAL BACKGROUND

Plaintiffs filed their case against Defendant in the City of St. Louis.  Plaintiff alleges that he developed an asbestos related disease based on his exposure to asbestos and was diagnosed on July 18, 2022.

Plaintiffs served in the U.S. Navy from 1964 to 1971.  He worked for the Federal Aviation Administration as an Air Traffic Controller from 1971-1981, He worked at Schuppans as a car salesman from 1981 to 1983, worked at Frito Lay as a salesman from 1983-1984 and worked at Montana's Used Cars from as a car salesman from 1984 to 1988 exposed him to asbestos which caused him to develop lung cancer.

Defendant is incorporated in Delaware, with its principal place of business in North Carolina, See **Exhibit A,** Affidavit of Michael Gray attached hereto; consequently, Plaintiffs

have not alleged their sufficient facts required to establish general or specific personal jurisdiction over Defendant in Missouri.

<u>**ARGUMENT**</u>

There are two types of personal jurisdiction, general and specific. Neither applies to Defendant in Missouri.

General jurisdiction exists where a plaintiff's cause of action does not arise out of or relate to the defendant's contacts within the forum, but the nonresident defendant's contacts with the forum are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014), citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also*, *BNSF Railway Co. v. Kelli Tyrrell, et al.*, 137 S. Ct. 1549, 1558 (2017). The corporation's place of incorporation and principal place of business are the paradigm forums for general jurisdiction. *Daimler,* 134 S. Ct. at 761. *Daimler* applies to all state-court assertions of general jurisdiction over nonresident defendants; the Fourteenth Amendment due process constraints discussed in *Daimler* do not vary with the type of claim or business involved in the lawsuit.  *BNSF Railway Co.,*137 S. Ct. at 1558. As a corporation incorporated in Delaware with its principal place of business in North Carolina, Defendant is not subject to general jurisdiction in Missouri. See **Exhibit A.**

A court has specific jurisdiction over a defendant when the suit arises out of or relates to the defendant's contacts with the forum. *Daimler*, 134 S. Ct. at 754.  Under Missouri law, a nonresident defendant is subject to specific personal jurisdiction only where the suit arises out of specific activities enumerated in the Missouri long-arm statute, RSMo. § 506.500, and the principles of due process are satisfied, i.e. where the defendant has "sufficient minimum contacts" with Missouri out of which the claim arises.  *Noble v. Shawnee Gun Shop, Inc*., 316

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

S.W.3d 364 (Mo. App. W.D. 2010). Plaintiffs have not alleged any specific activity by Defendant in Missouri.

After a defendant raises an objection to personal jurisdiction, the plaintiff bears the burden of showing the court's exercise of jurisdiction is proper.  *State ex rel. PPG Indus., Inc. v. McShane,* 560 S.W.3d 888, 891 (Mo. banc 2018). The plaintiff cannot rely on mere conclusions and must allege facts to carry his burden. *City of Fenton v. Executive International Inn, Inc*. 740 S.W.2d 338, 339 (Mo. App. E.D. 1987).  While plaintiffs do not need to "prove all the elements that form the basis of their claim" they must prove "'the acts contemplated by the statute took place' within the state." *Hollinger v. Sifers*, 122 S.W.3d 112, 116 (Mo. App. W.D. 2003). Additionally, as Missouri is a fact-pleading state, a plaintiff "must allege ultimate facts" and "cannot rely on mere conclusions" to carry its burden. Rule 55.05; *City of Fenton*, 740 S.W.2d at 339. *See also,* Judge Dierker's Order in *Smith v. Union Carbide Corp. et. al*., No. 1422-CC00457, dated January 12, 2015.  Here, Plaintiffs have alleged no facts to show that either specific or general personal jurisdiction exists over Defendant; therefore, Plaintiff's action should be dismissed.

## I.      This Court Lacks General Jurisdiction Over Defendant.

The Missouri Supreme Court acknowledged that the test for general jurisdiction set out in *Daimler* is also the law of Missouri, and the prior test of "continuous and systematic" business is no longer valid. *Norfolk Southern Railway Co. v. Dolan,* 512 S.W.3d 41 (Mo. banc. 2017). Under *Daimler* and *Goodyear*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S.Ct at 760.  In the case of a corporation, it is the corporation's place of incorporation and principal place of business that are paradigm forums for general jurisdiction. *Id.,* citing *Goodyear,* 131 S. Ct. at 2853-2854.   These

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

two locations "have the virtue of being unique … each ordinarily indicates only one place" and are "easily ascertainable." *Id*.

A state may have general jurisdiction over a defendant if that "corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. However, the "exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business'" would be "unacceptably grasping." *Id*. "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id*., at 762 n. 20; *see also, BNSF Railway Co.*, 137 S.Ct at 1558. Otherwise, this "at home" test would be synonymous with the "doing business" tests that have framed a specific jurisdiction analysis. *Id*. "Nothing in *International Shoe* and its progeny suggests that 'a particular quantum of local activity' should give a State authority over a 'far larger quantum of . . . activity' having no connection to any in-state activity." *Id*.

*Daimler* concerned a lawsuit by foreign plaintiffs brought against a foreign defendant, DaimlerChrysler Aktiengensellschaft, in California over events that occurred outside of the United States.  134 S.Ct. at 750-751. The plaintiff argues that there was general personal jurisdiction over Daimler in California because it had an indirect subsidiary, Mercedes-Benz USA LLC ("MBUSA"), that did business in California with multiple California based facilities. *Id*., at 752.  The Court noted that neither Daimler nor MBUSA was incorporated or had a principal place of business in California. *Id*., at 761. Importantly, the Court held that even if it was assumed that a subsidiary's jurisdiction could be imposed upon the parent company, MBUSA's California contacts were not sufficient to make Daimler "at home" in California. *Id*., at 761.

In *BNSF Railway Co. v. Tyrell*, the Supreme Court reinforced the general personal jurisdiction requirements it described in *Daimler*.  In *BNSF*, the plaintiffs sued defendant in

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

Montana for injuries they allegedly sustained from working for BNSF.  *BNSF Railway Co.*, 137 S.Ct. at 1554.  BNSF had railroad tracks and employees in Montana, but the plaintiffs did not allege any injuries from work done in Montana, and they never worked for the defendant in Montana. *Id.*  BNSF was not incorporated in Montana and did not have its principal place of business in Montana. *Id.*  The Court held Montana did not have general jurisdiction over BNSF, because its in-state activity (i.e. conducting business in the state) alone was not so continuous and systematic to deem the corporation "at home" in Montana.  *Id.*, at 1558.

Three months earlier, under facts similar to those in *BNSF Railway,* the Missouri Supreme Court also found no general jurisdiction in *Norfolk Southern Railway Co.,*, 512 S.W.3d 41. An out-of-state employee sued Norfolk for injuries that occurred outside of Missouri. *Id.*, at 45. Norfolk had track in Missouri and was registered to do business in Missouri, but it was incorporated and had its principal place of business outside of Missouri.  *Id.*, at 44. The Court held its Missouri contacts were insufficient to establish general jurisdiction under the principles set out in *Daimler*. *Id.*, at 48. Missouri federal courts have similarly applied *Daimler* in finding no general jurisdiction. *See, e.g., Mitchell v. Eli Lilly and Co.*, 159 F. Supp.3d 967 (E.D. Mo. 2016); *Beard v. Smithkline Beecham Corp.*, 2016 WL 1746113 (E.D. Mo. 2016).

Judge Dierker in this Circuit has also dismissed a defendant under a *Daimler* analysis in *Smith v. Union Carbide Corp.*, No. 1422-CC00457, opinion dated January 12, 2015.[1] Plaintiff brought suit against DuPont alleging exposure to asbestos attributable to DuPont that occurred in Oklahoma. *Id.,* at 1. DuPont was incorporated in and had its principal place of business in Delaware. *Id.,* at 3, 6. The Court found that specific jurisdiction was improper as the claims did not arise out of any of DuPont's contacts with Missouri. *Id.,* at 3.  While DuPont had a subsidiary headquartered in Missouri, the Court cited to *Daimler* and noted that "two different corporations

---

[1] *See also*, Judge Dierker's opinion in *Moore v. Genuine Parts Company*, No. 1722-CC00708, opinion dated October 31, 2017

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

are two different persons . . . even if one corporation is the sole shareholder of the other." *Id.,* at 6.  The Court held that general jurisdiction was improper because DuPont was not incorporated in Missouri and did not have its principal place of business in Missouri. *Id*., at 6.

      In the case at hand, general personal jurisdiction does not exist over Defendant. Defendant is not incorporated in Missouri, and it does not have its principal place of business in Missouri. Nor does Defendant have sufficient "continuous and systematic" contacts with Missouri to render it "at home" under the reasoning of *Daimler* and *Norfolk Southern*.

**II.     This Court Lacks Specific Jurisdiction Over Defendant.**

      Specific jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Goodyear*, 131 S. Ct. at 2851; *Bristol-Myers Squibb Co. v. Superior Court of California,* 137 S.Ct. 1773, 1780 (2017).  The commission of certain acts "in a State may be sufficient to render a corporation answerable in that State with respect to those acts, though not with respect to matters unrelated to the forum connections." *Id*., at 2853 (*citing Int'l Shoe*, 326 U.S. 310, 318 (1945)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014); *see also*, *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. banc. 2015).

      For a nonresident defendant to be subject to specific personal jurisdiction in Missouri, the claims against the defendant must arise out of the activities enumerated in the Missouri long-arm statute and the defendant must have sufficient minimum contacts with Missouri to satisfy the principles of due process. *Chromalloy American Corp. v. Elyria Foundry Co*., 955 S.W.2d 1, 4 (Mo. banc. 1997); *State ex rel. LG Chem., LTD. v. Watkins Laughlin*, 2020 WL 2845764 *2, n. 2 (Mo. banc. 2020).  The relevant portion of Missouri's long-arm statute states:

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

(4) The ownership, use, or possession of any real estate situated in this state.

RSMo. § 506.500.

Where a claim does not arise out of one of the activities enumerated in the long-arm statute, there is no specific personal jurisdiction over the defendant. "Specific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 at 415–16 (1984). A defendant must have "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Bristol-Myers Squibb Co.,* 137 S. Ct. at 1780.  For a state court to properly have specific jurisdiction and satisfy due process, the defendant must have at least one contact with the state and the cause of action being pursued must arise out of that contact. *LG Chem*, 2020 WL 2845764 *2 citing *State ex rel. Cedar Crest Apartments, LLC v. Grate*, 577 S.W.3d 490, 494 (Mo. banc 2019).

*Bristol–Myers Squibb* illustrates the vigorous enforcement of the requirement that the plaintiff's specific claim arises from or be connected to the defendant's forum contacts. This case involved hundreds of product-liability claims where the nonresident manufacturer (BMS) had marketed a prescription medication (Plavix) nationwide. *Bristol–Myers Squibb*, 137 S.Ct. 1777–78. BMS did not dispute jurisdiction for the claims of 86 California residents who "were prescribed, obtained, and ingested Plavix in California" as an alleged result of BMS's marketing of Plavix in California.  *Id.* But there was no specific jurisdiction over claims by 592 plaintiffs

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

that arose from Plavix that BMS marketed elsewhere, that was prescribed, purchased, ingested, and allegedly caused injury outside California. *Id.,* at p. 1781. Indeed, the U.S. Supreme Court rejected the plaintiffs' and the California Supreme Court's reliance on BMS's ample contacts in California, which included five research and laboratory facilities with some 160 employees, another 250 or so sales representatives, and California Plavix sales exceeding $900 million over six years. *Id.* at pp. 1778, 1781. The U.S. Supreme Court repudiated that theory for asserting specific jurisdiction as "a loose and spurious form of general jurisdiction." *Id.*

In *Norfolk Southern Railway Co. v. Dolan*, the Missouri Supreme Court found no specific jurisdiction existed where defendant conducted railroad activities in Missouri, but the plaintiff was injured in Indiana by his work related to defendant's railroad in Indiana. 512 S.W.3d 41. While plaintiff argued that the injury arose out of the same "type" of railroad activities that defendant engaged in in Missouri, the Court stated that to "say this same conduct confers specific jurisdiction over suits the facts of which have no relationship to the forum state would be to turn specific jurisdiction on its head. There would never be a need to discuss general jurisdiction." *Id.*, at 49. *See generally*, *Estate of Jacqueline Fox v. Johnson & Johnson*, 539 S.W.3d 48 (Mo. App. W.D. 2017); *see also*, *Robert R. Suttles v. CBS*, No. 1622-CC00332, Judge Moriarty's opinion dated August 9, 2017.

Recently, in *LG Chem*, a plaintiff was allegedly injured by a battery in Missouri; however, there was no specific jurisdiction over the Korean manufacture of the batteries when an independent third party was the party that distributed them into Missouri. *LG Chem,* 2020 WL 2845764. "It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis." *Id*., citing *PPG Indus.,* 560 S.W.3d at 893 n.5. As the plaintiff did not show any contacts with Missouri of LG Chem

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

from which the injury arose from, the plaintiff did not carry his burden of establishing personal jurisdiction. *Id.*, at *3.

Here, Plaintiff has pled no facts to establish specific personal jurisdiction over Defendant. Plaintiff merely states that each "defendant is a amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and/or by reason of having committed tortuous acts against Plaintiff in Missouri." *See* Petition, ¶ 6.

Plaintiffs have failed to show that their claims against Defendant arose out of any contacts with Missouri or any tortious act committed by Defendant in Missouri, and thus Plaintiffs cannot establish specific personal jurisdiction over Defendant in this Court. Therefore, Plaintiff's claims against Defendant should be dismissed.

### III.    Defendant Has Not Consented to Jurisdiction in Missouri.

Finally, Defendant has not consented to jurisdiction in Missouri.  Defendant has timely and properly objected to the lack of personal jurisdiction in this case.  The Missouri Supreme Court has held that merely having a registered agent in Missouri "does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present." *Norfolk Southern,* 512 S.W.3d. at 52.  Therefore, Defendant has in no way consented to jurisdiction in Missouri.

### IV.    The Court Lacks Personal Jurisdiction over Defendant.

Plaintiffs have failed to allege sufficient facts properly establishing that this Court has personal jurisdiction over Defendant.  Insufficient facts were alleged for Plaintiffs to carry their burden of establishing that Plaintiff's injury arose out of some contact of Defendant's with

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

Missouri as required under the Missouri long-arm statute.  Plaintiffs also failed to show that Defendant's alleged contacts with Missouri satisfy due process concerns to establish specific personal jurisdiction over Defendant.  Furthermore, under the principles of *Daimler*, there is no general personal jurisdiction over Defendant in Missouri, as Missouri is not Defendant's place of incorporation or principal place of business, nor does it have sufficient contacts that are so "continuous and systematic" to consider Defendant "at home" in Missouri.  Additionally, Defendant has not consented to personal jurisdiction in Missouri.

## IN THE ALTERNATIVE, DEFENDANT MOVES THAT THE COURT DISMISS PLAINTIFFS' PETITION FOR THE FOLLOWING:

Alternatively, Defendant, pursuant to Rule 55.27 of the Missouri Rules of Civil Procedure, moves this Court for an Order dismissing Plaintiff's Petition for the following reasons:

1.     That the Petition fails to state a cause of action and fails to state claims upon which relief can be granted.  Where a plaintiff fails to state facts showing that plaintiff is entitled to relief, the petition should be dismissed.  *Jones v. St. Charles Cnty.*, 181 S.W.3d 197, 202 (Mo. App. E.D. 2005); *Int'l Div., Inc. v. DeWitt & Associates, Inc.,* 425 S.W.3d 225, 229 (Mo. App. S.D. 2014) (citing "a properly pleaded cause of action requires allegations of fact to support each essential element of the cause pleaded"); *see Whipple v. Allen*, 324 S.W.3d 447, 451 (Mo. App. E.D. 2010); *see Vaughn v. Genasci*, 323 S.W.3d 454, 456 (Mo. App. E.D. 2010).

2.     That the Petition makes only conclusory allegations and fails to identify with sufficient specificity the products exposed to, the dates of exposure, and the location of exposure to Defendant's products.  Where a petition contains only conclusions and does not contain facts or allegations from which to infer those facts, a motion to dismiss is properly granted.  *Amesquita v. Gilster-Mary Lee Corp.,* 408 S.W.3d 293, 298 (Mo. App. E.D. 2013); *Stein v. Novus Equities*

*Co.,* 284 S.W.3d 597, 602 (Mo. App. E.D. 2009); *Bramon v. U-Haul, Inc.*, 945 S.W. 2d 676, 679 (Mo. App. E.D. 1997).

3.     That the Petition fails to allege that any exposure is a substantial factor in the proximate causation of Plaintiff's injuries.  *Hagen v. Celotex Corp.*, 816 S.W.2d 667, 670 (Mo. banc. 1991); *Nesselrode v. Executive Beachcraft, Inc.,* 707 S.W.2d 371, 375-376, 381-382 (Mo. banc. 1986); *see also*, *Zafft v. Eli Lilly & Company*, 676 S.W.2d 241, 247 (Mo. banc. 1984).

4.     To the extent the petition alleges that Plaintiff was an employee of Defendant, Plaintiff's cause of action is barred against Defendant by the exclusivity provisions of the Workers' Compensation Act as set forth in RSMo. § 287.120 and/or any other state's applicable law.

5.     That the statute of limitations as set forth in §516.120 RSMo. and/or any other applicable state's law has expired.

6.     Plaintiff's petition is barred by the statute of repose inasmuch as §516.097 RSMo. and/or any other applicable state's law provides for a statute of repose involving the design, planning or construction of an improvement to real property. This action is barred because it was brought more than 10 years after the improvement to real property which is alleged defective or unsafe was completed. Because this action was untimely brought, it should be dismissed accordingly.

7.     That the case should be transferred for improper venue pursuant to §508.010 RSMo. Because Plaintiff was first injured outside of Missouri, and Defendant is a corporation, RSMo. §508.010(5)(1) is on point. Defendant does not have a registered agent in the City of St. Louis, Missouri, so venue is improper in this county.  Further, Plaintiffs did not have their principal place of residence in the State of Missouri at the time of the injury, so no venue is available under the

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

second provision of the rule.  This case should be transferred for improper venue to St. Louis County where Defendant's registered agent is located.

8.      In the alternative, this case should be dismissed pursuant to the doctrine of *forum non conveniens*, as a more convenient forum exists in which to litigate this matter, and the interests of justice demand that this case be transferred for the convenience of all parties. *State ex. Rel. Chicago, Rock Island and Pacific Railroad Company v. Reiderer*, 454 S.W.2d 36 (Mo. banc. 1970); *Skewes v. Masterchem Industries, Inc.,* 164 S.W.3d 92 (Mo. App. E.D. 2005); *Chandler v. Multidata Systems International Corp.*, 163 S.W.3d 537 (Mo. App. E.D. 2005).

9.      The sole proximate cause of Plaintiff's claim injury was exposure to asbestos-containing products, equipment and/or materials manufactured, sold, distributed and/or installed by other entities.

10.      If, at the time of trial, it is shown that Plaintiffs used products manufactured, supplied, distributed, or sold by Defendant and said products, or a portion thereof,  were supplied or sold to the United States Government or an officer, representative or agent thereof, or if those products were supplied or sold by the United Stated Government, Defendant raises any immunity from suit or from liability as conferred by the United States Government, and specifically moves to dismiss this claim based on the government contractor defense.

11.      To the extent that Plaintiff has previously recovered any of Plaintiff's damages by way of settlement or judgment, this defendant is entitled to a set-off against any judgment taken against it in this cause for all sums paid in settlement or judgment to the Plaintiff by another defendant or third-party defendant or any other party or person herein pursuant to RSMo. §537.060 and all other applicable state's statutes and Supreme Court Rules.

12.      To the extent that Plaintiff's Petition alleges conspiracy allegations against this Defendant, those allegations are insufficient as a matter of law.  Plaintiffs fail to state a cause of

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

action, as there are no facts which allege anything more than parallel conduct without active participation by this Defendant.

13.     To the extent that this Petition claims successor liability against this Defendant, the Plaintiffs fail to allege sufficient facts to state a cause of action for successor liability.

WHEREFORE, Defendant moves this Honorable Court for an Order dismissing all counts against it and for any other relief the Court deems as just based on the foregoing.

SANDBERG PHOENIX & von GONTARD P.C.

By   */s/ Gary L. Smith*
　　　M. Ann Hatch, #3121789
　　　Gary L. Smith, #6197815
　　　600 Washington Avenue, 15th Floor
　　　St. Louis, MO 63101
　　　(314) 231-3332
　　　ahatch@sandbergphoenix.com
　　　gsmith@sandbergphoenix.com

**Attorneys for Defendant ABB, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2023, the above and foregoing pleading was filed electronically with the City of St. Louis Circuit Clerk's office by using the Missouri Electronic Document Management System which will send a notice of electronic filing to all counsel of record.

*/s/ Gary L. Smith*
Attorneys for Defendant

Electronically Filed - City of St. Louis - March 23, 2023 - 12:11 PM

## AFFIDAVIT

STATE OF NORTH CAROLINA      §

                                  §

COUNTY OF __Wake__         §

I, Michael Gray, being duly sworn, do hereby depose and declare:

    1.     My name is Michael Gray and I am employed as the Vice President of Tax, North America for ABB Inc.

    2.     I am over the age of 18, competent, and I am authorized by ABB Inc. to make this Affidavit.

    3.     All of the statements in this Affidavit are, unless otherwise indicated, based upon my personal knowledge, review of corporate and business records, and interviews with the appropriately knowledgeable persons. The statements contained herein are true and correct.

    4.     ABB Inc. is incorporated in the State of Delaware and is currently in good standing.

    5.     ABB Inc.'s principal place of business is in Cary, North Carolina.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this _19th_ day of _December_ 2017

                                                    Michael Gray

Exhibit A

Electronically Filed - City of St. Louis - March 23, 2023 - 01:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
|     Plaintiffs, | ) | No. 2322-CC00306 |
| | ) | |
| vs. | ) | Division No. 1 (Asbestos) |
| | ) | |
| ABB, INC., *et al.,* | ) | JURY TRIAL DEMAND |
| | ) | ON ALL COUNTS |
|     Defendants. | ) | |

## ENTRY OF APPEARANCE

The attorneys of Husch Blackwell LLP and Steven B. Beshore hereby enter their appearance as counsel on behalf of Defendant, HONEYWELL INTERNATIONAL INC. f/k/a AlliedSignal, Inc. as successor-in-interest to The Bendix Corporation, in the above referenced cause of action.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: ____*/s/ Steven B. Beshore*_____
    Steven B. Beshore, #46488
    8001 Forsyth Boulevard, Suite 1500
    St. Louis, MO 63105
    (314) 480-1500
    (314) 480-1555 (Asbestos Facsimile)
    hbservice@huschblackwell.com *(service only)*

ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC. f/k/a
AlliedSignal, Inc. as successor-in-interest to
The Bendix Corporation

Electronically Filed - City of St. Louis - March 23, 2023 - 01:52 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts efiling to all counsel of record on this 23nd day of March 2023.

_____/s/ Steven B. Beshore_____

Electronically Filed - City of St. Louis - March 23, 2023 - 01:52 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2322-CC00306 |
| | ) | |
| vs. | ) | Division No. 1 (Asbestos) |
| | ) | |
| ABB, INC., *et al.,* | ) | JURY TRIAL DEMAND |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

**DEFENDANT HONEYWELL INTERNATIONAL INC.'S
STIPULATION FOR INDEFINITE EXTENSION**

Defendant, HONEYWELL INTERNATIONAL INC. f/k/a AlliedSignal, Inc. as successor-in-interest to The Bendix Corporation (hereinafter "Honeywell"), by and through its attorneys, Husch Blackwell LLP, for this Stipulation for Indefinite Extension states:

1.      Plaintiffs' counsel herein has agreed to an indefinite extension for Honeywell to file responsive pleadings.

2.      All applicable defenses available to Honeywell are preserved.

Respectfully submitted,

HUSCH BLACKWELL LLP

By:    */s/ Steven B. Beshore*
        Steven B. Beshore, #46488
        8001 Forsyth Boulevard, Suite 1500
        St. Louis, MO 63105
        (314) 480-1500
        (314) 480-1555 (Asbestos Facsimile)
        hbservice@huschblackwell.com *(service only)*

ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC. f/k/a
AlliedSignal, Inc. as successor-in-interest to
The Bendix Corporation

Electronically Filed - City of St. Louis - March 23, 2023 - 01:52 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts efiling to all counsel of record this 23nd day of March 2023.

_/s/ Steven B. Beshore_

Electronically Filed - City of St. Louis - March 23, 2023 - 03:55 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF CANCELLATION OF THE
DEPOSITION OF STUART MOTT**

**PLEASE TAKE NOTICE** that the deposition of Stuart Mott scheduled for April 4, 2023

**HAS BEEN CANCELLED.**

**FLINT COOPER, LLC**

**By:**   */s/ Tyler B. Wilke*
**Tyler B. Wilke, #67192**
222 E. Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
Service@flintlaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system as well as through electronic mail this 23rd day of March, 2023.

*/s/ Angel Goodman*

cc:    Paszkiewicz Litigation Services

Electronically Filed - City of St. Louis - March 23, 2023 - 03:55 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

STUART MOTT and NANCY MOTT, his wife,      )
                                                  )
              Plaintiffs,                      )    Cause No. 2322-CC00306
                                                  )
v.                                                   )
                                                  )
ABB, INC., et al.,                         )
                                                  )
              Defendants.                 )

**PLAINTIFFS' AMENDED NOTICE TO TAKE THE**
**DEPOSITION OF STUART MOTT**

     **PLEASE TAKE NOTICE** that on the date stated herein, the deposition of the following witness will be taken at the time and place indicated below.

**TO:**         All Counsel of Record
               (via electronic mail and Missouri Courts E-Filing System)

**DATE & TIME:**  Thursday April 6, 2023 at 10:00 a.m. CT
               To continue day to day until complete

**PLACE:**     <u>ALL </u>Attorneys:         Multi-Platform Video Conferencing
                                   Or by Telephonic Means <u>ONLY</u>

               Deponent (ONLY)       Plaintiff's Residence
                                    1846 County Road 460
                                    Fulton, MO 65251

**WITNESS:**    Stuart Mott, Plaintiff

**REPORTER:**   Paszkiewicz Litigation Services
               26 Ginger Creek Parkway
               Glen Carbon, IL 62034
               Tel No. (855) 595-3577

     **PLEASE TAKE FURTHER NOTICE** that the videotaped deposition of the deponent will be taken as indicated above; that said deposition will be taken on oral examination before a Notary Public and certified Shorthand Reporter and videographer, or any other officer authorized by law

Electronically Filed - City of St. Louis - March 23, 2023 - 03:55 PM

to take depositions in like cases. The deposition will continue day-to-day until complete.

**SAFETY AND PROTECTION NOTICE: Coronavirus Disease 2019 (COVID-19):**

As the threat of the Coronavirus Disease 2019 (COVID-19) continues globally, it is necessary to take precautions to protect Plaintiffs suffering from lung cancer who are already immunocompromised, of advanced age, and/or in poor health, as well as others. Therefore, in an effort to protect Mr. Mott from contracting COVID-19, his deposition will be conducted by Video Conferencing or by Telephonic Means ONLY.

**<u>NOTICE REGARDING ATTENDANCE VIA VIDEOCONFERENCING</u>**

Attorneys MUST utilize Paszkiewicz's Video Conferencing or call into the deposition. Attorneys may participate in videoconferencing only through the use of a webcam via the Video Conferencing, which allows the deponent to see the examiner during questioning. Defendants may register for the deposition with Paszkiewicz Litigation Services at Scheduling@spreporting.com.

FLINT COOPER, LLC

By: */s/ Tyler B. Wilke*
Tyler B. Wilke, #67192
222 E. Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
Service@flintlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system as well as through electronic mail this 23rd day of March, 2023.

*/s/ Angel Goodman*

cc:    Paszkiewicz Litigation Services

Electronically Filed - City of St. Louis - March 24, 2023 - 09:05 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

STUART MOTT and NANCY MOTT, his wife,      )
                                           )
                  Plaintiffs,              )      Cause No. 2322-CC00306
                                           )
v.                                         )
                                           )
ABB, INC., et al.,                         )
                                           )
                  Defendants.              )

**NOTICE OF COMPLIANCE**

COMES NOW, Plaintiff, by and through their attorneys Flint Cooper, LLC, and hereby

gives notice to all interested parties that the items listed on the receipt attached hereto were

produced to the law firm of Swanson, Martin & Bell, LLC on the date indicated on said receipt,

which has been signed by a representative of that law firm in the above-captioned case.

Respectfully submitted,

**FLINT COOPER, LLC**

By:      */s/ Tyler B. Wilke*_____
         Laci M. Whitley, #66675
         Tyler B. Wilke, #67192
         222 East Park Street, Suite 500
         P.O. Box 189
         Edwardsville, IL  62025
         (618) 288-4777
         (618) 288-2864 (Fax)
         service@flintlaw.com

Electronically Filed - City of St. Louis - March 24, 2023 - 09:05 AM

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 21st day of March, 2023.

*<u>/s/ Angel R. Goodman</u>*

Electronically Filed - City of St. Louis - March 24, 2023 - 09:05 AM



March 21, 2023

**RECEIPT FOR RECORDS**

To:    Swanson, Martin & Bell, LLP
        Bank of America Plaza
        800 Market Street, Suite 2100
        St. Louis, MO  63101

        **Re:**    **Stuart Mott, et al., v. ABB, Inc., et al.**
                **City of St. Louis, MO – Cause No.  2322-CC00306**

                      **Deposited Materials:**

1.  Plaintiff's Answers & Objections to Requests for Production;
2.  Plaintiff's Answers & Objections to Standard Asbestos Interrogatories;

                      Signed this  21st day of  March , 2023.


                      Shannon Williams
                      Swanson, Martin & Bell Representative

                      Receipt prepared by:  Angel R. Goodman

Electronically Filed - City of St. Louis - March 24, 2023 - 09:09 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

STUART MOTT and NANCY MOTT, his wife,       )
                                            )
                   Plaintiffs,              )       Cause No. 2322-CC00306
                                            )
v.                                          )
                                            )
ABB, INC., et al.,                          )
                                            )
                   Defendants.              )

**NOTICE OF COMPLIANCE**

COMES NOW, Plaintiff, by and through their attorneys Flint Cooper, LLC, and hereby

gives notice to all interested parties that the items listed on the receipt attached hereto were

produced to the law firm of Swanson, Martin & Bell, LLC on the date indicated on said receipt,

which has been signed by a representative of that law firm in the above-captioned case.

Respectfully submitted,

**FLINT COOPER, LLC**

By:     */s/ Tyler B. Wilke*
        Laci M. Whitley, #66675
        Tyler B. Wilke, #67192
        222 East Park Street, Suite 500
        P.O. Box 189
        Edwardsville, IL  62025
        (618) 288-4777
        (618) 288-2864 (Fax)
        service@flintlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 21st day of March, 2023.

*/s/ Cynthia A. Beam*

Electronically Filed - City of St. Louis - March 24, 2023 - 09:09 AM



Electronically Filed - City of St. Louis - March 24, 2023 - 09:09 AM

March 21, 2023

**RECEIPT FOR RECORDS**

To:     Swanson, Martin & Bell, LLP
        Bank of America Plaza
        800 Market Street, Suite 2100
        St. Louis, MO  63101

        **Re:     Stuart Mott, et al., v. ABB, Inc., et al.**
                  **City of St. Louis, MO – Cause No.  2322-CC00306**

                        **Deposited Materials:**

1.  Defense Authorizations.


                              Signed this  24th  day of  March      , 2023.


                               Shannon Williams
                              Swanson, Martin & Bell Representative

                              Receipt prepared by:  Cynthia A. Beam

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUAT MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT NOKIA OF AMERICA CORPORATION'S MOTION TO DISMISS PLAINTIFFS' PETITION

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant Nokia of America Corporation's (hereinafter referred to as "Defendant" or "Nokia") Motion to Dismiss Plaintiffs' Petition, states as follows:

## BACKGROUND

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, Nokia, filed its Motion in this case on March 15, 2023.

## LEGAL ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS NOT YET RIPE TO BE HEARD

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of personal jurisdiction upon Nokia in the matter. Under Missouri Rules of Civil Procedure, answers

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories.  Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss regarding personal jurisdiction is not yet ripe to be heard by this Court.  Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

B. **DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS INAPPOSITE AS PLAINTIFF WAS EXPOSED TO ASBESTOS ASSOCIATED WITH DEFENDANT'S PRODUCTS IN MISSOURI**

Nokia argues that Plaintiffs "fail to establish this Court's personal jurisdiction, either general or specific", over Nokia under the holding of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and that Plaintiffs have "not established any connection whatsoever between Missouri, the underlying claims, and Nokia." *See: Generally Nokia's Motion*.  However, Nokia ignores facts in evidence establishing a connection between Plaintiffs' claims and the State of Missouri.

The United States Supreme Court spoke on "specific jurisdiction" in *Daimler AG v. Bauman*, noting that adjudicatory authority over actions in which the suit arises out of or relates to the defendant's contacts is called "specific jurisdiction." *Daimler AG,* 134 S. Ct. 746 at 754.  The United States Supreme Court previously noted in *Goodyear v. Brown* that "Specific jurisdiction…depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" and that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'"  *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'"  *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

**C.** **PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable inferences may be fairly deduced related to all counts.

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

### D.  **PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19**

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**.  . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant Nokia of America Corporation's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke*
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 27th day of March, 2023.

*/s/ Angel Goodman*

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT NOKIA OF AMERICA CORPORATION'S MOTION TO DISMISS PLAINTIFFS' PETITION

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant Nokia of America Corporation's (hereinafter referred to as "Defendant" or "Nokia") Motion to Dismiss Plaintiffs' Petition, states as follows:

## BACKGROUND

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, Nokia, filed its Motion in this case on March 15, 2023.

## LEGAL ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS NOT YET RIPE TO BE HEARD

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of personal jurisdiction upon Nokia in the matter. Under Missouri Rules of Civil Procedure, answers

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories.  Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss regarding personal jurisdiction is not yet ripe to be heard by this Court.  Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

B. **DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS INAPPOSITE AS PLAINTIFF WAS EXPOSED TO ASBESTOS ASSOCIATED WITH DEFENDANT'S PRODUCTS IN MISSOURI**

Nokia argues that Plaintiffs "fail to establish this Court's personal jurisdiction, either general or specific", over Nokia under the holding of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and that Plaintiffs have "not established any connection whatsoever between Missouri, the underlying claims, and Nokia." *See: Generally Nokia's Motion*.  However, Nokia ignores facts in evidence establishing a connection between Plaintiffs' claims and the State of Missouri.

The United States Supreme Court spoke on "specific jurisdiction" in *Daimler AG v. Bauman*, noting that adjudicatory authority over actions in which the suit arises out of or relates to the defendant's contacts is called "specific jurisdiction." *Daimler AG,* 134 S. Ct. 746 at 754.  The United States Supreme Court previously noted in *Goodyear v. Brown* that "Specific jurisdiction…depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" and that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

**C.  <u>PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable inferences may be fairly deduced related to all counts.

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

**D.** **PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19**

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**.  . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not

Electronically Filed - City of St. Louis - March 27, 2023 - 03:31 PM

be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant Nokia of America Corporation's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke*_____
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 27th day of March, 2023.

*/s/ Angel Goodman*___

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT LEAR SIEGLER
DIVERSIFIED HOLDINGS CORP.'S MOTION TO DISMISS PLAINTIFFS' PETITION</u>**

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint

Cooper, LLC, files their Response in Opposition to Defendant Lear Siegler Diversified Holding

Corp.'s (hereinafter referred to as "Defendant" or "Lear Siegler") Motion to Dismiss Plaintiffs'

Petition, states as follows:

**<u>BACKGROUND</u>**

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022.

Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal

injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-

containing products. Subsequently, Defendant, Lear Siegler, filed its Motion in this case on March

15, 2023.

**<u>LEGAL ARGUMENT</u>**

**A. <u>DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND VENUE ARE NOT YET RIPE TO BE HEARD</u>**

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of venue

and personal jurisdiction upon all defendants in the matter. Upon completion of service on all

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

defendants, Plaintiffs intend to propound case specific interrogatories on the issues of venue and personal jurisdiction on all parties. Under Missouri Rules of Civil Procedure, answers to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories.  Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss is not yet ripe to be heard by this Court. Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

**B.  <u>THE COURTS OF MISSOURI MAY ASSERT GENERAL PERSONAL JURISDICTION OVER DEFENDANTS IN THIS CASE</u>**

In the case at bar, Defendant claims that they are not subject to personal jurisdiction in Missouri, based on the "at home" theory announced in *Daimler AG v. Bauman*, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) and subsequent case law. This claim ignores the facts of this case and applicable law.

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746,

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

C. **ASSUMING *ARGUENDO*, PURSUANT TO MO. REV. STAT. §508.010, ST. LOUIS CITY IS THE APPROPRIATE VENUE FOR THIS CASE.**

Defendant asserts Plaintiffs failed to allege facts to establish venue is proper in the City of St. Louis in this case. Venue in Missouri is determined solely by statute. *State ex rel. Rothermirch v. Gallagher*, 816 S.W. 2d 194, 196 (Mo. Banc 1991). The venue of all cases filed in Missouri after August 28, 2005, is governed by Mo. Rev Stat §508.010. When interpreting a statute, the primary rule is to give effect to the legislative intent as reflected in the plain language of the statute. *State ex rel. Burns v. Whittington*, 219 S.W. 3d 224, 225 (Mo. Banc 2007). Under §508.010.5, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue as to that individual plaintiff shall be determined as follows: (1)  If the

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located.  Several defendants in this cause of action have registered agents or their headquarters located in the City of St. Louis. The venue statute is unambiguous and conveys a plain and definite meaning, which when applied to the case at hand unequivocally supports the allegation that venue is proper in the City of St. Louis.

### D.  **PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

inferences may be fairly deduced related to all counts.

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

### E.  PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**.  . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - City of St. Louis - March 27, 2023 - 03:11 PM

Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant Lear Siegler of America Corporation's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory

Electronically Filed - City of St. Louis - March 27, 2023 - 03:14 PM

Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke*_____
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintcooper.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 27th day of March, 2023.

*/s/ Angel Goodman*___

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT VIACOMCBS INC.,
N/K/A PARAMOUNT GLOBAL'S MOTION TO DISMISS PLAINTIFFS' PETITION**</u>

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant ViacomCBS Inc., *n/k/a* Paramount Global's (hereinafter referred to as "Defendant" or "Viacom") Motion to Dismiss Plaintiffs' Petition, states as follows:

<u>**BACKGROUND**</u>

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, Viacom, filed its Motion in this case on March 16, 2023.

<u>**LEGAL ARGUMENT**</u>

A. <u>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION IS NOT YET RIPE TO BE HEARD**</u>

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of personal jurisdiction upon Viacom in the matter. Under Missouri Rules of Civil Procedure,

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

answers to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories. Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss regarding personal jurisdiction is not yet ripe to be heard by this Court.  Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

**B. <u>DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS INAPPOSITE AS PLAINTIFF WAS EXPOSED TO ASBESTOS ASSOCIATED WITH DEFENDANT'S PRODUCTS IN MISSOURI</u>**

Viacom argues that Plaintiffs "fail to establish this Court's personal jurisdiction, either general or specific", over Viacom under the holding of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and that Plaintiffs have "not established any connection whatsoever between Missouri, the underlying claims, and Viacom." *See: Generally Viacom's Motion*.  However, Viacom ignores facts in evidence establishing a connection between Plaintiffs' claims and the State of Missouri.

The United States Supreme Court spoke on "specific jurisdiction" in *Daimler AG v. Bauman*, noting that adjudicatory authority over actions in which the suit arises out of or relates to the defendant's contacts is called "specific jurisdiction." *Daimler AG,* 134 S. Ct. 746 at 754.  The United States Supreme Court previously noted in *Goodyear v. Brown* that "Specific jurisdiction…depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" and that "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

C. **PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable inferences may be fairly deduced related to all counts.

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

**D.  PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19**

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**.  . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant ViacomCBS Inc., *n/k/a* Paramount Global's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke*_____
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 28th day of March, 2023.

*/s/ Angel Goodman*___

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT PNEUMO ABEX LLC'S
MOTION TO DISMISS PLAINTIFFS' PETITION</u>**

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant Pneumo Abex LLC's (hereinafter referred to as "Defendant" or "Abex") Motion to Dismiss Plaintiffs' Petition, states as follows:

**BACKGROUND**

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, Abex, filed its Motion in this case on March 15, 2023.

**LEGAL ARGUMENT**

**A.  <u>DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL
JURISDICTION AND VENUE ARE NOT YET RIPE TO BE HEARD</u>**

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of venue and personal jurisdiction upon all defendants in the matter. Upon completion of service on all defendants, Plaintiffs intend to propound case specific interrogatories on the issues of venue and

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

personal jurisdiction on all parties. Under Missouri Rules of Civil Procedure, answers to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories.  Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss is not yet ripe to be heard by this Court. Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

**B.**  **THE COURTS OF MISSOURI MAY ASSERT GENERAL PERSONAL JURISDICTION OVER DEFENDANTS IN THIS CASE**

In the case at bar, Defendant claims that they are not subject to personal jurisdiction in Missouri, based on the "at home" theory announced in *Daimler AG v. Bauman*, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) and subsequent case law. This claim ignores the facts of this case and applicable law.

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

## C.   ASSUMING *ARGUENDO*, PURSUANT TO MO. REV. STAT. §508.010, ST. LOUIS CITY IS THE APPROPRIATE VENUE FOR THIS CASE.

Defendant asserts Plaintiffs failed to allege facts to establish venue is proper in the City of St. Louis in this case. Venue in Missouri is determined solely by statute. *State ex rel. Rothermirch v. Gallagher*, 816 S.W. 2d 194, 196 (Mo. Banc 1991). The venue of all cases filed in Missouri after August 28, 2005, is governed by Mo. Rev Stat §508.010. When interpreting a statute, the primary rule is to give effect to the legislative intent as reflected in the plain language of the statute. *State ex rel. Burns v. Whittington*, 219 S.W. 3d 224, 225 (Mo. Banc 2007). Under §508.010.5, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue as to that individual plaintiff shall be determined as follows: (1)  If the defendant is a corporation, then venue shall be in any county where a defendant corporation's

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

registered agent is located. Several defendants in this cause of action have registered agents or their headquarters located in the City of St. Louis. The venue statute is unambiguous and conveys a plain and definite meaning, which when applied to the case at hand unequivocally supports the allegation that venue is proper in the City of St. Louis.

### D. **PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable inferences may be fairly deduced related to all counts.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

### E.   PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**. . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action. Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant Pneumo Abex LLC's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

rulings.

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke*_____
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintcooper.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 28th day of March, 2023.

*/s/ Angel Goodman*___

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT UNION CARBIDE**
**CORPORATION'S MOTION TO DISMISS PLAINTIFFS' PETITION**

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant Union Carbide Corporation's (hereinafter referred to as "Defendant" or "UCC") Motion to Dismiss Plaintiffs' Petition, states as follows:

**BACKGROUND**

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, UCC, filed its Motion in this case on March 14, 2023.

**LEGAL ARGUMENT**

**A. DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE ARE NOT YET RIPE TO BE HEARD**

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of venue and personal jurisdiction upon all defendants in the matter. Upon completion of service on all

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

defendants, Plaintiffs intend to propound case specific interrogatories on the issues of venue and personal jurisdiction on all parties. Under Missouri Rules of Civil Procedure, answers to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories. Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss is not yet ripe to be heard by this Court. Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

### B. <u>THE COURTS OF MISSOURI MAY ASSERT GENERAL PERSONAL JURISDICTION OVER DEFENDANTS IN THIS CASE</u>

In the case at bar, Defendant claims that they are not subject to personal jurisdiction in Missouri, based on the "at home" theory announced in *Daimler AG v. Bauman*, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) and subsequent case law. This claim ignores the facts of this case and applicable law.

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri. "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>." *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added). "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746,

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

C. **ASSUMING *ARGUENDO*, PURSUANT TO MO. REV. STAT. §508.010, ST. LOUIS CITY IS THE APPROPRIATE VENUE FOR THIS CASE.**

Defendant asserts Plaintiffs failed to allege facts to establish venue is proper in the City of St. Louis in this case. Venue in Missouri is determined solely by statute. *State ex rel. Rothermirch v. Gallagher*, 816 S.W. 2d 194, 196 (Mo. Banc 1991). The venue of all cases filed in Missouri after August 28, 2005, is governed by Mo. Rev Stat §508.010. When interpreting a statute, the primary rule is to give effect to the legislative intent as reflected in the plain language of the statute. *State ex rel. Burns v. Whittington*, 219 S.W. 3d 224, 225 (Mo. Banc 2007). Under §508.010.5, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue as to that individual plaintiff shall be determined as follows: (1)  If the

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located.  Several defendants in this cause of action have registered agents or their headquarters located in the City of St. Louis. The venue statute is unambiguous and conveys a plain and definite meaning, which when applied to the case at hand unequivocally supports the allegation that venue is proper in the City of St. Louis.

### D.  <u>PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

inferences may be fairly deduced related to all counts.

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

### E.  PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34.*  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**.  . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997).

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## <u>PRAYER</u>

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant Union Carbide Corporation's Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke_____*
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintcooper.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 28th day of March, 2023.

*/s/ Angel Goodman___*

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ABB INC.'S MOTION**
**TO DISMISS PLAINTIFFS' PETITION**

Plaintiffs, STUART MOTT and NANCY MOTT by and through their attorneys Flint Cooper, LLC, files their Response in Opposition to Defendant ABB Inc.'s (hereinafter referred to as "Defendant" or "ABB") Motion to Dismiss Plaintiffs' Petition, states as follows:

**BACKGROUND**

Plaintiff, Stuart Mott, was diagnosed with lung cancer on or about July 18, 2022. Subsequently, Plaintiffs filed their Petition on February 13, 2023 seeking damages for the personal injury of Stuart Mott and Nancy Mott which occurred as a result of Plaintiff's exposure to asbestos-containing products. Subsequently, Defendant, ABB, filed its Motion in this case on March 23, 2023.

**LEGAL ARGUMENT**

**A. DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE ARE NOT YET RIPE TO BE HEARD**

In this case, Plaintiffs have yet to serve case specific interrogatories on the issues of venue and personal jurisdiction upon all defendants in the matter. Upon completion of service on all defendants, Plaintiffs intend to propound case specific interrogatories on the issues of venue and

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

personal jurisdiction on all parties. Under Missouri Rules of Civil Procedure, answers to interrogatories are due 30 days after service of Plaintiffs' propounded Interrogatories.  Mo. R. Civ. Proc. 57.01(c)(1). Without the information from Defendant contained in the anticipated answers to Plaintiffs' Interrogatories, Plaintiffs are prejudiced in their ability to respond to this Motion. Thus, Defendant's Motion to Dismiss is not yet ripe to be heard by this Court. Plaintiffs respectfully request the opportunity to supplement their response to this Motion at a later date after having an opportunity to review Defendant's Answers to Interrogatories.

   **B.  <u>THE COURTS OF MISSOURI MAY ASSERT GENERAL PERSONAL JURISDICTION OVER DEFENDANTS IN THIS CASE</u>**

In the case at bar, Defendant claims that they are not subject to personal jurisdiction in Missouri, based on the "at home" theory announced in *Daimler AG v. Bauman*, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) and subsequent case law. This claim ignores the facts of this case and applicable law.

This Court can assert General Personal Jurisdiction over Defendant because they maintain such continuous and systematic contacts with the State of Missouri such that they are essentially "at home" in Missouri.  "A plaintiff may bring an action in Missouri on a cause of action unrelated to a corporation's Missouri activities if the corporation is incorporated in Missouri, has its principal place of business in Missouri, or in the exceptional case <u>when its contacts with Missouri are so extensive and all-encompassing that Missouri, in effect, becomes another home state</u>."  *State Ex Rel. Norfolk Southern Railway Company v. Dolan*, 2017 WL 770977, 1 (Mo. banc 2017). (Emphasis added).  "In 'exceptional cases,' general jurisdiction may exist in an additional state if the corporation's activities in that other state are 'so substantial and of such a nature as to render the corporation at home in that State.'" *Id. at 3*, quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).  "To find a corporation is 'essentially at home' requires comparing the corporation's

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

activities in the forum state with its activities in other states through 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide.'" *Id. at 4*, quoting *Daimler*, 134 S. Ct. at 762.

Defendant, its predecessors and successors in interest, and their merged and acquired business entities for which they retain liability obviously have a significant historical and current business presence in the State of Missouri.  This Defendant has remarkable commercial ties with the State of Missouri and undeniable continuous and systematic contacts with Missouri; for Defendant to claim otherwise is disingenuous and inaccurate.  For these reasons, this Court should find that Defendant is essentially "at home" in Missouri and assert general personal jurisdiction over them in this case.

For the foregoing reasons, this Honorable Court should deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

## C.  ASSUMING *ARGUENDO*, PURSUANT TO MO. REV. STAT. §508.010, ST. LOUIS CITY IS THE APPROPRIATE VENUE FOR THIS CASE.

Defendant asserts Plaintiffs failed to allege facts to establish venue is proper in the City of St. Louis in this case. Venue in Missouri is determined solely by statute. *State ex rel. Rothermirch v. Gallagher*, 816 S.W. 2d 194, 196 (Mo. Banc 1991). The venue of all cases filed in Missouri after August 28, 2005, is governed by Mo. Rev Stat §508.010. When interpreting a statute, the primary rule is to give effect to the legislative intent as reflected in the plain language of the statute. *State ex rel. Burns v. Whittington*, 219 S.W. 3d 224, 225 (Mo. Banc 2007). Under §508.010.5, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue as to that individual plaintiff shall be determined as follows: (1)  If the defendant is a corporation, then venue shall be in any county where a defendant corporation's

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

registered agent is located. Several defendants in this cause of action have registered agents or their headquarters located in the City of St. Louis. The venue statute is unambiguous and conveys a plain and definite meaning, which when applied to the case at hand unequivocally supports the allegation that venue is proper in the City of St. Louis.

### D. <u>PLAINTIFFS' PETITION STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

Defendant argues that because Missouri is a fact pleading state and under *ITT Commercial Finance Co. v. Mid-America Marine Supply,* 854 S.W.2d 371, 379 (Mo. Banc 1993), Plaintiffs' fact pleading is insufficient. Not only do Plaintiffs state facts regarding each count alleging misconduct by Defendant, Plaintiffs also incorporate Paragraphs 1 through 3 of their Petition which provides general allegations of Plaintiff's exposure to asbestos and asbestos-containing products. These facts include the work of Plaintiff, the nature of work done by Plaintiff, the locations of work done by Plaintiff, and the years of work done by Plaintiff. Plaintiff subsequently alleges that he was exposed to asbestos due to his work with and around asbestos containing products. *See: Plaintiffs' Petition, filed on February 13, 2023 pp. 3-4.* Plaintiffs' Petition continues to attribute such asbestos dust to certain products Plaintiff worked with and around which were manufactured, sold, distributed or installed by the Defendants and each of them. *See: Generally Plaintiffs' Petition.*

To assess the sufficiency of a Petition, "all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *See also Berkowski v. St. Louis County Board of Election Commissioners*, 854 S.W.2d 819, 823 (Mo. App. E.D. 1993). Based on the Petition as stated, Plaintiffs have sufficiently pleaded facts accompanied by allegations from which reasonable inferences may be fairly deduced related to all counts.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

As such, Plaintiffs have sufficiently stated facts and proper legal standards upon which relief can be granted relative to all counts of Plaintiffs' Petition. Defendant's Motion to Dismiss for Failure to State a Claim should be denied.

E.  **PLAINTIFFS' PETITION COMPLIES WITH THE PLEADING REQUIREMENTS OF RULE 55.19**

Missouri is a fact pleading state. Missouri Rule 55, entitled "Pleadings and Motions," governs pleadings, pleading requirements, the form pleadings should take, when pleadings must be filed, how pleadings are to be prepared, and motions relating to pleadings, etc.  *See: Generally, Rule 55, "Pleadings and Motions," Rules 55 - 55.34*.  Rule 55.05 states in pertinent part:

> **"A pleading that sets forth a claim for relief**, whether an original claim, counterclaim, cross-claim, or third-party claim **shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader claims to be entitled**. . . . If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer be for such damages as are fair and reasonable."

Rule 55.05 (emphasis added).  Contrary to Defendant's assertions, Plaintiffs have complied with Missouri's fact pleading requirement.  Among others, those facts include the approximate year of Plaintiff's first exposure, and his occupation and duties at the time of his first exposure. The purpose of the pleadings is to present, define, and isolate the issues, so that the trial court and all parties have *notice* of the issues." *K.O. Real Estate, LLC v. O'Toole*, 291 S.W.3d 780, 789 (Mo. App. E.D. 2009) (emphasis added). Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997). Plaintiffs have clearly given notice of the issues to the court and to all the parties involved and

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

have identified those issues in their Petition. A petition is not to be held insufficient merely because of lack of definiteness or certainty. *Braun v. Petty*, 31 S.W.3d 521, 523 (Mo. App. E.D. 2000). Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause. *Kornberg v. Getz Exterminators, Inc.,* 341 S.W.2d 819, 822 (Mo. 1961). The facts concerning the manufacture of the asbestos-containing products are peculiarly within the knowledge of the Defendants.

Plaintiffs have complied with Missouri's fact-pleading requirement, as Plaintiffs have adequately pled a plain statement of facts showing that they are entitled to relief and have demanded judgment for the relief stated. Among others, those facts include that beginning in 1964 Plaintiff was exposed to various asbestos-containing products, continued to be exposed to asbestos-containing products through the years he was a member of IBEW Local, and contracted lung cancer as the result of his long time exposure to asbestos-containing products. Plaintiffs have met their burden and provided a sufficient basis for demonstrating that they have pled a sufficient cause of action.  Therefore, Defendant's Motion asserting that Plaintiffs have failed to state a cause of action are misguided and incorrect.

## **PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray this honorable Court deny Defendant ABB Inc.'s Motion to Dismiss and for such further relief that the Court deems just and proper. Plaintiffs requests the right to supplement their response to Defendant's Motion after having received and reviewed Defendant's Interrogatory Responses. In the alternative, Plaintiffs request leave to amend the Petition in accordance with the Court's rulings.

Electronically Filed - City of St. Louis - March 28, 2023 - 07:58 AM

Respectfully submitted,
FLINT COOPER, LLC

*/s/ Tyler Wilke_____*
Tyler Wilke #67192
222 E Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
Telephone:  (618) 288-4777
Facsimile:  (618) 288-2864
service@flintcooper.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the forgoing was served on all defense counsel of record via the Missouri Courts e-Filing System pursuant to Missouri Rules of Civil Procedure 103.08 this 28th day of March, 2023.

*/s/ Angel Goodman___*

Electronically Filed - City of St. Louis - March 28, 2023 - 02:47 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the following was served this 28th day of March, 2023, upon all Defendants' attorneys of record via the Missouri Courts eFiling system and sent electronically via eService to all attorneys of record for all Defendants.

1. PLAINTIFF'S INTERROGATORIES REGARDING VENUE DIRECTED TO DEFENDANT AMPHENOL CORPORATION;

2. PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., SUCCESSOR IN INTEREST TO LEAR SIEGLER, INC., AND ROYAL INDUSTRIES, INC.;

3. PLAINTIFF'S INTERROGATORIES REGARDING VENUE DIRECTED TO DEFENDANT LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP., SUCCESSOR IN INTEREST TO LEAR SIEGLER, INC., AND ROYAL INDUSTRIES, INC.;

4. PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT NOKIA OF AMERICA CORPORATION;

5. PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT RAYTHEON COMPANY

Electronically Filed - City of St. Louis - March 28, 2023 - 02:47 PM

**FLINT COOPER, LLC**

By: *_/s/ Tyler Wilke_____*
    Laci M. Whitley, #66675
    Tyler Wilke, #67192
    222 East Park Street, Suite 500
    P.O. Box 189
    Edwardsville, Illinois 62025
    (618) 288-4777
    Fax: (618) 288-2864
    service@flintcooper.com

Cause No. 2322-CC00306

Electronically Filed - City of St. Louis - March 30, 2023 - 01:43 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the following was served this 29th day of March, 2023, upon all Defendants' attorneys of record via the Missouri Courts eFiling system and sent electronically via eService to all attorneys of record for all Defendants.

1.  PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT VIACOMCBS, INC., N/K/A PARAMOUNT GLOBAL F/K/A VIACOMCBS INC., F/K/A CBS CORPORATION A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION

2.  PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT PNEUMO ABEX LLC

3.  PLAINTIFF'S INTERROGATORIES REGARDING VENUE DIRECTED TO DEFENDANT PNEUMO ABEX, LLC

4.  PLAINTIFF'S INTERROGATORIES REGARDING VENUE DIRECTED TO DEFENDANT UNION CARBIDE CORPORATION

5.  PLAINTIFF'S CASE SPECIFIC INTERROGATORIES ON ISSUES OF PERSONAL JURISDICTION DIRECTED TO DEFENDANT ABB, INC.

6.  PLAINTIFF'S INTERROGATORIES REGARDING VENUE DIRECTED TO DEFENDANT ABB, INC.

Electronically Filed - City of St. Louis - March 30, 2023 - 01:43 PM

**FLINT COOPER, LLC**

**By:**  *_/s/ Tyler Wilke_____*
Laci M. Whitley, #66675
Tyler Wilke, #67192
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777
Fax: (618) 288-2864
service@flintcooper.com

Cause No. 2322-CC00306

Electronically Filed - City of St. Louis - April 03, 2023 - 12:15 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUAR T MOTT and NANCY MOTT, his wife, ) | |
| ) | |
|      Plaintiffs, ) | Cause No. 2322-CC00306 |
| ) | |
| v. ) | |
| ) | |
| ABB, INC., et al., ) | |
| ) | |
|      Defendants. ) | |

**NOTICE OF CANCELLATION OF THE**
**DEPOSITION OF STUART MOTT**

     **PLEASE TAKE NOTICE** that the deposition of Stuart Mott scheduled for April 6, 2023

**HAS BEEN CANCELLED.**

          **FLINT COOPER, LLC**

**By:**    ***/s/ Tyler B. Wilke***
          **Tyler B. Wilke, #67192**
          222 E. Park St., Ste. 500
          P.O. Box 189
          Edwardsville, Illinois 62025
          (618) 288-4777 (telephone)
          (618) 288-2864 (facsimile)
          Service@flintlaw.com

**CERTIFICATE OF SERVICE**

     I certify that a copy of the foregoing was filed electronically via the Court's e-filing
system as well as through electronic mail this 3rd day of April, 2023.

          */s/ Cynthia A. Beam*

cc:    Paszkiewicz Litigation Services

Electronically Filed - City of St. Louis - April 03, 2023 - 12:24 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFFS' SECOND AMENDED NOTICE TO TAKE THE
DEPOSITION OF STUART MOTT</u>**

　　**PLEASE TAKE NOTICE** that on the date stated herein, the deposition of the following witness will be taken at the time and place indicated below.

**TO:**　　　　　　All Counsel of Record
　　　　　　　　(via electronic mail and Missouri Courts E-Filing System)

**DATE & TIME:** Thursday April 13, 2023 at 10:00 a.m. CT
　　　　　　　　To continue day to day until complete

**PLACE:**　　　<u>ALL </u>Attorneys:　　　　　Multi-Platform Video Conferencing
　　　　　　　　　　　　　　　　　　Or by Telephonic Means <u>ONLY</u>

　　　　　　　　Deponent (ONLY)　　　Plaintiff's Residence
　　　　　　　　　　　　　　　　　　1846 County Road 460
　　　　　　　　　　　　　　　　　　Fulton, MO 65251

**WITNESS:**　　Stuart Mott, Plaintiff

**REPORTER:**　Paszkiewicz Litigation Services
　　　　　　　　26 Ginger Creek Parkway
　　　　　　　　Glen Carbon, IL 62034
　　　　　　　　Tel No. (855) 595-3577

　　**PLEASE TAKE FURTHER NOTICE** that the videotaped deposition of the deponent will be taken as indicated above; that said deposition will be taken on oral examination before a Notary Public and certified Shorthand Reporter and videographer, or any other officer authorized by law

Electronically Filed - City of St. Louis - April 03, 2023 - 12:24 PM

to take depositions in like cases. The deposition will continue day-to-day until complete.

**SAFETY AND PROTECTION NOTICE: Coronavirus Disease 2019 (COVID-19):**

As the threat of the Coronavirus Disease 2019 (COVID-19) continues globally, it is necessary to take precautions to protect Plaintiffs suffering from lung cancer who are already immunocompromised, of advanced age, and/or in poor health, as well as others. Therefore, in an effort to protect Mr. Mott from contracting COVID-19, his deposition will be conducted by Video Conferencing or by Telephonic Means ONLY.

**<u>NOTICE REGARDING ATTENDANCE VIA VIDEOCONFERENCING</u>**

Attorneys MUST utilize Paszkiewicz's Video Conferencing or call into the deposition. Attorneys may participate in videoconferencing only through the use of a webcam via the Video Conferencing, which allows the deponent to see the examiner during questioning. Defendants may register for the deposition with Paszkiewicz Litigation Services at Scheduling@spreporting.com.

FLINT COOPER, LLC

By: */s/ Tyler B. Wilke*
Tyler B. Wilke, #67192
222 E. Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
Service@flintlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system as well as through electronic mail this 3rd day of April, 2023.

*/s/ Cynthia A. Beam*

cc:    Paszkiewicz Litigation Services

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | Case No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | Division No. 1 (Asbestos) |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

NOW COMES Joseph C. Orlet, Brandan P. Mueller, and Shannon D. Peters of Husch Blackwell LLP and hereby enters their appearance on behalf of Defendant The J.R. Clarkson Company LLC.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ Brandan P. Mueller
  Joseph C. Orlet, #37732
  Brandan P. Mueller, #52277
  Shannon D. Peters, #66953
  8001 Forsyth Boulevard, Suite 1500
  St. Louis, Missouri   63105
  314-480-1500
  314-480-1551 Facsimile
  HBService@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**
**The J.R. Clarkson Company LLC**

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts eFiling to counsel for Plaintiffs, Laci M. Whitley, Flint Cooper, LLC, and to all counsel of record this 3rd day of April, 2023.

<div align="right">

*/s/* Brandan P. Mueller

</div>

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | Case No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | Division No. 1 (Asbestos) |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE J.R. CLARKSON COMPANY LLC TO PLAINTIFFS' PETITION**

COMES NOW Defendant The J.R. Clarkson Company LLC (hereinafter "Defendant"), by its counsel, Husch Blackwell LLP, and for its Answer and Affirmative Defenses to Plaintiffs' Petition, states:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 1 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition and, therefore, denies the same.

2.     To the extent the allegations of paragraph 2 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining matters alleged in paragraph 2 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition and, therefore, denies the same.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

3.    To the extent the allegations of paragraph 3 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same. To the extent the allegations of paragraph 3 of the Jurisdiction, Venue and General Allegations sections of Plaintiffs' Petition are legal conclusions, no answer is required. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining matters alleged in paragraph 3 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition and, therefore, denies the same.

4.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 4 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition regarding the disease Plaintiff Stuart Mott ("Plaintiff") allegedly suffers from and when Plaintiff allegedly first became aware that he suffers from said disease, and, therefore, denies the same. Defendant denies Plaintiff's disease was "wrongfully caused." To the extent the allegations of paragraph 4 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same. To the extent the allegations of paragraph 4 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 4 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition and, therefore, denies same.  Defendant denies each and every remaining allegation, if any, in paragraph 4 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition.

5.    To the extent the allegations contained in paragraph 5 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition are legal conclusions, no answer is

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

required.  Should any remaining statement contained in paragraph 5 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition be deemed a factual allegation against Defendant, Defendant hereby denies same.

6.    Defendant denies that it is "jointly and severally liable." To the extent the allegations of paragraph 6, including each subparagraph, of the Jurisdiction, Venue and General Allegations section of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 6, including each subparagraph, of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 6, including each subparagraph, of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition and, therefore, denies same.  Defendant denies each and every remaining allegation, if any, in paragraph 6, including each subparagraph, of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition.

7.    To the extent the allegations contained in paragraph 7 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition are legal conclusions, no answer is required.  Defendant denies it committed any tortious acts against Plaintiff.  Should any remaining statement contained in paragraph 7 of the Jurisdiction, Venue, and General Allegations section of Plaintiffs' Petition be deemed a factual allegation against Defendant, Defendant hereby denies same.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

<u>**COUNT I**</u>
<u>**STRICT LIABILITY**</u>

8.      To the extent that Plaintiffs incorporate by reference paragraphs 1 through 7 of Plaintiffs' Petition, Defendant incorporates by reference its responses to paragraphs 1 through 7 for its responses to Count I of Plaintiffs' Petition.

9.      To the extent the allegations of paragraph 9, including each subparagraph, of Count I of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 9, including each subparagraph, of Count I of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 9, including each subparagraph, of Count I of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 9, including each subparagraph, of Count I of Plaintiffs' Petition.

10.     To the extent the allegations of paragraph 10 of Count I of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 10 of Count I of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 10 of Count I of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 10 of Count I of Plaintiffs' Petition.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

11.     To the extent the allegations of paragraph 11 of Count I of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 11 of Count I of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 11 of Count I of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 11 of Count I of Plaintiffs' Petition.

12.     To the extent the allegations of paragraph 12 of Count I of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 12 of Count I of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 12 of Count I of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 12 of Count I of Plaintiffs' Petition.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

**COUNT II**
**NEGLIGENCE**

13.     To the extent that Plaintiffs incorporate by reference paragraphs 1 through 12 of Plaintiffs' Petition, Defendant incorporates by reference its responses to paragraphs 1 through 12 for its response to Count II of Plaintiffs' Petition.

14.     To the extent the allegations of paragraph 14 of Count II of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 14 of Count II of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 14 of Count II of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 14 of Count II of Plaintiffs' Petition.

15.     To the extent the allegations of paragraph 15 of Count II of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 15 of Count II of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 15 of Count II of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 15 of Count II of Plaintiffs' Petition.

16.     To the extent the allegations of paragraph 16 of Count II of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 16 of Count II of Plaintiffs' Petition refer to

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 16 of Count II of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 16 of Count II of Plaintiffs' Petition.

17.     The allegations contained in paragraph 17 of Count II of Plaintiffs' Petition are legal conclusions to which no answer is required.  Should any statement contained in paragraph 17 of Count II of Plaintiffs' Petition be deemed a factual allegation against it, Defendant hereby denies same.

18.     To the extent the allegations of paragraph 18, including each subparagraph, of Count II of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 18, including each subparagraph, of Count II of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 18, including each subparagraph, of Count II of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation in paragraph 18, including each subparagraph, of Count II of Plaintiffs' Petition.

19.     To the extent the allegations of paragraph 19 of Count II of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 19 of Count II of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

matters alleged in paragraph 19 of Count II of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 19 of Count II of Plaintiffs' Petition.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

## COUNT III
## WILLFUL AND WANTON MISCONDUCT

20.     To the extent that Plaintiffs incorporate by reference paragraphs 1 through 19 of Plaintiffs' Petition, Defendant incorporates by reference its responses to paragraphs 1 through 19 for its response to Count III of Plaintiffs' Petition.

21.     To the extent the allegations of paragraph 21, including each subparagraph, of Count III of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 21, including each subparagraph, of Count III of Plaintiffs' Petition refer to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 21, including each subparagraph, of Count III of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 21, including each subparagraph, of Count III of Plaintiffs' Petition.

22.     To the extent the allegations of paragraph 22 of Count III of Plaintiffs' Petition refer to the knowledge, conduct, actions, premises or products of Defendant, Defendant denies the same.  To the extent the allegations of paragraph 22 of Count III of Plaintiffs' Petition refer

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

to knowledge, conduct, actions, premises or products of Defendants other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters alleged in paragraph 22 of Count III of Plaintiffs' Petition and, therefore, denies same. Defendant denies each and every remaining allegation, if any, in paragraph 22 of Count III of Plaintiffs' Petition.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

<u>COUNT IV</u>
<u>CONSPIRACY</u>

23.     To the extent that Plaintiffs incorporate by reference paragraphs 1 through 22 of Plaintiffs' Petition, Defendant incorporates by reference its responses to paragraphs 1 through 22 for its response to Count IV of Plaintiffs' Petition.

24.-25. Each and every allegation contained in paragraphs 24 through 25 of Count IV of Plaintiffs' Petition is denied by Defendant.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

## COUNT V
## LOSS OF CONSORTIUM

49.     To the extent that Plaintiff Nancy Mott incorporates the allegations contained in Counts "I-IV" of Plaintiffs' Petition, Defendant incorporates by reference its responses to Count "I-IV" for its response to Count V of Plaintiffs' Petition.

50.     Defendant denies each and every allegation of paragraph 50 of Count V.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Petition be dismissed with prejudice, that Defendant be awarded its costs, disbursements, and attorney fees incurred in defending this action and for such other and further relief the Court deems just and equitable under the circumstances.

## GENERAL DENIAL

Defendant denies generally each and every allegation contained in Plaintiffs' Petition not specifically admitted herein.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

For further answer and defense to Plaintiff's claims, Defendant states:

1.      Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted.

2.      Plaintiffs' service of the Petition was untimely.

3.      Plaintiffs' service of the Petition was insufficient.

4.      Plaintiffs' action should be dismissed pursuant to the doctrine of *forum non conveniens*.

5.      All or part of the claims asserted against Defendant herein are barred by all applicable statutes of limitations or repose, including but not limited to RSMo § 516.120 to the

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

extent such claims arose or accrued more than five years prior to the filing of this action against Defendant, and/or any other state's limitations period later deemed applicable to this action.

6.       The Court may lack specific personal jurisdiction over Defendant in the event that the evidence shows that no cause of action arises out of acts committed by Defendant within the state of Missouri, because without such evidence, the Court will be without the statutory authority to exercise specific personal jurisdiction over Defendant under RSMo §506.500 for causes of action arising from acts within this state.

7.       The Court may lack specific personal jurisdiction over Defendant because in the event that the evidence does not show sufficient minimum contacts of Defendant with the state of Missouri necessary to create specific jurisdiction, the Court's exercise of personal jurisdiction over Defendant may violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

8.       The Court may lack general personal jurisdiction over Defendant because Defendant is not incorporated in the state of Missouri and does not have its principal place of business in this state; therefore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution may preclude the Court from exercising jurisdiction over Defendant in this case, given the absence of any Missouri connection to the acts described in Plaintiffs' First Amended Petition.

9.       Based upon a lack of specific and general jurisdiction on the face of the Petition, Plaintiffs' Petition violates Mo. Sup. Ct. R. 55.03 and Defendant seeks a remedy for a frivolous suit under RSMo §514.205.

10.       Venue is improper pursuant to *forum non conveniens*.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

11.     If it is determined that products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises were used in accordance with the designs and specifications of the United States of America, any state or political subdivision of any state, the claims against Defendant are barred.

12.     If it is determined that Plaintiff was exposed to any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which products or components of those products were acquired from or sold by or used on behalf of the United States of America, any state or any political subdivision of any state, then this Defendant is entitled to any sovereign or governmental immunity available to the United States, any state or any political subdivision of the state.

13.     Some or all of the claims of Plaintiffs are pre-empted by federal legislation.

14.     Defendant did not control the premises or work at issue to the extent necessary to make Defendant liable for the acts or omission alleged by Plaintiffs.

15.     Plaintiffs' claims have been released or assigned to others.  Alternatively, Plaintiffs' claims are barred by *res judicata*, release, settlement, merger and bar, accord and satisfaction, and/or collateral estoppel.

16.     The acts and omissions of Plaintiffs, other parties, or third parties, and not Defendant, were the sole proximate cause of any damages to Plaintiffs.  Alternatively, the acts and omissions of Plaintiffs, other parties, or third parties, and not Defendant, constitute a new and independent cause of any damages to Plaintiffs sufficient to prevent a finding of proximate cause against Defendant.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

17.     Defendant would show that any injuries or illnesses alleged to have been sustained by the Plaintiff were proximately caused by Plaintiff's own fault and negligence, and, in the alternative, were proximately caused by the misuse of the product or products in question.

18.     Defendant would show that any conditions or risks, if any, were known to the Plaintiff and were open, obvious and apparent to the Plaintiff and that Plaintiff assumed the risks.

19.     Plaintiffs' damages, if any, were caused or contributed to, in whole or in part, by the negligence and/or tortious acts of persons or parties for whom Defendant had and has no responsibility, control or liability.

20.     The damages recoverable from Defendant should be limited to the percentage of the relative degree of fault of Defendant as compared with other parties to this action, as well as other persons or entities not presently before this Court, and that such acts, omissions or fault bar recovery by Plaintiffs herein or, in the alternative, if such acts, omissions or fault do not act as a complete bar, then said acts diminish Plaintiffs' recovery herein in an amount based upon Plaintiffs' relative degree of fault.

21.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

22.     Any damages claimed by Plaintiffs against Defendant were caused by intervening acts and/or omissions of third parties.

23.     Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

24.     Any acts or omissions of Defendant were not the cause of any losses, damages or injuries allegedly sustained by Plaintiffs.

25.     Defendant would further show that if the products used by or around Plaintiff were manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which is denied, then they were distributed and sold for use in a limited

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

market by a limited class of workers who have held themselves out as having special knowledge and experience in the handling of this material.  Upon information and belief, Plaintiff was an experienced member of that limited class of skilled individuals, upon whose special knowledge and expertise concerning the danger of the product, if any, Defendant was entitled to rely. Defendant contends that it had no duty to warn of danger which Plaintiff knew, or should have known, as a result of Plaintiff's special knowledge or expertise in the handling of these products or on these premises.

26.     Defendant would show that Plaintiff's diseases or medical problems or disabilities, if any, are in no way related to any alleged exposure to products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises.  Defendant would further show that Plaintiffs' damages were caused or aggravated by other exposures or other causes or instrumentalities, and not related to any exposure to products manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises.

27.     While denying at all times that any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises caused or contributed to the injuries and damages alleged in the Plaintiffs' Petition, Defendant avers that Plaintiff was warned or otherwise was aware of the alleged dangers of asbestos containing products and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary industrial user of asbestos containing products. Plaintiffs, therefore, are barred from any recovery against Defendant on the claims asserted.

28.     Defendant is not liable to the Plaintiffs because it had no legal duty to disclose any of the information allegedly not disclosed.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

29.     Defendant is not liable to Plaintiffs because all information allegedly not disclosed was in the public domain.

30.     Plaintiffs are barred from recovering any damages by virtue of the fact that the dangers alleged by Plaintiffs, if any, were open and obvious.

31.     Plaintiffs are barred from recovery for some or all of the claims asserted against Defendant because Defendant did not owe any legal duty to Plaintiffs or, if Defendant owed a legal duty, Defendant did not breach that duty.

32.     Plaintiffs' claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

33.     Plaintiffs' claims against Defendant are barred, in whole or in part, because any asbestos products allegedly manufactured, distributed or sold by Defendant or present, used or installed on Defendant's premises which are alleged to have contained asbestos, which is denied, were, and always were, consistent with the available technological, medical, scientific, and industrial state of the art and have complied with all applicable governmental regulations.

34.     Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of Defendant was undertaken in good faith for a valid business purpose.

35.     Plaintiffs may not recover on the claims pleaded in Plaintiffs' Petition because the damages sought are too speculative and remote.

36.     If Plaintiff was exposed to any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which are alleged to have contained asbestos, which is denied, then such exposure was of a *de minimis* nature and could not within a reasonable degree of certainty be the legal and proximate cause of Plaintiff's injuries.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

37.     Plaintiffs' claims are barred, in whole or in part, by § 402A of the Restatement (Second) of Torts, comment i.

38.     Plaintiffs have no right to recover, or a verdict should be reduced by, the value of any benefits received by Plaintiffs, paid on behalf of Plaintiffs, or available to Plaintiffs from any collateral source.

39.     Defendant is entitled to set off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs with respect to the same alleged injuries.

40.     Defendant avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known, of (1) the product characteristics, if any, that allegedly caused or contributed to the injuries and damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design or product available.  Defendant further avers that any alternative design or product was not feasible or available, either scientifically or technologically, or economically practical.

41.     Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and reserves the right to amend its Answer to assert any such defense.

42.     The state of the medical, scientific and industrial knowledge, art and practice was at all times such that Defendant neither breached any alleged duty owed to Plaintiffs nor knew, nor could have known, that any products allegedly attributable to Defendant presented a foreseeable risk of harm to Plaintiff in connection with the normal and expected use of such products.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

43.     Defendant states that Plaintiff was aware of and appreciated all risks of danger associated with the work activities in which Plaintiff allegedly engaged, and therefore, voluntarily and knowingly assumed those risks. Consequently, any damages which may be found to have been sustained should bar recovery by Plaintiffs herein or, if the alternative, is such acts, omissions or fault do not act as a complete bar, then said acts diminish Plaintiffs' recovery herein in an amount based upon Plaintiffs' relative degree of fault.

44.     If Plaintiffs' sustained injuries or damages as alleged, which is specifically denied by Defendant, then said damages or injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative negligence, comparative fault, assumption of the risk, misuse or abuse of a product, including but not limited to the failure to install or use the product in accordance with industry standards or manufacturer or distributor instructions, substantial change in the product, material alteration, or failure to mitigate damages; further, Defendant states that such acts, omissions or fault bar recovery by Plaintiffs herein or, in the alternative, if such acts, omissions or fault do not act as a complete bar, then said acts diminish Plaintiffs' recovery herein in an amount based upon Plaintiffs' relative degree of fault.

45.     Plaintiffs' claims against Defendant are barred, in whole or in part, because Plaintiff or the user of the product at issue were employed by sophisticated purchasers of the product at issue, which Defendant specifically denies that it manufactured, sold, distributed, used, or installed, or had present on its premises, and the sale of the product to such a purchaser relieves Defendant of any duty it may otherwise have had to warn of any potential hazards associated with the product.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

46.     If a duty to warn is found to have existed, then Defendant asserts that it provided all required warnings regarding its products and premises to people to whom Defendant sold its products and to people who used their products or were present on Defendant's premises, and if Plaintiff did not receive these warnings then it was because the products were supplied in bulk and/or the people to whom Defendant sold its products or the people who used its products did not, through their acts or omissions, pass the product warnings along to Plaintiff, without fault of Defendant.

47.     If Plaintiff was exposed to any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which are alleged to have contained asbestos, which is denied, then such exposure could not within a reasonable degree of certainty be the legal and proximate cause of Plaintiff's injuries, because any asbestos containing products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which are alleged to have contained asbestos and to which Plaintiffs allege exposure, which is denied, were produced in a manner which encapsulated the asbestos in such a way that no asbestos fibers could be released that were capable of causing the asbestos-related injuries alleged to have been sustained by Plaintiff.

48.     If the theory of failure to warn is found to be applicable to Defendant under the facts of this litigation, then Defendant asserts that it provided all required warnings.

49.     Defendant states that it is not now, nor has it ever been, engaged in the manufacture or distribution of any product which has caused, or which was capable of causing, the asbestos-related injuries alleged to have been sustained by Plaintiff.  If it is determined that Defendant did design, manufacture or market any such products, then, under applicable law, Defendant denies any defects in its products by way of product, design or manufacturing defect

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

and avers that, at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended, and were delivered with such advice as was consistent with the state of the existing medical and industrial art.

50.    Defendant denies that Plaintiff was exposed to any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, denies that Plaintiff was injured by any products allegedly manufactured, distributed or sold by Defendant or present, used, or installed on Defendant's premises which are alleged to have contained asbestos, and, accordingly, denies that Plaintiffs' suffered any damage thereby and denies each and every allegation in Plaintiffs' Petition not hereinabove expressly admitted.

51.    Defendant would further show that Plaintiffs failed to mitigate the alleged damages, if any.

52.    Plaintiffs' Petition against Defendant is barred, in whole or in part, because Plaintiffs' alleged damages, if any, are or were due solely or substantially to other causes not connected with a product allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which is denied.

53.    Any injuries, damages or disabilities allegedly suffered or sustained by Plaintiffs, and which this Defendant denies, were caused or contributed to by conditions over which this Defendant had no control and for which it was not responsible.

54.    Plaintiffs have failed to join one or more indispensable parties and/or Plaintiffs are not entitled to receive compensation from this Defendant with respect to payments made to Plaintiffs' by any collateral source, including insurers and/or worker's compensation programs.

55.    If it is determined that products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises were used in accordance with the

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

designs and specifications of the United States of America, any state or political subdivision of any state, the claims against Defendant are barred.

56.     If it is determined that Plaintiff was exposed to any products allegedly manufactured, distributed, or sold by Defendant or present, used, or installed on Defendant's premises, which products or components of those products were acquired from or sold by or used on behalf of the United States of America, any state or any political subdivision of any state, then this Defendant is entitled to any sovereign or governmental immunity available to the United States, any state or any political subdivision of the state.

57.     Some or all of the claims of Plaintiffs is pre-empted by federal legislation.

58.     Defendant did not control the premises or work at issue to the extent necessary to make Defendant liable for the acts or omission alleged by Plaintiffs.

59.     All or parts of the claims asserted against Defendant herein are barred by Missouri's statutory employee doctrine, RSMo § 287.040 (1994), et seq., or similar States' doctrines insofar as such claims are alleged to arise from Plaintiff's alleged employment by Defendant and the improvements exception found in RSMo § 287.040.3 is inapplicable to Plaintiffs' claims.

60.     Plaintiffs are not entitled to any recovery of punitive or exemplary damages against Defendant because:

a)      Plaintiffs' claims for punitive damages are barred because an award of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of the Missouri Constitution, in that:

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

i.      The jury will be allowed to consider evidence of Defendant's wealth in assessing punitive damages.

ii.     There are no definite standards whereby the judiciary may determine the submissibility of punitive damages or the amount of any such award.

iii.    There are no effective procedures whereby the judiciary can review either the submissibility or the magnitude of punitive damages.

iv.     The guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

v.      The vague and inconsistent legal standards for the imposition of punitive damages deprive Defendant of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based.

vi.     No objective limitations or standards have been established concerning the amount or severity of any punitive damages award.

vii.    Defendant is not provided with fair and adequate notice of the punishment, through punitive damages, including the severity of the penalty.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

viii.   The procedures allowed permit the award of punitive damages upon satisfaction of a reduced standard of proof inconsistent with the decisional authority of the United States Supreme Court.

ix.   The procedures allowed fail to provide clear, consistent, appellate standards of review of an award of punitive damages.

x.   It is a denial of due process of law and of equal protection of the laws under the Constitutions of the United States and Missouri to permit a corporation to be vicariously liable for punitive and exemplary damages which are awarded on the basis of acts or omissions of employees, agents, or representatives of the corporation on the doctrine of respondeat superior or any other vicarious liability doctrine of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri.

b)   Plaintiffs' claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and the Constitution of Missouri.  Such rights include, among other things:

i.   A requirement that the basis for the imposition of punitive damages be proven by plaintiffs;

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

    ii.    The right to a unanimous twelve-person jury verdict in jury trials; and

    iii.    The right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

c)    Plaintiffs' claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of the Constitution of the State of Missouri.

d)    Plaintiffs' claims for punitive damages are barred to the extent they seek the admission of evidence of defendant's net worth or wealth in determining whether punitive damages are to be awarded and/or in what amount, because punitive damages are a form of punishment, and punishment that is grounded in a defendant's status, rather than in specific misconduct, has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Missouri.

e)    Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of Missouri would violate this defendant's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of the State of Missouri where a jury: (i) is not

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

provided with standards of sufficient clarity, objectivity and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages; (ii) is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (iv) is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (v) is not subject to judicial review on the basis of objective and uniform standards.

f)     Plaintiffs' claims for punitive damages are barred because an award of punitive damages in this action would be an unconstitutional burden on interstate commerce in violation of the Commerce Clause of Article I, Section 9 of the United States Constitution.

g)     Plaintiffs' claims for punitive damages in this lawsuit are a request to impose economic sanctions in violation of the sovereignty of other states.

h)     Further, any such recovery would violate Defendant's rights under Article I, Section 9, United States Constitution, because such is an ex post facto law.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

i)    Further, an award of punitive damages is a violation of the Contract Clause of the Constitution of the United States of America.

j)    Further, an award of punitive damages is a violation of the Double Jeopardy Clause of the Constitution of the United States of America.

k)    Missouri's scheme for punitive damages, including but not limited to RSMo §§ 510.263 and 537.675, and the Missouri Approved Jury Instructions for punitive damages, violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and Article 1, §§ 10 and 22(a) of the Missouri Constitution, for the reasons set forth above in this section.

l)    The contracts clause of Article 1 § 10 of the United States Constitution and similar provisions of the Missouri Constitution prohibit the award of punitive damages because any party's claim of punitive damages is an attempt to impose punitive damages through retrospective application of new, judge-made substantive rules.  Due process requires fair notice of the type of conduct that will subject a person or entity to monetary punishment and fair notice of range or any monetary punishment that may be imposed for deviation from the standard.  Due process prohibits punishment for violation of unsettled standards and standards not judicially established until the conduct complained of has taken place. Due process and the contracts cause of Article 1 § 10 of the United States Constitution and the similar provision of the Missouri Constitution are,

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

therefore, also pled as a defense to all of Plaintiff's liability theories which were not in existence at the time that Defendants allegedly engaged in the conduct at issue in this action.

61.     Plaintiffs fail to state any proper claim upon which punitive damages may be awarded.

62.     Plaintiffs' claims for punitive damages are barred if they are duplicative of claims for punitive damages on the basis of similar allegations in other cases.  In the alternative, any punitive damages awarded to Plaintiffs should be offset by the amount of damages assessed against Defendant in other similar actions, if any.

63.     Plaintiffs have failed to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that Defendant acted with complete indifference to or conscious disregard for the safety of others.

64.     Defendant states that Plaintiffs' claims for punitive damages are barred in that a jury cannot constitutionally impose punitive damages for out-of-state conduct.

65.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State governing punitive damages provides inadequate procedural protections against arbitrary or erroneous awards of such damages.  A State may constitutionally award punitive damages only if the law of that State provides significant and effective procedural protections to defendant, which the law of this State does not.

66.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

the Missouri Constitution because defendant lacked adequate notice either of the type of conduct that could warrant an award of punitive damages under the law of this State, or of the amount of such damages that could be awarded.  The lack of fair notice bars any award of punitive damages.

67.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State fails to require that any award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature.

68.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because punitive damages, as awarded in this State, impermissibly discriminate against corporate defendants, including the defendant in this case, that are organized under the laws of other States and that maintain their principal places of business in other States.

69.     Plaintiffs' claims for punitive damages are barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, because the transactions alleged in Plaintiffs' Petition took place in interstate commerce, and the imposition of punitive damages on a defendant for transactions in interstate commerce unduly burdens that commerce.  In addition, defendant maintains its principal place of business outside this State, and imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce.

70.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by principles of federalism

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

embodied in the Constitution, to the extent that claim is based on any conduct by defendant that occurred outside this State.  No legitimate interest of this State can be served by the imposition of punitive damages based on conduct that occurred outside this State, and therefore Due Process prohibits the award of punitive damages based on such conduct.

71.     Plaintiffs' claims for punitive damages are barred by the Due Process Clause of the United States Constitution, Amendment V and XIV, § 1, and by the Due Process Clause of the Missouri Constitution because the law of this State permits the introduction of evidence of defendant's financial condition or 'net worth' with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on defendant's status as an industrial enterprise.

72.     In the alternative, Defendant pleads and invokes any and all standards for recovery and limitations on the amount of recovery for punitive or exemplary damages to the full extent provided by Missouri law or any other applicable law.

73.     Venue in this Court in the City of St. Louis is not proper.

74.     Missouri law imposing joint and several liability, including but not limited to RSMo § 537.067.1, violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 22(a) of the Missouri Constitution, because it imposes on an alleged tortfeasor a liability in excess of the responsibility of that alleged tortfeasor as found by the Jury.  This excess is effectively a fine, bearing no relation to the conduct or state of mind of the alleged tortfeasor.  Instead, Missouri law unconstitutionally bases the imposition of that excess liability only upon the ability of that alleged tortfeasor to pay the judgment.

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

75.    Defendant denies each and every allegation contained in Plaintiffs' Petition, not expressly admitted herein.

76.    Plaintiffs have failed to state a claim for successor liability.

77.    Any affirmative defenses pleaded by the other Defendants and not pleaded by Defendant are hereby incorporated herein to the extent they do not conflict with Defendant's affirmative defenses.

78.    Plaintiff Nancy Mott's claims for damages for loss of consortium should be dismissed because loss of consortium is a derivative cause of action predicated on the claims of the directly injured spouse. Since Plaintiff's loss of consortium claims arise out of the same operative facts and circumstances as Plaintiffs' direct claims against Defendant, Defendant alleges the same affirmative defenses for the loss of consortium claims as all other claims.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL COUNTS AND ALL AFFIRMATIVE DEFENSES.**

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ Brandan P. Mueller
    Joseph C. Orlet, #37732
    Brandan P. Mueller, #52277
    Shannon D. Peters, #66953
    8001 Forsyth Boulevard, Suite 1500
    St. Louis, Missouri   63105
    314-480-1500
    314-480-1551 Facsimile
    HBService@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**
**The J.R. Clarkson Company LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts eFiling to counsel for Plaintiffs, Laci M. Whitley, Flint Cooper, LLC, and to all counsel of record this 3rd day of April, 2023.

_/s/_ Brandan P. Mueller

Electronically Filed - City of St. Louis - April 03, 2023 - 05:04 PM

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | Case No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | Division No. 1 (Asbestos) |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

**MOTION FOR PRO HAC VICE ADMISSION OF
J. RYAN MALONEY**

Pursuant to Rule 9.03 of the Missouri Supreme Court Rules, the undersigned respectfully moves this Court to permit J. Ryan Maloney to practice specially in this Court in this case as attorney of record for Defendant The J.R. Clarkson Company LLC, and to participate in the trial, proceedings and hearings herein.  In support of this Motion, movant states:

1.     J. Ryan Maloney is an attorney licensed to practice law and a member of the firm of von Briesen & Roper, s.c., 411 East Wisconsin Avenue, Suite 1000, Milwaukee, WI 53202, telephone number (414) 221-6609.

2.     J. Ryan Maloney and the law firm of von Briesen & Roper, s.c., have been retained by Defendant The J.R. Clarkson Company LLC to act as counsel in this matter.  J. Ryan Maloney desires to be permitted to practice specially in this Court as counsel for Defendant The J.R. Clarkson Company LLC in the above styled cause.

3.     J. Ryan Maloney has been admitted to practice law in the State of Wisconsin since 2007.  J. Ryan Maloney is currently licensed and in good standing to practice law in each jurisdiction to which he is admitted.

4.      Neither J. Ryan Maloney nor any member of the firm of von Briesen & Roper, s.c., with which J. Ryan Maloney practices, is under suspension or disbarment by any Court to which J. Ryan Maloney is admitted.

5.      J. Ryan Maloney is familiar with the Missouri Supreme Court Rules and will at all times abide by and comply with those rules as counsel herein.

6.      Joseph C. Orlet, Brandan P. Mueller and Shannon D. Peters of the law firm of Husch Blackwell LLP, 8001 Forsyth Boulevard, Suite 1500, St. Louis, Missouri 63105, have agreed to act as associate counsel herein for Defendant The J.R. Clarkson Company LLC and to sponsor the motion for the *pro hac vice* admission of J. Ryan Maloney.

WHEREFORE, Brandan P. Mueller respectfully requests that this Court permit J. Ryan Maloney to practice specially in this case as attorney of record for Defendant The J.R. Clarkson Company LLC, and to participate in the trial, proceedings and hearings herein.  A proposed order is attached hereto.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: /s/ Brandan P. Mueller
     Joseph C. Orlet, #37732
     Brandan P. Mueller, #52277
     Shannon D. Peters, #66953
     8001 Forsyth Boulevard, Suite 1500
     St. Louis, Missouri   63105
     314-480-1500
     314-480-1551 Facsimile
     HBService@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**
**The J.R. Clarkson Company LLC**

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was forwarded electronically via Missouri Courts eFiling to counsel for Plaintiffs, and to all counsel of record, this 11th day of April, 2023.

/s/ Brandan P. Mueller

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | Case No. 2322-CC00306 |
| Plaintiffs, | ) | |
| | ) | Division No. 1 (Asbestos) |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| Defendants. | ) | |

***PRO HAC VICE* AFFIDAVIT OF J. RYAN MALONEY
PURSUANT TO MOTION FOR ADMISSION IN A PARTICULAR CASE**

I, J. Ryan Maloney, after being duly sworn, do hereby state as follows:

1.    My name is J. Ryan Maloney. I am over the age of eighteen and am legally competent to make this Affidavit.

2.    All matters of fact stated herein are within my personal knowledge and are true and correct.

3.    I am an attorney in the firm of von Briesen & Roper, s.c. and my office address is 411 East Wisconsin Avenue, Suite 1000, Milwaukee, WI 53202.  I do not reside in the State of Missouri.

4.    I am seeking to appear *pro hac vice* and participate as counsel for Defendant The J.R. Clarkson Company LLC in the above-captioned matter.

5.    I am currently licensed in the State of Wisconsin am in good standing, and am admitted to practice before the highest court of the State of Wisconsin.  I have been admitted to practice in the State of Wisconsin since 2007 and my Bar Number is #1065399.

6.    I am also admitted to practice before the following Federal courts, in which I was admitted on the following dates and remain in good standing: United States District Court for the Eastern District of Wisconsin (admitted October 17, 2007), United States District Court for the Western District of Wisconsin (admitted November 21, 2011) United States Court of the Northern District of Illinois (admitted January 14, 2022) United States Court of Appeals for the Seventh Circuit (admitted July 2, 2010) and United States Court of Appeals for the Third Circuit (admitted May 19, 2012).

7.    Neither I, nor any member of my firm, von Briesen & Roper, s.c., is under suspension or disbarment by any Court to which I am admitted.

8.    In this matter I am associated with Joseph C. Orlet and Brandan Mueller of Husch Blackwell LLP.  Husch Blackwell LLP, which has offices in various locations in

Missouri, including 8001 Forsyth Boulevard, Suite 1500, St. Louis, Missouri 63105, has been retained as counsel for Defendant The J.R. Clarkson Company LLC in this matter.

9.      I have entered my appearance in the above-captioned matter contemporaneous with the filing of this affidavit.

10.     Prior to the filing of this affidavit, all fees required by Missouri Supreme Court Rule 6.01(m)-(n) in connection with my application for *pro hac vice* admission have been submitted and the receipt for such fees is attached hereto.

11.     I, J. Ryan Maloney, by my appearance and this sworn statement agree to comply with the Missouri Rules of Professional Conduct as set forth in Rule 4 and become subject to discipline by the Courts of Missouri.

12.     I certify under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of April, 2023.

J. Ryan Maloney

STATE OF WISCONSIN            )
                              )
COUNTY OF MILWAUKEE           )

        Subscribed and sworn to before me, the undersigned, a Notary Public in and for said City/County and State, personally appeared J. Ryan Maloney, who, being first duly sworn upon his oath, acknowledged the execution of the foregoing Affidavit and affirmed, under the penalties for perjury, that the facts set forth therein are true.

        Witness my hand and seal this 7th day of April, 2023.

My Commission Expires: 3/27/2024

Notary Public

Barbara Doro Santos
Print Name

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM



**CLERK OF THE SUPREME COURT**
STATE OF MISSOURI
POST OFFICE BOX 150
JEFFERSON CITY, MISSOURI
65102

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

4/11/2023

*This will hereby acknowledge receipt of $410.00 as required by Rule 6.01(n) for J. Ryan Maloney, appearing in STUART MOTT and NANCY MOTT v. ABB, INC., et al., Case No. 2322-CC00306, before the Circuit Court, Saint Louis City, State of Missouri.*

Betsy AuBuchon, Clerk

Electronically Filed - City of St. Louis - April 11, 2023 - 09:44 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

STUART MOTT and NANCY MOTT, his wife,  )
                                        )      Case No. 2322-CC00306
                      Plaintiffs,       )
                                        )      Division No. 1 (Asbestos)
v.                                      )
                                        )
ABB, INC., et al.,                      )      JURY TRIAL DEMANDED
                                        )      ON ALL COUNTS
                      Defendants.       )

## <u>ORDER</u>

Before the Court is the Motion for *Pro Hac Vice* Admission of J. Ryan Maloney filed on behalf of Defendant The J.R. Clarkson Company LLC. Having considered the motion, the Court is of the opinion that the motion should be GRANTED.   The Motion for Pro Hac Vice Admission is unopposed. It is therefore

ORDERED that J. Ryan Maloney (Bar #1065399) is admitted *pro hac vice* in the above-styled matter.

Signed the _____ day of _____, 2023.


_____
Judge, Circuit Court of the City of St. Louis

HB: 4876-0959-9581.1

Electronically Filed - City of St. Louis - April 12, 2023 - 02:10 PM

**IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)**

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| | ) | |
| v. | ) | |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF CANCELLATION OF THE
AMENDED DEPOSITION OF STUART MOTT**

**PLEASE TAKE NOTICE** that the deposition of Stuart Mott scheduled for Thursday,

April 6, 2023 **HAS BEEN CANCELLED**.

**FLINT COOPER, LLC**

**By:**   */s/ Tyler B. Wilke*
**Tyler B. Wilke, #67192**
222 E. Park St., Ste. 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777 (telephone)
(618) 288-2864 (facsimile)
Service@flintcooper.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing
system as well as through electronic mail this 12th day of April, 2023.

*/s/ Angel Goodman*

Electronically Filed - City of St. Louis - April 12, 2023 - 02:14 PM

**IN THE CIRCUIT COURT**
**STATE OF MISSOURI**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

| | |
|---|---|
| STUART MOTT and NANCY MOTT, his wife,       ) | |
| ) | |
|       Plaintiffs,       ) | Cause No. 2322-CC00306 |
| ) | |
| v.       ) | |
| ) | |
| ABB, INC., et al.,       ) | |
| ) | |
|       Defendants.       ) | |

**PLAINTIFFS' AMENDED NOTICE OF CANCELLATION OF THE**
**AMENDED DEPOSITION OF STUART MOTT**

**PLEASE TAKE NOTICE** that the deposition of Stuart Mott scheduled for Thursday, April 13, 2023 **HAS BEEN CANCELLED**.

**FLINT COOPER, LLC**

**By:**    */s/ Tyler B. Wilke*
      **Tyler B. Wilke, #67192**
      222 E. Park St., Ste. 500
      P.O. Box 189
      Edwardsville, Illinois 62025
      (618) 288-4777 (telephone)
      (618) 288-2864 (facsimile)
      Service@flintcooper.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's e-filing system as well as through electronic mail this 12th day of April, 2023.

*/s/ Angel Goodman*

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

STUART MOTT and NANCY MOTT, his wife, )
)
)
Plaintiffs, )
vs. )
)
)
ABB, INC., et al., )
)
Defendants. )
)

Cause No. 2322-CC00306

Division No. 1

(Asbestos)

## SPECIAL AND LIMITED ENTRY OF APPEARANCE

COME NOW attorneys Anita M. Kidd, Gregory A. Iken and Bryan D. Nicholson of Armstrong Teasdale LLP, and enter their Special and Limited Appearance on behalf of Defendant General Electric Company, for the purposes of challenging personal jurisdiction, both specific and general.

ARMSTRONG TEASDALE LLP

By:  */s/ Anita M. Kidd*
Anita M. Kidd        #46690
Gregory A. Iken      #51106
Bryan D. Nicholson   #53083
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
(314) 621-5070
(314) 621-5065 (facsimile)
akidd@atllp.com
giken@atllp.com
bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 12th day of April, 2023, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

<u>/s/ Anita M. Kidd</u>

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| Plaintiffs, | ) | Cause No. 2322-CC00306 |
| vs. | ) ) | Division No. 1 |
| ABB, INC., et al., | ) ) | (Asbestos) |
| Defendants. | ) ) | |

## MOTION TO DISMISS PLAINTIFFS' PETITION FOR LACK OF PERSONAL JURISDICTION

COMES NOW Defendant General Electric Company, ("Defendant"), by and through its attorneys of record, Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general, over Defendant. Defendant files this Motion addressed specifically to the lack of personal jurisdiction of this Court, based on the recent Missouri Supreme Court ruling in *State ex rel. LG Chem, LTD. v. McLaughlin,* No. SC97991, 2020 WL 2845764 (MO. June 2, 2020); *Missouri ex rel. Norfolk Southern Ry Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017) and two recent decisions of the United States Supreme Court, *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) and *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549 (2017). *Daimler AG v. Bauman*, 571 U.S. 117 (2014).  Defendant incorporates all previously raised grounds for dismissal as part of this Motion.

### A.      Personal Jurisdiction Standards

The Missouri Supreme Court stated in *LG Chem. Ltd.*, "Personal jurisdiction is the authority of a court over the parties in a particular case" 2020 WL 2845764 at *2 (citations

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

omitted); see also, *Norfolk Southern*, 512 S.W.3d at 46; *Viasystems, Inc. v. EMB-Papst St. Georgen GmbH & Co, KG¸* 646 F.3d 589, 592 (8th Cir. 2011) ("Personal jurisdiction over a defendant represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff.").  *Norfolk Southern* also held that personal jurisdiction under *Daimler* is a "due process requirement that limits the power of state courts over litigants." 512 S.W.3d at 46.  Further, "The basis of a court's personal jurisdiction over a corporation can be general–that is, all-purpose jurisdiction–or it can be specific–that is, conduct-linked jurisdiction." 512 S.W.3d at 46, citing *Daimler*, 134 S. Ct. at 751.[1]

The Missouri Supreme Court in *LG Chem, Ltd*, 2020 WL 2845864 at *2 warned that, "A state court may violate due process by exercising personal jurisdiction over a defendant who has no connection or relation to the forum state." (*Citing J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("[Defendants] who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.")). Personal jurisdiction in Missouri over a non-resident defendant requires a two-part showing.[2]  The first requirement is that the forum state's long-arm statute must be satisfied, see *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).  The second required showing is that the reviewing Court must determine if the defendant has sufficient contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2850 (2011); *Walden v. Fiore*, 571 U.S. 227, 284 n.6 (2014). "A

---

[1] The Missouri long-arm statute is codified at section 506.500, RSMo 2016.

[2] "A reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *Bryant*, 310 S.W.3d at 231.

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

reviewing court evaluates personal jurisdiction by considering the allegations contained in the pleadings to determine whether, if taken as true, they establish facts adequate to invoke Missouri's long-arm statute and support a finding of minimum contacts with Missouri sufficient to satisfy due process." *State ex rel. LG Chem*, 2020 WL 2845764 at *2 (*quoting Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)).  There are two forms of personal jurisdiction: specific and general. Neither exists in this case.

1.      **General Personal Jurisdiction Does Not Exist Over Defendant Because It Is Not "Essentially At Home" In Missouri**

Defendant is being sued in this case based upon Plaintiffs' allegations that Plaintiff Stuart Mott "served in the U.S. Navy from 1964 through 1971. During 1971, Plaintiff was employed with HomeBuilders, Inc., as a general contractor in Orange Park, Florida. From 1971 through 1981, Plaintiff was employed with the Federal Aviation Administration as an Air Traffic Controller in Des Moines, Iowa and Grand Island, Nebraska. From 1981 through 1983, Plaintiff was a car salesman for Schuppans Volkswagen Mazda Doge in Grand Island, Nebraska. Plaintiff was then a salesman for Frito Lay from 1983 through 1984 in Grand Island, Nebraska. From 1984 through 1988, Plaintiff owned a used car dealership, Montana's Used Cars, in Grand Island, Nebraska." Petition, Gen. Allegations, ¶ 1.

To the extent that Plaintiffs seek to invoke this Court's general personal jurisdiction under the old "doing business" method that is no longer the law, *Norfolk Southern*, 512 S.W.3d at 48, citing *Daimler*, 571 U.S. at 124-33.  In *Daimler* the United States Supreme Court stated that "a court may assert [general] jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Id*. at 757 (citations omitted). As noted, the claim that a defendant may have placed "a product

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

into the stream of commerce 'may bolster an affiliation germane to specific jurisdiction' ...[ but] such contacts 'do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.'" 134 S. Ct. at 757.  The Court specified "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760.  Therefore, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" 134 S. Ct. at 760 (quoting Brilmayer, et al, A General Look at General Jurisdiction, 66 Texas L.Rev. 721, 735 (1988)).  The Court determined that defendant Daimler AG's "slim contacts" with the state of California were not sufficient to "render" it "at home" in the state of California. The Court noted that Daimler AG was not incorporated in California, and only conducted business in California through its wholly-owned subsidiary. 134 S. Ct. at 752, 760.  As the Court in *Norfolk Southern* stated, "The Supreme Court observed that finding a corporation at home wherever it does business would destroy the distinction between general and specific jurisdiction" 512 S.W.3d at 48. Further, "'[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.'" *Id.*  The Court stated, "For this reason, when 'a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Norfolk Southern,* 512 S.W.3d at 48, *citing Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016)

This Court must follow the well-reasoned decision of the Missouri Supreme Court in *LG Chem., Ltd.* and *Norfolk Southern* and determine that it is without general personal jurisdiction over Defendant in this matter. Defendant is not subject to suit in Missouri in this case.

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

Defendant is a New York corporation with its principal place of business in Massachusetts. There are no allegations that would warrant a finding that Defendant is "at home" in this state, and Missouri courts cannot assert general jurisdiction over Defendant.

**2.     Specific Personal Jurisdiction Does Not Exist Over Defendant Because No Long-Arm Provision Authorizes The Exercise Of Specific Jurisdiction And, In Any Event, The Exercise Of Specific Jurisdiction Over Defendant Would Violate Due Process.**

A.     <u>The Missouri Long-Arm Statute and the Missouri Supreme Court Decision in *State ex rel. LG Chem. LTD* and *Norfolk Southern* Do Not Provide A Basis For Specific Personal Jurisdiction Over Defendant.</u>

In Missouri "specific jurisdiction requires consideration of the "relationship among the defendant, the forum, and the litigation." *Norfolk Southern*, 512 S.W.3d at 46, citing *Andra v. Left Gate Prop. Holding, Inc*., 453 S.W.3d 216, 226 (Mo. Banc 2105)(citations omitted); *LG Chem., Ltd.*, 2020 WL 2845764 at *2. Further, specific jurisdiction "only exist[s] over claims that are related to those contacts."  *Norfolk Southern,* 512 S.W.3d at 48.  The United States Supreme Court directed in *Walden v. Fiore* that to meet "minimum contacts" standards for specific jurisdiction, plaintiff must establish that the relationship with the forum state is based on contacts with the state which the defendant creates itself, 134 S. Ct. at 1222, and that the plaintiff "cannot be the only link between the defendant and the forum."  *Id.*  Once a defendant challenges jurisdiction, plaintiff has the burden of establishing a prima facie case that the defendant is subject to the Court's jurisdiction.  See *Capitol Indem. Corp. v. Citizen's Nat'l Bank of Fort Scott, N.A*., 8 S.W.3d 893, 899 (Mo. Ct. App. 2000); *Mountaire Feeds, Inc. v. Agro Impex, S.A*., 677 F.2d 651, 653 (8th Cir. 1982).  "It is well-established a plaintiff may not use the actions of a third party to satisfy the due process requirement of the specific personal jurisdiction analysis." *State ex rel. LG Chem. LTD*, 2020 WL 2845764 at *3 (*citing State ex rel. PPG Indus., Inc. v. McShane*, 560 S.W. 888, 893 n.5 (Mo. banc 2018)).

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

B.      The Exercise Of Specific Personal Jurisdiction Over Defendant Would
        Violate The Due Process Clause Of The U.S. Constitution.

It is clear that for an assertion of specific jurisdiction over a non-resident defendant,

Plaintiffs must show a "relationship among the defendant, the forum, and the litigation." *Bristol-*

*Myers*, 137 S. Ct. at 1780; *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984), and

Plaintiffs cannot do so in this case.  However, there is no evidence or claim that Plaintiff was

exposed to any of Defendant's products in Missouri.

Here, jurisdiction is plainly lacking both because Plaintiffs' claims do not "directly relate

to or arise out of" Defendant's purposeful contacts with Missouri and because the exercise of

jurisdiction in this state over Defendant would be unreasonable in light of controlling Due

Process considerations. *Bristol-Myers*, 137 S. Ct. at 1779-80, The United States Supreme Court

has directed in that there must be "a connection between the forum and the specific claims at

issue." *Bristol-Myers*, 137 S. Ct. at 1781.  Clearly that critical, necessary element is missing in

this matter.  Applying the holding in *Bristol-Myers,* "In [this] case, the connection between the

nonresidents' claims and the forum is even weaker.  The [(Plaintiff) was] not [a] [Missouri]

resident[ and did] not claim to have suffered harm in that state.  In addition, as in *Walden*, all the

conduct giving rise to the plaintiff's claims occurred elsewhere." *Bristol-Myers,* 137 S. Ct. at

1782.

Embedded in the concept of specific jurisdiction is the principle that the plaintiff's claims

must arise out of or relate to the defendant's purposeful forum contacts (*i.e.*, the "relatedness"

requirement).  "Adjudicatory authority of this order, in which the suit 'arise[s] out of or relate[s]

to the defendant's contacts with the forum' is today called 'specific jurisdiction.'" *Daimler*, 134

S. Ct. at 754.  There is absolutely no connection between any activity of Defendant, Plaintiff, and

the State of Missouri.  There are no allegations of activities by Defendant that are specific to this

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

claim which may have occurred in the State of Missouri.  As the United States Supreme Court stated in *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014), "the defendant's suit-related conduct must create a substantial connection with the forum State"(emphasis added).  Plaintiffs  have failed to show that any suit-related conduct occurred in Missouri, and therefore, this Court should find that it does not have specific personal jurisdiction over Defendant.  Plaintiffs have not alleged any facts that would establish the quality of any contacts of Defendant to Missouri, nor the relationship of the cause of action to those contacts.

Defendant's contacts are not sufficient to establish general jurisdiction, and "only if the instant suit arises out of [Defendant's] contacts with Missouri does Missouri have specific jurisdiction."  *Norfolk Southern*, 512 S.W.3d at 49.  Therefore, applying *Daimler*, *Walden*, *LG Chem* and, *Norfolk Southern* to this matter, this Court simply does not have specific jurisdiction over Defendant in Missouri and Defendant is entitled to dismissal as a matter of law.

### 3.     Defendant Has Not and, Under Missouri Law, Did Not Consent to the Personal Jurisdiction of this Court

To the extent that Plaintiffs assert or claim that Defendant may have "consented" to personal jurisdiction in Missouri, the Missouri Supreme Court's holdings in *LG Chem* and *Norfolk Southern* has invalidated such a claim as a basis for this Court's jurisdiction over Defendant.  The court definitively determined that the Missouri registration statutes do not include a waiver of consent in order to do business within the State.  512 S.W.3d at 51-53.  This Court must find that Defendant has not waived its right to contest this Court's personal jurisdiction.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction and for such other and further relief as is warranted.

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

ARMSTRONG TEASDALE LLP

By: */s/ Anita M. Kidd*
    Anita M. Kidd      #46690
    Gregory A. Iken     #51106
    Bryan D. Nicholson   #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

    ATTORNEYS FOR DEFENDANT
    GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 12th day of April, 2023, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

                */s/ Anita M. Kidd*

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| STUART MOTT and NANCY MOTT, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. 2322-CC00306 |
| vs. | ) ) | Division No. 1 |
| ABB, INC., et al., | ) ) ) | (Asbestos) |
| Defendants. | ) ) | |

## MOTION TO DISMISS PLAINTIFFS' PETITION

COMES NOW Defendant General Electric Company, ("Defendant"), by and through its attorneys of record, Armstrong Teasdale LLP, and moves this Court to dismiss Plaintiffs' Petition ("Petition") because it fails to establish this Court's jurisdiction, either personal or general over Defendant.  In the alternative, Defendant moves this Court to Dismiss Plaintiffs' Petition for failure to state a claim or to order Plaintiffs to make the Petition more definite and certain and to identify which product, if any, Defendant allegedly manufactured, sold, distributed or installed from which asbestos fibers were allegedly emitted causing Plaintiff's asbestos exposure. Defendant files this Motion subject to and without waiving any defenses or challenges which it may have based on lack of personal jurisdiction, venue or service of process.  In support of the instant Motion, Defendant states as follows:

1.      Plaintiffs' Petition fails to establish this Court's personal jurisdiction, either general or specific, over Defendant, under the holding of *Daimler AG v. Bauman*¸134 S. Ct. 746 (2014). Here, Defendant is neither "at home" in Missouri, nor have Plaintiffs established any connection whatsoever between Missouri, the underlying claims, and Defendant.  Therefore, this

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

Court lacks both specific and general personal jurisdiction over Defendant, and this Court should dismiss Plaintiffs' Petition against Defendant for lack of personal jurisdiction, either special or general.

2.      In the alternative, if the Court determines that it has personal jurisdiction over this Defendant, the Court should, nonetheless, dismiss Plaintiffs' Petition as insufficient under Missouri law. Plaintiffs filed the instant Petition seeking damages against multiple defendants, including Defendant, for alleged asbestos-related injuries to Plaintiff caused by exposure to asbestos fibers emanating from products manufactured, sold, distributed or installed by numerous defendants.

3.      The Petition, as written, fails to state a cause of action against Defendant because it fails to identify any asbestos-containing product manufactured, sold, distributed or installed by Defendant which caused the alleged exposure.

4.      Missouri law provides for fact pleading not notice pleading.  Missouri Supreme Court Rule 55.05 requires that a petition contain a short and plain statement of the facts showing that the Plaintiffs are entitled to relief. In order to recover against Defendant, the Plaintiffs must plead and prove that a specific product attributable to Defendant was a substantial factor in causing the alleged harm.  See _ITT Commercial Financial Corp. v. Mid-America Marine Supply Co._, 854 S.W. 2d 371, 379 (Mo. banc 1993); _Hagan v. Celotex_, 816 S.W. 2d 667, 670 (Mo banc 1991).

5.      If recovery is allowed pursuant to Plaintiffs' Petition, Defendant's constitutional rights to substantive and procedural due process of law and equal protection of the law as preserved by the United States Constitution and the Missouri Constitution would be violated.

Electronically Filed - City of St. Louis - April 12, 2023 - 02:18 PM

6.      As written, the Petition simply makes conclusory allegations against Defendant, which are not supported by any factual allegations. The Plaintiffs have failed to set forth the specific job sites where Plaintiff was allegedly exposed to Defendant's products, the specific products to which Plaintiff was exposed, where in the chain of production Defendant is located, and the dates of exposure to these products.

7.      Further, Plaintiffs' Petition fails to specifically state items of special damages as required by Missouri Supreme Court Rule 55.19.

WHEREFORE, for the reasons stated herein, Defendant moves this Honorable Court to dismiss the instant case against it for lack of personal jurisdiction, or, in the alternative, to dismiss the Petition for failure to raise a claim against Defendant under Missouri law, or, to require Plaintiffs to make more definite and certain the allegations against Defendant, and for such other and further relief as is warranted.

ARMSTRONG TEASDALE LLP

By: */s/ Anita M. Kidd*

    Anita M. Kidd       #46690
    Gregory A. Iken      #51106
    Bryan D. Nicholson   #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2023, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Anita M. Kidd*

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(CITY OF ST. LOUIS)

STUART MOTT and NANCY MOTT, his )
wife, )
                 )
             Plaintiffs, )
                 )
vs. )
                 )
ABB, INC., et al., )
                 )
             Defendants. )

Cause No. 2322-CC00306

Division No. 1

(Asbestos)

## **MOTION TO ADMIT TAYLOR A. WILLIAMS *PRO HAC VICE***

Pursuant to Missouri Rule of Civil Procedure 9.03, Gregory A. Iken, a member in good standing of the Bar of the State of Missouri, moves the Court to admit Taylor A. Williams for the purpose of representing Defendant General Electric Company in this case.  In support of this motion, Gregory A. Iken states as follows:

1.       Taylor A. Williams, with the law firm of Paine Tarwater Bickers, LLP, 900 South Gay Street, Suite 2200, Knoxville, TN 37902-1821, (865) 525-0880, taw@painebickers.com, is a member in good standing of the following state and federal bars: Bar of the State of Tennessee (State Bar No. 028172) and US District for the Eastern District of Tennessee and United States Court of Appeals for the Sixth Circuit.

2.       Taylor A. Williams will serve as counsel for Defendant General Electric Company with local counsel, Gregory A. Iken, and the attorneys of Armstrong Teasdale LLP.

3.       Taylor A. Williams has executed the affidavit required by Rule 9.03, which is attached and incorporated by reference as Exhibit A.

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM

4.      Taylor A. Williams has paid the Clerk of the Supreme Court of Missouri the $410.00 fee required by Rule 6.01, and a receipt for payment of the fee required, which is attached and incorporated by reference as Exhibit B.

WHEREFORE, Gregory A. Iken respectfully requests this Court enter an Order admitting Taylor A. Williams for the purpose of representing Defendant General Electric Company.

ARMSTRONG TEASDALE LLP

By: */s/ Gregory A. Iken*
    Anita M. Kidd, #46690
    Gregory A. Iken, #51106
    Bryan D. Nicholson, #53083
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    (314) 621-5070
    (314) 621-5065 (facsimile)
    akidd@atllp.com
    giken@atllp.com
    bnicholson@atllp.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2023, the foregoing document was filed electronically with the Clerk of Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Gregory A. Iken*

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(CITY OF ST. LOUIS)

STUART MOTT and NANCY MOTT, his wife,        )
                                             )
            Plaintiffs,                      )
                                             )
vs.                                          )
                                             )
ABB, INC., et al.,                           )
                                             )
            Defendants.                      )j
                                             )
                                             )

Cause No. 2322-CC00306

Division No. 1

(Asbestos)

**AFFIDAVIT OF TAYLOR A. WILLIAMS, IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**

Taylor A. Williams being duly sworn upon his oath, states and avers as follows:

1.      I am at least 18 years old and competent to make the statements contained in this Affidavit.

2.      I request permission to appear before this Court to represent the interests of Defendant General Electric Company, with counsel, Gregory A. Iken and the law firm of Armstrong Teasdale LLP, 7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105.

3.      I am with the law firm of Paine Tarwater Bickers, LLP, 900 South Gay Street, Suite 2200, Knoxville, TN 37902-1821, (865) 525-0880, taw@painebickers.com.

4.      I am a member in good standing of the Bar of the State of Tennessee.  My attorney registration number in that State is 028172.

5.      In addition, I am also licensed to practice before the following federal courts:  US District Court for the Eastern District of Tennessee, and United States Court of Appeals for the Sixth Circuit.

EXHIBIT A

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM

6.      I am not, nor is any member of my firm, under suspension or disbarment by any such court.

7.      If admitted, I agree to abide by the Missouri Rules of Professional Conduct as set forth in Missouri Supreme Court Rule 4, and to become subject to discipline by the courts of this State.

8.      My appearance as co-counsel for General Electric Company in this action will not be prejudicial to the plaintiff.

FURTHER AFFIANT SAYETH NOT.

_____
TAYLOR A. WILLIAMS

STATE OF  TENNESSEE   )
                                          )
COUNTY OF  KNOX       )

Before me, the undersigned authority, on this day personally appeared Keith William Foley, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes therein expressed.

Subscribed and sworn to before me, a Notary Public on this  12th  day of April, 2023.

_____
NOTARY PUBLIC

My Commission Expires:

_11-22-23_

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM



**CLERK OF THE SUPREME COURT**
STATE OF MISSOURI
POST OFFICE BOX 150
JEFFERSON CITY, MISSOURI
65102

BETSY AUBUCHON
CLERK

TELEPHONE
(573) 751-4144

4/12/2023

*This will hereby acknowledge receipt of $410.00 as required by Rule 6.01(n) for Taylor A. Williams, appearing in Stuart Mott and Nancy Mott, his wife, Plaintiffs v. ABB, Inc., et al., Defendants, Case No. 2322-CC00306, before the Circuit Court, Saint Louis City, State of Missouri.*

Betsy AuBuchon, Clerk

EXHIBIT B

Electronically Filed - City of St. Louis - April 12, 2023 - 04:22 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

STUART MOTT and NANCY MOTT, his wife, )
)
)
Plaintiffs, )
)
vs. )
)
ABB, INC., et al., )
)
Defendants. )
)
)

Cause No. 2322-CC00306

Division No. 1

(Asbestos)

## <u>ORDER ADMITTING TAYLOR A. WILLIAMS *PRO HAC VICE*</u>

Now on this _____ day of April, 2023, the Court takes upon the Motion to Admit Taylor A. Williams *Pro Hac Vice* to represent Defendant General Electric Company in this matter and enters the following Order.

Pursuant to Rule 9.03, the Court **SUSTAINS** the Motion to Admit Taylor A. Williams *Pro Hac Vice*, (Tennessee State Bar # 028172), Paine Tarwater Bickers, LLP, 900 South Gay Street, Suite 2200, Knoxville, TN 37902-1821, (865) 525-0880, taw@painebickers.com.

**IT IS SO ORDERED.**

_____
Judge